IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., et al.,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-claim Defendants. | CIVIL NO. CV01-00187 MEA BMK<br>(Tort and RICO)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

# TABLE OF CONTENTS


TABLE OF AUTHORITIES .................................................. ii

I. INTRODUCTION .................................................. 1

II. BACKGROUND .................................................. 2

III. STANDARD OF REVIEW .................................................. 8

IV. ARGUMENT .................................................. 11

A. CIT's Claim for Fraud Conspiracy Must be Dismissed Because CIT has no Underlying Fraud Claim .............. 11

B. CIT's Proposed Jury Instructions Underscore the Fact that CIT Must Assert an Underlying Fraud Claim for its Fraud Conspiracy Claim to Survive .................. 18

V. CONCLUSION .................................................. 22

# TABLE OF AUTHORITIES

**Cases** **Page**

*Burton v. Dixon*, 259 N.C. 473, 131 S.E.2d 27 (1963) .................... 16

*Chicago Title Ins. Co. v. Superior Court*,
174 Cal.App.3d 1142, 220 Cal.Rptr. 507 (1985) .................. 15

*Demalco Ltd. v. Feltner*, 588 F. Supp. 1277 (1984) ....................... 16

*Doleman v. Meiji Mutual Life Insurance Co.*,
727 F.2d 1480 (9th Cir. 1984) ............................................... 9

*Ellis v. Crockett*, 51 Haw. 45, 451 P.2d 814 (1969) ....................... 12

*Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*,
122 F.3d 1211 (9th Cir. 1997) ............................................. 17

*General Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventists Congregational Church*,
887 F.2d 228 (9th Cir. 1989) ................................................. 9

*In re Century 21-RE/MAX Real Estate Advertising Claims Litigation*, 882 F. Supp. 915 (C.D. Cal. 1994) ........... 10

*The Jay Group, Ltd. v. Glasgow*, 139 N.C. App. 595,
534 S.E. 2d 233 (N.C. 2000) ............................................... 16

*McGlinch v. Shell Chemical Co.*, 845 F.2d 802 (9th Cir. 1988) .......... 9

*Pappas v. Passias*, 271 A.D.2d 420,
707 N.Y.S.2d 178 (2d Dept. 2000) ....................................... 15

*Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998),
*cert. denied*, 525 U.S. 1001 (1998) .................................. 10, 11

*Resolution Trust Corp. v. Keating*,
186 F.3d 1110 (9th Cir. 1999) ........................................... 15

*Robertson v. Dean Witter Reynolds, Inc.*,
749 F.2d 530 (9th Cir. 1984) ............................................. 11

*Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43,
698 N.Y.S.2d 615, 720 N.E.2d 892 (1999) ........................... 16

*Weinburg v. Mauch*, 78 Haw. 40,
890 P.2d 277 (Haw. 1995) ........................................ 2, 12, 13

*Wilson v. Gayfers Mongomery Fair Co.*,
953 F. Supp. 2526 (M.D. Ala. 1996) ................................... 16

**Other Authorities**

F.R.C.P. Rule 12(b) ............................................................. 10

F.R.C.P. Rule 12(c) ......................................................... 10, 11

2 James Wm. Moore et al., *Moore's Federal Practice*,
¶ 12.34(4) (3d ed 1998) ..................................................... 11

2 James Wm. Moore et al., *Moore's Federal Practice*,
¶ 12.38 (3d ed 1998) ........................................................... 9

MEMORANDUM IN SUPPORT OF MOTION

## I. INTRODUCTION

Cross-claim Defendants Edwin Bowling and Frances Haller-Bowling move this Court for an order granting their Motion for Judgment on the Pleadings as to CIT Group/Business Credit Inc.'s Fraud Conspiracy Claim (Count II of CIT's Second Amended Crossclaim filed February 3, 2003). In its Second Amended Crossclaim filed February 3, 2003, CIT pled a fraud conspiracy claim despite the fact that it did not assert any underlying fraud claim. In fact, CIT's misrepresentation claim was dismissed by Judge Ezra in the Order dated October 24, 2002.[2] Apparently recognizing this fatal defect, CIT in its recently filed proposed jury instructions sought to assert a "civil conspiracy" claim that was never pled. CIT's fraud conspiracy claim must be dismissed in its entirety as a matter of law.

As this Court previously ruled, a claim for conspiracy

---

[2]Order Denying Defendant Frances-Haller-Bowling's Motion for Judgment on the Pleadings as to Plaintiff Whirlpool Corporation's Second Amended Complaint and Granting in Part and Denying in Part Defendant Frances Haller-Bowling's Motion to Dismiss Defendant CIT Group's Cross-claim.

cannot stand alone and "[t]herefore if a plaintiff does not set forth any actionable claim based on deceit, there can be no claim against any alleged joint tortfeasor based solely upon conspiracy to deceive." *Memorandum Opinion and Order filed December 28, 2004 ("Memo. Op.") at 4 - 5* (internal quotations omitted) (citing Weinburg v. Mauch, 890 P.2d 277, 286 (Haw. 1995)). Since CIT has not pled a fraud claim against any cross-claim defendant, CIT's cross-claim for fraud conspiracy fails as a matter of law.

## II. BACKGROUND

CIT has a lengthy history of amending its cross-claim whenever it suits CIT. CIT's first cross-claim was filed on April 12, 2002. CIT alleged that all cross-claim defendants,[3] including Mr. Bowling and Mrs. Haller-Bowling, devised a scheme to defraud MidPac's creditors, including CIT. *See Cross-claim filed April 12, 2002 ¶ 19 at 5.* At the time, CIT asserted three claims against the cross-claim defendants:

---

[3]Other named cross-claim defendants were Michael Clifford, Kurt Glassman, CGBN, Inc., and CG Development.

1. Contribution and Indemnity

2. Misrepresentation

3. Unjust Enrichment

Mrs. Haller-Bowling moved the dismiss CIT's cross-claim. *See Defendant Frances Haller-Bowling's Motion to Dismiss Cross-claim filed May 2, 2002 ("Motion to Dismiss")* Specifically with respect to CIT's misrepresentation claim against her, Mrs. Haller-Bowling argued that CIT failed to allege a single allegation of misrepresentation by Mrs. Haller-Bowling to CIT. *Motion to Dismiss at 7 - 13.*

Before the hearing on Mrs. Haller-Bowling's motion to dismiss, however, CIT sought leave to amend its cross-claim. *See Defendant CIT Group/Business Credit, Inc.'s Motion for Leave to File its First Amended Answer and Cross-claimfiled August 20, 2002.* Over the objection of the cross-claim defendants, including Mr. Bowling and Mrs. Haller-Bowling, the Court granted CIT's request to amend its cross-claim. *See Order Granting Defendant CIT Group/Business Credit, Inc.'s Motion for Leave to File its First*

*Amended Answer and Cross-claim filed September 20, 2002*

On September 24, 2002, CIT filed its First Amended Cross-claim asserting the following claims against cross-claim defendants, including Mr. Bowling and Mrs. Haller-Bowling:

1. Contribution and Indemnity
2. Misrepresentation
3. Unjust enrichment
4. Fraudulent conveyance
5. Tortious interference with contract

Despite having been given a second bite at the apple with its First Amended Cross-claim, Judge Ezra, considering Mrs. Haller-Bowling's motion to dismiss filed May 2, 2002, dismissed CIT's misrepresentation claim against Mrs. Haller-Bowling. The court noted that the allegations in CIT's cross-claim were insufficient to support a direct claim of fraud or misrepresentation against Haller-Bowling. *Order Denying Defendant Frances Haller-Bowling's Motion for Judgment on the Pleadings as to Plaintiff Whirlpool Corporation's Second Amended Complaint and Granting in*

*Part and Denying in Part Defendant Frances Haller-Bowling's Motion to Dismiss Defendant CIT Group's Cross-claim filed October 24, 2002 ("Ezra October 24, 2004 Order") at 31 - 32.*[4]

On November 27, 2002, CIT sought a *third* bite at the apple and filed its Motion for Leave to Amend its First Amended Cross-claim. Relying on dicta contained in Judge Ezra's October 24, 2002 Order, CIT sought to "reformulate[] the misrepresentation claim for relief as a claim for fraud conspiracy[.]" *Motion for Leave to Amend Its First Amended Cross-claim at 2* Again, over the objection of Mr. Bowling and Mrs. Haller-Bowling, CIT was granted leave to amend its cross-claim for a third time. *See Order Granting in Part, and Denying in Part, Defendant CIT Group/Business Credit, Inc.'s Motion for Leave to Amend its First Amended Cross Claim filed January 21, 2003.*

On February 3, 2003, CIT filed its Second Amended

---

[4]Judge Ezra also dismissed CIT's fraudulent conveyance claim. *October 24, 2002 Order at 35.* CIT sought to amend and reassert this claim, however, that request was denied by Magistrate Judge Kurren and Judge Ezra. *See Order Affirming Magistrate Order Granting in Party, and Denying in Part CIT Group/Business Credit, Inc.'s Motion for Leave to Amend its First Amended Cross-claim, filed April 15, 2003.*

Crossclaim. Most importantly, CIT did not attempt to reassert its misrepresentation claim that had been dismissed. Nor did CIT attempt to assert any new claim for fraud. The only claims that now remain against Mr. Bowling and Mrs. Haller-Bowling are (1) fraud conspiracy and (2) tortious interference with contract.[5] Again, CIT has no fraud claim against any cross-claim defendants. Any argument by CIT that the Second Amended Crossclaim contains an implied or inferred claim for fraud is underscored by the fact that CIT did not submit any proposed jury instructions on any fraud claim.

At this point, all pleadings are closed, the discovery deadline has passed, and the Court ordered the parties to file pretrial pleadings. In its November 1, 2005 proposed jury instructions, CIT apparently recognized the flaws in its fraud conspiracy claim, and has attempted to reframe its fraud

[5] CIT's contribution and indemnity claims against the Bowlings were dismissed by Judge Ezra in 2003. *See Order Affirming Magistrate Order Granting Plaintiff Whirlpool Corporation's Motion for Determination of Good Faith Settlement filed October 31, 2003.* This Court dismissed CIT's unjust enrichment claim as to Mrs. Haller-Bowling. *See December 28, 2004 Memo. Op.*

conspiracy claim as a "civil conspiracy."[6] *See CIT's Proposed Jury Instruction Nos. 29 through 31 attached hereto as Exhibit A.*

Specifically, CIT proposed the following jury instruction with respect to its "Civil Conspiracy" claim:

> CIT has also asserted cross-claims against Bowling, Haller-Bowling, and Glassman on account of an alleged conspiracy involving Bowling, Haller-Bowling, Glassman, Costa, and F&J Movers to defraud CIT by diverting to themselves MidPac's funds which served as collateral for the loan from CIT to MidPac.
>
> CIT's cause of action for conspiracy to commit fraud requires it to prove all of the following elements by clear and convincing evidence:
>
> 1. a combination of two or more persons or entities;
>
> 2. by concerted action;
>
> 3. to accomplish a criminal or unlawful purpose, or to accomplish some purpose not in itself criminal or unlawful by criminal or unlawful means;
>
> 4. for the purpose of harming another; and

---

[6] Mr. Bowling and Mrs. Haller-Bowling struggled with the appropriate form of their proposed jury instructions for CIT's fraud conspiracy claim because no underlying fraud claim was pled. *See generally instructions nos. 6 - 10 and 16 - 20 attached to Cross-claim Defendants Edwin Bowling and Frances Haller-Bowling's Proposed Jury Instructions, filed November 1, 2005.*

5. which results in damage.

Exhibit A-1.

Although CIT uses the phrase, "conspiracy to commit fraud" in its proposed instructions, CIT omits material elements essential to a fraud conspiracy claim. In particular, CIT omits entirely any definition of the "misrepresentation" and omits the elements of justifiable reliance and causation.[7] As such, CIT, through its proposed instructions, has attempted to improperly change its fraud conspiracy claim and substitute a civil conspiracy claim in its stead.

Since CIT has no underlying claim for fraud or deceit against any of the cross-claim defendants, the Bowlings are entitled to judgment on CIT's fraud conspiracy claim.

III. STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure provides in part as follows:

---

[7]In contrast, when setting forth the elements of the fraud and fraud conspiracy allegations by Whirlpool against CIT, CIT included the basic elements of fraud (i.e., material misrepresentation, justifiable reliance, etc.). See Section IV.B. herein for further discussion.

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. . . ."

A party is entitled to judgment on the pleadings when the party establishes that "there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." General Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventists Congregational Church, 887 F.2d 228 (9th Cir. 1989). Dismissal on the pleadings is proper if the moving party is clearly entitled to prevail. Doleman v. Meiji Mutual Life Insurance Co., 727 F.2d 1480, 1482 (9th Cir. 1984). When it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations, judgment on the pleadings must be entered. McGlinch v. Shell Chemical Co., 845 F.2d 802 (9th Cir. 1988).

Generally, the court's review is limited to the pleadings. See 2 James Wm. Moore et al., Moore's Federal Practice, ¶ 12.38 (3d ed 1998). The court may also consider documents attached to the complaint or answers because they are considered a part of the pleadings and all documents "whose contents are alleged in a

complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." Parrino v. FHP, Inc., 146 F.3d 699, 705 - 706 (9th Cir. 1998), cert. denied, 525 U.S. 1001 (1998). All allegations of fact of the opposing party are accepted as true.

In considering a Rule 12(c) motion, as with a motion to dismiss under Rule 12(b), the court is not necessarily restricted to the pleadings, but may review matters of public record and other facts susceptible to judicial notice without converting the motion to one for summary judgment. In re Century 21-RE/MAX Real Estate Advertising Claims Litigation, 882 F. Supp. 915, 921 (C.D. Cal. 1994) (citing Emrich v. Touche Ross & Co., 846 F.2d 1190 (9th Cir. 1988) (other citation omitted)). To the extent, however, that "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Fed. R. Civ. P. 12(c).

Courts grant dismissal pursuant to Rule 12(c) where the movant "clearly establishes that he is entitled to judgment as a

matter of law." Parrino, 146 F.3d at 705-706. Courts dismiss complaints under Rule 12(c) for either of two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. See Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984). Dismissal is also required if an affirmative defense or other barrier to relief is apparent from the face of the complaint. 2 James Wm. Moore et al., Moore's Federal Practice, ¶ 12.34(4).

## IV. ARGUMENT

### A. CIT's Claim for Fraud Conspiracy Must be Dismissed Because CIT has no Underlying Fraud Claim.

Mr. Bowling and Frances Haller-Bowling are entitled to judgment as a matter of law with respect to CIT's fraud conspiracy claim.

The Second Amended Crossclaim purports to be a fraud conspiracy claim. As this Court previously noted,

> A conspiracy is "a combination of two or more persons [or entities] by concerted action to accomplish a criminal or unlawful purpose, or to accomplish some purpose not in itself

> criminal or unlawful by criminal or unlawful means." Mere knowledge of wrongdoing, however, is not enough to constitute conspiracy "absent approval, cooperation or agreement." An express agreement, however, need not be proven; rather the existence of the conspiracy "may sometimes be inferred from the nature of the acts done, the relations of the parties, the interests of the alleged conspirators, and other circumstances."

*Memo. Op. at 4* (citations omitted).

As this Court also acknowledged, "Under Hawaii law, there can be no civil claim based on conspiracy alone." *Memo. Op. at 4* (quoting Weinberg v. Mauch, 890 P.2d 277, 286 (Haw. 1995)). The Hawaii Supreme Court in Weinberg, reaffirming its decision in Ellis v. Crockett, 51 Haw. 45, 57, 451 P.2d 814, 822-23 (1969), reiterated that -

> "the tort of 'conspiracy' has not been clearly defined. Therefore, [if a plaintiff does] not set forth any actionable claim based upon deceit, there can ben no claim against any alleged joint tortfeasor based solely upon conspiracy to deceive."

Weinberg, 78 Haw. 40, 49, 890 P.2d 277, 286 (1995) (quoting Ellis v. Crockett, 51 Haw. 45, 57, 451 P.2d 814, 822-23 (1969)). *See also Memo Op. at 4 - 5.*

In Weinberg, defendants asserted claims against the plaintiff for breach of contract, negligence and nondisclosure, conspiracy, and violation of Haw. Rev. Stat. Chapter 480. 78 Haw. at 42, 890 P.2d at 279. Specifically as to the defendant's conspiracy claim, the defendant alleged the plaintiff "fraudulently concealed material facts by not telling the [defendants] about [plaintiff's] agreement" with another party and that plaintiff " did not disclose material facts." 78 Haw. at 47, fn 6., 890 P.2d at 284. In addition, defendants argued that the plaintiff "conspired with [another party] to destroy [defendants'] interests." 78 Haw. at 49, 890 P.2d at 286. The Hawaii Supreme Court affirmed the lower court's granting of plaintiff's motion for summary judgment on the underlying fraud claim, and concluded that since there was no underlying claim for deceit, defendants' claim for conspiracy also failed:

> In the instant case, the [defendants] assert that [plaintiff] and the [co-defendants] conspired to destroy the [defendants'] right to cure. However, as discussed above, the [defendants] did not have a right to cure because [plaintiff] did not consent to this element of the . . . assignment. The [defendants] have failed to set forth any actionable claim based upon deceit, and therefore, the claim for conspiracy must fail.

Id.

Accordingly, since CIT did not reassert an underlying fraud claim (after its misrepresentation claim was dismissed), CIT's fraud conspiracy must be dismissed.[8]

A fraud conspiracy claim requires a plaintiff to show (1) that a defendant misrepresented a material fact, (2) knew that the representations were false, (3) intended to defraud plaintiff, (4)

---

[8]The Court in its Memorandum Opinion and Order filed December 28, 2004 stated that Mrs. Haller-Bowling did not appear to dispute the existence of the fraud underlying the conspiracy claim. *Memo. Op. at 5.* As the Court properly noted, the focus of Mrs. Haller-Bowling's Motion for Summary Judgment was the sufficiency of the evidence as to whether Mrs. Haller-Bowling agreed to defraud CIT. As set forth herein, however, the lack of an underlying fraud claim subjects CIT's fraud conspiracy claim to dismissal. Previously, in her motion to dismiss CIT's misrepresentation claim, Mrs. Haller-Bowling contested the fraud claim. The Court agreed that CIT failed to plead a fraud claim and dismissed CIT's misrepresentation claim. *See October 24, 2002 Order.*

plaintiff reasonably relied on the representations, (5) plaintiff was damaged, and (6) defendant acted in concert with others to defraud plaintiff. Resolution Trust Corp. v. Keating, 186 F.3d 1110, 1117 (9th Cir. 1999) (applying California and Arizona law). *See also* Chicago Title Ins. Co. v. Superior Court, 174 Cal.App.3d 1142, 1151, 220 Cal.Rptr. 507 (1985) ("Justifiable reliance is an essential element of any cause of action for fraud and conspiracy to commit fraud."). As the above cases set forth, the elements of a fraud conspiracy claim necessarily require meeting the elements of a fraud claim. Thus, an underlying fraud claim must be pled in order for a fraud conspiracy claim to lie. If there is no underlying claim for fraud, then the fraud conspiracy claim cannot survive.

Other jurisdictions recognize the same rule that a conspiracy to defraud claim standing alone cannot survive without an underlying fraud claim. *See e.g.*, Pappas v. Passias, 271 A.D.2d 420, 707 N.Y.S.2d 178 (2d Dept. 2000) ("since the fraud cause of action was dismissed, the ninth cause of action, which alleged a conspiracy to defraud the plaintiff was also properly dismissed.");

Small v. Lorillard Tobacco Co., 94 N.Y.2d 43, 57, 698 N.Y.S.2d 615, 720 N.E.2d 892 (1999) ("As a result [of the failure of plaintiff's common law fraud claims] there is no independent tort to provide a basis for liability under their concert of action, conspiracy and aiding and abetting theories. These causes of action must fail as well."); Demalco Ltd v. Feltner, 588 F. Supp. 1277, 1278-79 ("It is well settled in New York that 'civil conspiracy to commit fraud, standing alone, is not actionable.' Instead, the gravamen of a claim of conspiracy is the underlying independent tort, and if the independent tort has not been adequately pleaded, the conspiracy claim will also fail."); The Jay Group, Ltd. v. Glasgow, 139 N.C. App. 595, 534 S.E. 2d 233 (N.C. 2000) (A civil conspiracy to defraud cannot succeed without a successful underlying claim for fraud.); Burton v. Dixon, 259 N.C. 473, 476, 131 S.E.2d 27, 30 (1963) ("A civil action for conspiracy is an action for damages resulting from acts committed by one or more of the conspirators pursuant to the formed conspiracy, . . . ."); Wilson v. Gayfers Montgomery Fair Co., 953 F. Supp. 1415, 1423 (M.D. Ala. 1996) ("Where civil liability for

a conspiracy is sought to be enforced, the conspiracy itself furnishes no cause of action. The gist of the action is not the conspiracy alleged but the wrong committed."); Entertainment Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1228 (9th Cir. 1997) ("In order for plaintiff to have a valid civil conspiracy cause of action, there must be another tort upon which plaintiff could base its conspiracy claim.").[9]

CIT has no fraud claim against any cross-claim defendant, including Mr. Bowling and Mrs. Haller-Bowling. Moreover, CIT's claim for misrepresentation against Mrs. Haller-Bowling was dismissed by Judge Ezra. After the Court dismissed its misrepresentation claim, CIT filed amended cross-claims, but never asserted any independent fraud claim. Since no underlying fraud claim has been brought by CIT, CIT's fraud conspiracy claim must be dismissed as a matter of law.

---

[9]While a few jurisdictions may allow a fraud conspiracy claim if fraud is properly alleged, there is no such law in Hawaii.

B. CIT's Proposed Jury Instructions Underscore the Fact that CIT Must Assert an Underlying Fraud Claim for its Fraud Conspiracy Claim to Survive.

CIT's proposed jury instructions underscore the law set forth above that there must be a viable underlying claim for fraud in order for a fraud conspiracy claim to survive.

CIT's proposed jury instructions as to Whirlpool's fraud conspiracy claim against CIT are particularly instructive and support the law that there must be an underlying claim for fraud.[10] In its proposed jury instruction no. 14 as to Whirlpool's fraud conspiracy claim against CIT, CIT explains the underlying fraud claim alleged by Whirlpool in great detail:

> Whirlpool has alleged that there was a conspiracy . . . to conduct a "bust-out" scheme using MidPac and [Maui Home Supply]. A bust out is conducted by setting up a company to fail from the outset. The operators of the company obtain merchandise from creditors, dispose of the goods for cash, and take the cash from the company, leaving the company bankrupt and the creditors unpaid.

---

[10] Plaintiff Whirlpool Corporation has asserted a viable fraud claim against CIT.

> Here, Whirlpool alleged that Edwin Bowling, Frances Haller-Bowling and Kurt Glassman initially set up the bust-out scheme using MidPac and [Maui Home Supply] as the companies. Whirlpool alleges that these individuals caused MidPac and [Maui Home Supply] to order goods from Whirlpool with no intention of paying Whirlpool. Whirlpool further alleges that CIT later joined the conspiracy and caused MidPac and [Maui Home Supply] to order additional goods from Whirlpool between June 23 and July 23, 1999 with no intention of paying Whirlpool.

*See Exhibit B-5 attached hereto.*

Such a description is conspicuously absent in CIT's instructions as to its fraud conspiracy claim against the Bowlings. Instead of submitting details concerning the purported fraud against CIT, CIT submitted far different proposed jury instructions. In its proposed jury instruction no. 29, CIT makes no specific reference to a fraud committed by any of the alleged co-conspirators. Rather, CIT references "an alleged conspiracy . . . to defraud CIT by diverting . . . MidPac's funds which served as collateral for the loan from CIT to MidPac." *See Exhibit A-1 attached hereto.* No other fraud-related instructions were submitted by CIT.

With respect to Whirlpool's fraud and fraud conspiracy claims against CIT, CIT submitted the following instructions containing the elements of fraud and fraud conspiracy:

| | |
|---|---|
| Jury Instruction No. 10: | Whirlpool Fraud Claim Elements |
| Jury Instruction No. 11: | Fraud - Material Misrepresentation |
| Jury Instruction No. 12 | Fraud - Justifiable Reliance |
| Jury Instruction No. 13: | Fraud - Causation |
| Jury Instruction No. 14: | Civil Conspiracy (which is actually a fraud conspiracy claim) |
| Jury Instruction No. 15: | Civil Conspiracy - Concerted Action (which is actually a fraud conspiracy claim) |

*See Exhibit B.*

Remarkably, despite the law requiring CIT to plead and prove a fraud and fraud conspiracy claim, CIT did not submit similar instructions with respect to its claims against Mr. Bowling and Mrs. Haller-Bowling. CIT omitted material elements of a fraud and fraud conspiracy claim in its proposed instructions. CIT failed

to submit instructions on the elements of fraud, material misrepresentation, justifiable reliance, and causation. The only explanation for CIT's failure to address the material elements is that CIT realizes it has no underlying fraud claim.

In addition, with respect to its "concerted action" instruction as to Whirlpool's fraud conspiracy claim against CIT, CIT proposed the following instruction:

> To satisfy the concerted action element of its civil conspiracy claim against CIT, <u>Whirlpool must prove by clear and convincing evidence that CIT reached an agreement or tacit understanding</u> with its alleged co-conspirators to conceal their fraudulent activities.

*See Exhibit B-6 attached hereto*(emphasis added).

In stark contrast to this instruction that contains the high "clear and convincing" standard as well as the requirement that Whirlpool must prove an agreement with co-conspirators, CIT proposes a far less stringent jury instruction with respect to CIT's fraud conspiracy claim against the Bowlings:

> To satisfy the concerted action element of its civil conspiracy cross-claim, <u>CIT does not have</u>

> to prove that an express agreement existed amongst the alleged co-conspirators. CIT must prove that there was an agreement or tacit understanding between at least two persons.

Conspicuously absent from this instruction is the relevant "clear and convincing" standard and the exacting requirement asserted by CIT in its instructions vis a vis Whirlpool that an agreement must be proven between the co-conspirators. The remarked difference between CIT's instructions as to Whirlpool's fraud conspiracy claim, and CIT's instructions as to its fraud conspiracy claim against the Bowlings, demonstrates not only CIT's admission that they must plead and prove an underlying fraud claim as to the Bowlings, but it also shows complete bad faith on CIT's part in that CIT has two different sets of instructions on the same claim.

## V. CONCLUSION

CIT's misleading proposed jury instructions impermissibly attempts to circumvent the law on fraud conspiracy and attempts to allege a cross-claim that was never pleaded. The law is clear that in order for a fraud conspiracy claim to survive,

CIT must plead and prove a fraud claim. CIT's proposed jury instructions fail to provide instructions as to the material elements of a fraud claim. Since CIT has failed to plead an underlying fraud claim, has failed to instruct on a fraud claim, and has not even set forth the material elements of a fraud claim, Mr. Bowling and Mrs. Haller-Bowling are entitled to judgment as to CIT's fraud conspiracy claim.

Dated at Honolulu, Hawaii: December 22, 2005.

Margery S. Bronster
Jeannette Holmes Castagnetti
Attorneys for Cross-claim Defendants
Edwin Bowling and
Frances Haller-Bowling