# DEFENDANT/CROSSCLAIMANT CIT'S JURY INSTRUCTION NO. 29

*(Civil Conspiracy)*

CIT has also asserted cross-claims against Bowling, Haller-Bowling, and Glassman on account of an alleged conspiracy involving Bowling, Haller-Bowling, Glassman, Costa, and F&J Movers to defraud CIT by diverting to themselves MidPac's funds, which served as collateral for the loan from CIT to MidPac.

CIT's cause of action for conspiracy to commit fraud requires it to prove all of the following elements by clear and convincing evidence:

(1) a combination of two or more persons or entities;

(2) by concerted action;

(3) to accomplish a criminal or unlawful purpose, or to accomplish some purpose not in itself criminal or unlawful by criminal or unlawful means;

(4) for the purpose of harming another; and

(5) which results in damage.

*Roberts Hawaii Sch. Bus, Inc. v. Laupahoehoe Transp. Co., Inc.*, 91 Hawaii 224, 252 n.28, 982 P.2d 853, 881 n.28 (1999); *see also Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482, n.3 (9th Cir. 1984).



EXHIBIT A-1

DEFENDANT/CROSSCLAIMANT CIT'S JURY INSTRUCTION NO. 30

*(Civil Conspiracy - Concerted Action)*

To satisfy the concerted action element of its civil conspiracy cross-claim, CIT does not have to prove that an express agreement existed among the alleged co-conspirators. CIT must prove that there was an agreement or tacit understanding between at least two persons. The mere fact that a person performed a wrongful act is insufficient, by itself, to create an inference that the person was a part of the conspiracy.

The existence of a conspiracy may sometimes be inferred from the nature of the acts done, the relations of the parties, the interests of the alleged conspirators, and other circumstances. While a familial relationship alone does not establish a conspiracy, it may be considered along with other evidence to justify an inference of conspiracy.

*In re Sunset Bay Assocs.*, 944 F.2d 1503, 1517 (9th Cir. 1991); *U.S. v. Calabrese*, 825 F.2d 1342, 1348 (9th Cir. 1987); *Alfus v. Pyramid Technology Corp.*, 764 F. Supp. 598, 607 (N.D. Cal. 1991).



EXHIBIT A-2

## DEFENDANT/CROSSCLAIMANT CIT'S JURY INSTRUCTION NO. 31

(*Civil Conspiracy - Joint Responsibility*)

When a conspiracy has been established, everything said or done by any of the conspirators in execution or furtherance of the common purpose is deemed to have been so said or done by all and may be proved against each whether said or done in the presence of the others or not.

*Hashimoto v. Halm*, 40 Haw. 354, 363-64 (1953).