DEFENDANT/CROSSCLAIMANT CIT'S JURY INSTRUCTION NO. 10

*(Whirlpool Fraud Claim - Elements)*

If you find that Ted Phelps was an agent of CIT and was acting within the scope of authority, you must then consider whether Mr. Phelps committed fraud upon Whirlpool. Whirlpool's claim for fraud requires it to prove each of the following elements by clear and convincing evidence:

(1) a misrepresentation of a material fact;

(2) made with the knowledge that the representation was false;

(3) intending that Whirlpool would act upon the misrepresentation in the manner that Whirlpool actually did act;

(4) that Whirlpool relied on the alleged misrepresentation and that its reliance was justified; and

(5) that Whirlpool, as a proximate consequence of its reliance on the misrepresentation, suffered a loss.

Federal Jury Practice And Instructions, 5th Ed., Instruction Nos. 123.01 and 123.02 (2000); *Hawaii's Thousand Friends v. Anderson*, 768 P.2d 1293, 1301 (Hawaii 1989) (*citing Kang v. Harrington*, 587 P.2d 285, 289 (1978)); *In re Sunset Bay Associates*, 944 F.2d 1503, 1516 (9th Cir. 1991); *In re Eashai*, 87 F.3d 1082, 1086 (9th Cir. 1996.



EXHIBIT B-1

DEFENDANT/CROSSCLAIMANT CIT'S JURY INSTRUCTION NO. 11

(*Fraud - Material Misrepresentation*)

An element of fraud is the misrepresentation of a material fact. A material fact is one which reasonable person would attach importance in determining choice of action in transaction. The representation must have been of an existing material fact. A representation that is merely a promise to do something in the future or that is just conjecture or prophecy about future events will not be sufficient to find fraud.

If you find that Whirlpool has not proven by clear and convincing evidence that CIT made a material misrepresentation of a then-existing fact, then your verdict must be in favor of CIT on Whirlpool's fraud claim.

*TSC Industries v. Northway, Inc.*, 426 U.S. 438, 449 (1976); *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 905-06 (9th Cir.1986); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir.1982); *Stahl v. Balsara*, 60 Haw. 144, 149, 587 P.2d 1210, 1214 (1978).

EXHIBIT B-2

DEFENDANT/CROSSCLAIMANT CIT'S JURY INSTRUCTION NO. 12

(*Fraud - Justifiable Reliance*)

An element of fraud is the justifiable reliance on the alleged misrepresentation of a material fact. Whirlpool must prove by clear and convincing evidence that it relied on Mr. Phelps' alleged misrepresentations about the financial condition of MidPac and Maui Home Supply. Reliance exists when the misrepresentation or nondisclosure (A) was an immediate cause of Whirlpool engaging in conduct which altered its legal relations, and (B) when without such misrepresentation or nondisclosure Whirlpool would not, in all reasonable probability, have entered into the contract or other transaction. Justifiable reliance requires that one take reasonable precautions to safeguard one's own interests. Whirlpool cannot meet the justifiable reliance element of the claim if you find that Whirlpool reasonably knew or should have known about MidPac and Maui Home Supply's financial condition.

If you find that Whirlpool has not proven by clear and convincing evidence that it justifiably relied on Mr. Phelps' alleged misrepresentations, then your verdict must be in favor of CIT on Whirlpool's fraud claim.

*City Solutions, Inc. v. Clear Channel Communications*, 365 F.3d 835, 840 (9th Cir. 2004); *BC Metal Fabrication Inc. v. Haco NV*, 79 Fed. Appx. 259, 261 (9th Cir. 2003); *In re Eashai*, 87 F.3d 1082 (9th Cir. 1996); *Atari Corp. v. Ernst & Whitney*, 981 F.2d 1025, 1030-31 (9th Cir. 1992).

EXHIBIT B-3

DEFENDANT/CROSSCLAIMANT CIT'S JURY INSTRUCTION NO. 13

(*Fraud - Causation*)

Whirlpool must also prove by clear and convincing evidence that CIT's conduct was the legal cause of its damages. An act or omission is a legal cause of damages when, in a natural and continuous sequence, unbroken by any new and independent cause, it was a substantial factor in bringing about the loss.

The term "new and independent cause" means an act or omission of a separate person or entity (which the defendant did not control) that destroyed the causal connection between the alleged wrongful act of the defendant and the injury complained of, and thereby becomes within itself the immediate cause of the injury.

*Knodle v. Waikiki Gateway Hotel, Inc.*, 69 Haw. 376, 385-392, 742 P.2d 377, 383-87 (1987); *Collins v. Greenstein*, 61 Haw. 26, 46 n.16, 595 P.2d 275, 286 n.16 (1979).



EXHIBIT B-4

DEFENDANT/CROSSCLAIMANT CIT'S JURY INSTRUCTION NO. 14

(*Civil Conspiracy*)

Whirlpool has alleged that there was a conspiracy among Michael Clifford, Edwin Bowling, Frances Haller-Bowling, Kurt Glassman, Raymond Iwamoto, and CIT to conduct a "bust-out" scheme using MidPac and MHS. A bust-out is conducted by setting up a company to fail from the outset. The operators of the company obtain merchandise from creditors, dispose of the goods for cash, and take the cash from the company, leaving the company bankrupt and the creditors unpaid.

Here, Whirlpool has alleged that Edwin Bowling, Frances Haller-Bowling and Kurt Glassman initially set up the bust-out scheme using MidPac and MHS as the companies. Whirlpool alleges that these individuals caused MidPac and MHS to order goods from Whirlpool with no intention of paying Whirlpool, while receiving millions of dollars in "bust-out" proceeds. Whirlpool further alleges that CIT later joined this conspiracy and caused MidPac and MHS to order additional goods from Whirlpool between June 23 and July 23, 1999 with no intention of paying Whirlpool.

Whirlpool's claim for conspiracy requires it to prove each and every one of the following elements by clear and convincing evidence:

(1) a combination of two or more persons or entities;.

(2) by concerted action;

EXHIBIT B-5

(3) to accomplish a criminal or unlawful purpose, or to accomplish some purpose not in itself criminal or unlawful by criminal or unlawful means;

(4) for the purpose of harming another; and

(5) which results in damage.

*Roberts Hawaii School Bus. v. Laupahoehoe*, 982 P.2d 853, 881, n. 28 (Hawaiʻi 1999). *See also Doleman v. Meiji Mutual Life Insurance Co.*, 727 F.2d 1480, 1482, n. 3 (9th Cir. 1984).

DEFENDANT/CROSSCLAIMANT CIT'S JURY INSTRUCTION NO. 15

(*Civil Conspiracy - Concerted Action*)

To satisfy the concerted action element of its civil conspiracy claim against CIT, Whirlpool must prove by clear and convincing evidence that CIT reached an agreement or tacit understanding with its alleged co-conspirators to conceal their fraudulent activities. The mere fact that each defendant performed a wrongful act is insufficient, by itself, to create an inference of a conspiratorial agreement.

The existence of a conspiracy may sometimes be inferred from the nature of the acts done, the relations of the parties, the interests of the alleged conspirators, and other circumstances. However, if a defendant has no rational economic motive to conspire and if its conduct is consistent with other, equally plausible explanations, the conduct does not give rise to an inference of conspiracy. You may not base a finding that there was an agreement to conspire merely on the fact that CIT failed to disclose to Whirlpool information it may have had about Mid-Pac and/or MHS' financial condition. CIT owed no duty to Whirlpool or any other creditor to disclose information about the financial condition of CIT's borrower because there was no legal relationship between CIT and Whirlpool. There is nothing wrong

EXHIBIT B-6

with a creditor using its bargaining position to improve the status of its loans.

*Matsushita Electric Industrial Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 596-97 (1985); *In re Sunset Bay Associates*, 944 F.2d 1503, 1517 (9th Cir. 1991); *Cosof v. Rodman*, 699 F.2d 599, 610 (2d Cir. 1983); *Harris Trust & Savings Bank v. Keig*, 98 F.2d 952 (7th Cir. 1938), *cert. denied*, 305 U.S. 658 (1939); *Crowder v. Allen-West Com. Co.*, 213 F. 177, 183 (8th Cir. 1914); *Alfus v. Pyramid Technology Corp.*, 764 F. Supp. 598, 607 (N.D. Cal. 1991); *In re 200 Woodbury Realty Trust*, 99 B.R. 184, 188 (Bankr. D.N.H. 1989); *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (1987).