Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON 1126-0
LOUISE K. Y. ING 2394-0
THOMAS E. BUSH 4737-0
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawai'i 96813
Telephone: 524-1800
Facsimile: 524-4591
palston@ahfi.com
ling@ahfi.com
tbush@ahfi.com

Attorneys for Defendant/Cross-claimant
THE CIT GROUP/BUSINESS CREDIT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | Civil No. CV 01 00187 MEA-BMK<br>(Tort and RICO)<br><br>**DEFENDANT/CROSS-CLAIMANT THE CIT GROUP/BUSINESS CREDIT, INC.'S MEMORANDUM IN OPPOSITION TO EDWIN BOWLING AND FRANCES HALLER-BOWLING'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO CIT GROUP/BUSINESS CREDIT INC.'S FRAUD CONSPIRACY CLAIM;** DECLARATION OF LOUISE K. Y. ING; EXHIBITS A-E; CERTIFICATE OF SERVICE<br><br>Hearing:<br>Date: None set<br>Time: None set<br>Judge: Hon. Marvin E. Aspen<br><br>(No trial date set) |

# TABLE OF CONTENTS

I. CIT'S FRAUD CONSPIRACY CLAIM HAS BEEN RECOGNIZED BY BOTH JUDGE EZRA AND MAGISTRATE KURREN AND IS LAW OF THE CASE. . 1

II. CIT PROPERLY PLED A FRAUD CONSPIRACY CLAIM. . . . . . . . . 3

A. CIT Pled Sufficient Facts Detailing the Underlying Fraud Upon Which its Fraud Conspiracy Claim is Based . . . . . . . . . . . . . . . . . . . . . . . . 3

B. Case Law Supports CIT's Pleading of Its Fraud Conspiracy Claim. . . . . . . . . . . . . . . . . . . 6

III. CIT SUBMITS REVISED PROPOSED JURY INSTRUCTIONS REGARDING THE ELEMENTS OF FRAUD CONSPIRACY . . . . . . . . . . . . . 11

IV. ALTERNATIVELY, EVEN IF THIS COURT WERE INCLINED TO GRANT THE BOWLINGS' MOTION, THE COURT SHOULD ALLOW CIT TO REPLEAD OR SUPPLEMENT ITS FRAUD CONSPIRACY CLAIM . . . . 11

V. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . 13

**DEFENDANT/CROSS-CLAIMANT THE CIT GROUP/BUSINESS CREDIT, INC.'S MEMORANDUM IN OPPOSITION TO EDWIN BOWLING AND FRANCES HALLER-BOWLING'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO CIT GROUP/BUSINESS CREDIT INC.'S FRAUD CONSPIRACY CLAIM**

Cross-Claim Defendants Edwin Bowling and Frances Haller-Bowling ("the Bowlings") seek to bootstrap objections to the adequacy of CIT's proposed jury instructions on its fraud conspiracy cross-claim to justify rearguing their failed attempt over three years ago to defeat CIT's pleading of such a claim. In his October 24, 2002 ruling on a prior Bowling Motion to Dismiss, Judge Ezra held that facts alleged by CIT in its cross-claim against Haller-Bowling "are sufficient to support a claim for fraud conspiracy, not fraud itself." *See* Ex. A at 31-32. Subsequently, Magistrate Barry Kurren, issued an order **granting**, over the Bowlings' objection, CIT's specific attempt to amend its cross-claim to add a fraud conspiracy claim against the Bowlings, finding that "[a]s explained in Judge Ezra's October 24th Order, the allegations supporting such a claim are already set forth in [CIT's] First Amended Cross-claim." *See* Ex. B at 2. The Bowlings' attempt to upset settled law of the case is frivolous. It relies on a mischaracterization of relevant law, and it must be denied.

## I. CIT'S FRAUD CONSPIRACY CLAIM HAS BEEN RECOGNIZED BY BOTH JUDGE EZRA AND MAGISTRATE KURREN AND IS LAW OF THE CASE.

In the Ninth Circuit, "under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court . . . in the same

case.'" *Old Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002) (quoting *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988)). It precludes reconsideration of issues "'decided explicitly or by necessary implication in the previous disposition.'" *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) (quoting *Liberty Mutual Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982)). It includes a district court's pretrial orders. *United States v. Phillips*, No. 02-30035, 2004 U.S. App. Lexis 1253 (9th Cir. February 13, 2004).

On October 15, 2002, Judge Ezra heard Haller-Bowling's Motion for Judgement on the Pleadings against Whirlpool and Motion to Dismiss CIT's cross-claim, noting that the Court granted Haller-Bowling's motion to dismiss CIT's fraud claim against her, but stated that CIT had alleged facts sufficient to support a claim for fraudulent conspiracy against her. Ex. A, at 31-32. In reaching this decision, Judge Ezra referenced his ruling in his Order denying Haller-Bowling's motion to dismiss Whirlpool's fraud conspiracy claim, noting that CIT, like Whirlpool, had alleged facts showing that there was a fraudulent scheme involving other persons (*i.e.*, the underlying fraud by the "Glassman Group", *see* Second Amended Cross-claim ("SACC")), Ex. C, and that Haller-Bowling agreed to and participated in that scheme (her role in the conspiracy). Ex. A, at 8-13, 31-32.

On January 21, 2003, Magistrate Kurren rejected the Bowlings' argument that because the fraud claim against

Haller-Bowling had been dismissed by Judge Ezra, CIT could not assert a fraud conspiracy claim against her. Magistrate Kurren properly recognized that because Judge Ezra had already found that allegations supporting such a claim were already set forth in CIT's cross-claim, CIT would be allowed to plead a fraud conspiracy claim. *See* Ex. B, at 2. This case has thus proceeded based upon the determination that CIT adequately pled a claim for fraud conspiracy. Law of the case precludes the Bowlings at this late date from rearguing that CIT cannot maintain its fraud conspiracy claim.

## II. CIT PROPERLY PLED A FRAUD CONSPIRACY CLAIM.

### A. CIT Pled Sufficient Facts Detailing the Underlying Fraud Upon Which its Fraud Conspiracy Claim is Based.

Even if the law of the case were ignored, the Bowlings cannot prevail. They argue that CIT never pled an underlying fraud claim and so cannot plead a fraud conspiracy claim. The only factual basis for this argument is their assertion that CIT's proposed jury instructions are deficient in setting forth all elements for a fraud conspiracy claim. This argument is absurd. There is absolutely no authority anywhere to hold that before trial, allegedly inadequate preliminary proposed instructions--that have yet to be reviewed by the Court, much less presented to the jury--justify dismissal of the underlying claim for relief.

Rather, the SACC clearly sets forth both the underlying fraud committed by the "Glassman Group" - defined to include Kurt Glassman, Michael Clifford and Edwin Bowling - and the Bowlings' participation in this fraudulent scheme as co-conspirators.[1] Specifically,

- SACC ¶ 26 states that the Glassman Group induced CIT to loan money by falsely representing their intent to CIT in acquiring MidPac. Ex. C, at 9. The Glassman Group, which had taken sole control of MidPac - *see* SACC ¶ 15, Ex. C, at 5 - misrepresented to CIT that they wanted to restructure MidPac, while their true intent was to drain the company of its assets for their benefit and the benefit of their co-conspirators (including Haller-Bowling).

- Moreover, SACC ¶ 28(a) specifically alleges that Glassman and Bowling issued false invoices to "J&J Hardwood" [sic][2] so that J&J would report to CIT's outside auditors inflated, false figures for accounts payable due from J&J to MidPac. Ex. C, at 12.

- SACC ¶ 28(b) specifically alleges that Glassman and Bowling caused MidPac to issue false invoices to newly-created entities to inflate artificially MidPac's accounts

---

[1] Edwin Bowling is identified in the SACC as one who directly defrauded CIT or as a co-conspirator together with Haller-Bowling. *See, e.g.*, Ex. C, ¶ 23, at 8-9.

[2] "Hardwood" is a typographical error. The entity's proper name is J & J Hardware.

receivables and thereby fraudulently induce CIT to lend more money. Ex. C, at 12-13.

- SACC ¶ 28(c) specifically states that the Glassman and Bowling failed to comply with their duty to provide CIT with relevant and accurate MidPac financial statements, bank records and other documents. Ex. C, at 13. *See also* SACC ¶ 23, Ex. C, at 7-8.

CIT has thus alleged facts that show the underlying fraud; that is, the Glassman's Group's misrepresentations to CIT to induce CIT to loan money to MidPac - money which allowed the Glassman Group to divert other assets of MidPac to line their pockets and those of their co-conspirators, including the Bowlings.[3]

---

[3]While not yet raised by the Bowlings, the court should reject any effort by them to try to claim that CIT failed to plead the underlying fraud with sufficient particularity under Rule 9(b). In addition to the fact that L.R. 7.4 prohibits raising new arguments in reply memoranda, that argument fails because it was waived years ago. If an alleged violation is not presented in a defendant's first responsive pleading presenting arguments, it is waived. *See Todaro v. Orbit Int'l Travel, Ltd.*, 755 F. Supp. 1229, 1234 (S.D.N.Y. 1991); *United National Records, Inc. v. MCA, Inc.*, 609 F. Supp. 33, 38-39 (N.D. Ill. 1984). Here, the Bowlings filed an Answer to the SACC but never objected under Rule 9(b). Thus, this argument was waived. In fact, their Answer shows that they well understood a fraud had been perpetrated upon CIT, though they considered it to be "Kurt Glassman's fraud" or "Kurt Glassman's fraudulent activities." *See* Ex. D, at ¶¶ 84, 87.

**B. Case Law Supports CIT's Pleading of Its Fraud Conspiracy Claim.**

The Bowlings cite to *Weinber v. Mauch,* 890 P.2d 277, 286 (Haw. 1995), which quoted *Ellis v. Crockett,* 51 Haw. 45, 57, 451 P.2d 814 (1969). In *Ellis,* the Hawaii Supreme Court held that there can be "no civil claim based on conspiracy alone" and because, in the case before it, there had not been set forth "any actionable claim based upon deceit, there can be no claim against any joint tortfeasor based solely upon conspiracy to deceive." 51 Haw. at 57. From these cases, the Bowlings want the court to conclude that there cannot be a claim for fraud conspiracy unless there is a separate count of fraud asserted in the complaint.

This conclusion misreads the cases and is illogical. In fact, the authority cited by the Hawaii Supreme Court makes it obvious that as long as the complaint alleges a viable underlying fraud, a fraud conspiracy claim can be brought. In *Ellis,* the Hawai`i Supreme Court relied upon *Corris v. White*, 29 App.Div.2d 470, 289 N.Y.S.2d 371 (1968), for its pronouncement that there is no claim based on conspiracy alone. The *Corris* court, in considering a claim for conspiracy, stated that "[t]he actionable wrong lies in the commission of a tortious act, or a legal one by wrongful means" and not "upon the agreement to commit the prohibited act standing alone." *Id.* at 472, 289 N.Y.S.2d at 374. Thus, the court recognized that the "gravamen of a conspiracy is fraud and damage, not the conspiracy" and that the allegations of a conspiracy "are only important to connect a defendant with the

acts and declarations of his co-conspirators, where otherwise he would not have been implicated." *Id.* at 473, 289 N.Y.S.2d at 374. Thus, in *Corris*, the court held that the conspiracy charge was not properly pled, not because a separate fraud cause of action had not been pled, but because the complaint alleged only an agreement to do certain acts without alleging the wrongful acts that had been done and without alleging damage. *Id.*

It is illogical to maintain that a claim for fraud conspiracy requires a separate count denominated "Fraud," as opposed to facts which show a conspiracy involving the perpetration of a fraud. Certainly, for example, one who settled with a direct perpetrator of a fraud could still bring a claim of conspiracy to commit fraud against co-conspirators and allege the underlying fraud, without bringing a separate fraud claim against the direct perpetrator who settled before suit was filed.

In fact, a close review of case law shows that courts have long recognized that a fraud conspiracy claim can exist without a separate count of fraud being alleged. The Bowlings cite several cases, which they claim (Memorandum in Support at 15) support the proposition that a "conspiracy to defraud claim standing alone cannot survive without an underlying fraud claim." If they mean that the underlying fraud must be pled, they are correct. If they mean that these cases stand for the proposition that a separate count of fraud must also be pled, they are wrong.

The Bowlings first cite two New York cases, *Pappas v. Passias*, 271 A.D.2d 420, 707 N.Y.S.2d 178 (2d Dept. 2000), and *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 698 N.Y.S.2d 615, 720 N.E.2d 892 (1999). Neither case stands for the proposition that a fraud count must be separately pled for a fraud conspiracy claim to be viable. In each case, the court separately considered a fraud count which it dismissed and then reasoned that because it had dismissed the fraud count, the conspiracy count, which was premised solely on the fraud count, also would be dismissed. That is not the situation here. CIT has pled the underlying fraud **as well as** the Bowlings' agreement to be co-conspirators in the underlying fraud.

The Bowlings next cite *Demalco Ltd. v. Feltner*, 588 F. Supp. 1277 (S.D.N.Y. 1984), a federal case applying New York law. In agreeing to dismiss the conspiracy claim, the court first determined that the allegations did not allege an underlying fraud. *Id.* at 1278-79. The court was not troubled by the fact that a separate count for fraud had not been pled.

This case is more akin to *Logan & Kanawha Coal Co. v. Banque Francaise Du Commerce Exterieur*, 868 F. Supp. 63 (S.D.N.Y. 1994). In that case, plaintiff sued defendant for conspiracy to defraud, alleging that defendant had conspired with a non-defendant. Plaintiff did not allege a separate fraud count. Defendant filed a Rule 12(b)(6) motion to dismiss, or, in the alternative for summary judgment, on the fraud conspiracy claim.

Defendant's motion was denied. The court, applying New York law, found that plaintiff had adequately pled both the underlying fraud as well as the conspiracy. *Id.* at 67-68. *See Andre Emmerich Gallery, Inc. v. Segre*, 1997 WL 672009 (S.D.N.Y. 1997) (upholding complaint alleging conspiracy to defraud).

The Bowlings also cite to North Carolina cases, *The Jay Group, Ltd. v. Glasgow*, 534 S.E.2d 233 (N.C. App. 2000), and *Burton v. Dixon*, 131 S.E.2d 27 (N.C. 1963). Neither case helps their cause. *Jay Group* is inapposite since it does not consider the situation where a fraud conspiracy claim is pled without a separate fraud claim. *Burton* actually shows the fallacy of the Bowlings' position. In *Burton*, the North Carolina Supreme Court held that defendant could properly maintain a counterclaim that alleged only a cause of action for conspiracy to commit conversion. The Court recognized that to maintain a conspiracy claim more than simply the conspiracy must be alleged; there must be an overt act as well. *Id.* at 30. The Court explained that:

> If a conspiracy is formed and an overt act, causing damage, is committed by any one or more of the conspirators in furtherance of the conspiracy, all of the conspirators are liable. All may be joined as parties defendant in an action for damages caused by the wrongful act, but it is not necessary that all be joined; an action may be maintained against only one.

*Id.*

The distinction between fraud and fraud conspiracy is illustrated in another North Carolina case, *Holt v. Williamson*,

481 S.E.2d 307 (N.C. App. 1997). There, the appellate court reversed the trial court's entry of JNOV in favor of plaintiff on defendant's counterclaim for conspiracy to commit conversion. *Id.* at 316-17. The appellate court distinguished between the claims of conversion and conspiracy to convert. The appellate court noted that while there may not have been evidence to support a conversion verdict against plaintiff, there was sufficient evidence to support a verdict for conspiracy to convert. *Id.* Similarly in this case, Judge Ezra, in his October 24, 2002 decision, determined that CIT had not adequately pled a fraud claim against Haller-Bowling, but had adequately pled a fraud conspiracy claim against her.

The Bowlings' only other authorities are *Wilson v. Gayfers Montgomery Fair Co.*, 953 F. Supp. 1415 (M.D. Ala. 1996), applying Alabama law, and *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211 (9th Cir. 1997), applying California law. Neither of these cases addresses the situation where there is underlying fraud that is properly pled in the absence of a separate fraud count. In fact, the relevant state law of both Alabama and California has long recognized the propriety of a claim for fraud conspiracy without a separate fraud claim. In *O'Dell v. State*, 117 So.2d 164, 168 (Ala. 1960), which was relied upon by *Wilson*, 953 F. Supp. at 1423, the Alabama Supreme Court held that a complaint alleging a wide-ranging conspiracy could be maintained where allegations set

forth both the underlying wrong as well as the formation of a conspiracy to carry out the underlying wrong. Similarly, in *Mox v. Woods*, 202 Cal. 675, 676, 262 P. 302 (1927), the California Supreme Court held that plaintiff"successfully" pled "a conspiracy to inflict damages by wrongful acts." The Court recognized that "[t]he advantage gained in charging a conspiracy is that the act of one during the conspiracy is the act of all if done in furtherance thereof, and thus defendants may be held liable who in fact committed no overt act whatsoever and gained no benefit therefrom." *Id.* at 678, 262 P. at 303.

**III. CIT SUBMITS REVISED PROPOSED JURY INSTRUCTIONS REGARDING THE ELEMENTS OF FRAUD CONSPIRACY.**

As noted above, the Bowlings' excuse for reopening Judge Ezra's and Magistrate Kurren's three-year-old rulings is their criticism of CIT's proposed jury instructions on the elements of fraud conspiracy. While not a grounds to dismiss the fraud conspiracy claim under Rule 12(c), CIT hereby submits revised fraud conspiracy instructions, attached as Exhibit E, to address the Bowlings' criticisms of its proposed fraud conspiracy instructions.

**IV. ALTERNATIVELY, EVEN IF THIS COURT WERE INCLINED TO GRANT THE BOWLINGS' MOTION, THE COURT SHOULD ALLOW CIT TO REPLEAD OR SUPPLEMENT ITS FRAUD CONSPIRACY CLAIM.**

When a challenge to the nonmovant's claim is procedural under Rule 12(c) (as opposed to substantive) the nonmovant should be afforded the opportunity to amend a claim that is simply

insufficiently plead. *See Bushnell Corp. v. ITT Corp.*, 973 F. Supp. 1276, 1283-89 (D. Kan. 1997). In fact, "[a] judge should not rebuff a litigant's effort to supplement the complaint . . . . Because complaints need not articulate legal theories, and because the skeletal presentation in a notice pleading may be fleshed out later, a decision without giving plaintiff the opportunity to argue or augment his position is premature." *Johnson v. Revenue Management Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999). This applies with special force where, as here, any objections under FRCP 9(b) were waived years ago, and this belated attack on the pleadings smacks of gamesmanship.

In the present case, two judges previously upheld the pleading of a stand-alone fraud conspiracy claim, and no further challenge to the sufficiency of the pleadings was raised by the Bowlings until this belated motion. Given this history and the fact that despite the details already alleged, there is no trial date set for CIT's cross-claim, CIT should be given leave to amend or supplement its cross-claim to assert any missing details, if this Court determines that despite the details already alleged, CIT has failed to plead facts necessary to state a fraud conspiracy claim. However, the more appropriate ruling would be that CIT adequately pled a fraud conspiracy cross-claim and allegedly deficient jury instructions do not create grounds for dismissal.

## V. CONCLUSION

For the reasons set forth herein, CIT respectfully requests that this Court DENY Edwin and Frances Haller-Bowling's Motion for Judgment on the Pleadings as to CIT's Fraud Conspiracy Claim.

DATED: Honolulu, Hawai'i, February 1, 2006.

/s/ Thomas E. Bush
PAUL ALSTON
LOUISE K. Y. ING
THOMAS E. BUSH
Attorneys for Defendant/Cross-claimant THE CIT GROUP/BUSINESS CREDIT, INC.