DISTRICT OF HAWAII

JAN 2 1 2003

at 3 o'clock and 23 min. P M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., ET AL.,<br><br>Defendants. | CIVIL NO. 01-00187DAE/BMK |

ODER GRANTING IN PART, AND DENYING IN PART, DEFENDANT CIT GROUP/BUSINESS CREDIT, INC.'S MOTION FOR LEAVE TO AMEND IT FIRST AMENDED CROSS CLAIM

By motion dated November 27, 2002, Defendant CIT Group/Business Credit, Inc. ("CIT") requests leave to amend its First Amended Cross-Claim. Specifically, CIT seeks leave to "reformulate" the First Amended Cross-Claim's misrepresentation claim into a claim for fraud conspiracy, and to add allegations to support a claim of fraudulent transfer. Defendants Edwin Bowling and Frances Haller-Bowling (collectively "Defendants") oppose CIT's motion.[1] The motion came on for hearing on January 10, 2003.

After a review of the parties submissions and arguments, as well as Chief Judge David A. Ezra's October 24, 2002 Order Denying Defendant Frances Haller-Bowling's Motion for Judgment on the

[1] Plaintiff Whirlpool Corporation and Defendants Michael Clifford, CGBN, Inc., and CG Development, Inc. filed position statements purporting to take no position on CIT's motion. Notwithstanding the purported "no position" posture of each of these parties, the position statements set forth opposition to the motion.

**EXHIBIT B**

Pleadings and Granting in Part and Denying in Part Defendant Frances Haller-Bowling's Motion to Dismiss Defendant CIT's Group's Cross Claim ("Judge Ezra's October 24th Order"), the Court grants in part, and denies in part, CIT's motion for leave to amend its First Amended Cross-Claim. CIT is granted leave to amend the First Amended Cross-Claim to state a claim for fraud conspiracy. As explained in Judge Ezra's October 24th Order, the allegations supporting such a claim are already set forth in the First Amended Cross-Claim, and thus, Defendants are not prejudiced by the amendment. However, CIT may not amend the First Amended Cross-Claim to state a claim for fraudulent transfer. Judge Ezra's October 24th Order makes it clear that CIT is barred from raising such a claim on the ground that it lacks standing. Nothing in CIT'S proposed amendment alters that conclusion. In other words, the requested amendment is futile, because even with the proposed additional allegations, CIT lacks standing to bring such a claim.

IT IS SO ORDERED:

Dated: Honolulu, Hawaii, January 21, 2003.

Barry M. Kurren
United States Magistrate Judge