FILE COPY

BRONSTER CRABTREE & HOSHIBATA
Margery S. Bronster #4750
Jeannette Holmes #7211
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-5644
mbronster@bchlaw.net
jholmes@bchlaw.net

Attorneys for Defendants Edwin Bowling
and Frances Haller-Bowling

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
FEB 24 2003
at 4 o'clock and 56 min. P M
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., et al.,<br><br>Defendants. | CIVIL NO. CV01-00187 DAE BMK<br>(Tort and RICO)<br><br>DEFENDANTS BOWLING'S ANSWER TO DEFENDANT CIT GROUP/BUSINESS CREDIT, INC.'S SECOND AMENDED CROSS-CLAIM FILED FEBRUARY 3, 2003; CERTIFICATE OF SERVICE |

**DEFENDANTS BOWLING'S ANSWER TO DEFENDANT CIT GROUP/BUSINESS CREDIT, INC.'S SECOND AMENDED CROSS-CLAIM FILED FEBRUARY 3, 2003**

**EXHIBIT D**

Defendants Edwin Bowling and Frances Haller-Bowling ("Defendants Bowling") answer Defendant/Cross-claimant CIT Group/Business Credit, Inc's ("CIT") Second Amended Crossclaim filed February 3, 2003, as follows:

FIRST DEFENSE

1. Edwin Bowling admits that CIT engaged in business in the State of Hawaii, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 1 of the Second Amended Crossclaim ("cross-claim"), and therefore denies the remaining allegations. Frances Haller-Bowling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the cross-claim, and therefore denies the allegations.

2. Defendants Bowling admit Defendant Kurt Glassman conducted business in the State of Hawaii. Defendants Bowling are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in

paragraph 2 of the cross-claim, and therefore deny the allegations.

3. As to paragraph 3 of the cross-claim, Defendants Bowling admit the allegations.

4. As to paragraph 4 of the cross-claim, Defendants Bowling admit that Frances Haller-Bowling is a citizen of the State of Hawaii, but deny that she "conducted business" in Hawaii during the relevant period alleged in CIT's cross-claim. Defendants Bowling admit that Frances Haller-Bowling was married to Edwin Bowling at all relevant times, but deny that she was a practicing attorney.

5. Edwin Bowling admits that Michael Clifford conducted business in the State of Hawaii, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the cross-claim, and therefore, denies the allegations. Frances Haller-Bowling lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the cross-claim, and therefore denies the allegations.

6. As to paragraph 6 of the cross-claim, Edwin Bowling admits that CGBN, Inc. is a Hawaii corporation with its principal place of business in Hawaii. Edwin Bowling is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 6 of the cross-claim, and therefore denies the allegations. Frances Haller-Bowling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the cross-claim, and therefore denies the allegations.

7. As to paragraph 7 of the cross-claim, Edwin Bowling admits that Raymond Iwamoto was legal counsel to MidPacific Lumber, CG Investments dba Maui Home Supply, CGBN and CG Development. Mr. Bowling lacks knowledge or information to from a belief as to the truth or falsity of the remaining allegations contained in paragraph 7 of the cross-claim, and therefore, denies the remaining allegations. Frances Haller-Bowling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the cross-claim, and

therefore denies the allegations.

8. Mr. Bowling admits the allegations contained in paragraph 8 of the cross-claim. Frances Haller-Bowling lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8, and therefore denies the allegations.

9 - 10. Defendants Bowling lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 9 and10 of the cross-claim, and therefore deny the allegations.

11. Defendants Bowling admit the allegations contained in paragraph 11 of the cross-claim.

12 - 13. Defendants Bowling admit that jurisdiction and venue are proper as stated in paragraphs 12 and 13 of the cross-claim.

14. As to paragraph 14, Edwin Bowling denies the allegations. Frances Haller-Bowling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations,

and therefore denies the allegations.

15. Edwin Bowling denies the allegations contained in paragraph 15 of the cross-claim. Frances Haller-Bowling is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies the allegations.

16. As to paragraph 16, Mr. Bowling states, upon information and belief, that MidPac entered into a loan agreement with CIT on or about March 19, 1998. As to the remaining allegations in paragraph 16, Mr. Bowling leaves CIT to its proof, and on that basis, denies the allegations contained therein. Frances Haller-Bowling lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the cross-claim, and therefore denies the allegations.

17. Defendants Bowling are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the cross-claim, and therefore deny the allegations.

18. Defendants Bowling are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the cross-claim, and therefore deny the allegations.

19 - 20. Defendants Bowling deny the allegations contained in paragraphs 19 and 20 of the cross-claim.

21 - 22. Defendants Bowling state that the Loan Agreement speaks for itself and leave CIT to its proof thereof, and on that basis, deny the allegations contained in paragraphs 21 and 22 of the cross-claim.

23 - 24. Defendants Bowling deny the allegations contained in paragraphs 23 and 24 of the cross-claim.

25 - 28. Defendants Bowling deny the allegations contained in paragraphs 25, 26, 27 (and all subparagraphs), and 28 (and all subparagraphs) as they apply to Defendants Bowling. Defendants Bowling lack knowledge or information sufficient to form a belief as to the truth of the allegations as they related to other defendants, persons, and entities referred to in the

paragraphs, and therefore deny the same.

29 - 33. Defendants Bowling lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 29 through 33 of the cross-claim, and therefore denies the allegations.

34. Defendants Bowling deny the allegations contained in paragraph 34 of the cross-claim.

35. Defendants Bowling lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the cross-claim, and therefore deny the allegations.

36 - 37. Defendants Bowling deny the allegations contained in paragraphs 36 through 37 of the cross-claim.

38. Defendants Bowling deny the allegations contained in paragraph 38 of the cross-claim as they pertain to Edwin Bowling and Frances Haller-Bowling. Defendants Bowling lack knowledge or information sufficient to form a belief as to the truth of the allegations as they related to other defendants, persons, and

entities referred to in the above-mention paragraph, and therefore deny the allegations.

39. As to paragraph 39, Defendants Bowling admit that involuntary bankruptcy petitions were filed against MidPac and Maui Home Supply, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny the remaining allegations.

40 - 41. Defendants Bowling lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 40 and 41 of the cross-claim, and therefore deny the allegations.

42. As to paragraph 42, Defendants Bowling incorporate their responses to paragraphs 1 through 41 of the cross-claim.

43. Defendants Bowling admit that Plaintiff Whirlpool Corporation ("Whirlpool") filed a Second Amended Complaint against CIT and Crossclaim Defendants. Defendants Bowling have denied all allegations of wrongdoing on their part and have settled all claims with Whirlpool without any admission of liability by

Defendants Bowling.

44 - 47. Defendants Bowling deny the allegations contained in paragraphs 44 through 47 of the cross-claim.

48. As to paragraph 48, Defendants Bowling incorporate their responses to paragraphs 1 though 47 of the cross-claim.

49 - 54. Defendants Bowling deny the allegations contained in paragraphs 49 through 54 as they apply to Edwin Bowling and Frances Haller-Bowling. Defendants Bowling lack knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraphs 49 through 54 of the cross-claim and therefore deny the allegations.

55. As to paragraph 55, Defendants Bowling incorporate their responses to paragraphs 1 through 54 of the cross-claim.

56 - 58. As to paragraphs 56 through 58, the allegations contained in these paragraphs are improper. When CIT sought leave to file its second amended cross-claim, CIT sought only to amend its fraud conspiracy and fraudulent transfer claims. The allegations contained in paragraphs 56 through 58 are allegations

that pertained to CIT's fraudulent transfer claim. Since the Court denied CIT's request to amend its fraudulent transfer cross-claim, these allegations are improper because they were asserted as to CIT's fraudulent transfer claim, not as to its unjust enrichment claim. Defendants Bowling reserve all rights to file a motion to strike or a motion to dismiss or for other relief as deemed appropriate. Without waiving such rights, Defendants Bowling deny the allegations contained in paragraphs 56 through 58 of the cross-claim.

59. Defendants Bowling deny the allegations contained in paragraph 59 of the cross-claim.

60. Defendants Bowling incorporate their responses to paragraphs 1 through 59 of the cross-claim.

61. Defendants Bowling lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 61, and therefore deny the allegations.

62 - 64. Defendants Bowling deny the allegations contained in paragraphs 62 through 64 of the cross-claim.

SECOND DEFENSE

65. CIT's cross-claim fails to state a claim upon which relief can be granted.

THIRD DEFENSE

66. CIT's cross-claims are barred by the failure to join indispensable parties.

FOURTH DEFENSE

67. CIT's cross-claims are barred by the applicable statutes of limitations.

FIFTH DEFENSE

68. CIT's cross-claims are barred by its own knowledge, acquiescence, and/or release.

SIXTH DEFENSE

69. CIT's cross-claims are barred by its failure to mitigate damages.

SEVENTH DEFENSE

70. CIT is barred from maintaining this action against Defendants Bowling because the cross-claims against Defendants

Bowling upon which the action is based were discharged in bankruptcy, or are subject to the Bankruptcy Court's jurisdiction.

EIGHTH DEFENSE

71. CIT's cross-claims are barred because Defendants Bowling did not violate any common law or statutory duty owed to CIT.

NINTH DEFENSE

72. CIT's cross-claims are barred by the breach of duty or contract, default or other failure or misconduct by CIT and/or by other persons beyond the control of Defendants Bowling.

TENTH DEFENSE

73. CIT's cross-claims are barred by the defense that the liability, if any, is that of parties other than Defendants Bowling.

ELEVENTH DEFENSE

74. CIT is barred from maintaining this cross-claim against Defendants Bowling based upon the doctrine of waiver.

TWELFTH DEFENSE

75. CIT's cross-claims are barred by the defense of estoppel (legal and equitable).

THIRTEENTH DEFENSE

76. CIT's cross-claims are barred by the defense of unclean hands.

FOURTEENTH DEFENSE

77. CIT's cross-claims are barred because Defendants Bowling's actions were reasonable and made in good faith and/or upon the good faith reliance upon the advice of attorneys, accountants, and/or other professionals.

FIFTEENTH DEFENSE

78. CIT's alleged damages were not proximately caused by the alleged actions of Defendants Bowling.

SIXTEENTH DEFENSE

79. CIT's cross-claims are barred as to Edwin Bowling because they are subject to arbitration.

SEVENTEENTH DEFENSE

80. CIT's cross-claims are barred by the statute of frauds.

EIGHTEENTH DEFENSE

81. CIT's cross-claims are barred by CIT's comparative fault or negligence.

NINETEENTH DEFENSE

82. CIT's cross-claims are barred by CIT's lack of good faith and/or reasonable reliance.

TWENTIETH DEFENSE

83. CIT's cross-claims are barred because MidPac was not insolvent during the relevant period when Edwin Bowling and/or Frances Haller-Bowling received alleged funds.

TWENTY-FIRST DEFENSE

84. CIT's cross-claims are barred because of the unreasonable steps and measures taken by CIT when CIT discovered Defendant Kurt Glassman's fraud.

TWENTY-SECOND DEFENSE

85. CIT's cross-claims are barred because CIT and CIT's agent, Ted Phelps, took over MidPac Lumber Co., Ltd. in or about June 1999 and caused the financial demise of MidPac.

TWENTY-THIRD DEFENSE

86. CIT's cross-claims are barred because CIT, through its agent Ted Phelps, misrepresented the strength of MidPac to varioudс individuals and entities after CIT's take over of MidPac in or about June 1999.

TWENTY-FOURTH DEFENSE

87. CIT's cross-claims are barred because CIT and CIT's agent, Ted Phelps, intentionally misled Edwin Bowling for his recommendation of Glenda Bayless to obtain potential outside investors for MidPac to obtain financing in or about the Fall of 1999, even though CIT and CIT's agent, Ted Phelps, was aware of or highly suspected Kurt Glassman's fraudulent activities. Had Edwin Bowling been aware of Kurt Glassman's fraud, CIT's and CIT's agent's misrepresentations concerning MidPac, and the true

financial demise of MidPac caused by CIT's actions and omissions, Edwin Bowling would not have recommended Glenda Bayless to obtain outside investors to save MidPac and Edwin Bowling would not have agreed to return from retirement to temporarily manage MidPac.

TWENTY-FIFTH DEFENSE

88. CIT's cross-claims fail to comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.

TWENTY-SIXTH DEFENSE

89. Defendants Bowling intend to assert any other defense or avoidance allowable pursuant to Rule 8 of the Federal Rules of Civil Procedure and/or any other applicable rule, statute, or law and will amend this answer as appropriate based upon formal or informal discovery in this case.

WHEREFORE, Defendants Edwin Bowling and Frances Haller-Bowling pray for judgment in their favor and against Defendant/Cross-claimant CIT, and that CIT's Second Amended

Cross-claim be dismissed in its entirety with prejudice. Defendants Edwin Bowling and Frances Haller-Bowling also seek costs of suit, including reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated at Honolulu, Hawaii, February 24, 2003.

Margery S. Bronster
Jeannette Holmes
Attorneys for Defendants
Edwin Bowling and
Frances Haller-Bowling