**REVISED**

DEFENDANT/CROSSCLAIMANT CIT'S JURY INSTRUCTION NO. 29

*(Fraud Conspiracy)*

CIT has also asserted cross-claims against Bowling, Haller-Bowling, and Glassman on account of an alleged fraud conspiracy involving Bowling, Haller-Bowling, Glassman, Costa, and F&J Movers. CIT alleges that Glassman, Bowling and Michael Clifford, who are collectively called the "Glassman Group", took sole control of MidPac. CIT alleges that the Glassman Group induced CIT to loan money to MidPac by falsely representing to CIT their intent in acquiring MidPac. CIT alleges that the Glassman Group misrepresented to CIT that they wanted to restructure MidPac, while their true intent was to take MidPac's money that was collateral for CIT's loan and keep it for their benefit and the benefit of their co-conspirators. The co-conspirators included Haller-Bowling, Costa and F&J Movers. CIT also alleges that Bowling and Glassman issued false invoices and/or caused MidPac to issue false invoices to lead CIT to believe that MidPac was owed more money than it really was. They did so to induce CIT to lend MidPac more money so that Bowling, Glassman and their co-conspirators, who include Haller-Bowling, Costa and F&J Movers, could take the money for their benefit. CIT further alleges that Glassman and Bowling further deceived CIT by failing to provide CIT with relevant and accurate MidPac financial documents, bank records and other documents.

602,168/6527-1

**EXHIBIT E**

CIT's cause of action for fraud conspiracy requires it to prove all of the following elements by clear and convincing evidence:

(1) a combination of two or more persons or entities;

(2) by concerted action;

(3) to accomplish the commission of a fraud against CIT;

(4) for the purpose of harming CIT;

(5) the commission of a fraud; and

(6) which results in damage to CIT.

*Roberts Hawaii Sch. Bus, Inc. v. Laupahoehoe Transp. Co., Inc.*, 91 Hawaii 224, 252 n.28, 982 P.2d 853, 881 n.28 (1999); *see also Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482, n.3 (9th Cir. 1984); *Ellis v. Crockett*, 51 Haw. 45, 57, 451 P.2d 814 (1969); *Corris v. White*, 29 App.Div.2d 470, 472, 289 N.Y.S.2d 371, 374 (1968).

DEFENDANT/CROSSCLAIMANT CIT'S JURY INSTRUCTION NO. 30

*(Fraud Conspiracy - Concerted Action)*

To satisfy the concerted action element of its fraud conspiracy cross-claim, CIT does not have to prove that an express agreement existed among the alleged co-conspirators. CIT must prove that there was an agreement or tacit understanding between at least two persons. The mere fact that a person performed a wrongful act is insufficient, by itself, to create an inference that the person was a part of the conspiracy.

The existence of a conspiracy may sometimes be inferred from the nature of the acts done, the relations of the parties, the interests of the alleged conspirators, and other circumstances. While a familial relationship alone does not establish a conspiracy, it may be considered along with other evidence to justify an inference of conspiracy.

*In re Sunset Bay Assocs.*, 944 F.2d 1503, 1517 (9th Cir. 1991); *U.S. v. Calabrese*, 825 F.2d 1342, 1348 (9th Cir. 1987); *Alfus v. Pyramid Technology Corp.*, 764 F. Supp. 598, 607 (N.D. Cal. 1991).

DEFENDANT/CROSSCLAIMANT CIT'S JURY INSTRUCTION NO. 31

(*Fraud Conspiracy - Joint Responsibility*)

When a conspiracy has been established, everything said or done by any of the conspirators in execution or furtherance of the common purpose is deemed to have been so said or done by all and may be proved against each whether said or done in the presence of the others or not.

*Hashimoto v. Halm*, 40 Haw. 354, 363-64 (1953).

**REVISED**

DEFENDANT/CROSSCLAIMANT CIT'S JURY INSTRUCTION NO. 31a

(*Fraud Conspiracy - Commission of a Fraud*)

To satisfy the element of commission of a fraud for its fraud conspiracy charge, CIT must prove by clear and convincing evidence that:

(1) there was a misrepresentation of a material fact;

(2) made with the knowledge that the representation was false;

(3) intending that CIT would act upon the misrepresentation in the manner that CIT actually did act;

(4) that CIT relied on the alleged misrepresentation and that its reliance was justified; and

(5) that CIT, as a proximate consequence of its reliance on the misrepresentation, suffered a loss.

Federal Jury Practice And Instructions, 5th Ed., Instruction Nos. 123.01 and 123.02 (2000); *Hawaii's Thousand Friends v. Anderson*, 768 P.2d 1293, 1301 (Hawaii 1989) (*citing Kang v. Harrington*, 587 P.2d 285, 289 (1978)); *In re Sunset Bay Associates*, 944 F.2d 1503, 1516 (9th Cir. 1991); *In re Eashai*, 87 F.3d 1082, 1086 (9th Cir. 1996).

602,168/6527-1