BRONSTER CRABTREE & HOSHIBATA
Margery S. Bronster #4750
Jeannette Holmes Castagnetti #7211
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-5644
mbronster@bchlaw.net
jcastagnetti@bchlaw.net
Attorneys for Edwin Bowling
and Frances Haller-Bowling

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants.<br><br>and | CIVIL NO. CV01-00187 MEA-BMK<br>(Tort and RICO)<br><br>EDWIN BOWLING AND FRANCES HALLER-BOWLING'S REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS AS TO CIT GROUP/BUSINESS CREDIT INC.'S FRAUD CONSPIRACY CLAIM; DECLARATION OF JEANNETTE HOLMES CASTAGNETTI; EXHIBIT "A"; CERTIFICATE OF SERVICE<br><br>Trial Date: No trial date set. |

CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,

Additional Cross-claim Defendants.

EDWIN BOWLING AND FRANCES HALLER-BOWLING'S REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS AS TO CIT GROUP/BUSINESS CREDIT INC.'S FRAUD CONSPIRACY CLAIM

## I. INTRODUCTION

Edwin Bowling and Frances Haller-Bowling respectfully submit this reply in support of their motion for judgment on the pleadings as to CIT/Business Credit Inc.'s ("CIT") fraud conspiracy claim.[1]

Edwin Bowling and Frances Haller-Bowling are both entitled to a judgment on the pleadings as to CIT's fraud conspiracy claim. Nothing raised by CIT changes that result.

[1] *Edwin Bowling and Frances Haller-Bowling's Motion for Judgment on the Pleadings as to CIT Group/Business Credit Inc.'s Fraud Conspiracy Claim, filed December 22, 2005* ("*Motion for JOP*").

## II. ARGUMENT

Despite CIT's protestations to the contrary,[2] Hawaii law requires that a fraud conspiracy claim be supported by an underlying claim for fraud. CIT ignores clearly-defined Hawaii law on fraud conspiracy, and raises unpersuasive arguments with respect to the law of the case doctrine. CIT relies on *dicta* contained in prior orders in which the precise question raised in the instant motion was not in issue previously. In a desperate attempt to save its defective fraud conspiracy claim, CIT asks this Court for leave to amend its proposed jury instructions with respect to its fraud conspiracy claims against Edwin Bowling and Frances Haller-Bowling and/or for leave to amend its cross-claim for the third time.

### A. CIT's Fraud Conspiracy Claim Fails As A Matter Of Law Without An Underlying Fraud Claim

CIT seeks to reinvent Hawaii law on fraud conspiracy. Weinberg v. Mauch, 78 Haw. 40, 890 P.2d 277 (1995), is binding

---

[2] See *Memorandum in Opposition to Edwin Bowling and Frances Haller-Bowling's Motion for Judgment on the Pleadings as to CIT Group/Business Credit Inc.'s Fraud Conspiracy Claim* filed December 22, 2005 (*"Memo in Opp."*).

authority on this matter and CIT cannot escape its precepts:

> The tort of 'conspiracy' has not been clearly defined. Therefore [if a plaintiff does] not set forth any actionable claim based upon deceit, there can be no claim against any alleged joint tortfeaser based solely upon conspiracy to deceive**.**

Id. at 40, 890 P.2d at 286 (emphases added).

In their *Motion for JOP*, Edwin Bowling and Frances Haller-Bowling cite Hawaii law and cases from other jurisdictions that also follow the legal principle followed in Weinberg. CIT, however, boldly asks this Court to cast aside what is clearly established law in Hawaii in arguing it need only plead allegations of fraud to properly assert a fraud conspiracy claim. CIT is wrong. CIT's fraud conspiracy claim fails because CIT does not have an underlying and necessary fraud claim.

Hawaii law is clear under Weinberg v. Mauch. In Weinberg, the Hawaii Supreme Court reviewed amongst other things, a trial court's granting of summary judgment against the Mauchs on their civil conspiracy claim against Weinberg and Blackwell. Weinberg, 78 Haw. at 42, 890 P.2d at 279. The dispute

centered around contractual rights to a parcel of property. Id. The Mauchs alleged that they had a contract with Weinberg that was disrupted by a subsequent agreement between Weinberg and Blackwell. Mauch alleged that constituted a conspiracy to "destroy the Mauchs' interests." Id. at 48, 890 P.2d at 285.

The Supreme Court found that the subsequent Weinberg/Blackwell contract did not adversely affect any rights held by the Mauchs, and held that because the "Mauchs have failed to set forth any actionable claim based upon deceit, [] therefore, the claim for conspiracy must fail." Id. at 49, 890 P.2d at 286 (quoting Ellis v. Crocket, 51 Haw. 45, 57, 451 P.2d 814 (1969) (emphases added)).

The plain language of the Weinberg holding refers to two claims, to wit, the conspiracy claim alleged by Mauch, and the non-existent, yet necessary underlying claim based on deceit. The holding establishes that under Hawaii law, two claims must be brought - a fraud conspiracy claim and an underlying fraud claim.

The Supreme Court relied on Ellis v. Crocket, 51 Haw. 45, 451 P.2d 814 (1969) in deciding Weinberg. In Ellis, numerous deceit claims alleged by Ellis were dismissed, thus warranting dismissal of the conspiracy claim based on deceit. Id. at 57 - 58, 451 P.2d at 822 - 23. CIT urges this Court to ignore both the Ellis and Weinberg holdings. CIT attempts to elevate the importance of the holding in Corris v. White, 289 N.Y.S. 2d 371, 29 A.D. 2d 470 (1968), which was relied on by the Ellis court.

As CIT concedes, "[i]n Ellis, the Hawaii Supreme Court relied upon Corris v. White [citation omitted] for its pronouncement that there is no claim based on conspiracy alone." *Memo in Opp.* at 6. The Hawaii Supreme Court cited that portion of the Corris decision with approval, and went on to define Hawaii law as requiring a separate fraud claim. See Weinberg, 78 Haw. at 49, 890 P.2d at 286 (quoting Ellis v. Crocket, 51 Haw. 45, 57, 451 P.2d 814 (1969). The resulting holding in Ellis, (adopted by the Weinberg Court) is that a conspiracy claim based on deceit cannot stand alone without an underlying claim based on deceit.

Hawaii law is consistent with law in other jurisdictions. In Fisher v. Big Squeeze, Inc., 349 F. Supp. 2d 482 (E.D. N.Y. 2004), the Court held that "[c]ivil conspiracy cannot stand on its own, apart from an independent claim asserting the underlying tort that the defendants allegedly conspired to commit." Id. at 489 (emphasis added). See also cases cited in *Motion for JOP* at 15-17.

Moreover, because a fraud conspiracy claim derives from a fraud claim, there must be an underlying fraud claim. A fraud conspiracy claim is derivative of an actual fraud claim. Walsh v. America's Tele-Network Corp., 195 F. Supp. 2d 840 (E.D. Tex. 2002). CIT's efforts to distinguish the cases cited by Edwin Bowling and Frances Haller-Bowling accomplish nothing. In fact, all the of cases cited support the derivative nature of the fraud conspiracy claim and that it cannot stand alone.

Walsh v. America's Tele-Network Corp., 195 F. Supp. 2d 840 (E.D. Tex. 2002) decrees that "[c]ivil conspiracy is an entirely derivative claim. A plaintiff must plead and prove another substantive tort upon which to base a civil conspiracy claim." Id. at 850 (emphases added and internal quotations and citations

omitted). The Walsh Court further states that to satisfy the elements of civil conspiracy, "the underlying tort claim must be made against at least one of the defendants . . . for which the plaintiff seeks to hold . . . liable." Id. (emphasis added). See also, Tilton v. Marshall, 925 S.W. 2d 672, 681 (Tex. 1996) (holding that civil conspiracy is a derivative tort for which at least one defendant must be found liable for the underlying claim).

Since CIT's fraud conspiracy claim derives from a fraud claim which has not been pled, CIT's fraud conspiracy claim fails as a matter of law. CIT has asserted no fraud claim against any defendants.

**B. The Law Of The Case Doctrine Does Not And Should Not Apply**

Faced with an inadequate fraud conspiracy claim, CIT argues that the law of the case doctrine permits them to contravene clearly established Hawaii law. CIT improperly applies the doctrine to *dicta*. Moreover, application of the law of the case doctrine is purely discretionary and not a matter of right.

### 1. The Law Of The Case Doctrine Is Inapplicable To *Dicta*

The Hawaii Supreme Court in Weinberg also discussed the law of the case doctrine and pronounced that it is inapplicable to a case on matters where legal determinations are not made. See Weinberg, 78 Haw at 47, 890 P.2d at 284. "A significant corollary to the doctrine is that *dicta* have no preclusive effect." Rebel Oil Company, Inc., v. Atlantic Richfield Company, 146 F.3d 1088, 1093 (9th Cir. 1998).

The language referenced by CIT in the *Ezra October 24, 2002 Order*[3] and the *Kurren January 1, 2003 Order*[4] are *dicta* and therefore, not legal determinations, as required for the law of the case doctrine to apply. CIT relies heavily on Judge Ezra's statement

---

[3] *Order Denying Defendant Frances Haller-Bowling's Motion for Judgment on the Pleadings as to Whirlpool's Second Amended Complaint and Granting in Part and Denying in Part Defendant Frances Haller-Bowling's Motion to Dismiss Defendant CIT Group's Cross-Claim* filed October 24, 2002 (*"Ezra October 24, 2002 Order"*).

[4] *Order Granting in Part, and Denying in Part, Defendant CIT Group/Business Credit, Inc.'s Motion for Leave to Amend Its First Amended Cross Claim* filed January 21, 2003 (*"Kurren January 21, 2003 Order"*).

that CIT alleged facts for a fraud conspiracy claim against Frances Haller-Bowling. Judge Ezra's comments must be taken in context. At that time, CIT had misrepresentation claims pending against multiple defendants. After Judge Ezra's ruling, CIT abandoned its misrepresentation claims.

In its *First Amended Cross-claim filed September 24, 2002*, CIT asserted a misrepresentation claim against Kurt Glassman, Michael Clifford, Edwin Bowling, Frances Haller-Bowling, F&J Movers, and Renee K. Costa.[5] CIT abandoned any fraud claims against the defendants when CIT filed its Second Amended Cross-claim without asserting a fraud or misrepresentation claim against any defendant.

In his October 24, 2002 Order, Judge Ezra dismissed CIT's misrepresentation claim against Frances Haller-Bowling. *See Ezra October 24, 2002 Order at 35 - 36.* On November 27, 2002, CIT sought leave to file a Second Amended Crossclaim. In its *Second*

---

[5] *See CIT's First Amended Crossclaim filed September 24, 2002 at ¶¶ 43-45* (a copy of the pertinent portions of CIT's First Amended Cross-claim is attached hereto as Exhibit "A").

*Amended Crossclaim filed February 3, 2004*, however, CIT did not assert a misrepresentation claim against any defendant. CIT filed only a fraud conspiracy claim.

Similarly, the *Kurren January 1, 2003 Order* states that "CIT is granted leave to amend the First Amended Cross-Claim to state a claim for fraud conspiracy." Id. at 2. The Order simply grants CIT leave to state a claim for fraud conspiracy and is not a grant of eternal immunity from a Rule 12 dismissal. In other words, this Order only allowed CIT to amend its claims a second time. This language is a "pre-evaluation [of the case or] *dicta* and not a decision on the merits. Therefore, the [] statement is not binding under the law of the case doctrine." See Trent v. Valley Electronic Assoc. 195 F.3d 534, 537 (9th Cir. 1999) (determining that a prior Ninth Circuit panel's statement that "Trent's evidence would seem to compel a judgment in her favor" was *dicta* (emphasis added)). Consequently, CIT must still properly plead a fraud conspiracy claim or else be subject to dismissal.

### 2. Adoption Of The Doctrine Is Wholly Discretionary

CIT argues that Judge Ezra's October 24, 2002 Order and Judge Kurren's January 21, 2003 Order recognized CIT's fraud conspiracy claim, and therefore is law of the case. CIT omits from its *Memo in Opp.* that the law of the case doctrine is discretionary. All three of the cases relied on by CIT so state. See, Old Person v. Brown, 312 F.3d 1036, 1039 (9th Cir. 2002); United States v. Lummi Indian Tribe, 235 F.2d 443, 452 (9th Cir. 2000); United States v. Phillips, 356 F.3d 1086, 1095 (9th Cir. 2004).

If this Court decides the law of the case doctrine is applicable,[6] the Court should exercise its discretion and refuse to apply the doctrine. CIT earlier abandoned its misrepresentation claim in a jurisdiction in which an underlying fraud claim must be pled to assert a fraud conspiracy claim. CIT's proposed jury instructions underscore the necessity of pleading and proving an underlying fraud claim. Lastly, CIT relies on *dicta* taken out of context. All of these factors militate towards not applying the law of

---

[6] The Bowlings submit that it is not.

the case doctrine. See United States v. Lummi Indian Tribe, 235 F.2d 443, 452 (9th Cir. 2000) (stating that an abuse of discretion occurs if (1) the first decision was clearly erroneous, (2) an intervening change in the law occurred, (3) the evidence on remand was substantially different, (4) other changed circumstances exist, or (5) a manifest injustice would otherwise result)).

### C. CIT's Submission of Revised Jury Instructions Manifests Bad Faith and Does Not Cure Its Fatally Defective Fraud Conspiracy Claim

In an obvious attempt to correct its defective fraud conspiracy claim, CIT resubmitted *some* of its jury instructions to remedy its bad faith submission of its prior instructions. As discussed in the *Motion for JOP*, CIT's *Proposed Jury Instructions* were clear attempts to not only deprive Edwin Bowling and Frances Haller-Bowling of a fair jury trial by lowering CIT's burden of proof as to its claims, but to alter its original fraud conspiracy claim altogether.

CIT argues that Edwin Bowling and Frances Haller-Bowling's attack on CIT's proposed jury instructions is improper. *Memo in Opp.* at 11. This Court granted Edwin Bowling and

Frances Haller-Bowling's request to bring this motion at the Status Conference on December 13, 2005. Furthermore, references to CIT's *Proposed Jury Instructions* underscore CIT's blatant attempt to amend its fraud conspiracy claim without leave of court. *Motion for JOP* at 8. Every fraud conspiracy instruction was labeled "civil conspiracy," which as explained in the *Motion for JOP*, is a completely different claim. Id. at 15. The only logical explanation for such instructions is that CIT finally recognized the legal inadequacy of its fraud conspiracy claim.

### D. CIT Should Not Be Permitted To Amend Its Cross-Claim For A Third Time

CIT argues that if its fraud conspiracy claim is dismissed, it should nevertheless be permitted to amend its complaint for a third time. "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." DCD Programs, LTD., v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (citations omitted). Most *appropo* is "whether the plaintiff has previously amended [its] complaint." Id. at n 3.

All of the factors above are present here and warrant denial of CIT's request for leave to amend its cross-claim for a third time.

- CIT has already amended its complaint twice.
- CIT has in bad faith filed proposed jury instructions for civil conspiracy, a claim not even pled in any of its cross-complaints. CIT significantly altered the burden of proof for CIT and failed to set forth the elements of a fraud conspiracy claim.
- Discovery is closed, and has been closed since March 14, 2003. Any further amendments by CIT to its cross-claim would be prejudicial and would cause undue delay.

Moreover, the fact that CIT is still unable to memorialize its fraud claims properly, despite repeated *bites at the apple*, emphasizes the abject futility of any further amendments.

## III. CONCLUSION

CIT has failed to demonstrate that its fraud conspiracy claim is not defective for lack of an underlying fraud claim, nor can a novel application of the law of the case, or a purported "right" to a third amendment of its cross-claim presented in its *Memo in Opp.* save the day. Therefore, judgment on the pleadings should be granted in favor of Edwin Bowling and Frances Haller-Bowling as to

CIT's fraud conspiracy claim, and CIT's request to amend its complaint should be denied.

Dated at Honolulu, Hawaii: February 22, 2006.

/s/ Jeannette Holmes Castagnetti
Margery S. Bronster
Jeannette Holmes Castagnetti
Attorneys for Edwin Bowling and
Frances Haller-Bowling