LYNCH ICHIDA THOMPSON KIM & HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Telephone: (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; et al.,<br><br>Defendants. | Civil No. CV01 00187 MEA BMK (TORT AND RICO)<br><br>**PLAINTIFF WHIRLPOOL CORPORATION'S SECOND PROPOSED SET OF JURY INSTRUCTIONS**<br><br>TRIAL<br>DATE: November 6, 2006<br>JUDGE: HON. MARVIN E. ASPEN |

**PLAINTIFF WHIRLPOOL CORPORATION'S**
**SECOND PROPOSED SET OF JURY INSTRUCTIONS**

Comes now, Plaintiff Whirlpool Corporation, and respectfully submits its Annotated Second Set of Proposed Jury Instructions followed beginning on page 63 by the Un-Annotated Set. Whirlpool designates the Following Ninth Circuit Model Jury Instructions, 1.1, 1.2, 1.3, 1.4, 1.6, 1.7, 1.8, 1.9, 1.10, 1.11, 1.12, 1.13, 1.14, 3.1, 3.2, 3.3, 3.4, 3.5, 3.6, 3.7, 3.8, 3.9, 3.10, 3.11, 4.1, 4.2, 4.3, 4.4, 5.1, 5.2 and 5.3 and the attached Instructions 1 through 48 as additional Instructions. Whirlpool respectfully reserves the right to supplement or modify these instructions as the Court may permit.

DATED: Honolulu, Hawai'i, February 27, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
Whirlpool Corporation

Plaintiff Whirlpool Corporations Proposed Instruction No. 1

Whirlpool's Proposed RICO Instructions
5th Circuit Model Jury Instructions, 8.1 (as adapted)

RICO CLAIMS

Plaintiff Whirlpool has brought claims against **[defendant Raymond Iwamoto]** for alleged violations of the Racketeer Influenced and Corrupt Organizations Act, commonly referred to as RICO. **[Specifically, Whirlpool claims that defendant Raymond Iwamoto violated Section 1962 (d) of RICO.]**

Plaintiff **[Whirlpool**] must establish by a preponderance of the evidence every element of a RICO claim. You should consider each and every element of a RICO cause of action only in the precise way that I will define them in these instructions. You must avoid confusing any of the elements of a RICO claim with your prior conceptions of the meaning of the terms that are used to describe the elements of a RICO claim.

Plaintiff **[Whirlpool**] claims that **[Raymond Iwamoto]** violated Section 1962(d) of RICO because he agreed or conspired to violate the RICO Section 1962 ( c) of RICO.

5th Circuit Model Jury Instructions, 8.1 (as modified).

Plaintiff Whirlpool Corporation's Jury Instruction No. 2

**Section 1962 ( c) Instruction**

To prevail on its RICO claim the plaintiff **[Whirlpool]** must establish a violation of Section 1962© of RICO. To establish a violation of Section 1962©, the plaintiff must prove each of the following five elements by a preponderance of the evidence:

1. That an "enterprise" existed;

2. That the enterprise engaged in, or had some effect upon, interstate or foreign commerce;

3. That the defendant was employed by or associated with the alleged enterprise;

4. That the defendant knowingly and willfully conducted or participated, directly or indirectly, in the conduct of the affairs of the alleged enterprise; and

5. That the defendant did so knowingly and willfully through a pattern of racketeering activity.

"Employed by or associated with" means some minimal association with the alleged enterprise. The defendant must know something about the alleged enterprise's activities as they relate to the racketeering activity.

The fourth and fifth elements require that the plaintiff prove by a preponderance of the evidence that the defendant knowingly and willfully conducted or participated in the conducting of the affairs of the alleged enterprise through a pattern of racketeering activity. The plaintiff **[Whirlpool]** must prove **[Raymond Iwamoto had**], by a preponderance of the evidence, a sufficient connection between the enterprise, the defendant, and the alleged pattern of racketeering activity. In order to establish a sufficient connection between the enterprise, the defendant and the alleged pattern of racketeering activity, the plaintiff **[Whirlpool]** must prove by a preponderance of the evidence:

1. That the defendant participated in the operation or management of the enterprise itself in such a way, directly or indirectly, as to have played some part in directing the affairs of the enterprise.

2. That the defendant in fact engaged in the pattern of racketeering activity as the plaintiff claims;

3. That the defendant's association with or employment by the enterprise facilitated the commission of the racketeering acts; and

4. That the commission of these predicate acts had some direct or indirect effect on the alleged enterprise.

A person does not violate the law by merely associating with or being employed by an otherwise lawful enterprise the affairs of which are being conducted by others through a pattern of racketeering activity in which he is not personally engaged.

Plaintiff Whirlpool Corporation's Jury Instruction No. 3

**Section 1962(d) Instruction**

A "conspiracy" in this sense is a combination or agreement of two or more persons to join together to accomplish an offense which would be in violation of RICO.

To establish a violation of Section 1962(d), the plaintiff **[Whirlpool]** must prove by a preponderance of the evidence:

1. That two or more persons in some way or manner came to a mutual understanding to attempt to accomplish a common and unlawful plan, that is that while being employed by or associated with an enterprise, they engaged in activities which affected interstate or foreign commerce, or conducted the affairs of the alleged enterprise through a pattern of racketeering activity, and

2. That defendant **[Raymond Iwamoto]** knowingly and willfully became a member of a conspiracy by objectively indicating, through his words or actions, his agreement to conduct or participate, directly or indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity; and

3. That at least one of the conspirators committed at least one overt act during the existence of a conspiracy in an effort to accomplish some object or purpose of the conspiracy.

The term "enterprise" includes any individual, partnership, corporation, association, or other legal entity. An enterprise "affects interstate or foreign commerce" if the enterprise either engages in, or has an effect on commerce between the states or between the states and foreign countries.

A "racketeering activity" means an act in violation of the federal mail fraud statute, the federal wire fraud statute, bank fraud and/or securities fraud statutes. You will be instructed on the law pertaining to these statute(s) to guide you in determining whether the plaintiff proved by a preponderance of the evidence that a defendant committed one or more violations of these statutes. A "racketeering

activity" may also be referred to as a "predicate offense".

A "pattern of racketeering activity" requires that the plaintiff prove that a member of the conspiracy committed at least two acts of "racketeering activity" within ten years of each other and that both of the acts occurred after October 15, 1970. The proof of two or more predicate acts does not in and of itself establish a "pattern" under RICO. The two acts need not be of the same kind. For example, the acts may be one act of mail fraud and one act of wire fraud. However, you must find by a preponderance of the evidence that the two acts occurred within the time specified and that each was connected with the other by some common scheme, plan or motive so as to constitute a "pattern". A series of wholly separate, isolated or disconnected acts of racketeering activity does not constitute a pattern.

In other words, two or more otherwise unrelated acts of "racketeering activity" do not constitute a "pattern" of racketeering activity under RICO unless the acts all relate to a common scheme by the defendant to continually conduct the affairs of the alleged enterprise for illicit personal benefit, whether monetary or otherwise, for himself or for another, by committing the predicate offenses.

As I instructed you, "racketeering activity" means an act in violation of the mail fraud, wire fraud, bank fraud and/or securities fraud statutes. However you may not consider just any racketeering act allegedly committed by a defendant in violation of one of these statutes as bearing on the question of whether a defendant has committed two or more predicate offenses as a pattern of racketeering activity. In making this determination, you are to consider only those specific racketeering acts alleged by the plaintiff against a particular defendant. Furthermore, you cannot find that the defendant has engaged in a "pattern of racketeering activity" unless you agree to which of the alleged predicate offenses, if any, make up the pattern. Thus, it would not be sufficient if some of you should find that a defendant committed a violation of two or more predicate offenses under one particular statute as a pattern and the rest of you should find that a defendant committed a violation of two or more predicate acts under another statute as a pattern. In other words, you may not find that the defendant has engaged in a pattern of racketeering activity unless you [1] find a "pattern" of predicate offenses and [2] find that the plaintiff has proved by a preponderance of the evidence that a defendant committed each of the two or more predicate offenses that you find are necessary to make up the pattern.

The plaintiff has alleged the commission of two or more predicate acts including violations of the **[mail fraud, wire fraud, bank fraud and securities fraud statutes.]** It is your function to decide whether the plaintiff has proved by a preponderance of the evidence as to each defendant whether that defendant violated either or both of those statutes on one or more occasions, if at all.

Plaintiff Whirlpool Corporation's Jury Instruction No. 4

**Mail Fraud Instruction**

To establish that mail fraud has been committed, the plaintiff must prove each of the following by a preponderance of the evidence as to each defendant so charged:

1. Some person or persons willfully and knowingly devised a scheme or artifice to defraud, or a scheme for obtaining money or property by means of false pretenses, representations or promises, and

2. Some person or persons used the United States Postal Service by mailing, or by causing to be mailed, some matter or thing for the purpose of executing the scheme to defraud.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive. The words "scheme" and "artifice" in the mail fraud statute include any plan or course of action intended to deceive others, and to obtain property by false or fraudulent pretenses, representations, or promises, from the persons so deceived.

A statement or representation is "false" or "fraudulent" within the meaning of the mail fraud statute if it relates to a material fact and is known to be untrue or is made with reckless indifference as to its truth or falsity, and is made or caused to be made with intent to defraud. A statement or representation may also be "false" or "fraudulent" if it constitutes a half truth, or effectively conceals a material fact, with intent to defraud. A material fact is a fact that would be important to a reasonable person in deciding whether to engage in a particular transaction.

Good faith constitutes a complete defense to mail fraud. Good faith means the actor had a genuine belief that the information which was sent or given was true.

The plaintiff must prove by a preponderance of the evidence that one or more of the defendants knowingly and willfully devised or intended to devise a scheme to defraud which was substantially the same as the one alleged by the

plaintiff and that the use of the United States Mail was closely related to the scheme in that one or more of the defendants either mailed something or caused it to be mailed in an attempt to execute or carry out the scheme. One causes the mails to be used if he does an act with knowledge that the use of the mails will follow in the ordinary course of business, or if he can reasonably foresee such use.

Plaintiff Whirlpool Corporation's Jury Instruction No. 5

**Wire Fraud Instruction**

To establish that wire fraud has been committed, the plaintiff must prove by a preponderance of the evidence that the defendant used the telephone (telegraph) for the purpose of executing the scheme to defraud.

To establish wire fraud, it must be found that when the defendant performed an act, he knew, or reasonably could foresee, that the telephone or telegraph would be used to further a scheme or artifice to defraud.

5th Circuit Model Instructions, RICO, No. 8.1(as adapted).

Plaintiff Whirlpool Corporation's Jury Instruction No. 6

**Bank Fraud Instruction**

8.106 Bank Fraud—scheme to
Defraud by False Promises
or Statements
(18 U.S.C. § 1344(2))

Plaintiff alleges that **[Raymond Iwamoto]** conspired to commit bank fraud in violation of Section 1344(2) of Title 18 of the United States Code. In order for the defendant to be found liable, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, the members of the enterprise knowingly carried out a scheme or plan to obtain money or property from a financial institution by making false statements or promises, with all of you agreeing on at least one particular false promise or statement that was made;

Second, the members of the enterprise knew that the statements or promises were false;

Third, the statements or promises were material, that is they would reasonably influence a bank to part with money or property;

Fourth, the members of the enterprise acted with the intent to defraud; and

Fifth, the financial institution was federally insured.

Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 8.106 (2003) (as adapted).

Plaintiff Whirlpool Corporation's Jury Instruction No. 7

**Conspiracy Instruction**

In regard to the first element of the claim of conspiracy, the evidence in the case need not show that the alleged members of the conspiracy entered into any express or formal agreement, or that they directly stated between themselves the details of the scheme and its object or purpose or the precise means by which the object or purpose was to be accomplished. Similarly, the evidence in the case need not establish that all of the means or methods alleged were in fact set forth in the complaint were in fact agreed upon to carry out the alleged conspiracy, or that all of the means or methods which were agreed upon were actually used or put into operation. The plaintiff is not required to prove that all of the persons charged with being members of the conspiracy were such or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

On the other hand, it is not enough if the evidence shows only that the alleged conspirators agreed to commit the acts of racketeering alleged by the plaintiff, without more, or that they agreed merely to participate in the affairs of the same alleged enterprise. Instead, the plaintiff must prove by a preponderance of the evidence that the alleged conspirators agreed to conduct or participate in the conduct of the affairs of the alleged enterprise and that they further agreed that their individual participations would be through two or more racketeering acts in furtherance of the affairs of the alleged enterprise. It does not matter that the alleged conspirators participated in the conduct of the affairs of the alleged enterprise through different, dissimilar or otherwise unrelated acts of racketeering activity, so long as the alleged racketeering acts would, if they were actually committed, create a "pattern of racketeering activity" as I defined that phrase to you.

As to the second element of the alleged conspiracy violation—knowing and willful membership in the conspiracy—the plaintiff must prove by a preponderance of the evidence:

1. That the defendant knew that the basic object of the alleged conspiracy was conducting the alleged enterprise through a pattern of racketeering activity;

2. That the defendant knowingly and willfully agreed to personally commit, or aid and abet the commission of at least two acts of racketeering as a "pattern of racketeering activity" as I have defined it; and

3. That the defendant knowingly and willfully agreed to conduct or participate in the conduct of the affairs of the alleged enterprise through this pattern of racketeering activity.

One may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or without knowledge of the names and identities of all of the other alleged conspirators. If the plaintiff proves by a preponderance of the evidence that the particular defendant has knowingly and willfully joined the alleged conspiracy under the three standards I have just set forth, it does not matter that the defendant may not have participated in the earlier stages of the alleged conspiracy or scheme.

However, mere presence at the scene of some transaction or event, or mere similarity of conduct among various persons and the fact that they may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily prove the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some object or purpose of a conspiracy, does not thereby become a conspirator.

The plaintiff need not prove that the defendant actually committed any of the acts that he may have agreed to commit in order to establish his membership in the conspiracy. You may consider only those racketeering acts alleged against the particular defendant by the plaintiff in determining whether that defendant has agreed to commit two acts of racketeering activity as a "pattern of racketeering activity."

To establish the third element, the plaintiff must prove by a preponderance of the evidence that at least one of the alleged conspirators committed at least one "overt act" during the existence of the alleged conspiracy. An "overt act" is a transaction or event, even one which may be entirely legal and innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy. However, in accordance with my instructions during the trial, you may not consider any evidence of any alleged

wrongful act, other than the alleged wrongful act which the plaintiff contends is a specific violation, as in any way bearing on the character of any defendant or as an indication that any defendant may have a propensity to commit any of the offenses charged.

In your consideration of this conspiracy claim, you should first determine whether the alleged conspiracy existed. If you conclude that a conspiracy did exist as alleged, you should next determine whether or not the defendant under consideration willfully became a member of that conspiracy.

In determining whether there was a conspiracy you may consider all the evidence in the case. If you find that there was a conspiracy then you may attribute the statements or acts of **[Kurt Glassman, Ted Phelps or Edwin Bowling to the defendant Raymond Iwamoto.]** If you find that there was no conspiracy then you may not attribute the statements or acts of **[Kurt Glassman, Ted Phelps or Edwin Bowling]** to the defendant.

If you find that no such conspiracy existed, then you must find for the defendant **[Raymond Iwamoto]** on the RICO claim. However, if you are satisfied that such a conspiracy existed, you must determine who were the members of that conspiracy.

If you find that a particular defendant is a member of another conspiracy, but not the one charged by the plaintiff, then you must find for that defendant. In other words, you cannot find that a defendant violated Section 1962(d) unless you find that he was a member of the conspiracy charged, and not some other separate conspiracy.

Plaintiff Whirlpool Corporation's Jury Instruction No. 8

**CAUSATION**

Finally, for plaintiff **[Whirlpool]** to prevail under RICO, it must prove by a preponderance of the evidence that the defendant **[Iwamoto's]** RICO violations were the "proximate cause" of injury to the plaintiff **[Whirlpool's]** business or property. Therefore you must find that the plaintiff suffered an injury to its business or property and that the injury was caused by reason of the defendant **[Iwamoto's ]**violation of RICO.

An injury or damage is proximately caused when the act played a substantial part in bringing about or actually causing injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act.

A company is injured in its business when it suffers loss of money or profits or a reduction in the value or worth of its business.

A finding that plaintiff **[Whirlpool]** was injured in its business or property because of defendant **[Iwamoto's]** violation of RICO requires only that you find the plaintiff was harmed by the predicate acts.

However, to find that injury to plaintiff **[Whirlpool's]**business or property was caused by reason of a violation of RICO, you must find that the injury to [Whirlpool] was caused by, and was a direct result of the defendants' violation of Section 1962©.

Therefore, you must find that the commission of the acts of racketeering, or the pattern of racketeering activity, or the conduct of the affairs of the enterprise through the pattern of racketeering activity directly resulted in the injury or played a substantial role in producing the injury.

In considering the issue of damages, if any, with respect to the RICO claim, you must assess the amount you find justified by a preponderance of the evidence as full, just and reasonable compensation for all of the damages to plaintiff **[Whirlpool]** in its business or property. Damages may not be based on speculation because it is only actual damages (what the law calls compensatory damages) that

you are to determine.

You should consider the amount of damages, if any, as to defendant **[Iwamoto]** with respect to the RICO claim separately and independently from the amount of damages, if any, with respect to the other, non-RICO claims. For example, and by way of example only, if you determine that damages should be awarded to plaintiff **[Whirlpool]** under its RICO claim, you should award full, just and reasonable compensation for damages under the RICO claim, without regard to the damages, if any, you might award under any other claim brought by the plaintiff.

The fact that I have given you instructions concerning the issue of the plaintiff's damages should not be interpreted in any way as an indication that I believe that the plaintiff should or should not prevail in this case. The interrogatories which you will answer contain several questions about damages under different laws and different theories of recovery. You should not draw any inference from the fact that a damage question has been asked. You must answer each Interrogatory separately and award damages, if appropriate, independently of damages which you may award under any other interrogatory.

5th Circuit Model Instructions, RICO, No. 8.1 (As Adapted).

WHIRLPOOL'S PROPOSED RICO JURY INTERROGATORIES

SPECIAL ISSUE NO. ____

Do you find from a preponderance of the evidence that **[Kurt Glassman, Ted Phelps and/or Edwin Bowling]** was employed by or associated with an enterprise engaged in, or the activities of which affected, interstate or foreign commerce?

| | | |
|---|---|---|
| Kurt Glassman | _______________<br>Yes | _______________<br>No |
| Edwin Bowling | _______________<br>Yes | _______________<br>No |
| Ted Phelps | _______________<br>Yes | _______________<br>No |

SPECIAL ISSUE NO.__

What sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the plaintiff for actual damages to its business or property arising from any defendant's employment by or association with each enterprise, if any you have so found?

Kurt Glassman _______________

Edwin Bowling _______________

Ted Phelps __________________

SPECIAL ISSUE NO. ___

Do you find from a preponderance of the evidence that [Raymond Iwamoto]

entered into a conspiracy with any other person to accomplish any of the purposes described below?

To conduct or participate, directly or indirectly, in the conduct of the affairs of an enterprise which is engaged in, or the activities of which affect, interstate commerce or foreign commerce through a pattern of racketeering activity, while employed by or associated with such enterprise.

__________________ Yes

__________________ No

SPECIAL ISSUE NO. __

What sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the plaintiff for actual damages to its business or property arising from any defendant's employment by or association with each enterprise, if any you have so found?

__________________________

**Whirlpool's State Law Substantive Instructions**

Plaintiff Whirlpool Corporation's Jury Instruction No. 9

FRAUD AND DECEIT - INTRODUCTORY INSTRUCTION

The plaintiff, **[Whirlpool Corporation]** also seeks to recover damages based upon a claim of fraud.

Conduct may be fraudulent because of an intentional misrepresentation, concealment or a false promise.

California Jury Instructions ("BAJI") 12.30 (Copyright 2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 10

FRAUD AND DECEIT - INTENTIONAL MISREPRESENTATION

The essential elements of a claim of fraud by an intentional misrepresentation are:

1. The defendant made a representation as to a past or existing material fact;

2. The representation was false;

3. The defendant must have known that the representation was false when made or must have made the representation recklessly without knowing whether it was true or false;

4. The defendant made the representation with an intent to defraud the plaintiff, that the defendant must have made the representation for the purpose of inducing the plaintiff to rely upon it and to act or to refrain from acting in reliance thereon;

5. The plaintiff was unaware of the falsity of the representation; must have acted in reliance upon the truth of the representation and must have been justified in relying upon the representation;

6. And, finally, as a result of the reliance upon the truth of the representation, the plaintiff sustained damages.

BAJI 12.31(2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 11

FRAUD AND DECEIT-EXPRESSION OF OPINION

Ordinarily, expressions of opinion are not treated as representations of fact upon which to base actionable fraud.

However, when one party possesses or holds himself or herself out as possessing superior knowledge or special information regarding the subject of a representation, and the other party is so situated that he or she may reasonably rely upon the supposed superior knowledge or special information, a representation made by the party possessing or holding him or herself out as possessing this knowledge or information will be treated as a representation of fact although if made by any other person it might be regarded as an expression of opinion.

When a party states an opinion as fact, in such a manner that it is reasonable to rely and act upon it as a fact, it may be treated as a representation of fact.

BAJI 12.32 (2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 12

FRAUD AND DECEIT - CONCEALMENT

The essential elements of a claim of fraud by concealment are:

1. That the defendant concealed or suppressed a material fact;

2. The defendant was under a duty to disclose the fact to the plaintiff;

3. The defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff;

4. The plaintiff was unaware of the fact and would not have acted as he or she did if he or she had known of the concealed or suppressed fact;

5. And, finally, the concealment or suppression of the fact caused the plaintiff to sustain damage.

BAJI 12.35 (2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 13

## FRAUD AND DECEIT - NONDISCLOSURE OF KNOWN FACTS

Except as you may otherwise be instructed, where material facts are known to one party and not to the other, failure to disclose them is not actionable fraud unless there is some relationship between the parties which gives rise to a duty to disclose known facts.

A duty to disclose known facts arises where the party having knowledge of the facts is in a fiduciary or confidential relationship with the other party.

A fiduciary or confidential relationship exists whenever under the circumstances trust and confidence reasonably may be and is reposed by one person in the integrity and fidelity of another.

A duty to disclose known facts arises, in absence of a fiduciary or confidential relationship, where one party knows of material facts and also knows that these facts are neither known nor readily accessible to the other party.

BAJI 12.36 (2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 14

FRAUD AND DECEIT - ACTIVE CONCEALMENT
OF KNOWN FACTS

Intentional concealment exists where a party:

(1) Actively prevents investigation and discovery of material facts by the other party, or

(2) While under no duty to speak, nevertheless does so, but does not speak honestly or makes misleading statements or suppresses facts which materially qualify those stated.

BAJI 12.37 (2004) as modified.

Plaintiff Whirlpool Corporation's Jury Instruction No. 15

FRAUD AND DECEIT - FALSE PROMISE

The essential elements of a claim of fraud by a false promise are:

1. The defendant must have made a promise as to a material matter and, at the time it was made, did not intend to perform it;

2. The defendant made the promise with an intent to defraud the plaintiff, that is, the Defendant must have made the promise for the purpose of inducing plaintiff to rely upon it and to act or refrain from acting in reliance upon it;

3. The plaintiff was unaware of the defendant's intention not to perform the promise; **[Whirlpool**] acted in reliance upon the promise and was justified in relying upon the promise made by the defendant;

4. And, finally, as a result of reliance upon defendant's promise, the plaintiff sustained damage.

BAJI 12.40 as modified (2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 16

FRAUD AND DECEIT - PROOF OF
INTENT NOT TO PERFORM

You may consider the conduct of a party making a promise, either before or after the promise was made, in determining whether there was an intention not to perform the promise when made.

BAJI 12.41 (2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 17

BAJI 12.50

FRAUD AND DECEIT - PERSONS IN/NOT IN PRIVITY WITH DEFENDANT

The misrepresentation, false promise or concealment must have been done with the intent to induce a person or persons to act in reliance upon it and the party making the representation or promise or concealing it is liable only to those person to whom the representation or promise was made or from whom the material fact was concealed with that intent.

If others become aware of the representation or promise or are mislead by the concealment, and act upon it, there is no liability.

One who makes a misrepresentation, false promise or conceals a material fact is subject to liability if he or she intends or has reason to expect that the misrepresentation, false promise or concealment of a material fact will be passed on to another person and influence that person's conduct in the type of transaction involved.

A person has reason to expect that a misrepresentation, false promise or non-disclosure of a material fact will be passed on to another person and influence that persons conduct if he or she has information that would lead a reasonable person to conclude that there is a likelihood that it will reach that person and will influence that person in their conduct in the type of transaction involved.

BAJI 12.50 (2004) (as modified).

Plaintiff Whirlpool Corporation's Jury Instruction No. 18

FRAUD AND DECEIT - PROFESSIONALS -
PERSON TO WHOM REPRESENTATION MADE

The alleged intentional misrepresentation must have been made with the intent to defraud plaintiff, or a particular class of persons to which plaintiff belongs, whom defendant intended or reasonably should have foreseen would rely upon the representation. One who makes a representation with intent to defraud the public or a particular class of persons is deemed to have intended to defraud every individual in that category who is actually misled thereby.

BAJI 12.50.1(2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 19

FRAUD AND DECEIT - RELIANCE

To establish fraud by a false representation or promise, the plaintiff must establish reliance upon the representation or promise; that is, the representation or promise must have caused plaintiff's conduct in entering into the transaction and without this representation or promise plaintiff would not have entered into the transaction.

The fraud, if any, need not be the sole cause if it appears that reliance upon the representation or promise substantially influenced that party's action, even though other influences operated as well.

BAJI 12.51(2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 20

FRAUD AND DECEIT - RIGHT TO RELY

To establish fraud by a false representation or promise, plaintiff must not only act in reliance on it, but must be justified in that reliance, that is, it was reasonable in the light of the circumstances and plaintiff's intelligence, experience and knowledge, to accept the representation or promise without making an independent inquiry or investigation.

BAJI 12.52 (2004).

Plaintiff Whirlpool Corporation’s Jury Instruction No. 21
FRAUD AND DECEIT - DAMAGES -
BENEFIT OF THE BARGAIN RULE

If you find that plaintiff is entitled to a verdict against defendant, you must then award plaintiff damages in an amount that will reasonably compensate for all the loss suffered by plaintiff and caused by the fraud upon which you base your finding of liability.

BAJI 12.57 (2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 22

FRAUD AND DECEIT - DAMAGES -
OUT OF POCKET RULE

If you find that plaintiff is entitled to a verdict against defendant, you must then award plaintiff damages, if any, caused by the fraud upon which you base your finding of liability.

The amount of the award should include:

1. The difference, if any, between the actual value of that with which the plaintiff parted and the actual value of that which was received. This is sometimes referred to as the "out of pocket loss."

Actual value means market value. Market value means the highest price for which personal property would sell on the open market; the seller having a reasonable time within which to sell, and being willing to sell but not forced to do so; the buyer being ready, willing and able to buy but not forced to do so, and having a reasonable time and full opportunity to investigate the property in question and to determine its condition, suitability for use, and all of the things about the property that would naturally and reasonably affect its market value.

2. In addition to "out of pocket loss," if any, plaintiff is entitled to recover any additional damage arising from the particular transaction, including any of the following:

a. Amounts actually and reasonably expended in reliance upon the fraud.

b. An amount which would compensate the plaintiff for loss of use and enjoyment of the property to the extent that any such loss was caused by the fraud.

c. An amount which will compensate the plaintiff for profits or other gains which might reasonably have been earned by use of the property had the plaintiff retained it.

BAJI 12.56 (2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 23

CONVERSION - ESSENTIAL ELEMENTS -
DAMAGES

The Plaintiff **[Whirlpool Corporation]** also seeks to recover damages based upon a claim of conversion.

The essential elements of this claim are:

1. Plaintiff [Whirlpool] had a right to possession of personal property, namely, **[all of the inventory that was located at Maui Home Supply on or after June 23, 1999]**;

2. Defendant **[CIT]** actually interfered with plaintiff's right to possession of this property;

3. Defendant's interference was knowing or intentional;

and

4. The interference caused plaintiff **[Whirlpool**] injury, damage, loss or harm.

An interference with one person's control or right to control personal property may occur through an unauthorized transfer or sale of the property.

The word "knowing" means knowledge of the existence of the facts in question. Knowledge of the unlawfulness or wrongfulness of any act or omission is not required.

The word "intentional" when applied to the intent with which an act is done or omitted, means with a purpose or willingness to commit the act or to make the omission in question. The word does not require any intent to violate the law, or to injure another, or to acquire any advantage.

Mistake, good faith or due care are ordinarily immaterial, and are not

defenses to a claim for conversion.

BAJI 12.99 (2004) (as modified regarding duty to make demand for return of property).

Plaintiff Whirlpool Corporation's Jury Instruction No. 24
**DAMAGES (To be Given In Second Phase in this case)**

If you find that plaintiff is entitled to recover damages for conversion, you should award plaintiff:

1. The value of the property at the time of the conversion, with interest at 10 % from that time; or an amount sufficient to compensate plaintiff for natural and reasonable losses caused by the wrongful act upon which you base your finding of liability, and which ordinary prudence on the plaintiff's part would not have been avoided;

2. Reasonable compensation for the time and money properly expended by or on behalf of plaintiff in pursuit of the property.

BAJI 12.99 (2004) (as modified regarding duty to make demand for return of property).

Plaintiff Whirlpool Corporation’s Jury Instruction No. 25

CONSPIRACY - DEFINITION/INTRODUCTORY

A conspiracy is an agreement entered into between two or more persons with the intent to agree or conspire and the intent to commit wrongful acts, namely to defraud **[Whirlpool]**. Membership or participation in a conspiracy to commit a wrongful act is by itself not a basis for liability. Conspirators have no liability unless a wrongful act is committed by one or more of the conspirators in furtherance of the conspiracy causing another party to sustain injury, damages, loss or harm.

The liability of any alleged conspirator to plaintiff shall be determined by you in accordance with the following instructions:

BAJI 13.85 (2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 26

CONSPIRACY - JOINT RESPONSIBILITY

Each member of a conspiracy is liable for each act and bound by each declaration of every other member of the conspiracy if the act or the declaration is in furtherance of the object of the conspiracy.

The act of one conspirator pursuant to or in furtherance of the common design of the conspiracy is the act of all conspirators.

A member of a conspiracy is not only liable for the particular wrongful act that to his/her knowledge his/her confederates agreed to and did commit, but is also liable for the natural and probable consequences of any wrongful act of a co-conspirator to further the object of the conspiracy, even though that act was not intended as a part of the agreed upon objective and even though he/she was not present at the time of the commission of that act.

BAJI 13.86 (2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 27

CONSPIRACY - PROOF OF EXPRESS
AGREEMENT NOT NECESSARY

The formation and existence of a conspiracy may be inferred from all circumstances tending to show the common intent and may be proved in the same way as any other fact may be proved, either by direct testimony of the fact or by circumstantial evidence, or by both direct and circumstantial evidence. It is not necessary to show a meeting of the alleged conspirators or the making of an express or formal agreement.

BAJI 13.87 (2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 28

ASSOCIATION ALONE DOES NOT PROVE
MEMBERSHIP IN CONSPIRACY

Evidence that a person was in the company of or associated with one or more other persons alleged or proved to have been members of a conspiracy is not, in itself, sufficient to prove that such person was a member of the alleged conspiracy.

BAJI 13.88 (2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 29

ACQUAINTANCE WITH ALL CO-CONSPIRATORS
NOT NECESSARY

It is not a defense that an alleged conspirator did not know all the other conspirators. The members of a conspiracy may be widely separated geographically, and yet may be in agreement on a wrongful design and may act in concert in pursuit of that design. The adoption by a person of the wrongful design entertained in common by others and of its object and purposes is all that is necessary to make that person a co-conspirator when the required elements of a conspiracy are present.

BAJI 13.89 (2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 30

WHEN CONSPIRATORS NOT LIABLE
FOR ACT OF CO-CONSPIRATOR

Where a conspirator commits an act which is neither in furtherance of the object of the conspiracy nor the natural and probable consequence of an attempt to attain that object, he/she alone is responsible for and is bound by that act, and no responsibility therefor attaches to any of his/her confederates.

BAJI 13.90 (2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 31

CONSPIRATORS NOT BOUND BY
ACT OR DECLARATION OF NON-CONSPIRATOR

The act or declaration of a person who is not a member of a conspiracy is not binding upon the members of the conspiracy, even if the act or declaration tended to promote the object of the conspiracy.

BAJI 13.91(2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 32

COMMISSION OF ACT IN FURTHERANCE OF A
CONSPIRACY DOES NOT ITSELF PROVE
MEMBERSHIP IN CONSPIRACY

Evidence of the commission of an act which furthered the purpose of an alleged conspiracy is not, in itself, sufficient to prove that the person committing the act was a member of the conspiracy.

BAJI 13.92 (2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 33

JOINING CONSPIRACY AFTER ITS FORMATION

Every person who joins a conspiracy after its formation, is liable for and bound by the acts done and declarations made by other members in pursuance and furtherance of the conspiracy before and during the time that he/she is a member of the conspiracy.

Evidence of any acts done or declarations made by other conspirators prior to the time a person becomes a member of the conspiracy also may be considered by you in determining the nature, objectives and purposes of the conspiracy.

BAJI 13.93 (2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 34

WITHDRAWAL FROM CONSPIRACY

Any member of a conspiracy may withdraw from and cease to be a party to the conspiracy, but his/her liability for the acts of his/her co-conspirators continues until he/she effectively withdraws from the conspiracy.

In order to effectively withdraw from a conspiracy, there must be an affirmative and good faith rejection or repudiation of the conspiracy which must be communicated to the other conspirators of whom he/she has knowledge.

If a member of a conspiracy has effectively withdrawn from the conspiracy he/she is not thereafter liable for any act of the co-conspirators committed subsequent to his/her withdrawal from the conspiracy, but he/she is not relieved of responsibility for the acts of his/her co-conspirators committed while he/she was a member.

BAJI 13.94 (2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 35

LIABILITY FOR ACTS COMMITTED AFTER TERMINATION OF CONSPIRACY

No act or declaration of a conspirator committed or made after the conspiracy has been terminated is binding upon co-conspirators, and they are not liable for that act or declaration.

BAJI 13.95 (2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 36

CONSPIRACY - CASE MUST BE CONSIDERED
AS TO EACH DEFENDANT

Each defendant in this case is individually entitled to, and must receive, your determination whether that defendant was a member of the alleged conspiracy. As to each defendant you must determine whether that defendant was a conspirator by deciding whether that defendant willfully, intentionally and knowingly joined with any other or others in the alleged conspiracy.

BAJI 13.96 (2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 37

DETERMINATION OF ADMISSIBILITY OF
CO-CONSPIRATOR'S STATEMENTS

Evidence of a statement made by one alleged conspirator other than at this trial must not be considered by you as against another alleged conspirator unless you find by a preponderance of the evidence, that:

1. Other evidence independent of the statement established the existence of a conspiracy to commit a wrongful act at the time such statement was made;

2. The statement was made while the person making the statement was participating in the conspiracy and that the person against whom it was offered was participating in the conspiracy before or during that time; and

3. The statement was made in furtherance of the objective of the conspiracy.

The word "statement" as used in this instruction includes any oral or written verbal expression or nonverbal conduct of a person intended by that person as a substitute for oral or written verbal expression.

BAJI 13.97 (2004).

Plaintiff Whirlpool Corporation’s Jury Instruction No. 38

PUNITIVE DAMAGES - RECOVERY OF -
(BIFURCATED TRIAL - FIRST PHASE)

If you find that plaintiff suffered actual injury, harm, or damage caused by **[CIT]** you should decide in addition whether by clear and convincing evidence you find that there was oppression, malice or fraud in the conduct on which you base your finding of liability.

“Oppression” means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person’s rights.

“Malice” means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard for the rights of others. A person acts with conscious disregard of the rights of others when he/she is aware of the probable dangerous consequences of his/her conduct and willfully and deliberately fails to avoid those consequences.

“Despicable conduct” is conduct which is so contemptible that it would be looked down upon and despised by ordinary decent people.

“Fraud” means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

BAJI 14.72.1 (2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 39

PUNITIVE DAMAGES - MEASURE OF -
(BIFURCATED TRIAL - SECOND PHASE)

You must now determine whether you should award punitive damages against defendant **[CIT]** for the sake of example and by way of punishment. Whether punitive damages should be imposed, and if so, the amount thereof, is left to your sound discretion, exercised without passion or prejudice.

If you determine that punitive damages should be assessed against a defendant, consider the following matters in arriving at your award:

(1) The reprehensibility of the conduct of the defendant.

(2) The amount of punitive damages which will have a deterrent effect on the defendant in the light of defendant's financial condition.

(3) That the punitive damages must bear a reasonable relation to the injury, harm, or damage actually suffered by the plaintiff.

BAJI 14.72.2 (2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 40

PUNITIVE DAMAGES AGAINST PRINCIPAL
FOR ACTS OF AGENT - WHEN PERMITTED
(BIFURCATED TRIAL - FIRST PHASE)

You may find **[CIT]** guilty of fraud based upon acts of an agent, but only if, you find by clear and convincing evidence that:

**[CIT had advance knowledge of [the ongoing fraud at MidPac] and you find by clear and convincing evidence that CIT acted with a conscious disregard of the rights of others,]** or

That **[CIT]** authorized or ratified the conduct which is found to be fraud.

The acts of fraud, advance knowledge and/or conscious disregard, authorization or ratification must be on the part of an officer, director or managing agent of the corporation.

"Ratification" is the confirmation and acceptance of a previous act. A corporation cannot confirm and accept that which it does not actually know about. In order to establish ratification, there must be proof that the officers, directors, or managing agents had actual knowledge of the fraudulent conduct.

BAJI 14.73.1 (2004) (As modified).

Plaintiff Whirlpool Corporation's Jury Instruction No. 41

AGENT AND PRINCIPAL—DEFINITION

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal. One may be an agent without receiving compensation for services. The agency agreement may be oral or written.

Ninth Circuit Model Civil Jury Instructions 6.4 (2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 42

SCOPE OF AUTHORITY/EMPLOYMENT - MEANING

It is not necessary that the conduct of the agent be expressly authorized by the principal or be undertaken for the benefit of the principal for the conduct to be within the scope of the agent's authority. Conduct which is incidental to, customarily connected with or reasonably necessary for the performance of an authorized act is within the scope of the agent's authority.

BAJI 13.01 (2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 43

PRINCIPAL SUED BUT NOT AGENT— AGENCY OR AUTHORITY DENIED

**[As to Plaintiff Whirlpool Corporation's claim of fraud against CIT**, **defendant CIT]** is sued as a principal. The plaintiff claims that **[Ted Phelps]** was acting as **[CIT's]** agent. **[CIT]** denies that **[Ted Phelps**] was acting as **[CIT's ]** agent

If you find that **[Ted Phelps]** was the agent of **[CIT]** and was acting within the scope of authority, then any act or omission of **[Ted Phelps]** was the act or omission of **[CIT]**.

If you find that **[Ted Phelps**] was not acting within the scope of authority as **[CIT's]** agent, then you must find for **[CIT]**.

Ninth Circuit Model Civil Jury Instructions 6.10 (2004)(as modified).

Plaintiff Whirlpool Corporation’s Jury Instruction No. 44

INDUCING BREACH OF CONTRACT

The plaintiff **[Whirlpool Corporation]** also seeks to recover damages based upon a claim that defendant **[CIT]** induced a breach of plaintiff’s contract with **[Maui Home Supply]**.

The essential elements of this claim are:

1. A valid contract existed between plaintiff and **[Maui Home Supply]**;

2. The defendant knew of the existence of this contract;

3. The defendant intentionally engaged in acts or conduct which induced the third party to breach the contract with plaintiff;

4. The defendant intended to induce a breach of such contract;

5. The contract was in fact breached; and

6. The acts and conduct of the defendant which induced the breach caused damage to the plaintiff.

BAJI 7.80 (2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 45

INFERENCE OF INTENT

If you find that **[CIT]** knew of the existence of plaintiff's contract and intentionally engaged in acts or conduct which were substantially certain to induce a breach of contract, you may, but are not required to, infer that **[CIT]** intended to induce a breach of contract.

BAJI 7.83 (2004).

Plaintiff Whirlpool Corporation's Jury Instruction No. 46

**DAMAGES**

If you find that plaintiff is entitled to a verdict against **[CIT]** based upon the claim of inducing breach of contract or interference with contractual relations, you should then award plaintiff damages in an amount that will reasonably compensate plaintiff for all loss or harm, providing that you find it was or will be suffered by plaintiff and caused by the defendant's conduct. The amount of your award should include:

1. The financial loss of the benefits of the contract; and

2. Consequential losses caused by the interference.

BAJI 7.89 (2004) (as modified).

Plaintiff Whirlpool Corporations Proposed Instruction No. 47

Whirlpool's Proposed Supplemental RICO Instructions
SECURITIES FRAUD

The **[Plaintiff Whirlpool Corporation alleges that]** defendant **[Raymond Iwamoto conspired to commit securities fraud.]** ~~is charged in [Count ________ of] the indictment with securities fraud in violation of Section 78j(b) of Title 15 of the United States Code. In~~ **[To prevail Plaintiff Whirlpool must prove by a preponderance of the evidence ]**~~order for the defendant to be found guilty of that charge, the government must prove~~ each of the following elements: ~~beyond a reasonable doubt:~~

First, ~~the defendant~~ **[a member of the Enterprise**] used a device or scheme to defraud, ~~someone~~ made an untrue statement of a material fact, failed to disclose a material fact which resulted in making the **[member of the Enterprise's]** ~~defendant's~~ statements misleading;

Second, ~~the defendant~~ **[a member of the Enterprise**] acts **[and/or]** failure to disclose was in connection with the purchase or sale of stock;

Third, ~~the defendant~~ **[a member of the Enterprise]** used the mail or the telephone in connection with these acts **[and/or]** this failure to disclose; and

Fourth, ~~the defendant~~ **[a member of the Enterprise**] acted for the purpose of defrauding buyers or sellers of securities.

To defraud someone means to make a statement or representation which is untrue and known to ~~the defendant~~ **[a member of the Enterprise]** to be untrue or knowingly to fail to state something which is necessary to make other statements true and which relates to something important to the purchase or sale.

It is not necessary that the untrue statement itself passed through the mail or over the telephone so long as the mail or telephone was used as a part of the purchase or sale transaction.

It is also not necessary that the defendant made a profit or that anyone actually suffered a loss.

Authority: Ninth Circuit Model Criminal Jury Instructions 9.7 SECURITIES FRAUD (15 U.S.C. § 78j(b)) as modified.

See United States v. Farris, 614 F.2d 634, 638 (9th Cir. 1980)(The Ninth Circuit has held reckless disregard for truth or falsity to be sufficient to sustain a conviction of securities fraud).

Plaintiff Whirlpool Corporations Proposed Instruction No. 48

Whirlpool's Proposed Supplemental RICO Instructions

Bankruptcy Fraud

§ 152. Concealment of assets; false oaths and claims; bribery

**[Plaintiff Whirlpool Corporation alleges that Defendant Raymond Iwamoto conspired to commit Bankruptcy Fraud. In order to prevail on this claim Plaintiff Whirlpool Corporation must prove by a preponderance of the evidence that a member of the Enterprise committed Bankruptcy Fraud.]**

A person **[commits bankruptcy fraud]** who—

(1) knowingly and fraudulently conceals from a custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or, in connection with a case under title 11, from creditors or the United States Trustee, any property belonging to the estate of a debtor;

(2) knowingly and fraudulently makes a false oath or account in or in relation to any case under title 11;

(3) knowingly and fraudulently makes a false declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, in or in relation to any case under title 11;

(4) knowingly and fraudulently presents any false claim for proof against the estate of a debtor, or uses any such claim in any case under title 11, in a personal capacity or as or through an agent, proxy, or attorney;

(5) knowingly and fraudulently receives any material amount of property from a debtor after the filing of a case under title 11, with intent to defeat the provisions of title 11;

(6) knowingly and fraudulently gives, offers, receives, or attempts to obtain any money or property, remuneration, compensation, reward, advantage, or promise

thereof for acting or forbearing to act in any case under title 11;

(7) in a personal capacity or as an agent or officer of any person or corporation, in contemplation of a case under title 11 by or against the person or any other person or corporation, or with intent to defeat the provisions of title 11, knowingly and fraudulently transfers or conceals any of his property or the property of such other person or corporation;

(8) after the filing of a case under title 11 or in contemplation thereof, knowingly and fraudulently conceals, destroys, mutilates, falsifies, or makes a false entry in any recorded information (including books, documents, records, and papers) relating to the property or financial affairs of a debtor; or

(9) after the filing of a case under title 11, knowingly and fraudulently withholds from a custodian, trustee, marshal, or other officer of the court or a United States Trustee entitled to its possession, any recorded information (including books, documents, records, and papers) relating to the property or financial affairs of a debtor.

Authority: Title 18 U.S.C. § 152 as modified.

**PLAINTIFF WHIRLPOOL CORPORATION'S**

**SECOND PROPOSED SET OF JURY INSTRUCTIONS**

**(UN-ANNOTATED)**

Instruction No. _____

RICO CLAIMS

Plaintiff Whirlpool has brought claims against defendant Raymond Iwamoto for alleged violations of the Racketeer Influenced and Corrupt Organizations Act, commonly referred to as RICO. Specifically, Whirlpool claims that defendant Raymond Iwamoto violated Section 1962 (d) of RICO.

Plaintiff Whirlpool must establish by a preponderance of the evidence every element of a RICO claim. You should consider each and every element of a RICO cause of action only in the precise way that I will define them in these instructions. You must avoid confusing any of the elements of a RICO claim with your prior conceptions of the meaning of the terms that are used to describe the elements of a RICO claim.

Plaintiff Whirlpool claims that Raymond Iwamoto violated Section 1962(d) of RICO because he agreed or conspired to violate the RICO Section 1962 ( c) of RICO.

Instruction No. _____

**Section 1962 ( c) Instruction**

To prevail on its RICO claim the plaintiff Whirlpool must establish a violation of Section 1962© of RICO. To establish a violation of Section 1962©, the plaintiff must prove each of the following five elements by a preponderance of the evidence:

1. That an "enterprise" existed;

2. That the enterprise engaged in, or had some effect upon, interstate or foreign commerce;

3. That the defendant was employed by or associated with the alleged enterprise;

4. That the defendant knowingly and willfully conducted or participated, directly or indirectly, in the conduct of the affairs of the alleged enterprise; and

5. That the defendant did so knowingly and willfully through a pattern of racketeering activity.

"Employed by or associated with" means some minimal association with the alleged enterprise. The defendant must know something about the alleged enterprise's activities as they relate to the racketeering activity.

The fourth and fifth elements require that the plaintiff prove by a preponderance of the evidence that the defendant knowingly and willfully conducted or participated in the conducting of the affairs of the alleged enterprise through a pattern of racketeering activity. The plaintiff Whirlpool must prove

Raymond Iwamoto had, by a preponderance of the evidence, a sufficient connection between the enterprise, the defendant, and the alleged pattern of racketeering activity. In order to establish a sufficient connection between the enterprise, the defendant and the alleged pattern of racketeering activity, the plaintiff Whirlpool must prove by a preponderance of the evidence:

1. That the defendant participated in the operation or management of the enterprise itself in such a way, directly or indirectly, as to have played some part in directing the affairs of the enterprise.

2. That the defendant in fact engaged in the pattern of racketeering activity as the plaintiff claims;

3. That the defendant's association with or employment by the enterprise facilitated the commission of the racketeering acts; and

4. That the commission of these predicate acts had some direct or indirect effect on the alleged enterprise.

A person does not violate the law by merely associating with or being employed by an otherwise lawful enterprise the affairs of which are being conducted by others through a pattern of racketeering activity in which he is not personally engaged.

Instruction No. _____

**Section 1962(d) Instruction**

A "conspiracy" in this sense is a combination or agreement of two or more persons to join together to accomplish an offense which would be in violation of RICO.

To establish a violation of Section 1962(d), the plaintiff Whirlpool must prove by a preponderance of the evidence:

1. That two or more persons in some way or manner came to a mutual understanding to attempt to accomplish a common and unlawful plan, that is that while being employed by or associated with an enterprise, they engaged in activities which affected interstate or foreign commerce, or conducted the affairs of the alleged enterprise through a pattern of racketeering activity, and

2. That defendant Raymond Iwamoto knowingly and willfully became a member of a conspiracy by objectively indicating, through his words or actions, his agreement to conduct or participate, directly or indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity; and

3. That at least one of the conspirators committed at least one overt act during the existence of a conspiracy in an effort to accomplish some object or purpose of the conspiracy.

The term "enterprise" includes any individual, partnership, corporation, association, or other legal entity. An enterprise "affects interstate or foreign commerce" if the enterprise either engages in, or has an effect on commerce between the states or between the states and foreign countries.

A "racketeering activity" means an act in violation of the federal mail fraud statute, the federal wire fraud statute, bank fraud and/or securities fraud statutes. You will be instructed on the law pertaining to these statute(s) to guide you in determining whether the plaintiff proved by a preponderance of the evidence that a defendant committed one or more violations of these statutes. A "racketeering activity" may also be referred to as a "predicate offense".

A "pattern of racketeering activity" requires that the plaintiff prove that a member of the conspiracy committed at least two acts of "racketeering activity" within ten years of each other and that both of the acts occurred after October 15, 1970. The proof of two or more predicate acts does not in and of itself establish a "pattern" under RICO. The two acts need not be of the same kind. For example, the acts may be one act of mail fraud and one act of wire fraud. However, you must find by a preponderance of the evidence that the two acts occurred within the time specified and that each was connected with the other by some common scheme, plan or motive so as to constitute a "pattern". A series of wholly separate, isolated or disconnected acts of racketeering activity does not constitute a pattern.

In other words, two or more otherwise unrelated acts of "racketeering activity" do not constitute a "pattern" of racketeering activity under RICO unless the acts all relate to a common scheme by the defendant to continually conduct the affairs of the alleged enterprise for illicit personal benefit, whether monetary or otherwise, for himself or for another, by committing the predicate offenses.

As I instructed you, "racketeering activity" means an act in violation of the mail fraud, wire fraud, bank fraud and/or securities fraud statutes. However you may not consider just any racketeering act allegedly committed by a defendant in violation of one of these statutes as bearing on the question of whether a defendant has committed two or more predicate offenses as a pattern of racketeering activity. In making this determination, you are to consider only those specific racketeering acts alleged by the plaintiff against a particular defendant. Furthermore, you cannot find that the defendant has engaged in a "pattern of racketeering activity" unless you agree to which of the alleged predicate offenses, if any, make up the pattern. Thus, it would not be sufficient if some of you should find that a defendant committed a violation of two or more predicate offenses under one particular statute as a pattern and the rest of you should find that a defendant

committed a violation of two or more predicate acts under another statute as a pattern. In other words, you may not find that the defendant has engaged in a pattern of racketeering activity unless you [1] find a "pattern" of predicate offenses and [2] find that the plaintiff has proved by a preponderance of the evidence that a defendant committed each of the two or more predicate offenses that you find are necessary to make up the pattern.

The plaintiff has alleged the commission of two or more predicate acts including violations of the mail fraud, wire fraud, bank fraud and securities fraud statutes. It is your function to decide whether the plaintiff has proved by a preponderance of the evidence as to each defendant whether that defendant violated either or both of those statutes on one or more occasions, if at all.

Instruction No. _____

**Mail Fraud Instruction**

To establish that mail fraud has been committed, the plaintiff must prove each of the following by a preponderance of the evidence as to each defendant so charged:

1. Some person or persons willfully and knowingly devised a scheme or artifice to defraud, or a scheme for obtaining money or property by means of false pretenses, representations or promises, and

2. Some person or persons used the United States Postal Service by mailing, or by causing to be mailed, some matter or thing for the purpose of executing the scheme to defraud.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive. The words "scheme" and "artifice" in the mail fraud statute include any plan or course of action intended to deceive others, and to obtain property by false or fraudulent pretenses, representations, or promises, from the persons so deceived.

A statement or representation is "false" or "fraudulent" within the meaning of the mail fraud statute if it relates to a material fact and is known to be untrue or is made with reckless indifference as to its truth or falsity, and is made or caused to be made with intent to defraud. A statement or representation may also be "false" or "fraudulent" if it constitutes a half truth, or effectively conceals a material fact, with intent to defraud. A material fact is a fact that would be important to a reasonable person in deciding whether to engage in a particular transaction.

Good faith constitutes a complete defense to mail fraud. Good faith means

the actor had a genuine belief that the information which was sent or given was true.

The plaintiff must prove by a preponderance of the evidence that one or more of the defendants knowingly and willfully devised or intended to devise a scheme to defraud which was substantially the same as the one alleged by the plaintiff and that the use of the United States Mail was closely related to the scheme in that one or more of the defendants either mailed something or caused it to be mailed in an attempt to execute or carry out the scheme. One causes the mails to be used if he does an act with knowledge that the use of the mails will follow in the ordinary course of business, or if he can reasonably foresee such use.

Instruction No. _____

**Wire Fraud Instruction**

To establish that wire fraud has been committed, the plaintiff must prove by a preponderance of the evidence that the defendant used the telephone (telegraph) for the purpose of executing the scheme to defraud.

To establish wire fraud, it must be found that when the defendant performed an act, he knew, or reasonably could foresee, that the telephone or telegraph would be used to further a scheme or artifice to defraud.

Instruction No. _____

**Bank Fraud Instruction**

Plaintiff alleges that Raymond Iwamoto conspired to commit bank fraud in violation of Section 1344(2) of Title 18 of the United States Code. In order for the defendant to be found liable, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, the members of the enterprise knowingly carried out a scheme or plan to obtain money or property from a financial institution by making false statements or promises, with all of you agreeing on at least one particular false promise or statement that was made;

Second, the members of the enterprise knew that the statements or promises were false;

Third, the statements or promises were material, that is they would reasonably influence a bank to part with money or property;

Fourth, the members of the enterprise acted with the intent to defraud; and

Fifth, the financial institution was federally insured.

Instruction No. _____

## Conspiracy Instruction

In regard to the first element of the claim of conspiracy, the evidence in the case need not show that the alleged members of the conspiracy entered into any express or formal agreement, or that they directly stated between themselves the details of the scheme and its object or purpose or the precise means by which the object or purpose was to be accomplished. Similarly, the evidence in the case need not establish that all of the means or methods alleged were in fact set forth in the complaint were in fact agreed upon to carry out the alleged conspiracy, or that all of the means or methods which were agreed upon were actually used or put into operation. The plaintiff is not required to prove that all of the persons charged with being members of the conspiracy were such or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

On the other hand, it is not enough if the evidence shows only that the alleged conspirators agreed to commit the acts of racketeering alleged by the plaintiff, without more, or that they agreed merely to participate in the affairs of the same alleged enterprise. Instead, the plaintiff must prove by a preponderance of the evidence that the alleged conspirators agreed to conduct or participate in the conduct of the affairs of the alleged enterprise and that they further agreed that their individual participations would be through two or more racketeering acts in furtherance of the affairs of the alleged enterprise. It does not matter that the alleged conspirators participated in the conduct of the affairs of the alleged enterprise through different, dissimilar or otherwise unrelated acts of racketeering activity, so long as the alleged racketeering acts would, if they were actually committed, create a "pattern of racketeering activity" as I defined that phrase to you.

As to the second element of the alleged conspiracy violation—knowing and willful membership in the conspiracy—the plaintiff must prove by a preponderance of the evidence:

1. That the defendant knew that the basic object of the alleged conspiracy

was conducting the alleged enterprise through a pattern of racketeering activity;

2. That the defendant knowingly and willfully agreed to personally commit, or aid and abet the commission of at least two acts of racketeering as a "pattern of racketeering activity" as I have defined it; and

3. That the defendant knowingly and willfully agreed to conduct or participate in the conduct of the affairs of the alleged enterprise through this pattern of racketeering activity.

One may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or without knowledge of the names and identities of all of the other alleged conspirators. If the plaintiff proves by a preponderance of the evidence that the particular defendant has knowingly and willfully joined the alleged conspiracy under the three standards I have just set forth, it does not matter that the defendant may not have participated in the earlier stages of the alleged conspiracy or scheme.

However, mere presence at the scene of some transaction or event, or mere similarity of conduct among various persons and the fact that they may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily prove the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some object or purpose of a conspiracy, does not thereby become a conspirator.

The plaintiff need not prove that the defendant actually committed any of the acts that he may have agreed to commit in order to establish his membership in the conspiracy. You may consider only those racketeering acts alleged against the particular defendant by the plaintiff in determining whether that defendant has agreed to commit two acts of racketeering activity as a "pattern of racketeering activity."

To establish the third element, the plaintiff must prove by a preponderance of the evidence that at least one of the alleged conspirators committed at least one "overt act" during the existence of the alleged conspiracy. An "overt act" is a transaction or event, even one which may be entirely legal and innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy. However, in accordance with my instructions during the trial, you may not consider any evidence of any alleged wrongful act, other than the alleged wrongful act which the plaintiff contends is a specific violation, as in any way bearing on the character of any defendant or as an indication that any defendant may have a propensity to commit any of the offenses charged.

In your consideration of this conspiracy claim, you should first determine whether the alleged conspiracy existed. If you conclude that a conspiracy did exist as alleged, you should next determine whether or not the defendant under consideration willfully became a member of that conspiracy.

In determining whether there was a conspiracy you may consider all the evidence in the case. If you find that there was a conspiracy then you may attribute the statements or acts of Kurt Glassman, Ted Phelps or Edwin Bowling to the defendant Raymond Iwamoto. If you find that there was no conspiracy then you may not attribute the statements or acts of Kurt Glassman, Ted Phelps or Edwin Bowling to the defendant.

If you find that no such conspiracy existed, then you must find for the defendant Raymond Iwamoto on the RICO claim. However, if you are satisfied that such a conspiracy existed, you must determine who were the members of that conspiracy.

If you find that a particular defendant is a member of another conspiracy, but not the one charged by the plaintiff, then you must find for that defendant. In other words, you cannot find that a defendant violated Section 1962(d) unless you find that he was a member of the conspiracy charged, and not some other separate conspiracy.

Instruction No. _____

CAUSATION

Finally, for plaintiff Whirlpool to prevail under RICO, it must prove by a preponderance of the evidence that the defendant Iwamoto’s RICO violations were the "proximate cause" of injury to the plaintiff Whirlpool’s business or property. Therefore you must find that the plaintiff suffered an injury to its business or property and that the injury was caused by reason of the defendant Iwamoto’s violation of RICO.

An injury or damage is proximately caused when the act played a substantial part in bringing about or actually causing injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act.

A company is injured in its business when it suffers loss of money or profits or a reduction in the value or worth of its business.

A finding that plaintiff Whirlpool was injured in its business or property because of defendant Iwamoto's violation of RICO requires only that you find the plaintiff was harmed by the predicate acts.

However, to find that injury to plaintiff Whirlpool's business or property was caused by reason of a violation of RICO, you must find that the injury to Whirlpool was caused by, and was a direct result of the defendants' violation of Section 1962c.

Therefore, you must find that the commission of the acts of racketeering, or the pattern of racketeering activity, or the conduct of the affairs of the enterprise through the pattern of racketeering activity directly resulted in the injury or played a substantial role in producing the injury.

In considering the issue of damages, if any, with respect to the RICO claim,

you must assess the amount you find justified by a preponderance of the evidence as full, just and reasonable compensation for all of the damages to plaintiff Whirlpool in its business or property. Damages may not be based on speculation because it is only actual damages (what the law calls compensatory damages) that you are to determine.

You should consider the amount of damages, if any, as to defendant Iwamoto with respect to the RICO claim separately and independently from the amount of damages, if any, with respect to the other, non-RICO claims. For example, and by way of example only, if you determine that damages should be awarded to plaintiff Whirlpool under its RICO claim, you should award full, just and reasonable compensation for damages under the RICO claim, without regard to the damages, if any, you might award under any other claim brought by the plaintiff.

The fact that I have given you instructions concerning the issue of the plaintiff's damages should not be interpreted in any way as an indication that I believe that the plaintiff should or should not prevail in this case. The interrogatories which you will answer contain several questions about damages under different laws and different theories of recovery. You should not draw any inference from the fact that a damage question has been asked. You must answer each Interrogatory separately and award damages, if appropriate, independently of damages which you may award under any other interrogatory.

RICO JURY INTERROGATORIES

SPECIAL ISSUE NO. ____

Do you find from a preponderance of the evidence that Kurt Glassman, Ted Phelps and/or Edwin Bowling was employed by or associated with an enterprise engaged in, or the activities of which affected, interstate or foreign commerce?

Kurt Glassman _______________ _______________
Yes No

Edwin Bowling _______________ _______________
Yes No

Ted Phelps _______________ _______________
Yes No

SPECIAL ISSUE NO.__

What sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the plaintiff for actual damages to its business or property arising from any defendant's employment by or association with each enterprise, if any you have so found?

Kurt Glassman _______________

Edwin Bowling _______________

Ted Phelps __________________

SPECIAL ISSUE NO. ___

Do you find from a preponderance of the evidence that Raymond Iwamoto entered into a conspiracy with any other person to accomplish any of the purposes described below?

To conduct or participate, directly or indirectly, in the conduct of the affairs of an enterprise which is engaged in, or the activities of which affect, interstate commerce or foreign commerce through a pattern of racketeering activity, while employed by or associated with such enterprise.

__________________ __________________

Yes No

SPECIAL ISSUE NO. __

What sum of money, if any, do you find from a preponderance of the evidence would reasonably compensate the plaintiff for actual damages to its business or property arising from any defendant's employment by or association

with each enterprise, if any you have so found?

____________________________

Instruction No. _____

FRAUD AND DECEIT - INTRODUCTORY
INSTRUCTION

The plaintiff, also seeks to recover damages based upon a claim of fraud.

Conduct may be fraudulent because of an intentional misrepresentation, concealment or a false promise.

Instruction No. _____

FRAUD AND DECEIT - INTENTIONAL MISREPRESENTATION

The essential elements of a claim of fraud by an intentional misrepresentation are:

1. The defendant made a representation as to a past or existing material fact;

2. The representation was false;

3. The defendant must have known that the representation was false when made or must have made the representation recklessly without knowing whether it was true or false;

4. The defendant made the representation with an intent to defraud the plaintiff, that the defendant must have made the representation for the purpose of inducing the plaintiff to rely upon it and to act or to refrain from acting in reliance thereon;

5. The plaintiff was unaware of the falsity of the representation; must have acted in reliance upon the truth of the representation and must have been justified in relying upon the representation;

6. And, finally, as a result of the reliance upon the truth of the representation, the plaintiff sustained damages.

.

Instruction No. _____

FRAUD AND DECEIT-EXPRESSION OF OPINION

Ordinarily, expressions of opinion are not treated as representations of fact upon which to base actionable fraud.

However, when one party possesses or holds himself or herself out as possessing superior knowledge or special information regarding the subject of a representation, and the other party is so situated that he or she may reasonably rely upon the supposed superior knowledge or special information, a representation made by the party possessing or holding him or herself out as possessing this knowledge or information will be treated as a representation of fact although if made by any other person it might be regarded as an expression of opinion.

When a party states an opinion as fact, in such a manner that it is reasonable to rely and act upon it as a fact, it may be treated as a representation of fact.

Instruction No. _____

FRAUD AND DECEIT - CONCEALMENT

The essential elements of a claim of fraud by concealment are:

1. That the defendant concealed or suppressed a material fact;

2. The defendant was under a duty to disclose the fact to the plaintiff;

3. The defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff;

4. The plaintiff was unaware of the fact and would not have acted as he or she did if he or she had known of the concealed or suppressed fact;

5. And, finally, the concealment or suppression of the fact caused the plaintiff to sustain damage.

Instruction No. _____

FRAUD AND DECEIT - NONDISCLOSURE
OF KNOWN FACTS

Except as you may otherwise be instructed, where material facts are known to one party and not to the other, failure to disclose them is not actionable fraud unless there is some relationship between the parties which gives rise to a duty to disclose known facts.

A duty to disclose known facts arises where the party having knowledge of the facts is in a fiduciary or confidential relationship with the other party.

A fiduciary or confidential relationship exists whenever under the circumstances trust and confidence reasonably may be and is reposed by one person in the integrity and fidelity of another.

A duty to disclose known facts arises, in absence of a fiduciary or confidential relationship, where one party knows of material facts and also knows that these facts are neither known nor readily accessible to the other party.

Instruction No. _____

FRAUD AND DECEIT - ACTIVE CONCEALMENT
OF KNOWN FACTS

Intentional concealment exists where a party:

(1) Actively prevents investigation and discovery of material facts by the other party, or

(2) While under no duty to speak, nevertheless does so, but does not speak honestly or makes misleading statements or suppresses facts which materially qualify those stated.

Instruction No. _____

FRAUD AND DECEIT - FALSE PROMISE

The essential elements of a claim of fraud by a false promise are:

1. The defendant must have made a promise as to a material matter and, at the time it was made, did not intend to perform it;

2. The defendant made the promise with an intent to defraud the plaintiff, that is, the Defendant must have made the promise for the purpose of inducing plaintiff to rely upon it and to act or refrain from acting in reliance upon it;

3. The plaintiff was unaware of the defendant’s intention not to perform the promise; Whirlpool acted in reliance upon the promise and was justified in relying upon the promise made by the defendant;

4. And, finally, as a result of reliance upon defendant’s promise, the plaintiff sustained damage.

Instruction No. _____

FRAUD AND DECEIT - PROOF OF
INTENT NOT TO PERFORM

You may consider the conduct of a party making a promise, either before or after the promise was made, in determining whether there was an intention not to perform the promise when made.

Instruction No. _____

FRAUD AND DECEIT - PERSONS IN/NOT
IN PRIVITY WITH DEFENDANT

The misrepresentation, false promise or concealment must have been done with the intent to induce a person or persons to act in reliance upon it and the party making the representation or promise or concealing it is liable only to those person to whom the representation or promise was made or from whom the material fact was concealed with that intent.

If others become aware of the representation or promise or are mislead by the concealment, and act upon it, there is no liability.

One who makes a misrepresentation, false promise or conceals a material fact is subject to liability if he or she intends or has reason to expect that the misrepresentation, false promise or concealment of a material fact will be passed on to another person and influence that person's conduct in the type of transaction involved.

A person has reason to expect that a misrepresentation, false promise or non-disclosure of a material fact will be passed on to another person and influence that persons conduct if he or she has information that would lead a reasonable person to conclude that there is a likelihood that it will reach that person and will influence that person in their conduct in the type of transaction involved.

Instruction No. _____

FRAUD AND DECEIT - PROFESSIONALS -
PERSON TO WHOM REPRESENTATION MADE

The alleged intentional misrepresentation must have been made with the intent to defraud plaintiff, or a particular class of persons to which plaintiff belongs, whom defendant intended or reasonably should have foreseen would rely upon the representation. One who makes a representation with intent to defraud the public or a particular class of persons is deemed to have intended to defraud every individual in that category who is actually misled thereby.

Instruction No. _____

FRAUD AND DECEIT - RELIANCE

To establish fraud by a false representation or promise, the plaintiff must establish reliance upon the representation or promise; that is, the representation or promise must have caused plaintiff's conduct in entering into the transaction and without this representation or promise plaintiff would not have entered into the transaction.

The fraud, if any, need not be the sole cause if it appears that reliance upon the representation or promise substantially influenced that party's action, even though other influences operated as well.

Instruction No. _____

FRAUD AND DECEIT - RIGHT TO RELY

To establish fraud by a false representation or promise, plaintiff must not only act in reliance on it, but must be justified in that reliance, that is, it was reasonable in the light of the circumstances and plaintiff's intelligence, experience and knowledge, to accept the representation or promise without making an independent inquiry or investigation.

Instruction No. _____

FRAUD AND DECEIT - DAMAGES -
BENEFIT OF THE BARGAIN RULE

If you find that plaintiff is entitled to a verdict against defendant, you must then award plaintiff damages in an amount that will reasonably compensate for all the loss suffered by plaintiff and caused by the fraud upon which you base your finding of liability.

Instruction No. _____

FRAUD AND DECEIT - DAMAGES -
OUT OF POCKET RULE

If you find that plaintiff is entitled to a verdict against defendant, you must then award plaintiff damages, if any, caused by the fraud upon which you base your finding of liability.

The amount of the award should include:

1. The difference, if any, between the actual value of that with which the plaintiff parted and the actual value of that which was received. This is sometimes referred to as the "out of pocket loss."

Actual value means market value. Market value means the highest price for which personal property would sell on the open market; the seller having a reasonable time within which to sell, and being willing to sell but not forced to do so; the buyer being ready, willing and able to buy but not forced to do so, and having a reasonable time and full opportunity to investigate the property in question and to determine its condition, suitability for use, and all of the things about the property that would naturally and reasonably affect its market value.

2. In addition to "out of pocket loss," if any, plaintiff is entitled to recover any additional damage arising from the particular transaction, including any of the following:

a. Amounts actually and reasonably expended in reliance upon the fraud.

b. An amount which would compensate the plaintiff for loss of use and enjoyment of the property to the extent that any such loss was caused by the fraud.

c. An amount which will compensate the plaintiff for profits or other gains

which might reasonably have been earned by use of the property had the plaintiff retained it.

Instruction No. _____

CONVERSION - ESSENTIAL ELEMENTS -
DAMAGES

The Plaintiff Whirlpool Corporation also seeks to recover damages based upon a claim of conversion.

The essential elements of this claim are:

1. Plaintiff Whirlpool had a right to possession of personal property, namely, all of the inventory that was located at Maui Home Supply on or after June 23, 1999;

2. Defendant CIT actually interfered with plaintiff’s right to possession of this property;

3. Defendant’s interference was knowing or intentional;

and

4. The interference caused plaintiff Whirlpool injury, damage, loss or harm.

An interference with one person’s control or right to control personal property may occur through an unauthorized transfer or sale of the property.

The word “knowing” means knowledge of the existence of the facts in question. Knowledge of the unlawfulness or wrongfulness of any act or omission is not required.

The word “intentional” when applied to the intent with which an act is done or omitted, means with a purpose or willingness to commit the act or to make the omission in question. The word does not require any intent to violate the law, or to injure another, or to acquire any advantage.

Mistake, good faith or due care are ordinarily immaterial, and are not defenses to a claim for conversion.

Instruction No. _____

**DAMAGES (To be Given In Second Phase in this case)**

If you find that plaintiff is entitled to recover damages for conversion, you should award plaintiff:

1. The value of the property at the time of the conversion, with interest at 10 % from that time; or an amount sufficient to compensate plaintiff for natural and reasonable losses caused by the wrongful act upon which you base your finding of liability, and which ordinary prudence on the plaintiff's part would not have been avoided;

2. Reasonable compensation for the time and money properly expended by or on behalf of plaintiff in pursuit of the property.

Instruction No. _____

CONSPIRACY - DEFINITION/INTRODUCTORY

A conspiracy is an agreement entered into between two or more persons with the intent to agree or conspire and the intent to commit wrongful acts, namely to defraud Whirlpool. Membership or participation in a conspiracy to commit a wrongful act is by itself not a basis for liability. Conspirators have no liability unless a wrongful act is committed by one or more of the conspirators in furtherance of the conspiracy causing another party to sustain injury, damages, loss or harm.

The liability of any alleged conspirator to plaintiff shall be determined by you in accordance with the following instructions:

Instruction No. _____

CONSPIRACY - JOINT RESPONSIBILITY

Each member of a conspiracy is liable for each act and bound by each declaration of every other member of the conspiracy if the act or the declaration is in furtherance of the object of the conspiracy.

The act of one conspirator pursuant to or in furtherance of the common design of the conspiracy is the act of all conspirators.

A member of a conspiracy is not only liable for the particular wrongful act that to his/her knowledge his/her confederates agreed to and did commit, but is also liable for the natural and probable consequences of any wrongful act of a co-conspirator to further the object of the conspiracy, even though that act was not intended as a part of the agreed upon objective and even though he/she was not present at the time of the commission of that act.

Instruction No. _____

CONSPIRACY - PROOF OF EXPRESS
AGREEMENT NOT NECESSARY

The formation and existence of a conspiracy may be inferred from all circumstances tending to show the common intent and may be proved in the same way as any other fact may be proved, either by direct testimony of the fact or by circumstantial evidence, or by both direct and circumstantial evidence. It is not necessary to show a meeting of the alleged conspirators or the making of an express or formal agreement.

Instruction No. _____

ASSOCIATION ALONE DOES NOT PROVE
MEMBERSHIP IN CONSPIRACY

Evidence that a person was in the company of or associated with one or more other persons alleged or proved to have been members of a conspiracy is not, in itself, sufficient to prove that such person was a member of the alleged conspiracy.

Instruction No. _____

ACQUAINTANCE WITH ALL CO-CONSPIRATORS
NOT NECESSARY

It is not a defense that an alleged conspirator did not know all the other conspirators. The members of a conspiracy may be widely separated geographically, and yet may be in agreement on a wrongful design and may act in concert in pursuit of that design. The adoption by a person of the wrongful design entertained in common by others and of its object and purposes is all that is necessary to make that person a co-conspirator when the required elements of a conspiracy are present.

Instruction No. ______

WHEN CONSPIRATORS NOT LIABLE
FOR ACT OF CO-CONSPIRATOR

Where a conspirator commits an act which is neither in furtherance of the object of the conspiracy nor the natural and probable consequence of an attempt to attain that object, he/she alone is responsible for and is bound by that act, and no responsibility therefor attaches to any of his/her confederates.

Instruction No. _____

CONSPIRATORS NOT BOUND BY
ACT OR DECLARATION OF NON-CONSPIRATOR

The act or declaration of a person who is not a member of a conspiracy is not binding upon the members of the conspiracy, even if the act or declaration tended to promote the object of the conspiracy.

Instruction No. _____

## COMMISSION OF ACT IN FURTHERANCE OF A CONSPIRACY DOES NOT ITSELF PROVE MEMBERSHIP IN CONSPIRACY

Evidence of the commission of an act which furthered the purpose of an alleged conspiracy is not, in itself, sufficient to prove that the person committing the act was a member of the conspiracy.

Instruction No. _____

JOINING CONSPIRACY AFTER ITS FORMATION

Every person who joins a conspiracy after its formation, is liable for and bound by the acts done and declarations made by other members in pursuance and furtherance of the conspiracy before and during the time that he/she is a member of the conspiracy.

Evidence of any acts done or declarations made by other conspirators prior to the time a person becomes a member of the conspiracy also may be considered by you in determining the nature, objectives and purposes of the conspiracy.

Instruction No. _____

WITHDRAWAL FROM CONSPIRACY

Any member of a conspiracy may withdraw from and cease to be a party to the conspiracy, but his/her liability for the acts of his/her co-conspirators continues until he/she effectively withdraws from the conspiracy.

In order to effectively withdraw from a conspiracy, there must be an affirmative and good faith rejection or repudiation of the conspiracy which must be communicated to the other conspirators of whom he/she has knowledge.

If a member of a conspiracy has effectively withdrawn from the conspiracy he/she is not thereafter liable for any act of the co-conspirators committed subsequent to his/her withdrawal from the conspiracy, but he/she is not relieved of responsibility for the acts of his/her co-conspirators committed while he/she was a member.

Instruction No. ______

LIABILITY FOR ACTS COMMITTED AFTER
TERMINATION OF CONSPIRACY

No act or declaration of a conspirator committed or made after the conspiracy has been terminated is binding upon co-conspirators, and they are not liable for that act or declaration.

Instruction No. _____

CONSPIRACY - CASE MUST BE CONSIDERED
AS TO EACH DEFENDANT

Each defendant in this case is individually entitled to, and must receive, your determination whether that defendant was a member of the alleged conspiracy. As to each defendant you must determine whether that defendant was a conspirator by deciding whether that defendant willfully, intentionally and knowingly joined with any other or others in the alleged conspiracy.

Instruction No. _____

DETERMINATION OF ADMISSIBILITY OF
CO-CONSPIRATOR'S STATEMENTS

Evidence of a statement made by one alleged conspirator other than at this trial must not be considered by you as against another alleged conspirator unless you find by a preponderance of the evidence, that:

1. Other evidence independent of the statement established the existence of a conspiracy to commit a wrongful act at the time such statement was made;

2. The statement was made while the person making the statement was participating in the conspiracy and that the person against whom it was offered was participating in the conspiracy before or during that time; and

3. The statement was made in furtherance of the objective of the conspiracy.

The word "statement" as used in this instruction includes any oral or written verbal expression or nonverbal conduct of a person intended by that person as a substitute for oral or written verbal expression.

Instruction No. _____

PUNITIVE DAMAGES - RECOVERY OF -
(BIFURCATED TRIAL - FIRST PHASE)

If you find that plaintiff suffered actual injury, harm, or damage caused by CIT you should decide in addition whether by clear and convincing evidence you find that there was oppression, malice or fraud in the conduct on which you base your finding of liability.

“Oppression” means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person’s rights.

“Malice” means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard for the rights of others. A person acts with conscious disregard of the rights of others when he/she is aware of the probable dangerous consequences of his/her conduct and willfully and deliberately fails to avoid those consequences.

“Despicable conduct” is conduct which is so contemptible that it would be looked down upon and despised by ordinary decent people.

“Fraud” means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

Instruction No. _____

PUNITIVE DAMAGES - MEASURE OF -
(BIFURCATED TRIAL - SECOND PHASE)

You must now determine whether you should award punitive damages against defendant CIT for the sake of example and by way of punishment. Whether punitive damages should be imposed, and if so, the amount thereof, is left to your sound discretion, exercised without passion or prejudice.

If you determine that punitive damages should be assessed against a defendant, consider the following matters in arriving at your award:

(1) The reprehensibility of the conduct of the defendant.

(2) The amount of punitive damages which will have a deterrent effect on the defendant in the light of defendant's financial condition.

(3) That the punitive damages must bear a reasonable relation to the injury, harm, or damage actually suffered by the plaintiff.

Instruction No. _____

PUNITIVE DAMAGES AGAINST PRINCIPAL
FOR ACTS OF AGENT - WHEN PERMITTED
(BIFURCATED TRIAL - FIRST PHASE)

You may find CIT guilty of fraud based upon acts of an agent, but only if, you find by clear and convincing evidence that:

CIT had advance knowledge of the ongoing fraud at MidPac and you find by clear and convincing evidence that CIT acted with a conscious disregard of the rights of others, or

That CIT authorized or ratified the conduct which is found to be fraud.

The acts of fraud, advance knowledge and/or conscious disregard, authorization or ratification must be on the part of an officer, director or managing agent of the corporation.

“Ratification” is the confirmation and acceptance of a previous act. A corporation cannot confirm and accept that which it does not actually know about. In order to establish ratification, there must be proof that the officers, directors, or managing agents had actual knowledge of the fraudulent conduct.

Instruction No. ______

AGENT AND PRINCIPAL—DEFINITION

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal. One may be an agent without receiving compensation for services. The agency agreement may be oral or written.

Instruction No. _____

SCOPE OF AUTHORITY/EMPLOYMENT - MEANING

It is not necessary that the conduct of the agent be expressly authorized by the principal or be undertaken for the benefit of the principal for the conduct to be within the scope of the agent's authority. Conduct which is incidental to, customarily connected with or reasonably necessary for the performance of an authorized act is within the scope of the agent's authority.

Instruction No. _____

PRINCIPAL SUED BUT NOT AGENT— AGENCY OR AUTHORITY DENIED

As to Plaintiff Whirlpool Corporation's claim of fraud against CIT, defendant CIT is sued as a principal. The plaintiff claims that Ted Phelps was acting as CIT's agent. CIT denies that Ted Phelps was acting as CIT's agent

If you find that Ted Phelps was the agent of CIT and was acting within the scope of authority, then any act or omission of Ted Phelps was the act or omission of CIT.

If you find that Ted Phelps was not acting within the scope of authority as CIT's agent, then you must find for CIT.

Instruction No. _____

INDUCING BREACH OF CONTRACT

The plaintiff Whirlpool Corporation also seeks to recover damages based upon a claim that defendant CIT induced a breach of plaintiff's contract with Maui Home Supply.

The essential elements of this claim are:

1. A valid contract existed between plaintiff and Maui Home Supply;

2. The defendant knew of the existence of this contract;

3. The defendant intentionally engaged in acts or conduct which induced the third party to breach the contract with plaintiff;

4. The defendant intended to induce a breach of such contract;

5. The contract was in fact breached; and

6. The acts and conduct of the defendant which induced the breach caused damage to the plaintiff.

.

Instruction No. ______

INFERENCE OF INTENT

If you find that CIT knew of the existence of plaintiff's contract and intentionally engaged in acts or conduct which were substantially certain to induce a breach of contract, you may, but are not required to, infer that CIT intended to induce a breach of contract.

Instruction No. ______

**DAMAGES**

If you find that plaintiff is entitled to a verdict against CIT based upon the claim of inducing breach of contract or interference with contractual relations, you should then award plaintiff damages in an amount that will reasonably compensate plaintiff for all loss or harm, providing that you find it was or will be suffered by plaintiff and caused by the defendant’s conduct. The amount of your award should include:

1. The financial loss of the benefits of the contract; and

2. Consequential losses caused by the interference.

Instruction No. _____

SECURITIES FRAUD

The Plaintiff Whirlpool Corporation alleges that defendant Raymond Iwamoto conspired to commit securities fraud. To prevail Plaintiff Whirlpool must prove by a preponderance of the evidence each of the following elements:

First, a member of the Enterprise used a device or scheme to defraud, made an untrue statement of a material fact, failed to disclose a material fact which resulted in making the member of the Enterprise's statements misleading;

Second, a member of the Enterprise acts and/or failure to disclose was in connection with the purchase or sale of stock;

Third, [a member of the Enterprise used the mail or the telephone in connection with these acts and/or this failure to disclose; and

Fourth, a member of the Enterprise acted for the purpose of defrauding buyers or sellers of securities.

To defraud someone means to make a statement or representation which is untrue and known to [a member of the Enterprise to be untrue or knowingly to fail to state something which is necessary to make other statements true and which relates to something important to the purchase or sale.

It is not necessary that the untrue statement itself passed through the mail or over the telephone so long as the mail or telephone was used as a part of the purchase or sale transaction.

It is also not necessary that the defendant made a profit or that anyone actually

suffered a loss.

Instruction No. _____

Bankruptcy Fraud

Plaintiff Whirlpool Corporation alleges that Defendant Raymond Iwamoto conspired to commit Bankruptcy Fraud. In order to prevail on this claim Plaintiff Whirlpool Corporation must prove by a preponderance of the evidence that a member of the Enterprise committed Bankruptcy Fraud.

A person commits bankruptcy fraud who—

(1) knowingly and fraudulently conceals from a custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or, in connection with a case under title 11, from creditors or the United States Trustee, any property belonging to the estate of a debtor;

(2) knowingly and fraudulently makes a false oath or account in or in relation to any case under title 11;

(3) knowingly and fraudulently makes a false declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, in or in relation to any case under title 11;

(4) knowingly and fraudulently presents any false claim for proof against the estate of a debtor, or uses any such claim in any case under title 11, in a personal capacity or as or through an agent, proxy, or attorney;

(5) knowingly and fraudulently receives any material amount of property from a debtor after the filing of a case under title 11, with intent to defeat the provisions of title 11;

(6) knowingly and fraudulently gives, offers, receives, or attempts to obtain any money or property, remuneration, compensation, reward, advantage, or promise thereof for acting or forbearing to act in any case under title 11;

(7) in a personal capacity or as an agent or officer of any person or corporation, in contemplation of a case under title 11 by or against the person or any other person

or corporation, or with intent to defeat the provisions of title 11, knowingly and fraudulently transfers or conceals any of his property or the property of such other person or corporation;

(8) after the filing of a case under title 11 or in contemplation thereof, knowingly and fraudulently conceals, destroys, mutilates, falsifies, or makes a false entry in any recorded information (including books, documents, records, and papers) relating to the property or financial affairs of a debtor; or

(9) after the filing of a case under title 11, knowingly and fraudulently withholds from a custodian, trustee, marshal, or other officer of the court or a United States Trustee entitled to its possession, any recorded information (including books, documents, records, and papers) relating to the property or financial affairs of a debtor.