AYABE, CHONG, NISHIMOTO,
SIA & NAKAMURA
A Limited Liability Law Partnership

JOHN S. NISHIMOTO 1820-0
CALVIN E. YOUNG 3278-0
GARY S. MIYAMOTO 3233-0
STEVEN L. GOTO 6041-0
Pauahi Tower, Suite 2500
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 537-6119
Facsimile No. (808) 526-3491
john.nishimoto@hawadvocate.com
calvin.young@hawadvocate.com

Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER | CIVIL NO. 01-00187 MEA BMK<br>(Tort and RICO)<br><br>DEFENDANT RAYMOND IWAMOTO'S SECOND REVISED PROPOSED JURY INSTRUCTIONS [WITHOUT CITATIONS]; CERTIFICATE OF SERVICE<br><br>Trial Date: November 6, 2006<br>Judge: Hon. Marvin E. Aspen |

| | |
|---|---|
| ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

[2001556/295283]

DEFENDANT RAYMOND IWAMOTO'S SECOND REVISED PROPOSED JURY INSTRUCTIONS [WITHOUT CITATIONS]

Comes now, Defendant Raymond Iwamoto, by and through his attorneys, Ayabe, Chong, Nishimoto, Sia & Nakamura, and hereby requests that this Honorable Court give the following 9th Circuit Pattern Jury Instructions Nos.: 1.1, 1.3, 1.4, 1.7, 1.8, 1.9, 1.10, 1.11, 1.12, 1.13, 1.14, 2.1, 2.2, 2.4, 2.5, 2.6, 3.1, 3.2, 3.3, 3.6, 3.9, 3.11, 4.1, 4.2, 4.3 and 4.4.

In addition, Defendant Iwamoto requests that this Court give the following Instructions, numbered 1 through 20, and which are attached hereto.

Defendant Iwamoto reserves the right to supplement his requested jury instructions, if made necessary by the evidence presented and/or issues raised during trial of the above-captioned matter.

DATED: Honolulu, Hawaii, March 1, 2006,

/s/ Calvin E. Young
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO

JURY INSTRUCTION NO. ______

In this lawsuit, Whirlpool has brought claims against Raymond Iwamoto for an alleged violation of the Racketeer Influenced and Corrupt Organizations Act, commonly referred to as RICO.

Specifically, Whirlpool has alleged that Mr. Iwamoto conspired with Kurt Glassman. Whirlpool alleges that Mr. Iwamoto knew Mr. Glassman was committing acts that violated RICO. Through this alleged conspiracy Whirlpool asserts that Mr. Iwamoto violated Section 1962(d).

JURY INSTRUCTION NO. ______

This Court has determined that Mr. Iwamoto did not violate Section 1962(c) of RICO.

JURY INSTRUCTION NO. ______

A "conspiracy" in this sense is a combination or agreement of two or more persons to join together to commit an act of mail fraud or wire fraud.

To establish that Mr. Iwamoto committed a violation of Section 1962(d), Whirlpool must prove by a preponderance of the evidence:

1. That Mr. Glassman and Mr. Iwamoto in some way or manner came to a mutual understanding to attempt to accomplish a common and unlawful plan; and

2. That while employed by or associated with an enterprise, Mr. Glassman engaged in activities which affected interstate commerce, or conducted the affairs of the alleged enterprise through a pattern of racketeering activity; and

3. That Mr. Iwamoto knowingly and willfully become a member of the conspiracy by objectively indicating, through his words or actions, his agreement to conduct or participate, directly or indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity; and

4. That Mr. Glassman committed at least one overt act during the existence of a conspiracy in an effort to accomplish some object or purpose of the conspiracy.

The definitions and instructions that I will give to you as to "enterprise," "racketeering activity," "pattern of racketeering activity," "affects interstate commerce," and "overt act" apply here.

JURY INSTRUCTION NO. ______

In your consideration of the conspiracy claim against Mr. Iwamoto, you should first determine whether the alleged conspiracy existed. If you find that no such conspiracy existed, then you must find that Mr. Iwamoto did not violate Section 1962(d). If you conclude that a conspiracy did exist as alleged, you should next determine whether or not Mr. Iwamoto willfully became a member of that conspiracy.

JURY INSTRUCTION NO. ______

If you find that Mr. Iwamoto was unaware of the essential nature and scope of the RICO enterprise and did not intend to participate in it, then you may not find that Mr. Iwamoto conspired with Mr. Glassman.

JURY INSTRUCTION NO. ______

A person does not violate the law by merely associating with or being employed by an otherwise lawful enterprise the affairs of which are being conducted by others through a pattern of racketeering activity in which he is not personally engaged.

JURY INSTRUCTION NO. ______

You may not find that Mr. Iwamoto violated Section 1962(d) solely on the basis that he acted as an attorney for any corporation.

JURY INSTRUCTION NO. ______

You may not find that Mr. Iwamoto violated Section 1962(d) solely on the basis that the legal services he provided may have furthered a RICO enterprise.

JURY INSTRUCTION NO. ______

If you find that Mr. Iwamoto did not agree to the commission of acts that constitute a pattern of racketeering activity, you must find that Mr. Iwamoto did not violate Section 1962(d) even if he was somehow affiliated or associated with a RICO enterprise.

JURY INSTRUCTION NO. ______

The term “enterprise” includes any individual, partnership, corporation, association, or other legal entity.

An enterprise “affects interstate commerce” if the enterprise either engages in, or has an effect on commerce between the states.

JURY INSTRUCTION NO. ______

A "racketeering activity" means an act in violation of the Federal Mail Fraud or Wire Fraud statutes. You will be instructed on the law pertaining to these statutes to guide you in determining whether Whirlpool proved by a preponderance of the evidence that Mr. Glassman committed one or more violations of the statutes. A "racketeering activity" may also be referred to as a "predicate offense."

JURY INSTRUCTION NO. ______

A "pattern of racketeering activity" requires that Whirlpool prove that Mr. Glassman committed at least two acts of "racketeering activity" within ten years of each other. The proof of two or more acts of racketeering activity does not in and of itself establish a "pattern" under RICO. The two acts need not be of the same kind. For example, the acts may be one act of mail fraud and one act of wire fraud. However, you must find by a preponderance of the evidence that the two acts occurred within the time specified and that each was connected with the other by some common scheme, plan or motive so as to constitute a "pattern." A series of wholly separate, isolated or disconnected acts of racketeering activity does not constitute a pattern.

In other words, two or more otherwise unrelated acts of "racketeering activity" do not constitute a "pattern" of racketeering activity under RICO unless the acts all relate to a common scheme by Mr. Glassman to continually conduct the affairs of the alleged enterprise for illicit personal benefit, whether monetary or otherwise, for himself or for another, by committing the predicate offenses.

JURY INSTRUCTION NO. ______

You should note that the pattern must be one in which Mr. Glassman participated as a "principal." Thus in order to show that Mr. Glassman committed two or more acts of racketeering activity making up a pattern, Whirlpool must prove Mr. Glassman was a "principal" by showing by a preponderance of the evidence:

1. That Mr. Glassman knowingly and willfully committed, or knowingly and willfully aided and abetted in the commission of two or more alleged predicate offenses that constitute the alleged pattern of racketeering activity; and

2. That Mr. Glassman knowingly and willfully received income derived, directly or indirectly, from that alleged pattern of racketeering activity.

The term "knowingly," as that term has been used in these instructions, means that the action was done voluntarily and intentionally and not because of mistake or accident.

The term "willfully" as that term has been used in these instructions, means that the action was committed voluntarily and purposely, with the specific intent to do something the law forbids. The action must be done with a bad purpose: either to disobey or disregard the law.

JURY INSTRUCTION NO. ______

An "overt act" is a transaction or event, even one which may be entirely legal and innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy. However, you may not consider any evidence of any alleged wrongful acts, other than the alleged wrongful acts which Whirlpool contends is a specific violation, as in any way bearing on the character of the defendant or as an indication that any defendant may have a propensity to commit any of the offenses charged.

JURY INSTRUCTION NO. ______

To establish that mail fraud has been committed, Whirlpool must prove each of the following by a preponderance of the evidence:

1. That Mr. Glassman willfully and knowingly devised a scheme or artifice to defraud for obtaining money or property by means of false pretenses, representations or promises; and

2. That Mr. Glassman would have used the United States Postal Service by mailing, or by causing to be mailed, some matter or thing for the purpose of executing the scheme to defraud.

JURY INSTRUCTION NO. ______

To establish that wire fraud has been committed, Whirlpool must prove each of the following by a preponderance of the evidence:

1. That Mr. Glassman used the telephone for the purpose of executing the scheme to defraud.

2. That when Mr. Glassman performed an act, he knew, or reasonably could foresee, that the telephone would be used to further a scheme or artifice to defraud.

JURY INSTRUCTION NO. ______

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive. The words "scheme" and "artifice" in the mail fraud and wire fraud statutes include any plan or course of action intended to deceive others, and to obtain property by false or fraudulent pretenses, representations, or promises, from the persons so deceived.

A statement or representation is "false" or "fraudulent" within the meaning of the mail fraud and wire fraud statutes if it relates to a material fact and is known to be untrue or is made with reckless indifference as to its truth or falsity, and is made or caused to be made with intent to defraud. A statement or representation may also be "false" or "fraudulent" if it constitutes a half truth, or effectively conceals a material fact, with intent to defraud. A material fact is a fact that would be important to a reasonable person in deciding whether to engage in a particular transaction.

JURY INSTRUCTION NO. ______

In order for **Whirlpool** to prevail under its claim for violation of Section 1962(d), Whirlpool must prove by a preponderance of the evidence that Mr. Iwamoto's alleged violation of Section 1962(d) was the proximate cause of injury to Whirlpool's business or property.

Accordingly, you must find that Whirlpool suffered an injury to its business or property and that the injury was proximately caused by Mr. Iwamoto's alleged violation of Section 1962(d).

An injury or damage is proximately caused when the act played a substantial part in bringing about or actually causing injury or damage, and the injury or damage was either a direct result or a reasonably probable consequence of the act.

JURY INSTRUCTION NO. ______

Whirlpool claims that Mr. Iwamoto was involved in a civil conspiracy to commit fraud.

A conspiracy to commit fraud is an agreement entered into between two or more persons with the intent to agree or conspire and the intent to commit fraud. Membership or participation in a conspiracy to commit fraud is by itself not a basis for liability. Alleged conspirators have no liability unless a wrongful act is committed by one or more of the conspirators in furtherance of the conspiracy and causes another party to sustain injury, damage, loss or harm.

JURY INSTRUCTION NO. ______

In order to prove that a fraud was committed, Whirlpool must show by clear and convincing evidence that:

(1) false representations were made by defendants

(2) with knowledge of their falsity

(3) in contemplation of Whirlpool's reliance upon these false representations; and

(4) Whirlpool did rely on the false representations.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | ) | CIVIL NO. 01-00187 MEA BMK<br>(Tort and RICO)<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was duly served on the following parties listed below, in the manner described thereto, at their last known addresses on March 1, 2006.

| | U.S. Mail | Hand Delivery |
|---|---|---|
| TIMOTHY J. HOGAN, ESQ.<br>Lynch Ichida Thompson Kim & Hirota<br>1132 Bishop Street, Suite 1405<br>Honolulu, Hawaii 96813<br>Attorney for Plaintiff<br>WHIRLPOOL CORPORATION | **XX** | |
| PAUL ALSTON, ESQ.<br>LOUISE K.Y. ING, ESQ.<br>Alston Hunt Floyd & Ing<br>1001 Bishop Street<br>Pacific Tower, 18th Floor<br>Honolulu, Hawaii 96813<br>Attorneys for Defendant<br>CIT GROUP/BUSINESS CREDIT, INC. | **XX** | |

DATED: Honolulu, Hawaii, March 1, 2006.

/s/ Calvin E. Young
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO