**LYNCH ICHIDA THOMPSON KIM & HIROTA**

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Telephone: (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation, | ) | Civil No. CV01 00187 MEA BMK (TORT AND RICO) |
| Plaintiff, | ) | **PLAINTIFF WHIRLPOOL CORPORATION'S OBJECTIONS TO DEFENDANT CROSS-CLAIMANT'S CIT GROUP/ BUSINESS CREDIT, INC.'S SECOND PROPOSED JURY INSTRUCTIONS OF DEFENDANT CROSS-CLAIMANT CIT GROUP/BUSINESS CREDIT, INC.; CERTIFICATE OF SERVICE** |
| vs. | ) | |
| CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; et al., | ) | |
| Defendants. | ) | **TRIAL**<br>**Date: November 6, 2006**<br>**Judge: Honorable Marvin Aspen** |

# PLAINTIFF WHIRLPOOL CORPORATION'S OBJECTIONS TO DEFENDANT CROSS-CLAIM ANT CIT GROUP/ BUSINESS CREDIT, INC.'S SECOND PROPOSED JURY INSTRUCTION S

COMES NOW Plaintiff Whirlpool Corporation ("Whirlpool"), by and through its undersigned counsel, and hereby respectfully submits its objections to the proposed jury instructions submitted by Defendant Cross-Claimant CIT Group/Business Credit, Inc. as follows:

## Plaintiff Whirlpool Corporation Objects to Defendant Cross-Claimant CIT Group/Business Credit, Inc.'s ("CIT") Jury Instruction No. 1

Whirlpool objects to this instruction on the grounds that is duplicative of the short statement of the case proposed by the parties and should therefore not be given as it is likely to cause confusion.

## Plaintiff Whirlpool Corporation Objects to Defendant Cross-Claimant CIT Group/Business Credit, Inc.'s ("CIT") Jury Instruction No. 2

Whirlpool objects to the instruction on the grounds that it provides the jurors with the option of deciding liability against Whirlpool and thereby cutting short the time that they are required to spend in jury service. In addition, the instruction does not indicate what has been modified from the model Connecticut instruction. The failure to comply with Hawaii District Court Local Rule 51.1(I) is prejudicial to Whirlpool and CIT's instruction should be disregarded in its entirety.

**Plaintiff Whirlpool Corporation Objects to Defendant Cross-Claimant**
**CIT Group/Business Credit, Inc.'s ("CIT") Jury Instruction No. 3**

Whirlpool objects to the instruction on the grounds that it provides the jurors with the option of deciding liability against Whirlpool and thereby cutting short the time that they are required to spend in jury service. In addition, the instruction does not indicate what has been taken from the model 9th Circuit instruction 5.1 that addresses the burden of proof by a preponderance of the evidence or what portion of the instruction is derived from Connecticut's instructions. The failure to comply with Hawaii District Court Local Rule 51.1(I) is prejudicial to Whirlpool and CIT's instruction should be disregarded in its entirety.

**Plaintiff Whirlpool Corporation Objects to Defendant Cross-Claimant**
**CIT Group/Business Credit, Inc.'s ("CIT") Jury Instruction No. 5**

Whirlpool objects on the grounds that it can be confusing to the jury because Whirlpool's claims are not limited solely to fraud but are also based upon fraud conspiracy regarding CIT. This instruction is not based on any Model Instruction and is argumentative and does not state the facts in a fair and neutral manner and therefore should not be given. Further, Whirlpool's claims are based on more than just misrepresentations regarding the financial condition of Midpac and Maui Home Supply. In addition, the instruction is vague in regard to the meaning of "MidPac and Maui Home Supply's financial condition."

**Plaintiff Whirlpool Corporation Objects to Defendant**
**Cross-Claimant CIT's Jury Instruction No. 8**

Whirlpool objects to this instruction because it claims to be modified but does not indicate what has been modified in the instructions and therefore it should not be considered because it violates Hawaii District Court Local Rule 51.1(I). More substantively, the instruction is confusing because it confuses fraud and fraud conspiracy claims and will make it difficult for the jury to understand which claim is being addressed in this instruction and therefore, in addition to the other grounds stated, it should not be given.

**Plaintiff Whirlpool Corporation Objects to**
**Defendant Cross-Claimant CIT's Jury Instruction No. 9**

Whirlpool objects to this instruction on the grounds that it cites to the Hawaii Civil Jury Instructions and contains modifications but does not identify what has been changed. It therefore violates Hawaii District Court Local Rule 51.1(I). In addition, actual authority that can bind CIT as a principal may be proven through ratification and therefore this instruction should not be given without including language regarding ratification. In addition, the Court has ruled that actual authority can be showed by express agreement or may be implied by the conduct of the parties or surrounding circumstances. *See* Memorandum Opinion and Order dated December 28, 2004, at pp. 12-13. CIT's instruction disregards this prior

ruling.

**Plaintiff Whirlpool Corporation Objects to**
**Defendant Cross-Claimant CIT's Jury Instruction No. 10.**

Whirlpool objects to this instruction that failed to address the requirement that withholding a known material fact can be grounds for a fraud claim. Because CIT and Phelps had both known of Glassman's fraud prior to Phelps communicating with Whirlpool, the instruction should provide for liability if these facts are found to have been withheld from Whirlpool. This instruction is not derived from a Model Instruction and therefore appears, from the authority provided, to be an attorney drafted instruction and therefore it should not be given.

Moreover, the Court has ruled that following elements make out the claim of Fraud as set forth in the Second Amended Complaint: 1) Misrepresentations were made by the defendant; 2)With knowledge of their falsity (or without knowledge of their truth or falsity); 3) In contemplation of plaintiff's reliance upon the misrepresentations; 4) resulting in actual reliance; and 5)damages. *See* Memorandum Opinion and Order dated December 28, 2004, at p. 11.

**Plaintiff Whirlpool Corporation Objects to**
**Defendant Cross-Claimant CIT's Jury Instruction No 11**

This instruction related to fraud is not derived from a Model Instruction and therefore appears, from the authority provided, to be an attorney drafted instruction

and therefore it should not be given as it is not a neutral statement of the law. In addition, this instruction ignores the fact that CIT chose to act through Ted Phelps whom Whirlpool alleges is CIT's agent. In addition, the instruction does not address fraud conspiracy and CIT's liability for the acts of third parties other than Mr. Phelps.

Whirlpool objects to this instruction that failed to address the requirement that withholding a known material fact can be grounds for a fraud claim. Because CIT and Phelps had both known of Glassman's fraud prior to Phelps communicating with Whirlpool, the instruction should provide for liability if these facts are found to have been withheld from Whirlpool.

**Plaintiff Whirlpool Corporation Objects to**
**Defendant Cross-Claimant CIT's Jury Instruction No 12**

Whirlpool objects to this proposed instruction on the ground that the Court has ruled that following elements make out the claim of Fraud as set forth in the Second Amended Complaint: 1) Misrepresentations were made by the defendant; 2)With knowledge of their falsity (or without knowledge of their truth or falsity); 3) In contemplation of plaintiff's reliance upon the misrepresentations; 4) resulting in actual reliance; and 5) damages. *See* Memorandum Opinion and Order dated December 28, 2004, at p. 11.

In addition, CIT's proposed instruction is contrary to this Court's ruling that rejected the requirement that Whirlpool must demonstrate reasonable and justifiable reliance. *See* Memorandum Opinion and Order dated December 28, 2004, at p. 16. In addition, the instruction is vague in regard to the meaning of the financial condition of MidPac and Maui Home Supply.

**Plaintiff Whirlpool Corporation Objects to**
**Defendant Cross-Claimant CIT's Jury Instruction No 12(a)**

Whirlpool objects to the instruction on the grounds that it fails to distinguish what parts of the model instruction have been modified. This instruction fails to include in the first sentence the element of "nondisclosure" of a material fact known to CIT has a basis for a claim of fraud. In addition, the instruction is vague in regard to the meaning of "MidPac and Maui Home Supply's financial condition." At the time CIT moved into Maui Home Supply in violation of Whirlpool's senior rights, Maui Home's financial records indicate that it could have paid Whirlpool's outstanding balance. This instruction infers that CIT was blameless in its conversion of collateral and should not be given. The instruction does not address fraud conspiracy and CIT's liability for the acts of third parties other than Mr. Phelps. In addition, it is not derived from a Model Instruction and therefore appears, from the authority provided, to be an attorney drafted instruction and

therefore it should not be given. Moreover, the Court has ruled that the following elements make out the claim of Fraud as set forth in the Second Amended Complaint: 1) Misrepresentations were made by the defendant; 2)With knowledge of their falsity (or without knowledge of their truth or falsity); 3) In contemplation of plaintiff's reliance upon the misrepresentations; 4) resulting in actual reliance; and 5)damages. *See* Memorandum Opinion and Order dated December 28, 2004, at p. 11.

In addition, CIT's proposed instruction is contrary to this Court's ruling that rejected the requirement that Whirlpool must demonstrate reasonable and justifiable reliance. *See* Memorandum Opinion and Order dated December 28, 2004, at p. 16.

**Plaintiff Whirlpool Corporation Objects to**
**CIT Group/Business Credit, Inc.'s ("CIT") Jury Instruction No. 12(b)**

Whirlpool objects to this instruction on the grounds that it is inconsistent with the Court's ruling that following elements make out the claim of Fraud as set forth in the Second Amended Complaint: 1) Misrepresentations were made by the defendant; 2)With knowledge of their falsity (or without knowledge of their truth or falsity); 3) In contemplation of plaintiff's reliance upon the misrepresentations; 4) resulting in actual reliance; and 5) damages. *See* Memorandum Opinion and Order

dated December 28, 2004, at p. 11.

In addition, CIT's proposed instruction is contrary to this Court's ruling that rejected the requirement that Whirlpool must demonstrate reasonable and justifiable reliance. *See* Memorandum Opinion and Order dated December 28, 2004, at p. 16. Further, the instruction assumes facts that are not likely to be established at trial. In addition, this proposed instruction is not derived from a model instruction nor the Court's order.

Finally, Whirlpool's scope of conspiracy allegations extend far beyond the ordering of product in June and July 1999 and include conduct that continued and arguably continues as of this writing.

**Plaintiff Whirlpool Corporation Objects to**
**Defendant Cross-Claimant CIT's Jury Instruction No 13**

Whirlpool objects to this instruction on the grounds that the instruction is confusing in light of the claim of fraud conspiracy. It claims that is it necessary that CIT control other actors and that is contrary to the law of conspiracy that only requires an agreement and an overt act. In addition, it is not derived from a Model Instruction and therefore appears, from the authority provided, to be an attorney drafted instruction and therefore it should not be given.

**Plaintiff Whirlpool Corporation Objects to**
**Defendant Cross-Claimant CIT's Jury Instruction No. 14**

Whirlpool objects to this instruction. CIT also alleges the existence of a similar conspiracy and this instruction is likely to be confusing to the jury. Any such instruction must also make clear that CIT also claims the existence of a conspiracy. Civil conspiracy as opposed to the elements of fraud are proven by a preponderance of the evidence not the clear & convincing standard proposed by CIT in its instruction.

In addition, it is confusing and incorporates elements of the RICO claim within the instruction that has no support in any model Civil RICO instruction and therefore makes it unclear and potentially confusing to a jury who will not have instruction regarding a RICO claim related to CIT. The instruction is not a Model

Instruction but is one that has been drafted by counsel and should not be given.

In addition elements 4 and 5 of CIT's proposed instruction are contrary to the Court's ruling as set forth in the Memorandum Opinion and Order dated December 28, 2004, at p. 17 that did not require proof that an intended purpose of harming another (as set forth in No. 4) that results in damage (as set forth in No. 5).

**Plaintiff Whirlpool Corporation Objects to**
**<u>Defendant Cross-Claimant CIT's Jury Instruction No. 15</u>**

Whirlpool objects to this instruction. CIT also alleges the existence of a similar conspiracy and this instruction is likely to be confusing to the jury. Any such instruction must also makes clear that CIT also claims the existence of the same conspiracy only that it claims to have not joined in it.

The instruction is confusing and misstates the likely proof at trial because the conspiracy extends beyond "concealing" the conduct of others but also involves the bond fraud (CIT admits to getting bond funds) and other wrongful acts as well as CIT's agreement to the commission of acts by third-party co-conspirators.

In addition, the instruction seeks to confuse the jury regarding likely instructions regarding the effect of circumstantial evidence and is argumentative, confusing and contrary to law. The instruction seeks to remove from the jury the ability to accept or reject inferences. This is part of the jury function and the CIT instruction that includes an exception to this standard jury instruction should not be

given.

The instruction is also contrary to law regarding the disclosure of known facts. CIT has a duty to not conceal evidence of criminal wrongdoing. In the instruction CIT concedes that it has a contractual agreement with its customers to conceal criminal conduct from third-parties. In addition, Whirlpool objects to the standard of proof. The elements of conspiracy of agreement and overt act, need only be proven by a preponderance of the evidence.

**Plaintiff Whirlpool Corporation Objects to**
**Defendant Cross-Claimant CIT's Jury Instruction No. 16**

Whirlpool objects to CIT's Instruction No. 16 in that it does not reflect the Court's Order regarding summary judgment that found that Whirlpool had proven that it had a first priority interest in the Maui Home Supply inventory, that CIT had no legal right to that inventory and that Whirlpool was not required to demand that CIT return the inventory. In addition, this is not a standard instruction but an attorney drafted instruction and does not fairly reflect the law of conversion as applied in this case. This instruction is likely to cause confusion with the jury in regard to the elements of conversion and is not consistent with either Hawaii law or law generally in regard to conversion.

In addition, CIT's conduct that evidences the tort of conversion is not limited

to sales proceeds but CIT's exercise of dominion and control over the Maui Home Supply inventory and sales proceeds. Hawaii law does not require any demand under the circumstances and the Court has so ruled in the Order regarding summary judgment. Finally, CIT cannot claim any defense based on good faith regarding the harm done to property or the other items included by CIT in its instruction because the Court has ruled CIT had no legal right to the Maui Home Supply inventory.

**Plaintiff Whirlpool Corporation Objects to**
**Defendant Cross-Claimant CIT's Jury Instruction No. 17**

Whirlpool objects to jury instruction no. 17 on the grounds that it is contrary to the Court's ruling regarding summary judgment motions in which the Court ruled Whirlpool had a senior secured interest in the goods located at Maui Home. It is not relevant that CIT had a security interest because the Court has already ruled that a junior lien would not be sufficient to negate CIT's liability for conversion. The instruction using words like "merely" in relation to CIT is argumentative and misleading. CIT's only right to possess those goods was based on its consignment agreement and there is no evidence whatsoever that has been presented to date that any consignment agreement was legally recognizable as perfected or in any way provides CIT with any defense. The Court acknowledged this in its ruling. This instruction is also not a standard instruction and should not be given in lieu of a standard instruction.

**Plaintiff Whirlpool Corporation Objects to**
**Defendant Cross-Claimant CIT's Jury Instruction No. 18**

This instruction is inconsistent with the Court's ruling as set forth in the Memorandum Opinion and Order dated December 28, 2004 at p. 29 where the Court ruled that "the transaction between MidPac and MHS was a security arrangement rather than a true consignment." Even if this issue were to go the

jury, the CIT proposed instruction does not sufficiently detail the elements of consignment sales to be consistent with the UCC Articles 2 and 9. It is likely to be confusing to the jury and does not fairly state the law in regard to the elements that would be necessary for CIT to prove that MHS and MidPac were engaged in consignment sales. CIT has no basis for claiming Maui Home to be a consignment seller. This instruction is confusing in that the first paragraph deals with the burden that CIT has to prove that creditors generally knew it was a consignment seller and then in paragraph 2 that Whirlpool knew that it was a consignment seller. The instruction is not neutral and is not consistent with the UCC-2-326(3)(b) or the Court's earlier ruling and should not be given.

**Plaintiff Whirlpool Corporation Objects to**
**<u>Defendant Cross-Claimant CIT's Jury Instruction No. 19</u>**

This instruction is inconsistent with the Court's ruling as set forth in the Memorandum Opinion and Order dated December 28, 2004 at p. 29 where the Court ruled that "the transaction between MidPac and MHS was a security arrangement rather than a true consignment." Whirlpool objects to this instruction in that it does not comport with the Court's earlier ruling, does not state the law in regard to consignments, does not put any requirement on CIT to have properly perfected its consignment in order to be granted any protection under the

consignment sections relevant to the Uniform Commercial Code or Article 2 or 9 of the UCC and therefore does not state the correct law and should not be given. It is also inconsistent with the previous instructions regarding the elements required to prove goods were sold by a consignment seller.

**Plaintiff Whirlpool Corporation Objects to**
**Defendant Cross-Claimant CIT's Jury Instruction No. 20(a)**

This instruction is inconsistent with the Court's ruling as set forth in the Memorandum Opinion and Order dated December 28, 2004 at p. 29 where the Court ruled that Whirlpool had a senior secured interest in the inventory at MHS and that the transactions were covered by Article 9 rather than Article 2 of the UCC.

Whirlpool objects to this instruction that is an attorney drafted instruction that is not consistent with any standard instruction and therefore is not to be given. In addition, it is confusing and it is not consistent with the law in regard to conversion.

This instruction ignores CIT's control over Glassman. It ignores the facts of the sale regarding CIT and its agent Collateral Risk Management and their activities at Maui Home Supply and ignores this Court's earlier ruling regarding Whirlpool's burden. In this case, the instruction is argumentative and confusing because it infers that Maui Home had control over its payments to creditors after CIT forced Glassman to permit it to liquidate Maui Home. It attempts to instruct the jury

regarding facts that are not supported by the likely record at trial. CIT's acts of conversion are traceable to its conduct from the time it began to seek to assert its alleged interest in Maui Home Supply and not just from the time the goods were sold. In addition, Whirlpool was not required to have Maui Home Supply segregate the sales proceeds of Whirlpool's collateral to maintain its rights to this property. Finally, the Official Commentary to the 1999 Hawaii Rev. Stat. § 490:9-114 makes it clear that CIT cannot rely on tracing its alleged interest into an alleged commingled account where its claim to the proceeds arise from the consignment interest of MidPac as consignor and MHS as consignee. CIT, by failing to perfect that interest, as a matter of law, has no rights in the alleged commingled accounts it admits to having received and this instruction is contrary to law.

Finally, CIT's claim that the UCC requires segregation of proceeds to maintain a security interest in proceeds is contrary to the UCC that has no such requirement. Also, the Whirlpool Conversion claim is not just based on proceeds but also on CIT's exercise of dominion and control over the goods in Maui Home inventory.

**Plaintiff Whirlpool Corporation Objects to**
**Defendant Cross-Claimant CIT's Jury Instruction No. 20(b)**

Whirlpool objects to this instruction first on the grounds that it is contrary to

the Court's Order that found that Whirlpool had a senior secured interest in Maui Home Supply inventory. In addition, it does not give the proper definition of "ordinary course" and attempts to excuse CIT's conduct when it knew that the payments were in violation of Whirlpool's security agreement from statements by Ted Phelps. In addition, CIT's instruction presumes that it was a lender that had given value to Maui Home when none of the evidence supports such a factual assumption.

The standard is not that CIT have actual knowledge but rather it have reasonable cause to believe. Moreover, under § 490:9-306, comment 2(c) the taking of the proceeds is not in the ordinary course and are recoverable where the party takes them while "in collusion with the debtor to defraud the secured party." This instruction is contrary to the likely evidence at trial that will show that CIT caused Maui Home Supply to change its invoices to require the proceeds be remitted to CIT.

A defense of ordinary course payment is an affirmative defense. *United States v. Continental Illinois National Bank and Trust of Chicago*, 889 F.2d 1248, 1254 (2nd Cir. 1989). CIT never raised this defense in the four years of this litigation before its motion. Therefore, the defense should be deemed waived.

**Plaintiff Whirlpool Corporation Objects to**

**<u>Defendant Cross-Claimant CIT's Jury Instruction No. 21</u>**

Whirlpool objects to this instruction. The jury is likely to be confused because CIT, having no senior security interest had no rights to Maui Home inventory or its sale proceeds. In addition, CIT has admitted to taking $1 million Whirlpool I collateral located at Maui. The instruction is confusing because CIT admits that the inventory that the Court has ruled was covered by Whirlpool's senior lien at Maui Home Supply was valued at approximately $1 million. CIT's conversion occurred when CIT exercised unlawful dominion and control over Whirlpool collateral through its collusion with Kurt Glassman and its control over Collateral Risk Management. CIT relies principally on *Harley Davidson Motor Co. v. Bank of New England*, 897 F.2d 611 (1st Cir. 1990). This case addressed the rights of a "perfected" secured creditor. The Court has found that CIT's assertion of ownership over Maui Home Supply property and subsequent sale was unlawful. The Court has ruled that CIT had no legal right in the Maui Home inventory and the instruction is therefore confusing and should not be given. Further, the Court has ruled that Whirlpool may prove that CIT directed the sale of the Maui Home inventory not that Whirlpool need trace the proceeds from that sale.

**Plaintiff Whirlpool Corporation Objects to**
**<u>Defendant Cross-Claimant CIT's Jury Instruction No. 22</u>**

Plaintiff Whirlpool objects to this instruction in that the Baji instruction is preferable as a more neutral statement of the law and more nearly tracks the Court's Order regarding the elements of this claim.

**Plaintiff Whirlpool Corporation Objects to**
**Defendant Cross-Claimant CIT's Jury Instruction No. 23**

This instruction is objectionable in that it makes a requirement that "Whirlpool must show that CIT acted exclusively to harm Whirlpool's business interests." This is not consistent with either Hawaii law or any law generally regarding tortious interference. The Court also has ruled that Whirlpool must show an intent to induce the breach. In light of the Court's ruling that CIT had no legal right to the Maui Home Supply inventory, there is no basis for an instruction that negates CIT's liability based on justification. The elements are set forth in the standard instructions. CIT attempts to soften the elements which are clearly shown in regard to CIT's conduct. The instruction is not neutral and is argumentative and should not be given in that it would prejudice Whirlpool and confuse the jury. In addition, CIT's claim that it is free to commit intentional torts so long ast it was motivated by its own interest is not the law.

**Plaintiff Whirlpool Corporation Objects to**
**Defendant Cross-Claimant CIT's Jury Instruction No. 24**

This instruction is incomprehensible and creates new elements regarding the

proof of tortious interference that are not consistent with either Hawaii law or with the law generally in regard to tortious interference with contract and Whirlpool asks that this instruction not be given. This instruction appears to be created out of whole cloth, the cite to *Lee v. Aiu*, 85 Haw. 19, 936 P.2d 655 (1997) notwithstanding. In addition, the instruction disregards the Court's Order dated December 28, 2004 that requires that Whirlpool show that Maui Home Supply could "make good on its debts" not whether Maui Home Supply had any negative payment history (under CIT's instruction, such a history would relieve CIT of liability if Maui Home Supply was a day late on a single payment for a single appliance).

**Plaintiff Whirlpool Corporation Objects to**
**<u>Defendant Cross-Claimant CIT's Jury Instruction No. 25</u>**

This instruction is inconsistent with the law of tortious interference with contract by requiring an intent to induce the breach. Whirlpool needs to prove that CIT knew of the Whirlpool senior security interest and intended to cause Maui Home to violate its security agreement with Whirlpool. Good faith or honest belief is not a defense to the conduct that is alleged in regard to CIT. This is another CIT drafted instruction and should not be given in lieu of the standard instructions that have been posed by Whirlpool, specifically Baji. In addition, the instruction presupposes the proof at trial that will prove that CIT forced Maui Home to accept contracts and other fraudulent devices to facilitate its tortious conduct.

DATED: Honolulu, Hawai'i, March 15, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; et al.,<br><br>Defendants. | Civil No. CV01 00187 MEA-BMK<br>(TORT AND RICO)<br><br>**CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

I hereby certify that on the dates and by the methods of service noted below, a true and correct copy of the **PLAINTIFF WHIRLPOOL CORPORATION'S OBJECTIONS TO DEFENDANT CROSS-CLAIM ANT CIT GROUP/ BUSINESS CREDIT, INC.'S SECOND PROPOSED JURY INSTRUCTION S** was served on the following at their last known addresses:

Served Electronically on March 15, 2006 :

Paul Alston palston@ahfi.com

Margery S. Bronster mbronster@bchlaw.net, audrey@bchlaw.net

Thomas E. Bush teb@ahfi.com

Jeannette H. Castagnetti jcastagnetti@bchlaw.net, jennifer@bchlaw.net

Steven L. Goto steven.goto@hawadvocate.com

Lea O. Hong lea@ahfi.com

Louise K.Y. Ing ling@ahfi.com, dka@ahfi.com

John S. Nishimoto john.nishimoto@hawadvocate.com

Ted N. Pettit ! tnp@caselombardi.com, eab@caselombardi.com; shy@caselombardi.com; ikm@caselombardi.com; amf@caselombardi.com

Calvin E. Young calvin.young@hawadvocate.com

DATED: Honolulu, Hawai'i, March 15, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION