**LYNCH ICHIDA THOMPSON KIM & HIROTA**

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Telephone: (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; et al.,<br><br>Defendants. | ) | **Civil No. CV01 00187 MEA-BMK (TORT AND RICO)**<br><br>**PLAINTIFF WHIRLPOOL CORPORATION'S OBJECTIONS TO DEFENDANT RAYMOND IWAMOTO'S SECOND REVISED PROPOSED JURY INSTRUCTIONS; CERTIFICATE OF SERVICE**<br><br>**TRIAL:**<br>**DATE: November 6, 2006**<br>**JUDGE: Honorable Marvin Aspen** |

**PLAINTIFF WHIRLPOOL CORPORATION'S**
**OBJECTIONS TO DEFENDANT RAYMOND IWAMOTO'S**
**SECOND REVISED PROPOSED JURY INSTRUCTIONS**

COMES NOW Plaintiff Whirlpool Corporation ("Whirlpool") by and through its undersigned counsel, and hereby respectfully submits its objections to the jury instructions submitted by Defendant Raymond Iwamoto as follows:

## GENERAL OBJECTIONS

To the extent that the instructions failed to provide the required black line indications where they deviated from model instructions, Whirlpool objects and preserves its right to further object based this failure to follow LR 51.1(i).

## SPECIFIC OBJECTIONS

### Whirlpool Corporation Objects to Defendant Raymond Iwamoto's Jury Instruction No. 1

Whirlpool objects on the grounds that this instruction limits the number of participants in the RICO to a single participant, Kurt Glassman. As set forth in ¶ 16 of the Second Amended Complaint, participants or RICO persons in the RICO are Kurt Glassman, Clifford Ogata, CG Development, WSpectrum, CGSpectrum, F&J Movers, Renee Costa, Glenda Corporation, Pacific Advisory Group, CG Enterprises, CGB Enterprises, and defendants Michael Clifford, Edwin Bowling, Frances Haller-Bowling, CGBN, and Raymond Iwamoto. The instruction

therefore does not reflect accurately Whirlpool's claims and should not be given.

**Whirlpool Corporation Objects to Defendant Raymond Iwamoto's**
**Jury Instruction No. 2**

Whirlpool objects on the grounds that this instruction is unnecessary and may have a tendency of confusing the jury as to Mr. Iwamoto's liability under RICO. It would be just as objectionable if every winning point in the summary judgment motion is somehow put forward in the instruction. It is not neutral or necessary and is potentially confusing.

**Whirlpool Corporation Objects to Defendant Raymond Iwamoto's**
**Jury Instruction No. 3**

Whirlpool objects on the grounds that this instruction limits the number of participants in the RICO to a single participant, Kurt Glassman. As set forth in ¶ 16 of the Second Amended Complaint, participants in the RICO are Kurt Glassman, Clifford Ogata, CG Development, WSpectrum, CGSpectrum, F&J Movers, Renee Costa, Glenda Corporation, Pacific Advisory Group, CG Enterprises, CGB Enterprises, and defendants Michael Clifford, Edwin Bowling, Frances Haller-Bowling, CGBN, and Raymond Iwamoto. Whirlpool further objects on the grounds that the proposed instruction limits the RICO acts to mail and wire fraud as to the purpose of he conspiracy. The allegations in the Second Amended Complaint were broader and encompassed additional predicate acts. The

instruction therefore does not reflect accurately Whirlpool's claims and should not be given.

**Whirlpool Corporation Objects to Defendant Raymond Iwamoto's**
**Jury Instruction No. 4**

Plaintiff reserves its right to object based on the failure to identify where the proposed instruction deviates from the model instruction.

**Whirlpool Corporation Objects to Defendant Raymond Iwamoto's**
**Jury Instruction No. 5**

Whirlpool object to this instruction on the grounds that the term "essential nature and scope" is vague and potentially confusing to the jury. Whirlpool Corporation also objects to this instruction on the grounds that it is not a neutral statement of the law set forth in *Howard v. America On-Line, Inc*., 208 F.3d 741, 751 (9th Cir. 2000). The instruction is written in the negative rather than the affirmative contrary to the case cited and is therefore not neutral. In addition, the instruction limits the conduct to Kurt Glassman, contrary to the allegations in the Second Amended Complaint.

**Whirlpool Corporation Objects to Defendant Raymond Iwamoto's**
**Jury Instruction No. 6**

Whirlpool objects to this instruction on the grounds that it infers that Mr. Iwamoto's liability is predicated on his being an active participant in the RICO rather than conspiring to violate RICO.

**Whirlpool Corporation Objects to Defendant Raymond Iwamoto's**
**<u>Jury Instruction No. 7</u>**

Whirlpool Corporation objects to this instruction on the grounds that it does not fairly represent the holding of *Baumer v. Pachel*, 8 F.3d 1341, 1345-1346 (9th Cir. 1993). Moreover, Mr. Iwamoto was not acting solely as an attorney but it is undisputed he was an officer and director of related Glassman entities and this instruction is likely to be misleading and cause confusion.

**Whirlpool Corporation Objects to Defendant Raymond Iwamoto's**
**<u>Jury Instruction No. 8</u>**

Whirlpool objects to this instruction because it erroneously presumes that Mr. Iwamoto was not an officer and director of the relevant corporation and therefore is confusing and not consistent with the facts. Whirlpool objects to this on the grounds that this instruction does not fairly meet the holding of the *Beck v. Prupis*, 529 U.S. 494, 505 (2000). The claims against Mr. Iwamoto all derive from damages sustained from predicate acts, unlike *Beck* that relates to injury from wrongful termination that is not a RICO predicate act and is not relevant to Mr. Iwamoto's liability.

**Whirlpool Corporation Objects to Defendant Raymond Iwamoto's**
**<u>Jury Instruction No. 9</u>**

Whirlpool objects to this instruction because it can be read to infer that Mr. Iwamoto must agree to the commission of all the overt acts that make up the

pattern and not just one act.

**Whirlpool Corporation Objects to Defendant Raymond Iwamoto's**
**Jury Instruction No. 10**

Plaintiff reserves its right to object based on the failure to identify where the proposed instruction deviates from the model instruction.

**Whirlpool Corporation Objects to Defendant Raymond Iwamoto's**
**Jury Instruction No. 11**

Whirlpool objects on the grounds that the definition "racketeering activity" is not limited to federal mail fraud or wire fraud statutes but includes numerous other elements of the Whirlpool RICO claim including, but not limited to, bankruptcy fraud, bank fraud and securities fraud and other claims that were alleged in the Second Amended Complaint as set forth in the First Amended RICO Statement. In addition, the scope of the enterprise was greater than Mr. Glassman alone.

**Whirlpool Corporation Objects to Defendant Raymond Iwamoto's**
**Jury Instruction No. 12**

Whirlpool objects on the grounds that this instruction seeks to limit the scope of the alleged racketeering activity RICO enterprise to Mr. Glassman and the predicate acts to only mail and wire fraud. This was not what was alleged in the Second Amended Complaint or set forth in the First Amended RICO Statement. In addition, to the extent that the instruction modifies a model instruction, it fails to

indicate the modifications, in violation of LR 51.1(i).

**Whirlpool Corporation Objects to Defendant Raymond Iwamoto's**
**Jury Instruction No. 13**

Whirlpool objects to this instruction on the grounds set forth above that it is limited to Mr. Glassman as the sole principal of the enterprise that is contrary to the Second Amended Complaint as well as the First Amended RICO Statement. In addition, to the extent that the instruction modifies a model instruction, it fails to indicate the modifications, in violation of LR 51.1(i).

**Whirlpool Corporation Objects to Defendant Raymond Iwamoto's**
**Jury Instructions No. 14**

Plaintiff reserves its right to object based on the failure to identify where the proposed instruction deviates from the model instruction in violation of LR 51.1(i). Whirlpool further objects to the proposed instruction on the grounds that it is confusing and deals with "the offense charged" that is not applicable to this civil RICO. Whirlpool may relate at trial any allegation or claim that is the subject of this RICO. To the extent that the instruction modifies a model instruction, it fails to indicate the modifications, in violation of LR 51.1(i).

**Whirlpool Corporation Objects to Defendant Raymond Iwamoto's**
**Jury Instruction No. 15**

Whirlpool objects on the grounds that this instruction limits the commission of the mail fraud to Mr. Glassman and is not the complete model instruction. As set

forth in the previous objections, the scope of the enterprise is broader than solely Mr. Glassman and the offenses extended beyond simple mail fraud. Whirlpool's proposed instruction No. 4 is a more complete statement of the law and should be given. To the extent that the instruction modifies a model instruction, it fails to indicate the modifications, in violation of LR 51.1(i).

**Whirlpool Corporation Objects to Defendant Raymond Iwamoto's**
**<u>Jury Instruction No. 16</u>**

Whirlpool objects on the grounds that this instruction limits the commission of the wire fraud to Mr. Glassman. As set forth in the previous objections, the scope of the enterprise is broader than solely Mr. Glassman and the offenses extended beyond simple wire fraud. Whirlpool's instruction No. 5 is the more neutral statement of the law relevant to the facts of this case and should be given.

**Whirlpool Corporation Objects to Defendant Raymond Iwamoto's**
**<u>Jury Instruction No. 17</u>**

Plaintiff reserves its right to object based on the failure to identify where the proposed instruction deviates from the model instruction. This instruction appears to be taken from the Model Instruction related to Mail Fraud. Whirlpool objects and requests that its instruction No. 4 be given.

**Whirlpool Corporation Objects to Defendant Raymond Iwamoto's**
**<u>Jury Instruction No. 18</u>**

Whirlpool objects to this instruction. In order for Whirlpool's injury to be

caused by the racketeering activity, Whirlpool must have obtained an injury under some section of RICO including, but not limited to, § 1962(d). Mr. Iwamoto's liability is derived from his conspiracy to violate RICO. Whirlpool's injuries derive both from the underlying predicate acts as well as from the conspiracy related to Mr. Iwamoto's liability under § 1962(d). Therefore this instruction does not state the law of RICO and therefore it should not be given. It is also confusing and not a fair neutral statement of the law.

**Whirlpool Corporation Objects to Defendant Raymond Iwamoto's**
**Jury Instruction No. 19**

Plaintiff reserves its right to object based on the failure to identify where the proposed instruction deviates from the model instruction.

**Whirlpool Corporation Objects to Defendant Raymond Iwamoto's**
**Jury Instruction No. 20**

Whirlpool objects to this instruction that is not derived from a model instruction. It presumes that the false representation must be made by a defendant thus ignoring the conduct of agents like Ted Phelps and other RICO participants. It also fails to recognize that withholding of material facts can be sufficient to support a clam of fraud.

DATED: Honolulu, Hawai'i, March 15, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; et al.,<br><br>Defendants. | Civil No. CV01 00187 MEA-BMK (TORT AND RICO)<br><br>**CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

I hereby certify that on the dates and by the methods of service noted below, a true and correct copy of the **PLAINTIFF WHIRLPOOL CORPORATION'S OBJECTIONS TO DEFENDANT RAYMOND IWAMOTO'S SECOND REVISED PROPOSED JURY INSTRUCTION S** was served on the following at their last known addresses:

Served Electronically on March 15, 2006 :

Paul Alston palston@ahfi.com

Margery S. Bronster mbronster@bchlaw.net, audrey@bchlaw.net

Thomas E. Bush teb@ahfi.com

Jeannette H. Castagnetti jcastagnetti@bchlaw.net, jennifer@bchlaw.net

Steven L. Goto steven.goto@hawadvocate.com

Lea O. Hong lea@ahfi.com

Louise K.Y. Ing ling@ahfi.com, dka@ahfi.com

John S. Nishimoto john.nishimoto@hawadvocate.com

Ted N. Pettit ! tnp@caselombardi.com, eab@caselombardi.com; shy@caselombardi.com; ikm@caselombardi.com; amf@caselombardi.com

Calvin E. Young calvin.young@hawadvocate.com

DATED: Honolulu, Hawai'i, March 15, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION