AYABE, CHONG, NISHIMOTO,
SIA & NAKAMURA
A Limited Liability Law Partnership

JOHN S. NISHIMOTO 1820-0
CALVIN E. YOUNG 3278-0
GARY S. MIYAMOTO 3233-0
STEVEN L. GOTO 6041-0
Pauahi Tower, Suite 2500
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 537-6119
Facsimile No. (808) 526-3491
john.nishimoto@hawadvocate.com
calvin.young@hawadvocate.com

Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER | CIVIL NO. 01-00187 MEA BMK (Tort and RICO)<br><br>DEFENDANT RAYMOND IWAMOTO'S OBJECTIONS TO PLAINTIFF'S SECOND PROPOSED SET OF JURY INSTRUCTIONS; CERTIFICATE OF SERVICE<br><br>Trial Date: November 6, 2006<br>Judge: Hon. Marvin E. Aspen |

ENTITIES 1-20, )
)
Defendants, )
)
and )
)
CG DEVELOPMENT, INC., F&J )
MOVERS, and RENEE K. COSTA, )
)
Additional Cross-Claim )
Defendants. )

[2001556/295543]

## DEFENDANT RAYMOND IWAMOTO'S OBJECTIONS TO PLAINTIFF'S SECOND PROPOSED SET OF JURY INSTRUCTIONS

Comes now, Defendant Raymond Iwamoto ("Iwamoto"), by and through his attorneys, Ayabe Chong Nishimoto Sia & Nakamura, and respectfully submits his objections to Plaintiff's Second Proposed Set of Jury Instructions as follows:

**Instruction No. 1 ("RICO Claims")**

The first and third paragraphs of Plaintiff's instruction should be deleted and replaced by Iwamoto's Instruction No. 1 which provides a clearer statement of the remaining RICO claim for the upcoming trial. Iwamoto's Instruction No. 1 informs that jury that Plaintiff alleges that Defendant Iwamoto conspired with Kurt Glassman in violation of RICO Section 1962(d).

Plaintiff's instruction is confusing and repetitive. The last sentence of the first paragraph instructs the jury that Plaintiff alleges Iwamoto violated RICO Section 1962(d). The third paragraph then: (1) reiterates Whirlpool's claim that Iwamoto violated Section 1962(d); and (2) elaborates on the last sentence of the first paragraph by stating that Whirlpool's claim is based on allegations that Iwamoto agreed to conspire to violate Section 1962(c). Iwamoto's Instruction No. 1 avoids the repetition by informing the jury that Plaintiff alleges that Iwamoto conspired with Kurt Glassman in violation of RICO Section 1962(d).

**Instruction No. 2 ("Section 1962(c) Instruction")**

Iwamoto does not object to the last paragraph of this instruction.

**1. This instruction is misleading in light of the Court's dismissal of Plaintiff's RICO Section 1962(c) claim against Iwamoto**

This instruction is misleading as it implies that: (1) Plaintiff's claim against Iwamoto is based on a violation of RICO Section 1962(c)[1]; and/or (2) Iwamoto can be found liable for violating RICO Section 1962(c). The Court has dismissed Plaintiff's Section 1962(c) claim against Iwamoto, thus he cannot be liable under RICO Section 1962(c).

[1] The first sentence of this instruction refers to RICO Section 1962(c) instead of Section 1962(d).

By improperly implying that Iwamoto can be liable for violating Section 1962(c), this instruction misstates the law of the case and contradicts Plaintiff's Instruction No. 1 which states that Plaintiff's claim is based on allegations that Iwamoto conspired to violate Section 1962(c).

The last paragraph on page 4 is particularly misleading because the specific reference to Iwamoto in the second sentence strongly implies that the jury can find Iwamoto is liable for a violation of RICO Section 1962(c) based on "a sufficient connection with the enterprise, the defendant, and the alleged pattern or racketeering activity." Again, Iwamoto cannot be liable on that basis in light of the Court's dismissal of the Section 1962(c) claim.

**2. References to "defendant" are misleading, vague and ambiguous**

Iwamoto objects to the instruction's vague, ambiguous and confusing references to "defendant". The instruction cannot be understood since it does not identify a specific person or entity who is the "defendant" referenced therein. Iwamoto's status as a "defendant" may cause the jury to erroneously find that he violated RICO Section 1962(c) despite the prior dismissal of Plaintiffs' Section 1962(c) claims against him.

The confusion caused by this Instruction is particularly evident in the third paragraph because: (1) all sentences (except for subparagraph no. 4) refer to "defendant" without identifying a specific Defendant; and (2) the second sentence refers to Iwamoto without clarifying whether the "defendant" is Iwamoto or some other person or entity.

If the Court is inclined to read this instruction, the instruction should be revised to specifically identify the "defendant" referenced therein.

**3. The instruction does not define terms used therein.**

This instruction does not define "enterprise". The definition of "enterprise" is included in Instruction No. 3 relating to Plaintiff's conspiracy claim under RICO section 1962(d). However, the definition of "enterprise" should be part of a separate instruction to inform the jury that the definition applies to all instructions and is not limited to Instruction No. 3.

The jury will be confused by subparagraph no. 2 of this instruction because the instruction does not: (1) define "interstate or foreign commerce"; (2) explain what is meant by "engaged in, or had some effect upon, interstate or foreign commerce"; and (3) explain the level of activity that would have "some effect upon[ ] interstate or foreign commerce[.]" These terms should be explained to the jury to prevent this

issue from being decided on the basis of the jury's lay understanding which may not comport with the proper legal definitions.

Subparagraph no. 5 does not define "pattern of racketeering activity". Unless this term is defined, the jury will not understand "pattern of racketeering activity" and may decide this claim based on a definition that does not comport with the statute's definition.

**Instruction No. 3 ("Section 1962(d) Instruction")**

Iwamoto submits that his Jury Instruction No. 3 should be read to the jury. His instruction is clearer because the first paragraph informs the jury that the claim is based on a conspiracy to commit mail fraud or wire fraud. The first paragraph of Plaintiff's instruction makes vague reference to "an offense which would be in violation of RICO".

**1. The instruction is vague and ambiguous**

Iwamoto's Instruction No. 3 is a clearer statement of the law. The reference to "two or more persons" in Plaintiff's subparagraph no. 1 is vague and ambiguous because it does not specifically identify the persons to whom this instruction is directed. Subparagraph no. 1 in Iwamoto's instruction specifically refers to Kurt Glassman and Iwamoto.

Plaintiff's subparagraph no. 1 is also objectionable because it is confusing and unintelligible as it combines two separate issues: (1)

whether there was an agreement to accomplish a common and unlawful plan; and (2) whether anyone engaged in activities that affected interstate commerce or conducted the affairs of an enterprise. Subparagraph nos. 1 and 2 in Iwamoto's instruction is clearer because it properly separates Plaintiff's subparagraph no. 1 into two separate issues.

The reference to "one of the conspirators" in Plaintiff's subparagraph no. 3 is vague and ambiguous. Plaintiff's Instruction does not identify the "conspirators" referenced therein.

**2. Definitions in this instruction should be in individual instructions**

The definitions in Plaintiff's Instruction No. 3 should be part of individual instructions to prevent jury confusion with respect to whether the definitions apply to all instructions or only with respect to Plaintiff's Instruction No. 3. The definitions are not specifically directed to the Section 1962(d) Instruction because "enterprise" and "pattern of racketeering activity" are found in the Section 1962(c) Instruction. (See, Plaintiff's Instruction no. 2).

**3. The references to "securities fraud" and "bank fraud" should be deleted**

The references to "securities fraud" and "bank fraud" are misleading and should be deleted. A RICO violation in this trial cannot be

based on securities fraud and bank fraud because Plaintiff's First Amended RICO Statement filed October 17, 2001 did not allege that the RICO conspiracy claim was based on "securities fraud" and "bank fraud". (Page 45-46 of Plaintiff's First Amended RICO Statement filed October 17, 2001). Plaintiff's First Amended RICO Statement also did not disclose facts establishing securities fraud[2] and bank fraud[3]. (**Id**., p. 27-36).

**4. The definition of "pattern of racketeering activity" is vague and ambiguous**

The reference to "defendant" in the second and third paragraphs on page 7 is vague and ambiguous because it does not inform the jury which Defendant is being referred to.

**Instruction No. 4 ("Wire Fraud")**

The references to "defendant" and "[s]ome person or persons" are vague and ambiguous because the jury is not informed which defendant this instruction is directed against. The instruction should be

---

[2] Plaintiff did not allege that securities fraud occurred as part of the pattern of racketeering. The section entitled "Violation of 18 U.S.C. §1956 and §1957 (Laundering of Monetary Instruments and Engaging in monetary transactions derived from specified unlawful activity)" (pages 20 through 25 of First Amended RICO Case Statement) only refers to money laundering but there is no allegation that Plaintiff was an investor who was defrauded in a securities transaction.

[3] The facts stated in "Violation of 18 U.S.C. §1344 (Regarding Fraud Relating to a Financial Institution)" (page 26 through 27 of First Amended RICO Case Statement) do not state a claim for Bank Fraud under 18 U.S.C. §1344 which involves fraud committed against a financial institution. Plaintiff only alleged there was "a scheme or artifice to defraud potential investors of CGB Enterprises, Inc., which would serve to continue the Enterprise." (*Id*., at page 26). It did not allege that it is a financial institution or that any financial institution was defrauded by Iwamoto.

revised to make specific reference to the defendant who allegedly committed mail fraud.

The definition of "intent to defraud" in the second paragraph is unnecessary because that term is not used in the instruction.

**Jury Instruction No. 5 ("Wire Fraud")**

The reference to "defendant" in the first and second paragraphs should be replaced with "Mr. Glassman" to clarify which Defendant is being referenced in this instruction.

**Jury Instruction No. 6 ("Bank Fraud")**

Iwamoto objects to this instruction because bank fraud is not a part of this lawsuit. (See, footnote no. 3). Plaintiff cannot recover damages based on bank fraud because it is not a financial institution that sustained damages as a result of bank fraud. Plaintiff's First Amended RICO Case Statement does not refer to bank fraud or state facts showing that bank fraud was committed.

Iwamoto cannot be found liable under RICO Section 1962(c) based on bank fraud. The Court previously dismissed Whirlpool's Section 1962(c) claim pursuant to Iwamoto's summary judgment motion.

**Jury Instruction No. 7 ("Conspiracy")**

Jury Instruction No. 7 should be combined with Instruction No. 3. Jury Instruction No. 7 attempts to explain the elements of the RICO Section 1962(d) claim that is addressed in Instruction No. 3.

This instruction is vague, ambiguous and confusing. It uses the terms "alleged members of the conspiracy", "alleged conspirators" and "defendant" interchangeably without identifying specific persons or clarifying whether the terms refer to the same or different persons.

The references to "alleged members of the conspiracy" (first sentence in first paragraph on page 13) and "alleged conspirators" (all sentences in second paragraph on page 13 and first sentence of fourth paragraph on page 14) are vague and ambiguous. The instruction should be rewritten to identify the specific persons referenced therein.

The reference to "defendant" throughout this instruction is vague and ambiguous because it is unclear which "defendant" this instruction is referencing.

The second sentence in the second paragraph of page 15 is misleading. The acts of Kurt Glassman, Ted Phelps or Edwin Bowling cannot be attributed to Iwamoto unless: (1) there was a conspiracy; and (2) Iwamoto agreed to become a member of the conspiracy. As written, the

instruction would allow actions to be imputed to Iwamoto if it finds a conspiracy existed even when Iwamoto did not agree to become a member of the conspiracy. As stated in the second complete paragraph on page 14 of Plaintiff's instructions, Iwamoto's mere presence or association with others does not establish that he was a member of a conspiracy.

**Jury Instruction No. 8 ("Causation")**

**1. The instruction is contradictory with respect to proximate cause**

The fourth, fifth and sixth paragraphs should be deleted because they contradict the second paragraph with respect to Plaintiff's burden to show that the alleged violation of RICO Section 1962(d) was a proximate cause of Plaintiff's alleged damages. The second paragraph instructs the jury that Plaintiff's burden of proof regarding proximate cause is met by Plaintiff proving that the alleged violation was a substantial factor in causing the alleged damages. However, the second paragraph is contradicted by the fourth, fifth and sixth paragraphs which state that damages are recoverable if Plaintiff shows that: (1)t it was "harmed by the predicate acts" (fourth paragraph); (2) its damages were the "direct result" of the RICO violation (fifth paragraph); and (3) Plaintiff's alleged damages "directly resulted" from the RICO violation (sixth paragraph). The fourth, fifth and sixth paragraphs do not refer to "proximate cause" or instruct the

jury that the RICO violation must be a substantial factor in causing Plaintiff's alleged damages.

Both paragraphs are inconsistent with the second paragraph which requires the Plaintiff to prove that Iwamoto's conduct was a "substantial factor" in causing Plaintiff's alleged damages instead of: (1) a showing of harm caused by the predicate acts; and (2) harm that is the "direct result" of the alleged 1962(d) violation.

The loose language in the instruction will confuse the jury because the jury cannot possibly understand what is needed to find proximate cause in light of the conflicting definitions in this instruction. The instruction tells the jury that it is enough that Whirlpool's alleged injury was "caused" by the RICO violation or when Whirlpool was "harmed by predicate acts". The instruction then contradicts itself by informing the jury that the RICO violation must have "played a substantial part" or "directly resulted" in Whirlpool's injury.

The instruction is also vague, ambiguous and confusing because it does not specifically instruct the jury that it must find that Plaintiff's damages must be proximately caused by the alleged violation of RICO Section 1962(d). The last sentence of the first paragraph and the fourth paragraph on page 16 make vague references to "Iwamoto's

violation of RICO." The fifth paragraph on page 16 refers to a "violation of RICO." The second paragraph on page 16 only makes reference to an "act."

**2. The third, seventh, eighth and ninth paragraphs should be deleted**

The third, seventh eighth and ninth paragraphs on page 16 should be deleted because they are unrelated to causation. Those paragraphs address damage issues instead of causation.

**3. The instruction erroneously refers to RICO Section 1962(c)**

The fifth paragraph's reference to RICO "Section 1962(c)" is erroneous because Plaintiff's only claim against Iwamoto is based on an alleged violation of RICO Section 1962(d).

**Interrogatories** (pages 18-19 of Whirlpool's instructions).

Iwamoto objects to the interrogatories on grounds that the Court did not order the parties to submit interrogatories or special verdict forms. He reserves his right to submit his proposed verdict form at a later date.

**Instruction No. 9 ("Fraud and Deceit—Introductory Instruction")**

This instruction is vague because it does not refer to the party against whom the fraud and deceit claim is directed. Thee instruction should state that that fraud and deceit claim is not directed against Iwamoto.

Iwamoto also objects to the second paragraph because it is superfluous. Plaintiff's Instruction no. 10 defines the elements of a fraud/intentional misrepresentation claim.

**Instruction No. 10 ("Fraud and Deceit--Intentional Misrepresentation")**

Iwamoto objects to the instruction regarding intentional misrepresentation because: (1) the instruction should specifically identify the Defendant against whom this claim is directed; and (2) the instruction fails to state that Plaintiff must prove fraud by clear and convincing evidence. *Hawaii's Thousand Friends v. Anderson*, 70 Haw. 276, 768 P.2d 1293 (1989).

**Instruction No. 11 ("Fraud and Deceit—Expression of Opinion")**

The references to "one party" and "party" in the second and third paragraphs are vague, ambiguous and misleading because it can be construed as referring to Iwamoto. To prevent jury confusion, the

instruction should be rewritten to refer to specific parties against whom this instruction is directed.

**Instruction No. 12 ("Fraud and Deceit—Concealment"), Instruction No. 13 ("Fraud and Deceit—Non-Disclosure of Known Facts"), and Instruction No. 14 ("Fraud and Deceit—Active Concealment of Known Facts")**

These instructions are vague because they do not identify the specific Defendant against whom this claim is directed. The instructions refer to "defendant", "one party", "party", and "one person" but not to specific persons.

In addition, fraud by concealment, non-disclosure of facts and active concealment of facts are not claims pled in Whirlpool's Second Amended Complaint filed February 22, 2002. The fraud claim in Count I of the Second Amended Complaint is based on alleged misrepresentations made to Whirlpool instead of the fraudulent concealment of facts.

**Instruction No. 15 ("Fraud and Deceit—False Promise")**

The reference to 'defendant" is vague, ambiguous and confusing. The fraud claim is not directed towards Iwamoto but this instruction could be interpreted as applying to Iwamoto in his capacity as a "defendant" in this lawsuit.

Iwamoto also objects to this instruction on grounds that: (1) this instruction is duplicative of Plaintiff's instruction No. 10; and (2) Plaintiff's claim is based on misrepresentations instead of false promises

**Instruction No. 16 ("Fraud and Deceit—Proof of Intent Not to Perform")**

This instruction is vague, ambiguous and confusing because it refers to "party" without excluding Iwamoto. The instruction should also be rewritten to make specific reference to the fraud claim to inform the jury that it does not apply to Iwamoto.

Thee instruction is also objectionable because Plaintiff's claim is based on misrepresentations instead of false promises.

**Instruction No. 17 ("Fraud and Deceit—Persons In/Not in Privity With Defendant")**

References to "false promise", "concealment", "promise" and "concealing" in this instruction should be deleted since Whirlpool's fraud claim is based on misrepresentations instead of false promises or concealment.

The third and fourth paragraphs should be deleted because those instructions are irrelevant to this lawsuit.

**Instruction No. 18 ("Fraud and Deceit—Professionals—Person to Whom Representation Made")**

Iwamoto objects to this instruction on grounds that: (1) Plaintiff has not pled a fraud claim against Iwamoto; and (2) Plaintiff's fraud claim does not allege that the public or a class of persons were defrauded. This instruction should be deleted to avoid misleading the jury that: (1) Plaintiff has filed a fraud claim against Iwamoto; and (2) Iwamoto can be found liable for fraud and deceit.

**Instruction No. 19 ("Reliance") and Instruction No. 20 ("Fraud and Deceit—Right to Rely")**

This instruction should be revised to inform the jury that this claim is directed only against Defendant CIT and is not based on actions or statements by Iwamoto.

**Instruction No. 21 ("Fraud and Deceit—Damages—Benefit of the Bargain Rule") and Instruction No. 22 ("Fraud and Deceit—Damages—Out of Pocket Rule")**

Iwamoto objects to these instructions on grounds that the instruction refers to "defendant" without identifying the specific Defendant against whom the fraud claim is directed. Specific identification should be made because the fraud claim is not directed against Iwamoto.

Iwamoto objects to the instruction entitled "Fraud and Deceit—Damages—Out of Pocket Rule" (Whirlpool's Instruction No. 22) because

the instruction is inappropriate to Whirlpool's fraud claim. In this lawsuit, Whirlpool seeks recovery of amounts owed with respect to the sale of its appliances.

The instructions are also repetitive because both instructions purport to instruct the jury on the "out of pocket rule" and the nature of damages that can be awarded to Plaintiff.

Iwamoto also objects to the submission of jury instructions on damages issues since trial has been bifurcated on the liability and damages issues. Iwamoto reserves his right to submit instructions on the damages issues at a later dated.

**Instruction No. 23 ("Conversion—Essential Elements—Damages")**

The reference to "Defendant's" in subparagraph no. 3 should be changed to "Defendant CIT" to: (1) conform to the reference to Defendant CIT" in subparagraph no. 2; and (2) prevent the jury from misconstruing the instruction as applying to Iwamoto.

**Instruction No. 24 ("Damages (To Be Given in Second Phase in this case")**

The first line of this instruction should be revised to read "If you find that plaintiff is entitled to recover damages for conversion **from Defendant CIT**. . ." (Revision in bold). This revision will inform the jury that:

(1) Plaintiff's conversion claim is only against Defendant CIT; and (2) Iwamoto is not liable for damages, if any, awarded under this claim.

The reference to interest should be deleted because the Court can address monetary interest issues after the verdict is reached. Iwamoto objects to subparagraph no. 2 because it suggests that the jury can award attorney's fees and costs to the Plaintiff.

Iwamoto also objects to the submission of jury instructions on damages issues since trial has been bifurcated on the liability and damages issues. Iwamoto reserves his right to submit instructions on the damages issues at a later dated.

**Instruction No. 25 ("Conspiracy—Definition/Introductory")**

Iwamoto submits that his Instruction no. 19 should be read instead of Whirlpool's instruction. Iwamoto's instruction is clearer because it makes specific reference to a conspiracy to defraud which is the specific basis of Plaintiff's claim. The reference to "wrongful acts" in Plaintiff's instruction is vague and ambiguous in light of Plaintiff's various allegations of "wrongful acts" in this lawsuit.

Plaintiff's instruction is also incomplete because it does not instruct the jury that Whirlpool must prove the existence of a conspiracy by clear and convincing evidence. (See Iwamoto's instruction no. 20).

**Instruction No. 26 ("Conspiracy—Joint Responsibility")**

Iwamoto objects to this instruction because the instruction is incomplete because it omitted the last paragraph in BAJI 13:86. That paragraph states:

> You must determine whether the defendant was a member of a conspiracy to commit the originally agreed upon wrongful act or acts, and, if so, whether the act alleged was perpetrated by a co-conspirator in furtherance of this conspiracy and was a natural or probable consequence of the agreed upon objective of the conspiracy.

The omitted paragraph[4] is essential because it informs the jury that Iwamoto must be found a member of a conspiracy before he is subject to joint responsibility for the acts of others.

If the Court is inclined to read this instruction to the jury, the omitted instruction should be included with modifications: (1) insert "fraud" in place of "the originally agreed upon wrongful act or acts" and (2) insert "fraud" in place of "act alleged".

**Instruction No. 27 ("Conspiracy—Proof of Express Agreement Not Necessary")**

The last sentence should be deleted because it will mislead the jury with respect to the Plaintiff's burden of proof on the conspiracy claim. The jury may misconstrue the statement that an express or formal

[4] Whirlpool's Instruction No. 26 does not state that it omitted the aforementioned paragraph.

agreement is unnecessary as meaning that evidence of any agreement is unnecessary to prove a conspiracy. Hawaii case law requires "approval, cooperation or agreement" among the conspirators before a conspiracy is found because "mere acquiescence or knowledge is insufficient[.]" *Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transportation, Inc.*, 91 Haw. 224, 260 fn. 44 (1999).

**Instruction No. 28 ("Association Alone Does Not Prove Membership in Conspiracy")**

No objection.

**Instruction No. 29 ("Acquaintance With All Co-Conspirators Not Necessary")**

No objection.

**Instruction No. 30 ("When Conspirators Not Liable for Act of Co-Conspirators")**

No objection.

**Instruction No. 31 ("Conspirators Not Bound by Act or Declaration of Non-Conspirator")**

No objection.

**Instruction No. 32 ("Commission of Act in Furtherance of a Conspiracy Does Not Itself Prove Membership in Conspiracy")**

No objection.

**Instruction No. 33 ("Joining Conspiracy After Its Formation")**

This instruction is vague and ambiguous with respect to when a person "joins a conspiracy (first sentence) and "becomes a member of the conspiracy" (sixth line). The instruction should refer to a person who "willfully, intentionally and knowingly agreed to become a member of a conspiracy". (Plaintiff's Instruction No. 36)

**Instruction No. 34 ("Withdrawal from Conspiracy")**

No objection.

**Instruction No. 35 ("Liability for Acts Committed After Termination of Conspiracy")**

No objection.

**Instruction No. 36 ("Conspiracy—Case Must Be Considered As To Each Defendant")**

No objection.

**Instruction No. 37 (Determination of Admissibility of Co-Conspirator's Statements")**

Iwamoto objects to the instruction on the grounds that the first sentence is vague and ambiguous. The instruction is also vague and ambiguous with respect to: (1) the reference to "one alleged conspirator" and "another alleged conspirator" in the first sentence; and (2) the reference to "person" in subparagraph no. 2 and the last paragraph.

**Instruction No. 38 ("Punitive Damages—Recovery of—(Bifurcated Trial—First Phase)")**

No objection.

**Instruction No. 39 ("Punitive Damages—Measure of—(Bifurcated Trial—Second Phase))"**

No objection.

**Instruction No. 40 ("Punitive Damages Against Principal for Acts of Agent—When Permitted (Bifurcated Trial—First Phase))"**

No objection.

**Instruction No. 41 ("Agent and Principal—Definition")**

Iwamoto objects to this instruction on grounds that the instruction is silent as to: (1) which claim the instruction is directed to: (2) which parties Plaintiff is claiming to be agent and principal.

**Instruction No. 42 ("Scope of Authority/Employment—Meaning")**

Iwamoto objects to this instruction on grounds that the instruction is silent as to: (1) which claim the instruction is directed to: (2) which parties Plaintiff is claiming to be agent and principal.

**Instruction No. 43 ("Principal Sued But Not Agent—Agency or Authority Denied")**

No objection.

**Instruction No. 44 ("Inducing Breach of Contract")**

The references to "defendant" in subparagraphs nos. 2, 3, 4 and 6 are vague, ambiguous and confusing. The instruction should be rewritten to identify the specific party who is referenced therein.

**Instruction No. 45 ("Inference of Intent")**

No objection.

**Instruction No. 46 ("Damages")**

No objection.

**Instruction No. 47 ("Securities Fraud")**

Iwamoto objects to this instruction on the grounds that Plaintiff's RICO claim cannot be based on securities fraud. The RICO conspiracy claim pled in paragraphs 231 through 233 of Plaintiff's First Amended Complaint filed October 16, 2001 does not allege that Iwamoto conspired to commit securities fraud. Plaintiffs' First Amended RICO Case Statement filed October 17, 2001 did not disclose that Plaintiff's RICO conspiracy claim was based on securities fraud. (Pages 45-46 of Plaintiff's First Amended RICO Case Statement).

Iwamoto also objects to this instruction on grounds that Plaintiff was not damaged by securities fraud. Plaintiff sustained its alleged damages as a result of non-payment for shipments of appliances but not

the purchase and sale of stock referenced in the third, fifth, sixth and seventh paragraphs of this instruction. There is no evidence that Iwamoto engaged in transactions involving the purchase and sale of stock.

The instruction is vague, ambiguous and confusing with respect to its references to "member of the Enterprise". The instruction fails to identify the specific person who is referenced therein.

The reference to "defendant" in the last paragraph is vague, ambiguous and confusing because it fails to identify the specific defendant who is referenced therein.

**Instruction No. 48 ("Bankruptcy Fraud")**

Iwamoto objects to this instruction on grounds that Plaintiff's RICO claim cannot be based on bankruptcy fraud. The RICO conspiracy claim pled in paragraphs 231 through 233 of Plaintiff's First Amended Complaint filed October 16, 2001 does not allege that Iwamoto conspired to commit bankruptcy fraud. Plaintiffs' First Amended RICO Case Statement filed October 17, 2001 did not disclose that Plaintiff's RICO conspiracy claim was based on bankruptcy fraud. (Pages 45-46 of Plaintiff's First Amended RICO Case Statement).

Iwamoto also objects to this instruction on grounds that Plaintiff was not damaged by bankruptcy fraud. Plaintiff sustained its alleged

damages as a result of non-payment for shipments of appliances. There is no evidence that Iwamoto engaged in the conduct described in this instruction.

DATED: Honolulu, Hawaii, March 15, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | CIVIL NO. 01-00187 MEA BMK (Tort and RICO)<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was duly served on the following parties listed below, in the manner described thereto, at their last known addresses on March 15, 2006.

| | U.S. Mail | Hand Delivery |
|---|---|---|
| TIMOTHY J. HOGAN, ESQ.<br>Lynch Ichida Thompson Kim & Hirota<br>1132 Bishop Street, Suite 1405<br>Honolulu, Hawaii 96813<br>Attorney for Plaintiff<br>WHIRLPOOL CORPORATION | XX | |
| PAUL ALSTON, ESQ.<br>LOUISE K.Y. ING, ESQ.<br>Alston Hunt Floyd & Ing<br>1001 Bishop Street<br>Pacific Tower, 18th Floor<br>Honolulu, Hawaii 96813<br>Attorneys for Defendant<br>CIT GROUP/BUSINESS CREDIT, INC. | XX | |

DATED: Honolulu, Hawaii, March 15, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO