Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON 1126-0
LOUISE K. Y. ING 2394-0
THOMAS E. BUSH 4737-0
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawaiʻi 96813
Telephone: 524-1800
Facsimile: 524-4591
palston@ahfi.com
ling@ahfi.com
tbush@ahfi.com

Attorneys for Defendant/Cross-claimant
THE CIT GROUP/BUSINESS CREDIT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | Civil No. CV 01 00187 MEA-BMK (Tort and RICO)<br><br>**DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S OBJECTIONS TO PLAINTIFF'S SECOND PROPOSED SET OF JURY INSTRUCTIONS FILED FEBRUARY 27, 2006; DEFENDANT CIT'S SUPPLEMENTAL JURY INSTRUCTIONS NOS. 11a-11b;** CERTIFICATE OF SERVICE<br><br>JUDGE: Hon. Marvin E. Aspen<br>TRIAL DATE: November 6, 2006 |

**DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S OBJECTIONS TO PLAINTIFF'S SECOND PROPOSED SET OF JURY INSTRUCTIONS FILED FEBRUARY 27, 2006**

Defendant The CIT Group/Business Credit, Inc. ("CIT"), pursuant to L.R. 51.1, Fed. R. Civ. P. 51.1, and the Honorable Marvin Aspen's Minute Order, filed December 13, 2005, as amended by Minute Order filed January 30, 2006, hereby submits its Objections to Plaintiff's Second Proposed Set of Jury Instructions filed on February 27, 2006, as well as proposed supplemental instructions in response to Whirlpool's submissions.

CIT reserves the right to assert additional objections to other parties' jury instructions and to propose alternate or supplemental instructions, based upon this Court's rulings in this case as well as the evidence and arguments presented by the parties during trial.

DATED: Honolulu, Hawai'i, March 15, 2006.

/s/ Louise K. Y. Ing
PAUL ALSTON
LOUISE K. Y. ING
THOMAS E. BUSH
Attorneys for Defendant/Cross-claimant
THE CIT GROUP/BUSINESS CREDIT, INC.

**DEFENDANT CIT'S OBJECTIONS**

**WHIRLPOOL INSTRUCTION NOS. 9-22 - FRAUD**

**WHIRLPOOL INSTRUCTION NO. 9**
**INTRODUCTORY INSTRUCTION - FRAUD**

- **Vague and Incomplete.** Whirlpool's instruction fails to note that the burden of proof for fraud claims is clear and convincing evidence. It also fails to indicate the specific allegations made by Whirlpool against CIT that comprise the alleged "intentional misrepresentation, concealment or false promise" and that a substantial part of Whirlpool's fraud claim is based such alleged "intentional misrepresentation, concealment or false promise" by a supposed CIT agent, and agency must therefore be proven. Such details should be included to provide the jury with direction and context for considering the evidence.

**ALTERNATE INSTRUCTION(S):**

♦ *See* CIT's Instruction No. 5 in its Second Proposed Set of Jury Instructions (filed March 1, 2006), which describes Whirlpool's fraud allegations based on Ted Phelps' alleged wrongdoing as an alleged agent of CIT and which should be modified to add specifics as to Whirlpool's allegations of false promises made and alleged concealment.

♦ *See also* that portion of CIT's Instruction No. 10 stating the burden of proof for proving each element of fraud and which should be included in Whirlpool Instruction 9,

modified as follows: "Whirlpool's claim for fraud requires it to prove each of the elements of fraud by clear and convincing evidence."

- *See also* CIT's Instruction Nos. 6-9, in which the standards for finding the existence of an agency relationship between CIT and Mr. Phelps precede the standards for finding fraud. Agency instructions should precede the fraud instructions, as the jury must first determine whether Mr. Phelps was even an agent of CIT. If he was not, then any fraud he committed is not attributable to CIT.

**WHIRLPOOL INSTRUCTION NO. 10 - FRAUD AND DECEIT INTENTIONAL MISREPRESENTATION**

- **Incomplete.** Whirlpool's instruction explaining fraud by misrepresentation does should also include language explaining materiality, the standard for proving materiality or the consequences of not finding materiality.

**SUPPLEMENTAL INSTRUCTION:** *See* CIT's instruction 11 which explains materiality, citing to 9th Circuit and Hawai`i law.

**WHIRLPOOL INSTRUCTION NO. 11 EXPRESSION OF OPINION**

- **Misleading and incorrect.** Whirlpool's instruction does not correctly state the standard for determining whether expressions of opinion are or are not actionable as fraud

because it puts too much emphasis on the exception to the general rule that an expression of opinion is not actionable as fraud. The correct formulation under Hawai`i law was stated in *Lui Ciro, Inc. v. Ciro,Inc.*, 895 F. Supp. 1365, 1376 (D. Hawaii 1995): "Generally, a[n] . . . opinion is not actionable as fraud unless the person making the statement has specialized knowledge upon which another party is entitled to rely" (citing *Bulgo v. Munoz*, 853 F.3d 710, 716 (9th Cir. 1988)("an actionable misrepresentation must relate to fact and cannot be based on an expression of opinion").

**ALTERNATE INSTRUCTION:** *See* attached Supplemental Instruction No. 11a, Fraud and Deceit - Expression of Opinion, which states a formulation consistent with Hawai`i law.

**WHIRLPOOL INSTRUCTION NO. 13, NONDISCLOSURE OF KNOWN FACTS**

- **Incorrect, inapplicable, misleading and confusing.**

  Whirlpool's instruction no. 13 is incorrect and should be stricken. It is confusing to the jury to instruct them on factors for finding a fiduciary or confidential relationship between Whirlpool and CIT because of the significant body of law (discussed below) holding that creditors of a debtor do not owe a fiduciary or confidential relationship to each other giving rise to a duty to disclose. At the very least,

the last sentence of Whirlpool's instruction on extent of a duty to disclose known facts absent a confidential or fiduciary relationship should be stricken as overbroad and contrary to Hawai`i law.

Whirlpool's language on fiduciary duty and confidential relations ignores the growing body of law acknowledging a lender's lack of duty to disclose its borrower's suspected fraud to the borrower's other creditors. *B.E.L.T. Inc. v. Wachovia Corp.* 403 F.3d 474, 476 (7th Cir. 2005) ("Illinois, like most other states, does not require business ventures to do good turns for their rivals"); *Sharp International Corp. v. State Street Bank and Trust Co.*, 403 F.3d 43, 53(holding that lender was not liable for failing to reveal borrower's fraud to borrower's new lenders and for instead arranging "to extricate itself from the risk" and not "precipitat[ing] its own loss in order to protect lenders that were less diligent").

A creditor has no fiduciary obligation to another creditor in the collection of its debt; nor does a creditor have a duty to disclose to other creditors financial information or problems relating to its debtor. *California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987)("Absent an independent duty, such as a fiduciary duty or an explicit statutory duty, failure to disclose cannot be the basis of a

fraudulent scheme"); *In re 200 Woodbury Realty Trust*, 99 B.R. 184, 188 (Bankr. D.N.H. 1989); *Crowder v. Allen-West Com. Co.*, 213 F. 177, 184 (8th Cir. 1914)("A creditor of an insolvent debtor is a competitor of all his other creditors. He stands in no fiduciary or contractual relation to them and owes them no duty to inform them of his debtor's financial condition, his insolvency, or of the amount of his indebtedness to him").

Courts hold that there is nothing wrong with a creditor using its bargaining position to improve the status of its loans. *In re W.T. Grant Co.*, 699 F.2d 599, 610 (2d Cir. 1983) ("there is generally no objection to a creditor's using his bargaining position, including his ability to refuse to make further loans needed by the debtor, to improve the status of his existing claims"), *cert. denied*, *Cosoff v. Rodman*, 464 U.S. 822 (1983); *In re Prima Co.*, 98 F.2d 952, 965 (7th Cir. 1938), *cert. denied*, *Keig of Prima Co. v. Harris Trust & Savings Bank*, 305 U.S. 658 (1939)(rejecting claim that two secured bank lenders mismanaged debtor through a general manager they induced debtor to hire by threatening to call the loan; court found that the relation between parties was solely debtor/creditor and that recommending a manager was not sufficient to create a fiduciary relationship).

Under Hawai`i law, the one recognized situation that may give rise to a duty to disclose all material information absent a confidential or fiduciary relationship between the parties is "[w]hen a party injects himself into a business transaction." *National Consumer Co-op. Bank v. Madden*, 737 F. Supp. 1108, 1112 (D. Hawaii 1990). In such a situation, the party "incurs a duty to disclose all material information necessary to prevent representations he makes, either directly or indirectly, from misleading other parties to the transaction." *Id.*

**ALTERNATE INSTRUCTION:** *See* attached supplemental instruction no. 11b.

**WHIRLPOOL INSTRUCTION NO. 14**
**ACTIVE CONCEALMENT OF KNOWN FACTS**

- **Incorrect, inapplicable, misleading and confusing.** This instruction should be stricken for the reasons stated in the objection to Whirlpool's Instruction No. 13 above.

**ALTERNATE INSTRUCTION:** *See* attached supplemental instruction no. 11b.

**WHIRLPOOL INSTRUCTION No. 17**
**PERSONS IN/NOT IN PRIVITY WITH DEFENDANT.**

- **Inapplicable, incorrect and misleading.** The last two paragraphs of this instruction, relating to whether a party

is liable to parties other than those to whom he made representations, should be stricken. They are inapplicable as there is no allegation in the Second Amended Complaint that Whirlpool claims fraud based on statements not made directly to it. The instruction also lacks a context that ties it to this particular case.

**SUPPLEMENTAL INSTRUCTION:** The following language should be added after the first two paragraphs of Whirlpool's instruction no. 17:

> If you find that Mr. Phelps was CIT's agent and you find that he made a misrepresentation, or false promise [or concealed information from] Whirlpool, then Whirlpool must also prove by clear and convincing evidence that Mr. Phelps intended to induce Whirlpool to act in reliance on such misrepresentation, or false promise [or concealed information].

**WHIRLPOOL INSTRUCTION NO. 18**
**PROFESSIONALS - PERSON TO WHOM REPRESENTATION MADE**

- **Inapplicable, duplicative and confusing.** Whirlpool's Instruction 18 relates to persons who are entitled to rely on representations of professionals. It should be stricken as duplicative of Whirlpool's Instruction No. 17. It is also inapplicable as there is no allegation in the Second Amended Complaint that Whirlpool claims fraud based on statements not made directly to it.

**WHIRLPOOL INSTRUCTION NO. 20**
**(Fraud - Justifiable Reliance)**

- **Incomplete.** While CIT has no objection to Whirlpool's formulation of the justifiable reliance standard under *Stahl v. Balsara,* 60 Haw. 144, 149, 587 P.2d 1210 (1978) and *Restatement (Second) of Torts § 541 (1977)*, Whirlpool's instruction on justifiable reliance is incomplete because it does not provide the specific factual context to which the instruction should be implied and also fails to state the applicable evidentiary standard.

**SUPPLEMENTAL INSTRUCTION.** CIT's Instruction No. 12a (filed March 1, 2006), paragraphs 2 and 3, should be added to Whirlpool's instruction no. 20 for completeness and context. In addition, Whirlpool's instruction no. 20 should be supplemented by CIT's Instruction No. 12b, which further explains the standards for justifiable reliance, including the recipient's responsibility to use its judgment and senses. *See Bulgo v. Munoz,* 853 F.2d 710, 716 (9th Cir 1988) (plaintiff's claimed reliance was not justifiable where he was an experienced businessman); *Stahl v. Balsara,* 60 Haw. at 149("utterly unreasonable" for plaintiff to rely on promises and expressions of intent).

**WHIRLPOOL INSTRUCTION 21, FRAUD AND DECEIT DAMAGES - BENEFIT OF THE BARGAIN**

- **Premature and confusing.** This Court has bifurcated liability and damages in this trial, and hence proof of damages, if any, will await the second phase of the trial, if any. As the jury is not assessing damages as of yet, this instruction will only confuse them. However, if the Court is inclined to resolve damages' instructions at this time, CIT reserves the right to set forth further objections and to submit its proposed damages instructions.

**WHIRLPOOL INSTRUCTION 22, DAMAGES - OUT OF POCKET**

- **Premature and Confusing.** This Court has bifurcated the trial of liability and damages and hence, proof of damages will await the second phase of the trial. As the jury is not assessing damages yet and may never need to do so, these instructions will only confuse them.

**ALTERNATE INSTRUCTION:** CIT's Instruction 13, Fraud-Causation, should be included among the fraud-related instructions. There will be no need for a damage phase of the trial if the jury finds that CIT's alleged fraud was not the proximate cause of Whirlpool's damages. The jury should also be instructed that damages, if any, are reserved for future proceedings and are not at issue in the current trial.

**WHIRLPOOL INSTRUCTION NOS. 23-24 - CONVERSION**

**WHIRLPOOL INSTRUCTION NO. 23, CONVERSION ESSENTIAL ELEMENTS - DAMAGES**

- **Incorrect, incomplete and confusing.** Whirlpool's formulation of the supposed elements of conversion in its Instruction No. 23 is overbroad (use of term "interference"), is not consistent with Hawai`i law, and uses terminology that confuses the tort with that of tortious interference. The instruction is also incomplete as it does not deal with the various defenses raised by CIT to the conversion claim. Although the court addressed CIT's defenses in its Memorandum Opinion and Order, it ultimately denied summary judgment for both sides on Whirlpool's conversion claim. With due respect, CIT is uncertain of the effect of the court's dicta on findings that are left to the jury and in order to preserve its rights and defenses, has included jury instructions on its conversion defenses.

**ALTERNATE AND SUPPLEMENTAL INSTRUCTIONS:** CIT's instruction nos. 16-19, 20a, 20b, and 21 provide a more complete statement of the conversion tort and various defenses that is consistent with Hawai`i law.

**WHIRLPOOL INSTRUCTION 24, CONVERSION DAMAGES**

- **Premature and Confusing.** This Court has bifurcated the trial of liability and damages and hence, proof of damages will await the second phase of the trial. As the jury is not assessing damages yet and may never need to do so, these instructions will only confuse the jury and should be stricken at this time. CIT reserves the right to submit instructions on conversion damages should the jury find in Whirlpool's favor on conversion.

**ALTERNATE INSTRUCTION:** The jury should be instructed that damages, if any, are reserved for future proceedings and are not at issue in the current trial.

**WHIRLPOOL INSTRUCTION NOS. 25-37 [CIVIL CONSPIRACY]**

**WHIRLPOOL INSTRUCTION NO. 25 - CONSPIRACY DEFINITION/INTRODUCTORY**

- **Incomplete and confusing.** Whirlpool's instruction lacks a sufficient factual context and does not correctly or clearly state the elements of civil conspiracy under Hawai`i law.

**SUPPLEMENTAL INSTRUCTION:** Whirlpool's Instruction No. 25 should be read in conjunction with CIT's Instruction No. 13, which provides a factual context for the conspiracy instructions and which clearly sets forth the elements of civil conspiracy under Hawai`i law.

**WHIRLPOOL INSTRUCTION NO. 26**
**CONSPIRACY-JOINT RESPONSIBILITY**

- **Misstates Hawai`i law and overbroad.** The last paragraph of Whirlpool's instruction does not accurately state Hawai`i case law on civil conspiracy and should be stricken. The language below more accurately states the law on joint responsibility in Hawai`i:

  When a conspiracy has been established, everything said or done by any of the conspirators in execution or furtherance of the common purpose is deemed to have been so said or done by all and may be proved against each whether said or done in the presence of the others or not.

*Hashimoto v. Halm*, 40 Haw. 354, 363-64 (1953). That formulation is consistent with the first two paragraphs of Whirlpool's Instruction NO. 26, but not the overbroad last paragraph.

**WHIRLPOOL INSTRUCTION NO. 27**
**CONSPIRACY - PROOF OF EXPRESS AGREEMENT NOT NECESSARY**

- **Incomplete.** Whirlpool's instruction does not provide factual context, the standard of proof, nor the various factors, recognized under 9th Circuit law, for determining the existence of an agreement to commit an unlawful act. It should be stricken.

**ALTERNATE INSTRUCTION:** CIT's instruction no. 15 on Concerted Action is a more comprehensive statement of the law in the 9th Circuit.

**WHIRLPOOL INSTRUCTION 39, PUNITIVE DAMAGES, MEASURE OF (BIFURCATED TRIAL - SECOND PHASE)**

- **Premature and Confusing.** This Court has bifurcated the trial of liability and damages and hence, proof of damages will await the second phase of the trial, if any. As the jury is not assessing damages yet and may never need to do so, these instructions will only confuse the jury and should be stricken at this time. CIT reserves the right to submit instructions on punitive damages should the jury find in Whirlpool's favor on conversion.

**ALTERNATE INSTRUCTION:** The jury should be instructed that damages, if any, are reserved for future proceedings and are not at issue in the current trial.

**WHIRLPOOL INSTRUCTION Nos. 39 and 40**
**PUNITIVE DAMAGES - MEASURE OF**
**PUNITIVE DAMAGES - ACTS OF AGENT**

- **Premature and Confusing.** As Whirlpool's titling of the instructions appears to recognize, this Court has bifurcated liability and damages in this trial, and hence proof of damages will await the second phase of the trial. However, if the Court is inclined to resolve damages' instructions at

this time, CIT reserves the right to set forth further objections and to submit its proposed damages instructions.

**WHIRLPOOL'S AGENCY INSTRUCTIONS - NOS. 41-43**

- **Confusing placement.** Whirlpool's placement of agency instructions near the end of its jury instructions would be confusing to the jury. Any agency instructions should instead be placed after introductory instructions on Whirlpool's fraud claims because its fraud claims are premised on Ted Phelps being found by the jury to be an agent of CIT.

**WHIRLPOOL INSTRUCTION No. 43, AGENCY OR AUTHORITY DENIED**

- **Incomplete and misleading.** Whirlpool's instruction should clarify that only Mr. Phelps' acts or omissions that are undertaken while acting within the scope of his authority give rise to potential liability, rather than simply stating in the second paragraph that "any act or omission of [Ted Phelps] was the act or omission of [CIT].

**ALTERNATE AND SUPPLEMENTAL INSTRUCTION:** CIT Instruction No. 8 is virtually identical to Whirlpool's Instruction No. 43 but contains the clarifying language in paragraph 2, "then any act or omission of Mr. Phelps *while acting as agent for CIT* was the act or omission of CIT." (Emphasis added.) It should be used in lieu of Whirlpool Instruction No. 43.

In addition, there should be an instruction stating the standards for finding acual authority and actual implied authority. CIT's Instruction No. 9 does so.

**WHIRLPOOL INSTRUCTION NO. 44, INDUCING BREACH OF CONTRACT**

- **Incomplete and misstates the law.** Whirlpool's instruction is an incomplete statement of the elements of tortious interference with contract under Hawai`i law because the element of "absence of justification" is missing.

**ALTERNATE INSTRUCTION.** CIT's Instruction No. 22 correctly states the elements of tortious interference with contract under Hawai`i law and should be used instead of Whirlpool Instruction No. 44.

**WHIRLPOOL INSTRUCTION NO. 45, INFERENCE OF INTENT**

- **Incomplete.** Whirlpool's Instruction No. 45 lacks factual context that is tailored to this case. Whirlpool's instructions on interference also lack instructions explaining other elements of the tort such as justification and breach.

**SUPPLEMENTAL INSTRUCTIONS.** CIT's Instruction No. 25 on Tortious Interference - Intent sets forth the framework and factual context for the intent instruction and should be read in conjunction with Whirlpool Instruction No. 45. CIT's Instruction Nos. 23 and 24 address standards for finding justification and

breach of a contract and should also be read with Whirlpool's Instruction No. 45.

**WHIRLPOOL INSTRUCTION 46, DAMAGES**

- **Premature and Confusing:** This Court has bifurcated liability and damages in this trial, and hence proof of damages will await the second phase of the trial, if any. As the jury is not assessing damages as of yet, this instruction will only confuse them. However, if the Court is inclined to resolve damages' instructions at this time, CIT reserves the right to set forth further objections and to submit its proposed damages instructions.

**ALTERNATE INSTRUCTION:** The jury should be instructed that damages, if any, are reserved for future proceedings and are not at issue in the current trial.