# DEFENDANT CIT'S SUPPLEMENTAL JURY INSTRUCTION NO. 11a
# FRAUD - EXPRESSION OF OPINION

Generally, an expression of opinion is not actionable as fraud unless the person making the statement has specialized knowledge upon which another party is entitled to rely.

If you find that Mr. Phelps was CIT's agent, then you must determine if any of Mr. Phelps' alleged misrepresentations to Whirlpool were an expression of opinion. Then, for Whirlpool to prevail on its fraud claim based on such expressions of opinion, Whirlpool must also show by clear and convincing evidence that Mr. Phelps had specialized knowledge upon which his opinion was based and that Whirlpool was justified in relying on such knowledge. If you find either that Mr. Phelps had no specialized knowledge at the time he expressed his opinions or that Whirlpool was not justified in relying on such opinions, you must find for CIT.

*Lui Ciro, Inc. v. Ciro,Inc.*, 895 F. Supp. 1365, 1376 (D. Hawaii 1995)(citing *Bulgo v. Munoz*, 853 F.3d 710, 716 (9th Cir. 1988))

DEFENDANT CIT'S SUPPLEMENTAL JURY INSTRUCTION NO. 11b
FRAUD - DUTY TO DISCLOSE

[ ] Where material facts are known to one party and not to the other, failure to disclose them is not actionable fraud unless there is some relationship between the parties which gives rise to a duty to disclose known facts.

A duty to disclose known facts arises where the party having knowledge of the facts is in a fiduciary or confidential relationship with the other party.

A fiduciary or confidential relationship exists whenever under the circumstances trust and confidence reasonably may be and is reposed by one person in the integrity and fidelity of another. **However, no confidential or fiduciary relationship exists between two creditors of a debtor company.**

A duty to disclose known facts arises, in the absence of a fiduciary or confidential relationship, **when a party injects himself into a business transaction. In such a situation, the party has a duty to disclose all material information necessary to prevent representations he makes, either directly or indirectly, from misleading other parties to the transaction.**

**In deciding whether a party has injected himself into a business transaction, you should consider all relevant facts about the degree to which the party involved himself in the business transaction at issue and how much of a role he played in such business transactions.**

**If you find that Mr. Phelps was CIT's agent, you must then determine whether Whirlpool has shown by clear and convincing evidence (A) that Mr. Phelps knew material facts and (B) that he had become involved in business transactions with Whirlpool to such a degree that he had a duty to disclose those material facts to Whirlpool in order to prevent the factual representations he did make to Whirlpool from being misleading. In making that determination, you must keep in mind that CIT did not, under normal circumstances, owe a duty of disclosure to other creditors of its borrower, MidPac. If you find that Whirlpool has failed to prove either that Mr. Phelps knew material undisclosed facts or had no duty of disclosure, you must find for CIT.**

BAJI 12.36 (2004) (**as modified in bold**); *National Consumer Co-op. Bank v. Madden*, 737 F. Supp. 1108, 1112 (D. Hawaii 1990).