LYNCH ICHIDA THOMPSON KIM& HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation, | ) | Civ. No. CV01 00187 MEA-BMK (TORT AND RICO) |
| Plaintiff, | ) | **PLAINTIFF WHIRLPOOL CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 1 REGARDING EVIDENCE RELATED TO THE ALLEGED CONSIGNMENT** |
| vs. | ) | |
| CIT GROUP/BUSINESS CREDIT, INC., a New York corporation, et al., | ) | |
| Defendants. | ) | |

**PLAINTIFF WHIRLPOOL CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 1 REGARDING EVIDENCE RELATED TO THE ALLEGED CONSIGNMENT**

COMES NOW Plaintiff Whirlpool Corporation ("Whirlpool"), by and through its undersigned counsel and hereby respectfully submits its Memorandum

in Support of the Motion in Limine No. 1 Regarding Evidence Related to the Alleged Consignment.

The Court has already ruled that "the transaction between MidPac and MHS was a security arrangement rather than a true consignment." Memorandum Opinion and Order filed on December 28, 2004 ("Order") at page 29. Declaration of Timothy J. Hogan (the "Hogan Dec.") at Exhibit "1." Moreover, the Court has ruled that "Thus, CIT did not have a first priority interest in the goods, and Whirlpool did, so Whirlpool has sufficiently established it had a first priority interest in the inventory." Order at page 29, Hogan Dec. Exhibit "1."

Whirlpool seeks an order barring CIT from putting forth evidence to support its claim, which the Court has already rejected, that it possessed consignment rights or rights as a senior secured creditor in products located at MHS when the Court has already ruled that they didn't. By permitting CIT to put forward evidence that the Court has already ruled on in deciding against summary judgment for CIT, the Court will necessarily create jury confusion. The Court should protect the jury from being overwhelmed by complexities related to legal issues related to consignments and security interests and allow the jury to stick to simply the facts that are relevant to this case. The relevant fact is whether "CIT moved in, directed the sale of goods from MHS's facility, and then took the proceeds," to quote the

Court. If this is shown, “CIT’s argument regarding proceeds is irrelevant.” Order at 31.

In this case, the Court has already ruled that Whirlpool has a senior security interest in regard to the Maui Home Supply inventory. Any evidence in regard to the alleged CIT consignment interest would simply be confusing to the jury and the Court should act in limine to prevent the admission of such evidence.

Wherefore, the Plaintiff asks that the Motion be granted.

DATED: Honolulu, Hawai’i, June 13, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION