LYNCH ICHIDA THOMPSON KIM& HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation, | ) | Civ. No. CV01 00187 MEA-BMK (TORT AND RICO) |
| Plaintiff, | ) | **PLAINTIFF WHIRLPOOL CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 3 REGARDING EVIDENCE OF SETTLEMENTS** |
| vs. | ) | |
| CIT GROUP/BUSINESS CREDIT, INC., a New York corporation, et al., | ) | |
| Defendants. | ) | |

**PLAINTIFF WHIRLPOOL CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 3 REGARDING EVIDENCE OF SETTLEMENTS**

COMES NOW Plaintiff Whirlpool Corporation ("Whirlpool"), by and through its undersigned counsel and hereby respectfully submits its memorandum

in support of its motion in limine to prohibit the introduction of any evidence regarding evidence of settlements.

## DISCUSSION

Whirlpool has entered into various settlement agreements with parties to this proceeding including the Bowlings, Michael Clifford, CG Development, Inc. and Kurt Glassman. Whirlpool believes that evidence of settlements should be inadmissible at trial as set forth in Fed. R. Evid. 408. In light of the orders granting motions for "Good Faith Determination" there is no basis for arguing that a settlement has any relevance based on a missing chair or other claim. Moreover, all of Whirlpool's claim in this case are based on intentional tort. The Honorable David A. Ezra has already ruled that under Hawaii law, there is no right to contribution for intentional torts. *See* Order Affirming Magistrate Order Granting Plaintiff Whirlpool Corporation's Motion for Determination of Good Faith Settlement filed on October 31, 2003. Declaration of Timothy J. Hogan ("Hogan Dec.") Exhibit "3" at page 13. Therefore, evidence of such settlements is not relevant to any issue in this case and the Court should rule in limine that no reference to any settlement or the terms thereof may be introduced at trial.

DATED: Honolulu, Hawai'i, June 13, 2006.

/s/ Timothy J. Hogan

TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION