LYNCH ICHIDA THOMPSON KIM& HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation, et al.,<br><br>Defendants. | Civ. No. CV01 00187 MEA-BMK (TORT AND RICO)<br><br>**PLAINTIFF WHIRLPOOL CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 4 REGARDING EXPERT TESTIMONY OF ERWIN TEICH** |

PLAINTIFF WHIRLPOOL CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 4
REGARDING EXPERT TESTIMONY OF ERWIN TEICH

COMES NOW Plaintiff Whirlpool Corporation ("Whirlpool"), by and through its undersigned counsel and hereby respectfully submits its memorandum

in support of its motion in limine to prohibit the introduction of any evidence regarding Mr. Teich, CIT's expert, regarding asset-based lender practices. Mr. Teich never reviewed any of the documents produced in this case or any related cases. *See* Declaration of Timothy J. Hogan ("Hogan Dec.") Exhibit "4" at page 7. His report, that appears to be nothing more than general background, does not meet the relevance requirement of Fed. R. Evid. 401. Moreover, because it is couched as being opinion testimony and is admittedly given in a factual vacuum, the Court should also disregard it under Fed. R. Evid. 702(3) to the extent it is being offered to prove or disprove any fact relevant at trial because Mr. Teich failed to apply "the principals and methods reliably <u>to the facts of the case.</u>" By his own admission, he ignored the facts of the case.

In addition, anything that Mr. Teich might offer regarding CIT's conduct, in light of the admitted factual vacuum, is nothing more that character evidence related to a class of asset based lenders and not admissible under Fed. R. Evid. 404. What CIT seeks to offer in regard to this expert is not an opinion that addresses the actual facts surrounding CIT's conduct but, rather, how the class of asset based lenders might conduct themselves in certain circumstances. Because Mr. Teich avoided addressing CIT's specific conduct in this case in his report, he should not be allowed to testify regarding what other lenders might do. By failing to link his

knowledge to the specific facts, his report and his testimony at trial would offer nothing akin to admissible proof regarding CIT's conduct but would serve only to divert the jury from applying the facts to the law to determine whether CIT in the present case conducted itself lawfully or not. For those reasons, the testimony of Mr. Teich should be barred at trial.

DATED: Honolulu, Hawai'i, June 13, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION