LYNCH ICHIDA THOMPSON KIM& HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation, et al.,<br><br>Defendants. | Civ. No. CV01 00187 MEA-BMK (TORT AND RICO)<br><br>**PLAINTIFF WHIRLPOOL CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 5 REGARDING EVIDENCE OF REASONABLE RELIANCE** |

**PLAINTIFF WHIRLPOOL CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 5 REGARDING EVIDENCE OF REASONABLE RELIANCE**

COMES NOW Plaintiff Whirlpool Corporation ("Whirlpool"), by and through its undersigned counsel and hereby moves this Court *in limine* to prevent

the introduction of evidence by defendants related to whether Whirlpool's reliance on the orders made by MidPac and the fraudulent statements of Ted Phelps made to Whirlpool in the Summer of 1999 regarding MidPac and Maui Home and their financial condition was reasonable.

The Court has already ruled in its Memorandum Opinion and Order Dated December 28, 2004 (the "Order") at page 16 that, under Hawaii law, no showing of "reasonable" reliance need be made under the present facts citing *Matsuura v. E.I. du Pont de Nemours & Co.*, 102 Haw. 149, 163, 73 P.3rd 687, 701 (Haw. 2003). Whirlpool believes that much of the evidence that CIT will seek to admit at trial will be related to the decisions to not cut off credit sales to MidPac and Maui Home before July 23, 1999 and to immediately seek to recover Whirlpool's collateral located at Maui Home. Contrary to the Court's Order, CIT will likely produce evidence that Whirlpool was not reasonable in its conduct during the run up of the bust out because it continued to ship goods in reliance on the representations of Kurt Glassman. Moreover, CIT will argue that, if Mr. Phelps told Whirlpool that there was no fraud and that the financial problems did not extend to Maui Home, Whirlpool was unreasonable in its reliance upon those statements in light of facts known to Whirlpool at the time. CIT claims it was the victim of the same fraud. CIT cannot deny however that, after it learned of the

fraud, and while Whirlpool remained in the dark, it (CIT) became actively involved in establishing a previously non-existent paper trail to support its alleged consignment and created a previously non-existent junior secured interest all directed at Whirlpool.

The fact that Whirlpool had not discovered the MidPac fraud during the time that CIT also claims it was mislead, is simply not relevant to any of the issues to be tried. The Court has already ruled that the principal issues related to CIT involve the conduct of Ted Phelps and the impact of his statements on Whirlpool. CIT cannot pretend that there was no fraud because it has conceded it in its Second Amended Cross-Claim. The issue is whether Phelps made the statements, whether Whirlpool relied on them and whether Phelps was CIT's agent. Because the issue of reasonableness is not relevant, the Motion should be granted to avoid confusing the jury.

DATED: Honolulu, Hawai'i, June 13, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION