Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON 1126-0
LOUISE K. Y. ING 2394-0
THOMAS E. BUSH 4737-0
ALLISON KIRK 8156-0
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawaiʻi 96813
Telephone: 524-1800
Facsimile: 524-4591
palston@ahfi.com
ling@ahfi.com
tbush@ahfi.com
akirk@ahfi.com

Attorneys for Defendant/Cross-claimant
THE CIT GROUP/BUSINESS CREDIT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | Civil No. CV 01 00187 MEA-BMK (Tort and RICO)<br><br>**DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S MOTION IN LIMINE TO PRECLUDE USE OF AND ARGUMENT RE: CIT'S SECOND AMENDED CROSSCLAIM AS EVIDENCE OF CIT'S LIABILITY FOR FRAUD CONSPIRACY;** MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF LOUISE K. Y. ING; EXHIBITS 1-2; CERTIFICATE OF SERVICE<br><br>JUDGE: Hon. Marvin E. Aspen<br><br>TRIAL: November 6, 2006 |

**DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S MOTION IN LIMINE TO PRECLUDE USE OF AND ARGUMENT RE: CIT'S SECOND AMENDED CROSSCLAIM AS EVIDENCE OF CIT'S LIABILITY FOR FRAUD CONSPIRACY**

Defendant The CIT Group/Business Credit, Inc. (CIT) hereby moves to preclude Whirlpool from offering evidence or argument that CIT's Second Amended Crossclaim, filed February 3, 2003, reflects an admission or other evidence of CIT's alleged participation in, cooperation with, joining in or agreement with a fraud conspiracy.

This motion is made on the grounds that such use of the SACC is precluded under FRE 402 and 403 because:

1. The SACC asserts that CIT was a victim of, not a participant in, fraud, and Whirlpool cannot offer this legal document to argue that it reflects an admission of CIT's alleged participation in, cooperation with, joining in or agreement with a fraud conspiracy. This Court has already made this ruling in its 12/28/04 Memorandum Opinion and Order at page 17 (rejecting Whirlpool's attempt to use the SACC as an admission by CIT that it had joined an alleged conspiracy);
2. Even assuming the SACC allegations are of marginal relevance, it would be prejudicial and confusing to allow Whirlpool to use them as evidence of CIT's liability for fraud conspiracy.

This Motion is based on Rules 402 and 403 of the Federal Rules of Evidence, Rule 16 of the Federal Rules of Civil Procedure, and Rule 16.9 of the Rules of the United States District Court for the District of Hawaii ("Local Rules"), the memorandum, declarations, and exhibits attached hereto, the files

and records herein, and such other matters as may be presented to the Court.

DATED: Honolulu, Hawaiʻi, June 13, 2006.

/s/ Louise K. Y. Ing
PAUL ALSTON
LOUISE K. Y. ING
THOMAS E. BUSH
ALLISON KIRK
Attorneys for Defendant/
Cross-claimant
THE CIT GROUP/BUSINESS CREDIT, INC.