IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; et al.,<br><br>Defendants,<br><br>and<br><br>F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | Civil No. CV 01 00187 MEA-BMK (Tort and RICO)<br><br>**DECLARATION OF LOUISE K. Y. ING** |

**DECLARATION OF LOUISE K. Y. ING**

I, LOUISE K. Y. ING, declare as follows:

1. I am an attorney with the law firm of Alston Hunt Floyd & Ing, Attorneys At Law, A Law Corporation, attorneys for Defendant The CIT Group/Business Credit, Inc. ("CIT")

2. I make this declaration based upon personal knowledge of the matters set forth herein.

3. CIT seeks to seal and submit for in camera inspection a letter from Ronni S. Borkowski, CIT's Deputy General Auditor to the Financial Crimes Enforcement Network of the Department of Treasury ("FinCen") dated July 21, 1999 ("7/21/99 Letter") and attached Suspicious Activity Report (SAR), which is designated as Exhibit 1 to CIT's Motion in Limine to Preclude

Whirlpool from Eliciting Evidence of CIT's Suspicious Activity Report and Limiting Any Reference to Such Filing ("SAR Motion in Limine").

4. CIT also seeks to file the SAR Motion in Limine and remaining exhibits as a sealed pleading.

5. The 7/21/99 Letter references information and includes a document which is barred from disclosure under 12 C.F.R. § 261.22 and the USA PATRIOT Act, 31 U.S.C. § 5318(g)(2)(i). The SAR Motion in Limine and related papers relate to the existence of the SAR, although do not reveal its contents, and should be sealed before filing and service so that it is not disclosed to the public.

6. The federal regulations at 12 C.F.R. § 261.22, "Other disclosure of confidential supervisory information," provide: "(a) *Board policy.* It is the Board's policy regarding confidential supervisory information that such information is confidential and privileged. Accordingly, the Board will not normally disclose this information to the public. The Board, when considering a request for disclosure of confidential supervisory information under this section, will not authorize disclosure unless the person requesting disclosure is able to show a substantial need for such information that outweighs the need to maintain confidentiality." *Id.*

7. 31 U.S.C. § 5318(g)(2)(i), now know as The USA PATRIOT Act, but in effect in 1999 under another name, provides: "(g) Reporting of Suspicious Transactions. . . .
(2) Notification prohibited. (A) In general. If a financial

institution or any director, officer, employee, or agent of any financial institution, voluntarily or pursuant to this section or any other authority, reports a suspicious transaction to a government agency (i) the financial institution, director, officer, employee, or agent may not notify any person involved in the transaction that the transaction has been reported; and (ii) no officer or employee of the Federal Government or of any State, local, tribal, or territorial government within the United States, who has any knowledge that such report was made may disclose to any person involved in the transaction that the transaction has been reported, other than as necessary to fulfill the official duties of such officer or employee." *Id.*

8. The 7/21/99 Letter and SAR contain highly confidential information properly filed under seal and submitted only to the court, to comply with federal law. The SAR Motion in Limine and remaining related parties deal with a topic that is confidential under federal law, so they should be sealed before filing and service in order that they are not made a part of the court files which are subject to public review.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 13th day of June, 2006.

/s/ Louise K. Y. Ing
LOUISE K. Y. ING