**THOMAS E. HAYES**
99-994 Iwaena Street, Suite C
Aiea, Hawaii 96701
Phone (808) 536-6967
Fax (808) 531-2685

March 21, 2003

Louise Ing, Esq.
Alston Hunt Floyd & Ing
1800 Pacific Tower
1001 Bishop Street
Honolulu, HI 96813

RE: Whirlpool - Ueno Supplemental Report

Dear Miss Ing:

This letter analyzes Mr. Ueno's report by section as follows:

Attachment A- paragraph 2 - No support is provided for supposed factual statements made by Mr. Ueno.

CIT Collateral Proceeds Were Paid From The Bonding Proceeds Mr. Ueno repeats, from his initial report, that four checks from bonding deposits were deposited to BOH 80582560 on June 24, 1999. I disproved this statement in my original report, October 29, 2002, reviewing the relevant documents and determining one bonding check for $47,442.05 was deposited. Even that erroneous deposit is irrelevant since CIT subsequently transferred $130,000.00 on July 2, 1999 and $22,000 on July 9, 1999 to MidPac's Bank of Hawaii account, 80-640722, the General account ( SE00395), more than offsetting the erroneous deposit to the Collateral Proceeds account.

Next Mr. Ueno states that MidPac issued ten checks from its Bond/Construction account, BOH 80604692, and deposited them into the CIT Collateral Proceeds account. This statement is misleading. What Mr. Ueno does not say is that the checks were credited back to the Bond/Construction account four days later and a net zero transaction occurred. The documentation is explained below.

1. Schedule 1 - this schedule lists each of the ten checks that were issued on June 17, 1999 from the Bond/Construction account and deposited in the CIT Collateral Proceeds account in an aggregate of $45,860.31. Copies of the deposit slip and the checks are listed in Exhibit "A". The checks are most likely disbursements to MidPac for goods and services rendered and would be legitimate items if the deposited funds were actually swept by CIT. In this case, the funds were **NOT** swept by CIT.

Again, with reference to Schedule 1, on June 21, 1999, Bank of Hawaii issued a "Notice To Customer Miscellaneous Entry" in which each and every one of the checks issued on June 17,

**EXHIBIT 3**

1999 were credited back to the Bond/Construction account. The net effect of the transactions was **ZERO.** Copies of the Bank advice are listed in Exhibit "B".

Exhibit "C" highlights the relevant transactions. The checks are referenced with an "A" and the credit memos with a "B".

Other Findings - Reference is made to Section IIIG of my initial report, a copy of which is attached for your reference. This analysis revealed the financial chaos at MidPac and the daily transfers to and from the General account from various other accounts including the Bond/Construction account. Money is fungible and once transferred loses its identity. Mr. Ueno's analysis is completely invalid.

Very truly yours.

Thomas E. Hayes

encl: