IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO, and KURT GLASSMAN, DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants.<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | Civil No. CV01-00187 DAE BMK<br><br>(Tort and RICO)<br><br>VOLUME I (of two)<br>Pages 1 - 274<br><br>30(b)(6) |

DEPOSITION OF THOMAS A. HAYES

Taken on behalf of Plaintiff Whirlpool Corporation, at 2600 Mauka Tower, 737 Bishop Street, Honolulu, Hawaii, 96813, commencing at 9:17 a.m., on Tuesday, November 19, 2002, pursuant to Notice.

REPORTED BY: JANIS K. FLOATE, RPR, CSR 254
Notary Public, State of Hawaii

EXHIBIT 2

APPEARANCES:

For Plaintiff Whirlpool Corporation:

TIMOTHY J. HOGAN, ESQ.
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813

For Defendant CIT Group/Business Credit, Inc.:

PAUL ALSTON, ESQ.
LOUIS Y.K. ING, ESQ.
Alston Hunt Floyd & Ing
1800 Pacific Tower
1001 Bishop Street
Honolulu, Hawaii 96813

For Defendants Edwin Bowling and Frances Haller-Bowling:

JEANNETTE HOLMES, ESQ.
Bronster Crabtree & Hoshibata
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

For Defendants Michael Clifford, CGBN, Inc., and Additional Cross-Claim Defendant CG Development, Inc.:

TED N. PETTIT, ESQ.
ROGER S. MOSELEY, ESQ.
CHRISTOPHER J. MUZZI, ESQ.
Case Bigelow & Lombardi
2600 Mauka Tower
737 Bishop Street
Honolulu, Hawaii 96813

For Defendant Raymond Iwamoto:

CALVIN E. YOUNG, ESQ.
Ayabe Chong Nishimoto Sia & Nakamura
2500 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

APPEARANCES (continued):

Speakerphone Appearance from Benton Harbor, Michigan:

DEB CLAWSON, ESQ.
Whirlpool Corporation
Legal Department
2200 M63
Mailbox No. 2200
Benton Harbor, Michigan 49022

Also Present:

SYLVIA M. LEE, Paralegal
Lynch Ichida Thompson Kim & Hirota

FRANCIS X. CHAFFIOTTE, ESQ.
CIT Assistant General Counsel

MIKE CLEARY

CARL SOTO

consultant to Midpac and working out the banking arrangement with us, and getting the company within compliance would be part of that.

Q. Do you consider yourself a loan officer?

A. No.

Q. You work with loans?

A. Yes, I do.

Q. This second and third page of this purports to have certain questions that are being set toward the borrower to essentially fill in a few blanks for one of the potential lenders. What would you describe that as?

A. I would describe this as a due diligence inquiry.

Q. I'd like to turn your attention to -- and there's nothing unusual about that due diligence; is that correct?

A. Well, lenders ask questions, yes, that's right.

Q. Let's turn our attention to Exhibit 96. You can look at this. It's an e-mail. I'm going to focus on the second paragraph that starts with, as to the bank.

A. Okay.

MS. ING: By the way, what topic are we on

now?

MR. MOSELEY: Number 10.

MR. HOGAN: Number 10.

MR. YOUNG: Exhibit 96 is one page.

MR. HOGAN: It's one page.

THE WITNESS: Okay.

BY MR. HOGAN:

Q. Was it CIT's understanding that Mr. Phelps was going to have anything at all, any responsibility, either reporting or otherwise, regarding the investor financing that they were attempting to obtain?

A. Our understanding was that Ted was going to help the company with its restructuring and basically all the facets of that restructuring.

Q. Would it be CIT's understanding that Mr. Phelps would also engage in attempting to deceive a lending institution to obtain financing?

MS. ING: Object. Lacks foundation, argumentative.

A. No.

BY MR. HOGAN:

Q. The answer is no?

A. The answer is no.

Q. Of course it's no.

MS. ING: Object. Strike that comment.

BY MR. HOGAN:

Q. As to this e-mail, sir, were you aware that Mr. Phelps was communicating with someone regarding Kurt Glassman's ability to dance around with the bank to finesse the loan where this individual, Mr. Phelps, also concedes that Mr. Glassman never allows the truth to be an impediment to financing?

MS. ING: Object. Vague and ambiguous. Answer if you understand the question.

A. I'm not a -- I was not aware of the discussions surrounding the refinancing of the Midpac loan.

BY MR. HOGAN:

Q. Who is Gary Cleland?

A. I'm not sure I can recall who he is.

Q. Do you know a company named Collateral Risk Management?

A. Yes.

Q. Who is Collateral Risk Management?

A. Collateral Risk Management is a collateral control company that we engaged on Midpac.

Q. Do you have any knowledge that Mr. Cleland is -- does CIT have any knowledge that Mr. Cleland

C E R T I F I C A T E

STATE OF HAWAII )
) SS.
CITY AND COUNTY OF HONOLULU )

I, JANIS K. FLOATE, Notary Public, State of Hawaii, do hereby certify:

That on November 19, 2002, appeared before me Thomas A. Hayes, the witness whose deposition is contained herein; that prior to being examined, the witness was by me duly sworn;

That the deposition was taken down by me in machine shorthand and was thereafter reduced to typewriting under my supervision; that the foregoing represents to the best of my ability, a true and correct transcript of the proceedings had in the foregoing matter.

I further certify that I am not an attorney for any of the parties hereto, nor in any way concerned with the cause.

DATED this 6th day of Dec, 2002, in Honolulu, Hawaii.

Janis K. Floate

JANIS K. FLOATE, RPR, CSR 254
Notary Public, State of Hawaii
My Commission Exp: December 12, 2005