IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF HAWAII

In re )
)
)
)
MIDPAC LUMBER COMPANY, INC., ) Case No. 00-00136
) (Chapter 7)
)
)
)
)

EXAMINATION OF THEODORE G. PHELPS
TAKEN ON
THURSDAY, DECEMBER 7, 2000

Reported by: MARLA GORLICK
CSR No. 3767

EXHIBIT 4

4



Examination of THEODORE G. PHELPS, taken on behalf of Whirlpool Corporation, at 725 South Figueroa Street, Suite 3400, Los Angeles, California 90017-5418 on Thursday, December 7, 2000, at 10:05 a.m., before MARLA GORLICK, CSR No. 3767.

APPEARANCES:

FOR CREDITOR WHIRLPOOL CORPORATION:
LYNCH, ICHIDA, THOMPSON & KIM
BY: TIMOTHY J. HOGAN, ESQ.
1132 Bishop Street
Suite 1405
Honolulu, Hawaii 96813
(Present via telephone)
-and-
ARTER & HADDEN
BY: YALE K. KIM, ESQ.
725 South Figueroa Street
Suite 3400
Los Angeles, California 90017-5418

INDEX

| WITNESS | EXAMINATION |
|---|---|
| THEODORE PHELPS | (By Mr. Hogan) |


| EXHIBITS | PAGE |
|---|---|
| A - Document dated 7-8-99 to Janet Rowan from Theodore Phelps | 61 |
| B - Document dated 7-8-99 to Janet Rowan from Kurt Glassman | 61 |
| C - Facsimile Cover Page dated 7-14-99 | 61 |
| D - Facsimile Cover Page dated 7-23-99 | 61 |
| E - Document dated 11-3-99 to Sharon Spector from Thomas A. Johnson | 90 |

ATTACHMENTS
Midpac Lumber Company, Inc., Debtor Document Binder Volume 1
Midpac Lumber Company, Inc., Debtor Document Binder Volue 2




APPEARANCES (Continued):

FOR WHIRLPOOL CORPORATION LEGAL DEPARTMENT:
DEBRA A. CLAWSON, ATTORNEY AT LAW
2000 North M63
Benton Harbor, Michigan 49022
(Present via telephone)

FOR CIT GROUP/CREDIT FINANCE, INC.:
ORRICK, HERRINGTON & SUTCLIFFE LLP
BY: NEAL L. WOLF, ESQ.
TODD L. PADNOS, ESQ.
777 South Figueroa Street
Suite 3200
Los Angeles, California 90017-5855



LOS ANGELES, CALIFORNIA; THURSDAY, DECEMBER 7, [illegible]
10:05 A.M.

THEODORE PHELPS,
having been first duly sworn, was
examined and testified as follows:

EXAMINATION
BY MR. HOGAN:

Q. Good morning, Mr. Phelps. My name is Timothy Hogan. I represent Whirlpool Corporation. I think perhaps the other parties that are present can just note an appearance on the record if it hasn't already been stated by the court reporter.

MR. PADNOS: Good morning. My name is Todd Padnos, and I represent the CIT Group/Credit Finance, Inc., and I would ask Mr. Phelps if you would please pause momentarily after Mr. Hogan questions you to give me an opportunity to make any objections to the extent that we --

MR. HOGAN: I'm sorry to interrupt. I couldn't hear what you said. It sounds as if you are either facing towards the phone and turning away, perhaps. I'm wondering if you can get a little closer.

THE WITNESS: I will.

MR. HOGAN: Why don't we put that on the record then.

THE WITNESS: My address?

MR. HOGAN: Yes, where you want things mailed. Maybe your business address, sir.

THE WITNESS: I was going to give her my home address.

MR. HOGAN: We can keep that off the record then. You can do that off the record. You will be given a copy and an errata sheet to review and then suggest errors in the errata sheet, which will be returned to the court reporter? Is that the understanding?

MR. KIM: No, the errata sheet will come back to me.

MR. HOGAN: And you will get a copy to Mr. Wolf as well.

MR. KIM: That's correct.

MR. HOGAN: And then the original will go to Mr. Kim.

MR. KIM: That's correct.

MR. HOGAN: And I believe counsel already has arranged with the court reporter for their copy. Is that correct, Mr. Wolf?

MR. WOLF: Yes.



MR. HOGAN: Is that everything?

MR. KIM: That is everything.

MR. HOGAN: Okay, why don't we go off the record.

(Discussion held off the record.)

THE REPORTER: Counsel, you want a copy and a condensed and disk?

MR. WOLF: Yes.

(Examination concluded at 4:30 p.m.)



DECLARATION

I hereby declare I am the deponent in the within matter; that I have read the foregoing deposition and know the contents thereof, and I declare that the same is true of my knowledge except as to the matters which are therein stated upon my information or belief, and as to those matters, I believe it to be true.

I declare under the penalties of perjury of the State of California that the foregoing is true and correct.

Executed on the _____ day of _______________ 2000, at ______________________________, California.

______________________________
WITNESS



I, MARLA GORLICK, CSR No. 3767, a Certified Shorthand Reporter for the State of California, do hereby certify:

That prior to being examined, THEODORE PHELPS, the witness named in the foregoing examination, was by me duly sworn to testify the truth, the whole truth, and nothing but the truth pursuant to Section No. 2093 of the Code of Civil Procedure;

That said examination was taken before me pursuant to Notice, at the time and place therein set forth, and was taken down by me in shorthand and thereafter reduced to typewriting via computer-aided transcription under my direction;

I further certify that I am neither counsel for, nor related to, any party to said action, nor in anywise interested in the outcome thereof.

In witness whereof, I have hereunto subscribed my name this ____ day of _____________, 2000.

______________________________
MARLA GORLICK
CSR No. 3767