Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON 1126-0
LOUISE K. Y. ING 2394-0
THOMAS E. BUSH 4737-0
ALLISON KIRK 8156-0
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawaiʻi 96813
Telephone: 524-1800
Facsimile: 524-4591
palston@ahfi.com
ling@ahfi.com
tbush@ahfi.com
akirk@ahfi.com

Attorneys for Defendant/Cross-claimant
THE CIT GROUP/BUSINESS CREDIT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | Civil No. CV 01 00187 MEA-BMK (Tort and RICO)<br><br>**DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF AND ARGUMENT RE: ALLEGED BANKRUPTCY FRAUD BY CIT**; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF LOUISE K. Y. ING; EXHIBIT 1; CERTIFICATE OF SERVICE<br><br>JUDGE: Hon. Marvin E. Aspen<br><br>TRIAL: November 6, 2006 |

**DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF AND ARGUMENT RE: ALLEGED BANKRUPTCY FRAUD BY CIT**

Defendant The CIT Group/Business Credit, Inc. (CIT) hereby moves to preclude Whirlpool from presenting evidence or argument regarding allegations of bankruptcy fraud by CIT that Whirlpool pleaded in paragraphs 166 through 176 of its Second Amended Complaint as part of its dismissed RICO claim against CIT.

Bankruptcy fraud allegations were pleaded only as a predicate act for the dismissed RICO claim (Count V) and not as a part of Whirlpool's remaining claims against CIT (Counts I to IV). This motion is thus based on three grounds. First, bankruptcy fraud allegations are not relevant to the remaining claims against CIT. Second, Whirlpool never sought to amend the complaint to include those allegations as part of Counts I to IV and cannot do so at this late date per the scheduling conference order. Third, it would be more prejudicial than probative since it would confuse and mislead the jury as to the issues it must consider regarding Whirlpool's claims against CIT and unfairly prejudice CIT by introducing inflammatory accusations of irrelevant wrongdoing.

This Motion is based on Rules 402 and 403 of the Federal Rules of Evidence, Rules 15 and 16 of the Federal Rules of Civil Procedure, and Rules 16.3 and 16.9 of the Rules of the United States District Court for the District of Hawaii ("Local

Rules"), the memorandum, declarations, and exhibits attached hereto, the files and records herein, and such other matters as may be presented to the Court.

DATED: Honolulu, Hawaiʻi, June 13, 2006.

/s/ Louise K. Y. Ing
PAUL ALSTON
LOUISE K. Y. ING
THOMAS E. BUSH
ALLISON KIRK
Attorneys for Defendant/
Cross-claimant
THE CIT GROUP/BUSINESS CREDIT, INC.