IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; et al.,<br><br>Defendants,<br><br>and<br><br>F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | Civil No. CV 01 00187 MEA-BMK (Tort and RICO)<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

**MEMORANDUM IN SUPPORT OF MOTION**

Defendant The CIT Group/Business Credit, Inc. (CIT) seeks in this motion to preclude Whirlpool from eliciting testimony or other evidence for the purpose of showing, or arguing, that CIT conducted or participated in bankruptcy fraud as alleged in paragraphs 166 through 176 of Whirlpool's Second Amended Complaint, filed February 3 (hereinafter "complaint").

## I. BACKGROUND

Whirlpool's RICO claim (Count V) alleged bankruptcy fraud against CIT as a predicate act in paragraphs 166 through 176. These bankruptcy fraud allegations are not incorporated in or otherwise part of any other Whirlpool claim. On December 28,

2004, this Court granted CIT's Motion for Judgment on the Pleadings, or, in the alternative, for Summary Judgment as to Count V (RICO claim) and dismissed the RICO claim. *See Memorandum Opinion and Order at pp. 19-22).*

Whirlpool has never sought to amend its complaint to include the bankruptcy fraud allegations as part of its non-dismissed claims, which are set forth in Counts I to IV (*i.e.* Fraud, Fraud Conspiracy, Conversion and Tortious Interference with Contracts). CIT has never consented to have these allegations incorporated into Whirlpool's claims in Counts I to IV. Thus, bankruptcy fraud allegations simply not a part of the case that is going to trial.

## II. ARGUMENT

### A. The Evidence Is Not Relevant.

Under FRE Rules 401 and 402, to be relevant, "evidence must be probative of the proposition it is offered to prove, and . . . the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Click*, 807 F.2d 847, 850 (9th Cir. 1987).

Here, Whirlpool's complaint includes a section entitled "General Allegations Applicable to All Counts" (¶¶ 27-93) and also incorporates prior allegations in Counts I to IV into Count V (§ 146) but it never mentions or otherwise incorporates its bankruptcy fraud allegations in Count V (§§ 166-176) into Counts I to IV. Accordingly, the law is clear that those bankruptcy

fraud allegations are **not** part of Counts I to IV. *See Reliable Volkswagen Sales and Service Co. v. World-wide Automobile Corp.*, 182 F. Supp. 412, 425 (D.N.J. 1960) (unincorporated averments would not be considered in ruling on motion to dismiss antitrust claim or for summary judgment). As such, allegations of bankruptcy fraud are not at issue and cannot be probative of whether CIT is liable for Fraud, Fraud Conspiracy, Conversion or Tortious Interference with Contracts. Moreover, such allegations cannot be of any consequence to determining CIT's liability for these claims. Under FRE Rules 401 and 402, they do not qualify as relevant evidence.

### B. The Evidence Cannot Be Considered As This Would Violate the Scheduling Conference Order.

To allow evidence regarding alleged bankruptcy fraud by CIT would constitute an amendment to the complaint as it would expand the scope of wrongful conduct alleged by Whirlpool against CIT in Counts I to IV. Yet, Whirlpool has never sought to amend its complaint and, in any event, the June 14, 2002 deadline under the December 5, 2001 Scheduling Conference Order to amend pleadings is long past. Accordingly, there is no basis for the Court to now allow evidence regarding bankruptcy fraud allegations in Counts I to IV.[1]

---

[1] CIT has never, either expressly or impliedly, consented to try these allegations as part of Counts I to IV. CIT and Whirlpool each filed numerous summary judgment motions encompassing all of Whirlpool's claims. This Court ruled upon these motions on December 28, 2004. *See CIT's Motion for Summary Judgment as To Counts I and II; Count III; Count IV; and for*

C. **The Evidence, Even If Marginally Relevant, Must Be Excluded as It Would Confuse the Issues, Mislead the Jury and Unfairly Prejudice CIT.**

Even if Whirlpool could now allege that the bankruptcy fraud allegations were of marginal relevance (which they are not) to its remaining claims, any such evidence or argument should be excluded on the grounds that its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." FRE 403.

According to the Ninth Circuit Court of Appeals, the U.S. Supreme Court has instructed district courts to balance "the probative value of a given evidentiary item against its prejudicial potential" using a two-step process. *United States v. Merino-Balderrama*, 146 F.3d 758, 761 (9th Cir. 1998). First, the court must "'decide whether a particular item of evidence raise[s] a danger of unfair prejudice.'" *Id.* (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)). Second, the court must "evaluate the degrees of probative value and unfair prejudice, not only for the item in question but for any actually

---

*Judgment on the Pleadings, or in the alternative, for Summary Judgment as to Count V. See Whirlpool's Motions for Summary Judgment as to Counts II and V; and Count III.* In presenting its summary judgment motions and in defending against Whirlpool's summary judgment motions, CIT did not address bankruptcy fraud allegations in the context of Whirlpool's Counts I to IV because, of course, those allegations were not a part of or relevant to those counts. Through this motion in limine, CIT makes explicit its objection to any attempt to raise bankruptcy fraud allegations in Counts I to IV.

available substitutes as well. If an alternative [is] found to have substantially the same or greater probative value but a lower danger of unfair prejudice,'" the probative value of the proffered evidence should be "'discounted.'" If the discounted probative value is "'substantially outweighed by the unfairly prejudicial risk,'" the evidence must be excluded. *Id.* at 761-62 (quoting *Old Chief v. United States*, 519 U.S. at 180).

Here, any marginal relevance of the bankruptcy fraud allegations is substantially outweighed by the danger of confusion, misleading the jury, and unfair prejudice. Whirlpool's remaining clams are as follows:

Count I - Fraud claim that the alleged fraud committed by Theodore Phelps, CIT's alleged agent, in June or July of 1999 before Whirlpool realized MidPac's financial problems;

Count II - Fraud conspiracy claim that CIT joined a conspiracy (of which it was the primary victim) to "bust out" MidPac to Whirlpool's detriment until, presumably, Whirlpool filed a complaint in the First Circuit Court of the State of Hawaii on October 29, 1999;

Count III - Conversion claim that CIT wrongfully liquidated goods at Maui Home Supply ("MHS") in which Whirlpool had a security interest; and

Count IV - Interference with contract claim that CIT interfered with Whirlpool's security agreement with MHS by forcing MHS to liquidate goods, taking the proceeds and

inducing MidPac to order Whirlpool products for which it knew MidPac could not pay.

None of these claims remotely concern the bankruptcy fraud allegations, which aver that CIT violated an automatic stay provision imposed by the Bankruptcy Court for the U.S. District Court of Hawaii as a result of a January 18, 2000 involuntary petition filed against MidPac, and that CIT concealed assets that should have been disclosed in the bankruptcy case. *See Complaint* ¶¶ 167-68. Moreover, in *In re MidPac Lumber Company, Inc., Civil No. 01-00732,* the United States District Court for the District of Hawai`i, Judge David Ezra presiding, affirmed the Bankruptcy Court's order holding that CIT did not violate the automatic bankruptcy stay in collecting proceeds "that resulted from an auction held at the behest of the Debtor [MidPac]", even though Whirlpool claimed the funds were commingled with funds in which Whirlpool had an interest. *Ex. 1 (CIT's Trial Ex. C27, Amended Order Affirming Bankruptcy Court's Decision to Grant Relief from Automatic Stay (filed 9/6/02), at 1-2).* Judge Ezra held that:

> all evidence presented to the court shows that the auction that occurred after the imposition of the stay was initiated by Debtor. There is no evidence before this Court that CIT induced Debtor into conducting the auction or into directing the proceeds to CIT. Hence, the Court cannot conclude that there was a violation of the automatic stay and, therefore, the returns of the auction were collected legally.

*Ex. 1 (Ex. C27, at 8).*

Clearly, the introduction of testimony or evidence regarding bankruptcy proceedings in the year 2000 would only



616,159 / 6527-1

confuse jurors by introducing complicated matters unfamiliar to a layperson, including matters which Whirlpool litigated and lost. Moreover, what happened in the bankruptcy would divert the focus from the claims at issue and thus mislead the jury from considering the relevant events. Finally, allegations that CIT acted improperly in court proceedings that are not a part of the claims in this case would unfairly prejudice CIT and cause it to waste resources to justify its conduct in proceedings that are not at issue and where its conduct was in fact held to be proper

In sum, any marginal relevance that could possible be attributed to the bankruptcy fraud allegations is substantially outweighed by the danger of unfair prejudice, and thus evidence or argument regarding these allegations must be excluded.

**III. CONCLUSION**

For the foregoing reasons, this Court should grant CIT's motion to preclude Whirlpool from offering evidence or argument regarding allegations of bankruptcy fraud by CIT.

DATED: Honolulu, Hawai'i, June 13, 2006.

/s/ Louise K. Y. Ing
PAUL ALSTON
LOUISE K. Y. ING
THOMAS E. BUSH
ALLISON KIRK
Attorneys for Defendant/
Cross-claimant
THE CIT GROUP/BUSINESS CREDIT, INC.