IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>MIDPAC LUMBER COMPANY, LTD.,<br><br>Debtor. | CIVIL NO. 01-00732 DAE-KSC |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 06 2002

at ___ o'clock and ___ min. ___ M.
WALTER A. Y. H. CHINN, CLERK

AMENDED ORDER AFFIRMING BANKRUPTCY COURT'S DECISION TO GRANT RELIEF FROM AUTOMATIC STAY

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing. After reviewing the parties' briefs, the court AFFIRMS the Bankruptcy Court's decision to grant relief from an automatic stay.

BACKGROUND

An involuntary Chapter 7 Bankruptcy action was filed against debtor, MidPac Lumber ("Debtor") in the Bankruptcy Court for the District of Hawaii by certain of Debtor's creditors. The Bankruptcy Court then imposed an automatic stay, which precluded secured creditors from collecting debts owed to them by the Debtor. After this filing was made public, Appellee CIT ("CIT"), a secured creditor of Debtor, proceeded to collect funds that

EXHIBIT 1

resulted from an auction held at the behest of Debtor. These funds were placed into a Cash Collateral Account by CIT.

On January 18, 2000, Appellee filed a Motion for Relief from the Automatic Stay ("First Relief Motion"). During a hearing on this motion, another of Debtor's creditors, Appellant Whirlpool ("Whirlpool"), expressed to the Bankruptcy Court its concern that funds collected by CIT were commingled with funds owed to Whirlpool. Whirlpool asked that there be a determination of the property interests of the creditors in the proceeds of the auction before collection of these funds. The First Relief Motion was denied.

Eighteen months after the First Motion was filed, CIT filed a second Motion for Relief from Automatic Stay ("Second Relief Motion"). The bankruptcy judge who made the determination in the First Relief Motion also heard the Second Relief Motion. The Second Relief Motion was granted.

On November 30, 2001, Whirlpool filed its Opening Brief, arguing that res judicata should have barred CIT from filing the Second Relief Motion, as the determination made on the First Relief Motion was a final order. Whirlpool also maintains that CIT wilfully violated the Automatic Stay by collecting the proceeds from the auction held by Debtor. On January 11, 2002,

CIT filed its Answering Brief, and on January 28, 2002, Whirlpool filed its Reply Brief.

STANDARD OF REVIEW

An order denying relief from a bankruptcy stay is appealable. In re Kemble, 776 F.2d 802, 805 (9th Cir. 1985). In reviewing an Order for Relief from an Automatic Stay, the standard of review is quite deferential towards the Bankruptcy Court. This court reviews the decision of the bankruptcy court findings as follows: the clearly erroneous standard is used to review findings of fact, while conclusions of law are reviewed de novo. The court may reverse the bankruptcy court's denial of the stay only if that court abused its discretion. In re Tucson Estates, Inc., 912 F.2d 1162, 1166 (9th Cir. 1990). In other words, "[d]ecisions committed to the bankruptcy court's discretion will be reversed only if 'based on an erroneous conclusion of law or when the record contains no evidence on which [the bankruptcy court] rationally could have based that decision.'" In re Conejo Enterprises, Inc., 96 F.3d 346, 351 (9th Cir. 1996)(quoting In re Windmill Farms, Inc., 841 F.2d 1467, 1472 (9th Cir. 1988)).

DISCUSSION

In the present case, the Court finds that the Bankruptcy Court's decision to grant relief from the stay was not barred by res judicata and did not constitute an abuse of discretion. Furthermore, the court finds that its decision has no effect on the money collected from Debtor-initiated auction by CIT and that CIT did not violate the stay, wilfully or otherwise.

***Res Judicata Does Not Apply***

Whirlpool argues that doctrine of res judicata barred CIT from filing its second motion because there had been no change in facts since the earlier, final order was filed. See In re Haukos Farms, Inc., 68 B.R. 428, 432 (Bankr. D. Minn. 1986) (stating that a first order is final and should not be reconsidered unless a new material fact arises or failure to consider the newly raised fact would result in substantial injustice).

The court disagrees. First, the court does not find Whirlpool's argument legally persuasive because the cases Whirlpool cites in support of its position involve matters distinct from the issue at hand, that is whether a creditor may renew a motion for stay of relief after the denial of such a motion earlier in the case. Instead, Whirlpool relies on three cases that address a matter which the parties do not dispute,

namely the appealability of orders granting or denying relief. See Tucson Estates, 912 F.2d 1162 (9th Cir. 1990); In re Kimble, 776 F.2d 802 (9th Cir. 1985); Houkas, 68 B.R. at 428. In addition, Whirlpool points to a case that involved the right of a debtor to file a new bankruptcy proceeding in order to resurrect the automatic stay after the stay had been granted in a prior case, which is a factually distinct scenario involving an abusive practice that is not present here.

In contrast, the court is persuaded by the reasoning of the Second Circuit which has confirmed a party's right to bring a similar second motion. See In re Chateaugay Corp., 880 F.2d 1509, 1513 (2d Cir. 1989) (finding that second motion could be brought where motion for relief was first denied). Specifically, the Second Circuit stated that "whenever a motion for relief from the automatic stay is denied-whether or not the bankruptcy court expressly instructs the parties that the door remains open-the movant remains free to make a new motion. . . [b]ecause the automatic stay will necessarily be lifted at some time, the sole issue for relief from the automatic stay is temporal." See id. Here, not only did the Bankruptcy Court's initial Order not bar CIT from filing a later motion, but also the Order invited the parties to attempt to settle their disputes, thereby implying the Bankruptcy Court's portrayal of this as an on-going matter.

Furthermore, as noted by both CIT and the Bankruptcy Court, during the eighteen months between the denial of the First Relief Motion and the granting of the Second Relief Motion, neither the Trustee nor any of the creditors of the estate, including Whirlpool, took any steps to challenge CIT's claim or to take control over the subject property. See CIT's Brief at 10-11; Docket at 259, Transcripts of Proceedings before Judge King, September 19, 2001 at 12, lines 19-24. As a result, it was appropriate for the Bankruptcy Court to entertain a second stay relief motion. Because the case law supports CIT's position and no action was taken for eighteen months, the court finds that the Second Relief Motion was not precluded.

***No Error in Granting Second Relief Motion***

Whirlpool maintains that the Bankruptcy Court erred not only by not requiring CIT to meet its burden in the face of evidence of a competing security interest in the collateral that was the subject of the motion for relief from automatic stay, but also by not requiring CIT to establish the source of the funds in light of evidence that the funds had been commingled with the proceeds of other secured creditors' collateral.

The court disagrees because, under the circumstances, a stay of relief was mandatory. Pursuant to section 362(d)(2) of the Bankruptcy Code, the court must grant a stay of relief if the

debtor does not have an equity in the property at issue and the aforementioned property is not necessary to an effective reorganization. See 11 U.S.C. § 362(d)(2). Here, the court finds that both conditions are present--that is, (1) the estate does not have an interest in the asset because there is no equity in the asset and the property is not necessary and (2) the property is not necessary to an effective reorganization because Debtor has been out of business, had its principal assets auctioned off and the case is a Chapter 7 liquidation case. Hence, the court finds that the Bankruptcy Court has not abused its discretion.

***No Violation of Stay***

In a bankruptcy proceeding, an automatic stay does not apply to sales or transfers of property initiated by the debtor. In re Schwartz, 954 F.2d 569, 574(9th Cir. 1992). The automatic stay would apply if there were any endeavors to seize debtor's property or actions which compel the debtor to act affirmatively to protect its interests. Morgan Guar. Trust Co. of New York v. Am. Sav. And Loan Ass'n., 804 F.2d 1487, 1491 (9th Cir. 1986).

In this case, all evidence presented to the court shows that the auction that occurred after the imposition of the stay was initiated by Debtor. There is no evidence before this Court that CIT induced Debtor into conducting the auction or into

directing the proceeds to CIT. Hence, the Court cannot conclude that there was a violation of the automatic stay and, therefore, the returns of the auction were collected legally.

CONCLUSION

For these reasons, this Court finds that the judgment made by the Bankruptcy Court was not clearly erroneous and that the stay was not violated. Because the Bankruptcy Court's Order does not constitute an abuse of discretion, it is AFFIRMED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, SEP 6 2002.

DAVID ALAN EZRA
CHIEF UNITED STATES DISTRICT JUDGE

In re MidPac Lumber Company, Ltd., Debtor, Civil No. 01-00732 DAE-KSC; AMENDED ORDER AFFIRMING BANKRUPTCY COURT'S DECISION TO GRANT RELIEF FROM AUTOMATIC STAY