IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | CIVIL NO. 01-00187 MEA BMK (Tort and RICO)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Trial Date: November 6, 2006<br>Judge: Hon. Marvin E. Aspen |

[2001556/301096]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Statement of Facts

In this lawsuit, Plaintiff seeks damages from Defendant Raymond Iwamoto for: (1) conspiring to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and (2) conspiracy to commit fraud ("civil conspiracy"). Plaintiff also alleged that Mr. Iwamoto violated Section 1962(c) of RICO; however, its claim was dismissed pursuant to Mr. Iwamoto's motion for summary judgment. (See, Memorandum Opinion and Order filed December 30, 2004).

During trial, Plaintiff may introduce evidence of or refer to testimonies of Theodore Phelps, Edwin Bowling, Frances Bowling, Kurt Glassman and Michael Clifford during the following bankruptcy proceedings:

- Edwin Bowling: (1) examination on February 1, 2001 in Chapter 7 proceedings re: CG Investments, Inc. (Case No. No. 00-00323); (2) deposition on December 20, 2002 in litigation entitled **Yee v. Bowling** filed in Chapter 7 proceedings re: MidPac Lumber Company, Ltd. (Bk. No. 00-00136) ("Bowling litigation")

- Frances Bowling: deposition on December 18, 2002 in the Bowling litigation

- Kurt Glassman: (1) depositions on December 19, 2002 and December 20, 2002 in the Bowling litigation; and (2) testimony on November 27, 2000 in bankruptcy proceedings re Kurt S. Glassman and Susan Williams Glassman (BK No. 00-003599).

- Michael Clifford: deposition on January 30, 2001 in Chapter 7 proceedings re: CG Investments, Inc. (Case No. 99-00323).

- Theodore Phelps: examination on December 7, 2000 in Chapter 7 proceedings re: MidPac Lumber Company, Ltd. (Bk. No. 00-00136)

Mr. Iwamoto or counsel representing his interests did not receive notice and did not attend the examinations.

## II. Argument

### A. The testimonies are inadmissible under Rule 801(d)(1) of the Federal Rules of Evidence

Rule 801(d)(1) of the Federal Rules of Evidence ("FRE") does not authorize the introduction of the testimonies. FRE Rule 801(d)(1) does not allow the introduction of prior statements as a substitute for live testimony. Rule 801(d)(1) allows the introduction of a witness' prior statement only when the witness testifies at trial and is subject to cross-examination. 5 Weinstein's Federal Evidence §801.20[1] (2003). FRE Rule 801(d)(1) states:

> A statement is not hearsay if—
>
> (1) *Prior Statement by witness*---The declarant testifies at trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (B) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive, or (C) one of identification of a person made after perceiving the person[.]

FRE Rule 804(d)(1) does not allow the introduction of prior statements as substantive evidence because prior statements are admissible only for the purpose

of impeaching the declarant's credibility, rehabilitating the declarant's credibility, or for purposes of identification.

### B. The testimonies should be excluded pursuant to FRE Rule 804(b)(1)

FRE Rule 804(b)(1) prevents the introduction of the testimonies because Mr. Iwamoto was not a party to the bankruptcy proceedings, did not receive notice of the examination and did not have an opportunity to cross-examine the witnesses concerning Plaintiff's conspiracy claims. Introduction of the testimonies under these circumstances will violate Mr. Iwamoto's constitutional right of confrontation, due process, and fair trial.

FRE Rule 804(b)(1) restricts the admissibility of former testimony to instances when: (1) the witness is unavailable; and (2) the opposing party or its predecessor in interest had an opportunity or the same motive to cross-examine the witness. FRE Rule 804(b)(1) states:

> The following are not excluded by the hearsay rule if the declarant is unavailable as a witness;
>
> (1) *Former testimony.* Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, **if the party against whom the testimony is now offered**, or, in a civil action or proceeding, a predecessor in interest, **had an opportunity or similar motive to develop the testimony by direct, cross, or redirect examination**.

(Emphasis added).

The opportunity to cross-examine is an essential requirement because the testimony is inadmissible if the opposing party did not have an opportunity to cross-examine the witness. 5 Weinstein's Federal Evidence §804.04[3][a] (2003). The testimony lacks the guarantee of trustworthiness that warrants an exception to the hearsay rule unless the opposing party was granted an opportunity to cross-examine the witness. 5 Jones on Evidence §36.26 (2003).

Even if a party had an opportunity to cross-examine a witness, the witness' prior testimony is inadmissible when the issues at the prior proceeding differed substantially from issues at trial. The testimony is inadmissible in that circumstance because the issues at the prior proceeding may not have motivated the opposing party to question the witness. Mueller & Kirkpatrick, Federal Evidence §490 at p. 776 (1994); Jones on Evidence §36.26 (2003). A similar motive exists only when the testimony was subjected to the "scrutiny of a party interested in thoroughly testing its validity." 5 Jones on Evidence §36.28 (2003).

When deciding whether to allow the introduction of former testimony, the trial court should consider whether there is a need for the evidence which requires consideration of the testimony's significance and the availability of other evidence. 5 Weinstein's Federal Evidence §804.04[3][c][ii] (2003).

In the case at bar, FRE Rule 804(b)(1) requires the exclusion of the testimonies. Mr. Iwamoto did not have the opportunity to cross-examine the

witnesses and obtain testimony relevant to the defense of Plaintiff's conspiracy claim. He was denied this opportunity because he was not a party to the bankruptcy proceedings and was not present when the witnesses testified.

Mr. Iwamoto will be denied a fair trial if the testimonies are introduced. Whereas Mr. Iwamoto could not cross-examine the witnesses, the jury will hear only testimony elicited by Plaintiff and CIT supporting their positions in the litigation. The jury will be denied the benefit of testimonies favorable to Mr. Iwamoto's defense to Plaintiff's claims.

The testimonies would be inadmissible even if the Court finds that Mr. Iwamoto had an opportunity to cross-examine the witnesses. The motivation for cross-examining the witnesses in the bankruptcy proceedings differed from the motivation in examining the witnesses for this trial. At the time of the bankruptcy proceedings, the depositions were not focused on allegations of RICO conspiracy violations or wrongdoing against Mr. Iwamoto. The depositions concerned the assets and operations of MidPac Lumber Company, Ltd. ("MidPac") and claims against Edwin Bowling. Questions were raised about Mr. Iwamoto's involvement with MidPac but the questioning was limited and did not relate to Mr. Iwamoto's alleged involvement in a conspiracy or whether he was liable for Plaintiff's damages.

Plaintiff and CIT were certainly not representing Mr. Iwamoto's interests when the witnesses were questioned. Plaintiff and CIT were pursuing their own interests including, but not limited to, their individual claims for amounts owed by MidPac. As such, Plaintiff and CIT did not have any motive to examine the witnesses with respect to any matter concerning Plaintiff's conspiracy claims against Mr. Iwamoto in this lawsuit.

C. **The testimonies are inadmissible under FRCP Rule 32(a)**

The evidence must be excluded pursuant to FRCP Rule 32(a). The jury should not hear the testimonies because: (1) the testimonies were given outside of Mr. Iwamoto's presence and without Mr. Iwamoto having an opportunity to cross-examine the witnesses; (2) the parties present during the testimonies did not share Mr. Iwamoto's interests and motives; and (3) the prior proceedings involved different issues than the case at bar.

FRCP Rule 32(a) restricts the use of depositions taken in other proceedings. Depositions from other proceedings are inadmissible when: (1) a litigant was not a party in the other proceeding; (2) the parties in the other proceeding and the litigant did not share the same interest and motives; and (3) the other proceeding and the pending lawsuit involved different issues. 8A Wright Miller & Marcus, Federal Practice & Procedure §2150 (1994); 7 Moore's Federal Practice §32.63[1] (2006).

In the case at bar, the testimonies cannot be used against Mr. Iwamoto because he was not present during the proceedings and did not have an opportunity to question the witnesses concerning Plaintiff's conspiracy claims. Mr. Iwamoto will be denied his constitutional right of confrontation, due process and fair trial if the testimony is introduced because he could not rely on the other parties to protect his interests. Those parties did not share Mr. Iwamoto's interests and motives. They did not question the witnesses concerning Plaintiff's conspiracy claims against Mr. Iwamoto because their interests were focused on their competing claims to the assets of the bankrupt estate.

The bankruptcy proceedings and the case at bar did not involve similar issues. The bankruptcy proceedings did not involve allegations that Mr. Iwamoto: (1) operated a RICO enterprise; (2) was involved in a RICO or civil conspiracy against Plaintiff; or (3) damaged Plaintiff. The proceedings involved different issues since the proceedings focused on the assets of the bankruptcy estate.

### D. Introduction of the testimonies would violate Mr. Iwamoto's constitutional rights

Mr. Iwamoto's constitutional rights would be violated if the testimonies were introduced into evidence. Mr. Iwamoto would be denied his constitutional rights of confrontation, fair trial and due process because he would

be denied an opportunity to cross-examine the witnesses in reference to the Plaintiff's conspiracy claims.

The right of cross-examination is critical to this lawsuit since the witnesses are key persons who were involved in MidPac's operation and management. Whereas Plaintiff relies on their testimonies to prove that Mr. Iwamoto conspired against Plaintiff, the jury should not consider their testimonies when Mr. Iwamoto was denied cross-examination of the witnesses concerning Plaintiff's conspiracy claims.

Mr. Iwamoto's constitutional rights will be prejudiced if the jury considers the testimonies. The jury will only hear testimonies elicited by other parties which does not provide a balanced-view of Mr. Iwamoto's involvement with MidPac and the circumstances of MidPac's failure and its default on its account with Plaintiff.

In light of the substantial damages sought by Plaintiff, Mr. Iwamoto's constitutional rights must be enforced to prevent an unjust and unfair verdict from being entered in this lawsuit. Mr. Iwamoto's constitutional rights outweigh any need that another party may have for the testimonies particularly when that party could have scheduled the depositions of these witnesses which would have allowed all parties (including Mr. Iwamoto) to examine the witnesses in reference to the claims in this lawsuit.

E. **The testimonies are irrelevant to Plaintiff's claims**

The testimonies should be excluded because they are irrelevant to Plaintiff's conspiracy claims against Mr. Iwamoto. Testimony concerning assets of the bankruptcy estate is not probative as to Mr. Iwamoto's liability because the testimony does not reflect that Mr. Iwamoto was ever involved in a RICO or civil conspiracy.

The testimonies should be excluded in their entirety to prevent valuable trial time from being wasted on reading irrelevant testimonies to the jury. The testimonies would only serve to confuse the jury and distract their attention from the relevant evidence.

DATED: Honolulu, Hawaii, June 13, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO