IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | CIVIL NO. 01-00187 MEA BMK (Tort and RICO)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Trial Date: November 6, 2006<br>Judge: Hon. Marvin E. Aspen |

[2001556/303390]

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. Statement of Facts

In this lawsuit, Plaintiff seeks damages from Defendant Raymond Iwamoto for: (1) conspiring to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and (2) conspiracy to commit fraud ("civil conspiracy"). Plaintiff also claimed that Mr. Iwamoto violated Section 1962(c) of RICO but that claim was dismissed pursuant to Mr. Iwamoto's motion for summary judgment. (See, Memorandum Opinion and Order filed December 30, 2004).

Plaintiff's civil conspiracy claim is based on allegations that Plaintiff was fraudulently induced to ship appliances. Count II of Plaintiff's complaint[1] is entitled "Fraud Conspiracy" and consists of a series of rambling allegations concerning unrelated events that did not involve Plaintiff. At best, the civil conspiracy claim is related to Count I (claim for common law fraud[2]) which includes allegations that Plaintiff was fraudulently induced to make shipments when the alleged RICO enterprise did not intend to make payment. (¶¶95-110 of Complaint).

At trial, Plaintiff is expected to introduce evidence of or make reference to financing sought by MidPac from City Bank, Edwin Bowling and Glenda Corp. after: (1) MidPac defaulted on its account with Plaintiff; and (2) Plaintiff decided it would on ship appliances to Plaintiff on a cash on delivery

[1] Count II starts on page 36 of Plaintiff's complaint.
[2] Count I starts on page 30 of Plaintiff's complaint.

basis. The evidence and testimony is irrelevant to Plaintiffs' RICO conspiracy and civil conspiracy claims against Mr. Iwamoto.

II. **Argument**

The evidence is irrelevant to Plaintiff's conspiracy claims because MidPac's attempt to obtain financing occurred after MidPac defaulted on its account with Plaintiff. The attempt to obtain financing did not violate RICO or represent an illegal act because MidPac sought financing for the legitimate business purpose of obtaining working capital and to pay its loan with CIT.

The evidence is irrelevant to Plaintiff's RICO conspiracy claim because MidPac's attempt to obtain financing did not defraud or harm Plaintiff's security interest. Plaintiff would have retained its security interest on Maui Home Supply's personal property whether or not MidPac succeeded in obtaining financing. There is no evidence that Plaintiff took any action in reliance on Plaintiff's attempt to obtain financing.

The evidence is irrelevant to Plaintiff's civil conspiracy claim. MidPac's attempt to obtain financing did not induce Plaintiff to ship merchandise because MidPac sought financing **after** MidPac defaulted on its account. Plaintiff decided to ship merchandise to MidPac only on a COD basis which resulted in shipments only when MidPac made payment.

Plaintiff damages were sustained before MidPac sought financing. It shipped merchandise for unrelated reasons including the payment histories of MidPac and Maui Home Supply, the existence of a payment schedule, assurances that future payments will be made, and its desire to meet sales quotas.

III. **Conclusion**

The evidence should be excluded to ensure that the jury's verdict is based on relevant evidence and is not influenced by matters having no probative value as to whether Mr. Iwamoto was involved in a conspiracy. The exclusion of evidence will expedite the conclusion of trial by preventing trial time from being wasted on matters concerning attempts to obtain financing that have no bearing on Plaintiff's status as a secured creditor and whether it was fraudulently induced to ship merchandise to MidPac.

DATED: Honolulu, Hawaii, June 13, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO