IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | CIVIL NO. 01-00187 MEA BMK<br>(Tort and RICO)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br><br><br>Trial Date: November 6, 2006<br>Judge: Hon. Marvin E. Aspen |

[2001556/300961]

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **Statement of Facts**

In this lawsuit, Plaintiff seeks damages from Defendant Raymond Iwamoto for: (1) conspiring to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and (2) conspiracy to commit fraud ("civil conspiracy"). Plaintiff also alleged that Mr. Iwamoto violated Section 1962(c) of RICO but its claim was dismissed pursuant to Mr. Iwamoto's motion for summary judgment. (See, Memorandum Opinion and Order filed December 30, 2004).

Plaintiff's civil conspiracy claim is based on allegations that Plaintiff was fraudulently induced to ship appliances. Count II of Plaintiff's complaint[1] is entitled "Fraud Conspiracy" and consists of a series of rambling allegations concerning unrelated events that did not involve Plaintiff. At best, the civil conspiracy claim is related to Count I (claim for common law fraud[2]) which alleges that Plaintiff was fraudulently induced to make shipments when the alleged RICO enterprise did not intend to make payment. (¶¶95-110 of Complaint).

At trial, Plaintiff is expected to introduce evidence of or make reference to an Investor Memorandum from CGB Enterprises that Mr. Iwamoto received from Kurt Glassman. The Memorandum was produced during discovery. A true and complete copy of the Memorandum is attached hereto as Exhibit A.

Mr. Iwamoto and his law firm **did not** draft the Memorandum. Mr. Iwamoto testified that he "had no input at all into the creation of this document."

---

[1] Count II starts on page 36 of Plaintiff's complaint.
[2] Count I starts on page 30 of Plaintiff's complaint.

(Deposition of Raymond Iwamoto ("Iwamoto deposition"), p. 185/ln. 20-25 attached hereto as Exhibit B). He does not know who drafted the Memorandum. (**Id**., p. 184/ln. 14-18). He and his firm **were not** asked to review the Memorandum. (**Id**., p. 183/ln. 20-24). Mr. Iwamoto did not have discussions with Mr. Glassman concerning the Memorandum. (**Id**., p. 184/ln. 21-23).

He did not distribute the Memorandum because the Memorandum had been given to third parties by the time he received the Memorandum from Mr. Glassman. (**Id**., p. 183/ln. 8-19).

## II. Argument

### A. The evidence is irrelevant to Plaintiff's RICO conspiracy claim

Evidence of the Investor Memorandum and Mr. Iwamoto's receipt of the Memorandum should be excluded to prevent Plaintiff from arguing that the Memorandum shows that Mr. Iwamoto conspired against Plaintiff. The Memorandum does not reflect Mr. Iwamoto was involved in a conspiracy since Mr. Iwamoto did not draft or distribute the Memorandum.

The evidence is irrelevant because it does not reflect the existence of a conspiracy agreement to violate RICO. In order to prove a RICO conspiracy, Plaintiff must show there was:

> [1] an agreement that is a substantive violation of RICO or [2] that the defendants agreed to commit, or participated in, a violation of two predicate offenses.

**Howard v. America Online Inc.**, 208 F.3d 741, 751 (9th Cir. 2000). (Citing **Baumer v. Pachl**, 8 F.3d 1341, 1346 (9th Cir. 1993)). Plaintiff must establish that the Mr. Iwamoto "intend[ed] to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense[.]" **Salnias v. United States**, 522 U.S. 52, 65, 118 S. Ct. 469, 477, 139 L.Ed.2d 352 (1997). Plaintiff must demonstrate that Mr. Iwamoto "was aware of the essential nature and scope of the enterprise and intended to participate in it." **Baumer v. Pachl**, 8 F.3d at 1346.

Liability for a civil conspiracy to defraud only exists when there is concerted action to accomplish an unlawful purpose. **Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transportation Company, Inc.**, 91 Haw. 224, 260-261, 982 P.2d 853 (1999). Plaintiff must establish the existence of a conspiracy agreement because:

> mere acquiescence or knowledge is insufficient to constitute a conspiracy absent approval, cooperation or agreement.

**Id.**, 91 Haw. at 260 fn. 44, 982 P.2d 853.

In the case at bar, the Memorandum is not evidence that Mr. Iwamoto entered into a conspiracy agreement because he was not involved in the drafting or distribution of the Memorandum. Mr. Iwamoto was unaware of the Memorandum's existence until Mr. Glassman provided a copy after it was already

distributed. (Iwamoto deposition, p. 183/ln. 8-19 attached hereto as Exhibit B). Mr. Iwamoto denies that he drafted the Memorandum or that: (1) he "input at all into the creation of this document" (Iwamoto deposition, p. 185/ln. 20-25 attached hereto as Exhibit B); (2) he and his firm were asked to review the Memorandum. (**Id**., p. 183/ln. 20-24); and (3) he discussed the Memorandum with Mr. Glassman (**Id**., p. 184/ln. 21-23). He does not know who drafted the Memorandum. (**Id**., p. 184/ln. 14-18).

C. **The Investor Memorandum did not cause Plaintiff's damages**

The Investor Memorandum should be excluded because it is irrelevant to Plaintiff's claim for damages. The Memorandum did not: (1) affect Plaintiff's security interest under its RICO conspiracy claim; or (2) induce Plaintiff to ship appliances under its civil conspiracy claim. The Memorandum has no relevance to Plaintiff's claim for damages because it is not claiming to have invested moneys into CGB Enterprises in reliance on the Memorandum or that it received the Memorandum before the Memorandum was produced during discovery.

The Memorandum did not damage Plaintiff's status as a secured creditor because it only concerned investments in CGB Enterprises. The Memorandum did not refer to Plaintiff or its security interest.

The Memorandum did not induce Plaintiff to ship appliances. There is no evidence that Plaintiff shipped merchandise in reliance on the Memorandum

or that it was even aware of the Memorandum at the time it made shipments. Plaintiff shipped merchandise for unrelated reasons including the payment histories of MidPac and Maui Home Supply, the existence of a payment schedule, assurances that future payments will be made, and its desire to meet sales quotas. The discussion of Plaintiff's reasons for making shipments and case law concerning proximate cause on pages 6 through 8 of Mr. Iwamoto's memorandum in support of his Motion in Limine No. 1 to Exclude Evidence That MidPac Lumber Company, Limited, Maui Home Supply Or Other Entities Fraudulently or Illegally Transferred Inventory Between Warehouses are incorporated by reference.

DATED: Honolulu, Hawaii, June 13, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO