IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | CIVIL NO. 01-00187 MEA BMK<br>(Tort and RICO)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br><br><br><br><br><br><br><br>Trial Date: November 6, 2006<br>Judge: Hon. Marvin E. Aspen |

[2001556/300850]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Statement of Facts

In this lawsuit, Plaintiff seeks damages from Defendant Raymond Iwamoto for: (1) conspiring to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and (2) conspiracy to commit fraud ("civil conspiracy"). Plaintiff also alleged that Mr. Iwamoto violated Section 1962(c) of RICO but its claim was dismissed pursuant to Mr. Iwamoto's motion for summary judgment. (See, Memorandum Opinion and Order filed December 30, 2004).

Plaintiff's civil conspiracy claim is based on allegations that Plaintiff was fraudulently induced to ship appliances. Count II of Plaintiff's complaint[1] is entitled "Fraud Conspiracy" and consists of a series of rambling allegations concerning unrelated events that did not involve Plaintiff. At best, the civil conspiracy claim is related to Count I (claim for common law fraud[2]) alleges that Whirlpool was fraudulently induced to make shipments when the alleged RICO enterprise did not intend to make payment. (¶¶95-110 of Complaint).

At trial, Plaintiff is expected to introduce evidence of or make reference to revisions made by Mr. Iwamoto to letter to City Bank dated September 2, 1999. Mr. Iwamoto drafted the letter in his capacity as MidPac's counsel and in reference to MidPac's loan application with City Bank to refinance MidPac's debt with CIT Group/Business Credit Inc. ("CIT"). A draft of the letter referred to fraud and stated:

---

[1] Count II starts on page 36 of Plaintiff's complaint.
[2] Count I starts on page 30 of Plaintiff's complaint.

> [CIT was] worried that money had been stolen from them by virtue of fraud.

(Exhibit A, pg. 2). The final draft of the letter deleted the reference to fraud and this sentence.

The letter was sent to City Bank after MidPac defaulted on its account with Plaintiff and could purchase appliances only on a cash on delivery basis.

## II. Argument

### A. The evidence is irrelevant to Plaintiff's RICO conspiracy claim

The letter should be excluded because it is irrelevant to whether Mr. Iwamoto conspired against Plaintiff. The letter is not probative that Mr. Iwamoto entered into a conspiracy agreement because the letter was addressed to City Bank (not Plaintiff) and concerned MidPac's loan application with City Bank. It was written after: (1) MidPac defaulted on its account with Plaintiff; and (2) Plaintiff decided to sell appliances to MidPac only on a COD basis.

The evidence is irrelevant because it does not reflect the existence of a conspiracy agreement to violate RICO. In order to prove a RICO conspiracy, Plaintiff must prove there was:

> [1] an agreement that is a substantive violation of RICO or [2] that the defendants agreed to commit, or participated in, a violation of two predicate offenses.

**Howard v. America Online Inc.**, 208 F.3d 741, 751 (9th Cir. 2000). (Citing **Baumer v. Pachl**, 8 F.3d 1341, 1346 (9th Cir. 1993)). Plaintiff must show that the Mr. Iwamoto "intend[ed] to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense[.]" **Salnias v. United States**, 522 U.S. 52, 65, 118 S. Ct. 469, 477, 139 L.Ed.2d 352 (1997). Plaintiff must demonstrate that Mr. Iwamoto "was aware of the essential nature and scope of the enterprise and intended to participate in it." **Baumer v. Pachl**, 8 F.3d at 1346.

In the case at bar, the evidence is irrelevant to whether Mr. Iwamoto was involved in a RICO conspiracy to damage Plaintiff's security interest. The drafting of the letter and the letter itself does not reflect that Mr. Iwamoto conspired against Plaintiff since the letter was only sent to City Bank in reference to MidPac's loan application.

The letter's reference to CIT's suspicion of fraud is not evidence that Mr. Iwamoto conspired against Plaintiff. The reference to CIT's suspicion is found in only one sentence in Mr. Iwamoto's lengthy and detailed narrative. Mr. Iwamoto referred to CIT's suspicion but he did not admit that MidPac committed fraud or that he was involved in any fraudulent conduct or wrongdoing.

Liability for a civil conspiracy to defraud only exists when there is concerted action to accomplish an unlawful purpose. **Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transportation Company, Inc.**, 91 Haw. 224, 260-

261, 982 P.2d 853 (1999). Plaintiff must establish the existence of a conspiracy agreement because:

> mere acquiescence or knowledge is insufficient to constitute a conspiracy absent approval, cooperation or agreement.

**Id.**, 91 Haw. at 260 fn. 44, 982 P.2d 853.

### C. The letter did not cause Plaintiff's damages

Evidence of the revision to Mr. Iwamoto's letter is inadmissible because the revision was not a proximate cause of the damages claimed by Plaintiffs. The revision did not defraud Plaintiff or harm Plaintiff's security interest as alleged in Plaintiff's RICO conspiracy claim. The revision could not have defrauded Plaintiff because it did not refer to or have any bearing on Plaintiff's security interest. There is no evidence that: (1) the letter caused City Bank to take any action against Plaintiff's security interest; or (2) Plaintiff was aware of or acted in reliance on the letter or the revision.

The letter did not induce Plaintiff to ship appliances to MidPac. There is no evidence that: (1) Plaintiff was aware of the letter before it was produced during discovery; and (2) Plaintiff made shipments in reliance on the letter. The letter had no effect on Plaintiff's decision to ship appliances because MidPac was already in default on its account with Plaintiff and had been placed on a COD basis with respect to future shipments. Plaintiff shipped merchandise for unrelated

reasons including the payment histories of MidPac and Maui Home Supply, the existence of a payment schedule, assurances that future payments will be made, and its desire to meet sales quotas.

DATED: Honolulu, Hawaii, June 13, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO