IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT STATE OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC, a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants.<br><br>And<br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | CIVIL NO.<br>CV 01-00187 DAE BMK |

COPY

THIS TRANSCRIPT IS WORK PRODUCT. DISTRIBUTION OF DUPLICATES IS NOT AUTHORIZED.

Deposition noticed by: THOMAS E. BUSH, ESQ.

DEPOSITION OF PAUL MANCINI



EXHIBIT D

conference room today?

A. Yes, I do.

Q. And have you done work for his wife, Frances Bowling?

A. I don't believe so. I think my engagement was with Mr. Bowling. I don't recall a relationship his wife had to any of the transactions we talked about. That's not to say she didn't have any, but I just don't recall it.

Q. Do you have a recollection of when you were first contacted by Mr. Bowling?

A. No, I couldn't tell you the year or the month or anything.

Q. Do you have a recollection though of him contacting you?

A. Yes, I do, I have a recollection. I don't recall the telephone call or what it was, but I recall him coming to my office on a couple of occasions.

Q. What did you understand to be the reason why he was coming to your office?

A. My recollection is that it was a business transaction and he needed basically counsel concerning a business transaction, and it involved stock transfers. That's the extent of my recollection at this time.

Q. And you have that understanding based on what he told you?

A. I have that understanding based upon my memory. That's all I have.

Q. Your memory is that that's what he told you?

A. That's what I remember the interchange was, yes.

Q. Did he ever tell you that he was contacting you on behalf of someone named Kurt Glassman?

A. Could be. I know there was another party involved. That could be the name. I couldn't say that definitely was the name, but that does sort of sound familiar.

Q. Did he ever tell you or inform you that you would be representing Mr. Glassman?

A. My recollection is I was representing him with regard to putting together a business transaction involving stock transfers. I don't have a recollection of who the transfers were from and to. There were other parties involved, but I don't recall who they were. My vague recollection is that there was more than one company involved. That's the best I can do.

Q. Did you keep time slips or other journal entries that would show what the work you did is, or otherwise be helpful in figuring out when he contacted you?

A. I believe that's true.

Q. Have you produced those time slips to anybody?

A. I don't recall. I recall at one point in time,

final documents, or at least what you considered to be final documents that would then be used in a closing?

A. My recollection is I did not.

Q. And why not?

A. Why not?

Q. Yes.

A. I just don't remember that I did. I remember having a couple of meetings with Mr. Bowling, I think at least two. It may have gone to three, but I don't know. And I remember I produced some documents. I have a vague recollection. I probably produced a profile of what the transactions were going to be in order to understand the transactions. And I probably produced a stock purchase agreement, may have. But you have the file, so you would know better than I do what I produced.

Q. Did Mr. Bowling ever explain to you why you would not be involved in a closing?

A. I have no recollection of a conversation about that.

Q. Did Mr. Bowling ever explain to you -- strike that. Do you recall that after you initially met him that at some point in time did he ever indicate to you, you know, "Thanks, but no thanks, I don't need your help any more," or words to that effect?

A. He may have, but I just don't recall. I recall

C E R T I F I C A T I O N

STATE OF HAWAII )
) SS.
COUNTY OF MAUI )

I, JEANNETTE W. IWADO, C.S.R. 135, Notary Public in and for the State of Hawaii, do hereby certify:

That on March 12, 2003 appeared before me PAUL MANCINI, the witness whose deposition is contained herein; that prior to being examined the witness was by me duly sworn;

That the deposition was taken down by me in machine shorthand and was thereafter reduced to print under my supervision by means of computer-assisted transcription; that the foregoing represents, to my best ability, a true and correct transcript of the proceedings had in the foregoing matter.

The witness, if applicable, was notified that the deposition was available a period of thirty days for review, signature and corrections, if any. If not signed, the reading and signing of the deposition were waived or the witness failed to appear. The original has, therefore, been sealed and is on file without signature, pursuant to court rules.

I further certify that I am not an attorney for any of the parties hereto, nor in any way interested in the outcome of the cause named in the caption.

Dated this 18th day of March, 2003.

NOTARY PUBLIC, State of Hawaii
My commission expires 2/5/04