NOV 26 2002



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO, and KURT GLASSMAN, DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants.<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | Civil No. CV01-00187 DAE BMK<br><br>(Tort and RICO) |

DEPOSITION OF RAYMOND S. IWAMOTO

Taken on behalf of Plaintiff Whirlpool Corporation, at 2300 Pauahi Tower, 1001 Bishop Street, Honolulu, Hawaii, 96813, commencing at 9:05 a.m., on Tuesday, November 12, 2002, pursuant to Notice.

REPORTED BY: JANIS K. FLOATE, RPR, CSR 254
Notary Public, State of Hawaii

EXHIBIT A

paralegal or an attorney?
A. She is my secretary.
Q. Is she still your secretary?
A. Yes.
Q. How long has she been your secretary?
A. I brought her over from Carlsmith actually.
Q. You go way back.
A. Way back.
Q. You're saying: Yvonne, for Kurt please check the CG files. Here's what we want to do. Ed Bowling will resign as director and officer from the various corporations, including Midpac.
Now, do you recall having a discussion with Kurt Glassman on or before June 10th, 1999, regarding that?
A. Yes.
Q. And when was that?
A. I don't know exactly when. You said on or before. It might have been on June 10th.
Q. Was it a telephone conversation with him?
A. I don't recall whether it was telephone or face-to-face.
Q. Do you recall having any meetings with Mr. Glassman on or about June 10th, 1999, face-to-face?

A. Depending when the CIT crisis occurred, then I did have face-to-face meetings with him.

Q. Do you understand why you're trying to move this matter forward and having Mr. Bowling resign as an officer and director?

A. I was informed that he had resigned.

Q. He had resigned?

A. Yes.

Q. Who informed you of that?

A. Mr. Glassman.

Q. What were the circumstances of him informing you of that?

A. I don't recall what the circumstances were.

Q. Okay.

A. Other than we have to document the resignation.

Q. Now, had you had any dealing with Mr. Bowling in 1999 prior to this?

A. My recollection is that my dealings with Mr. Bowling had ended before '99, best I can recall.

Q. Now, do you have any recollection of why it was important to back-date his resignation as far as you could in 1999?

A. I use the word back-date here, although

it's not really a back-dating because I was told that that's when it happened; but as corporate attorney, I wanted to make sure that we had an effective date that didn't complicate with any, for example, corporate resolutions that he had signed as a director after January 1.

So I instructed the paralegal to check these records out just to make sure that we're not going to be doing something inconsistent here.

Q. Now, at the same time that you're discussing the recordation or the memorialization of Mr. Bowling's resignation, had you had discussions with Mr. Glassman regarding CIT?

A. The CIT thing happened in June. Whether it was before June 10th or after June 10th, I don't quite recall.

Q. You don't have any recollection, then, that Mr. Glassman was concerned about CIT when he had asked you about Mr. Bowling's resignation?

A. No. I never linked the two together. This may have been when at the same time that he told me that he had bought Mr. Bowling out.

Q. Now, the second paragraph talks about appointing Mike Clifford to take Ed's officer position. Do you see that?

C E R T I F I C A T E

STATE OF HAWAII )
) SS.
CITY AND COUNTY OF HONOLULU )

I, JANIS K. FLOATE, Notary Public, State of Hawaii, do hereby certify:

That on November 12, 2002, appeared before me Raymond S. Iwamoto, the witness whose deposition is contained herein; that prior to being examined, the witness was by me duly sworn;

That the deposition was taken down by me in machine shorthand and was thereafter reduced to typewriting under my supervision; that the foregoing represents to the best of my ability, a true and correct transcript of the proceedings had in the foregoing matter.

I further certify that I am not an attorney for any of the parties hereto, nor in any way concerned with the cause.

DATED this ______ day of____________,2002, in Honolulu, Hawaii.

______________________________________
JANIS K. FLOATE, RPR, CSR 254
Notary Public, State of Hawaii
My Commission Exp: December 12, 2005