IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | CIVIL NO. 01-00187 MEA BMK (Tort and RICO)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Trial Date: November 6, 2006<br>Judge: Hon. Marvin E. Aspen |

[2001556/302950]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Statement of Facts

In this lawsuit, Plaintiff seeks damages from Defendant Raymond Iwamoto for: (1) conspiring to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and (2) conspiracy to commit fraud ("civil conspiracy"). Plaintiff also claimed that Mr. Iwamoto violated Section 1962(c) of RICO but that claim was dismissed pursuant to Mr. Iwamoto's motion for summary judgment. (See, Memorandum Opinion and Order filed December 30, 2004).

The civil conspiracy is claim is based on allegations that Plaintiff was fraudulently induced to ship appliances. Count II of Plaintiff's complaint[1] is entitled "Fraud Conspiracy" and is directed against Mr. Iwamoto and other defendants. It consists of a series of rambling allegations concerning unrelated events that did not involve Plaintiff. At best, the civil conspiracy claim is related to Count I (claim for common law fraud[2]) which alleges that Plaintiff was fraudulently induced to make shipments when the alleged RICO enterprise did not intend to make payment. (¶¶95-110 of Complaint).

At trial, Plaintiff is expected to introduce evidence of or make reference to a contract between MidPac and the United States Navy ("Navy") through which MidPac sold appliances to the Navy for a housing project.

---

[1] Count II starts on page 36 of Plaintiff's complaint.
[2] Count I starts on page 30 of Plaintiff's complaint.

Mr. Iwamoto did not manage MidPac. His role was limited to providing legal services in his capacity as corporate attorney. He:

> had no involvement whatsoever with any operational aspects of the company, with any vendors, any products or how they would sell products or how they would buy products. I provided no services in connection with that. I had not just no involvement whatsoever with any of that.

(Deposition of Raymond Iwamoto ("Iwamoto deposition"), p. 86/ln. 11-19 attached hereto as Exhibit A).

Mr. Iwamoto was aware of the Navy contract but he had limited information concerning the contract. He did not know what kinds of problems existed with respect to the contract. (Iwamoto deposition, p. 201/ln. 20-25; p. 202/ln. 1-2 attached hereto as Exhibit A). He only knew it was a "good business for MidPac if they could only have carried it through." (**Id**.).

Plaintiff was aware of the Navy contract. It was asked to resume shipments of appliances that would be sold to the Navy. (Deposition of Carl Smith, p. 42/ln. 22-25; p. 43/ln. 1-3 attached hereto as Exhibit B).

Mr. Iwamoto discussed the Navy contract with CIT in reference to MidPac's attempt to obtaining financing to purchase appliances from Plaintiff. (Iwamoto deposition, p. 202/ln. 3-10 attached hereto as Exhibit A). At that time, appliances could be purchased from Plaintiff only on a cash on delivery basis. (**Id**.p. 202/ln. 3-10; p. 255/ln. 17-21).

## II. Argument

### A. The evidence is irrelevant to Plaintiff's conspiracy claims

The evidence is irrelevant to Plaintiff's RICO and civil conspiracy claims because the contract does not reflect that Mr. Iwamoto conspired to harm Plaintiff's security interest or to fraudulently induce Plaintiff to make shipments. The contract cannot support Plaintiff's conspiracy claims because: (1) Plaintiff shipped appliances to MidPac only on a COD basis (Iwamoto deposition, p. 202/ln. 3-10; p. 255/ln. 17-21 attached hereto as Exhibit A); and (2) Plaintiff's security interest was only on Maui Home Supply's personal property; (Deposition of Carl Smith, p. 90/ln. 11-25; p. 91/ln. 1-9; p. 98/ln. 10-25; p. 99/ln. 1-3 attached hereto as Exhibit B). Plaintiff did not have a security interest on MidPac's assets. (**Id.**).

The evidence is irrelevant because it does not reflect the existence of a conspiracy agreement to violate RICO. In order to prove a RICO conspiracy, Plaintiff must prove there was:

> [1] an agreement that is a substantive violation of RICO or [2] that the defendants agreed to commit, or participated in, a violation of two predicate offenses.

**Howard v. America Online Inc.**, 208 F.3d 741, 751 (9th Cir. 2000). (Citing **Baumer v. Pachl**, 8 F.3d 1341, 1346 (9th Cir. 1993)). Plaintiff must show that the Mr. Iwamoto "intend[ed] to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense[.]" **Salnias v. United States**,

522 U.S. 52, 65, 118 S. Ct. 469, 477, 139 L.Ed.2d 352 (1997). Plaintiff must demonstrate that Mr. Iwamoto "was aware of the essential nature and scope of the enterprise and intended to participate in it." **Baumer v. Pachl**, 8 F.3d at 1346.

Liability cannot be based solely on the legal services rendered by Mr. Iwamoto because:

> **a defendant who did not agree to the commission of crimes constituting a pattern of racketeering activity is not in violation of section 1962(d), even though he is somehow affiliated with a RICO enterprise**, and neither is the defendant who agrees to the commission of two criminal acts but does not consent to the involvement of an enterprise. If either aspect of the agreement is lacking then there is insufficient evidence that the defendant embraced the objective of the alleged conspiracy. **Thus, mere association with the enterprise would not constitute §1962(d) violation**. In a RICO conspiracy, as in all conspiracies, agreement is essential.

**Baumer v. Pachl**, 8 F.3d at 1346. (Emphasis added).

An attorney rendering legal services does not violate RICO when he does not manage the RICO enterprise. **Baumer v. Pachl**, 8 F.3d at 1344-1345. RICO does not "criminalize mere association with [a RICO] enterprise" (**Brouwer v. Raffensperger, Hughes & Co.**, 199 F.3d 961, 964, 965 (7th Cir. 2000)) because RICO:

> **does not criminalize the actions of everyone who works for a RICO enterprise, nor does it bring within RICO everyone who commits what would be two predicate acts.** It only applies to those who participate in the conduct of the enterprise through a pattern of racketeering activity.

***Id.***, 199 F.3d at 966. (Emphasis added).

Liability for a civil conspiracy to defraud only exists when there is concerted action to accomplish an unlawful purpose. **Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transportation Company, Inc.**, 91 Haw. 224, 260-261, 982 P.2d 853 (1999). Plaintiff must establish the existence of a conspiracy agreement because:

> mere acquiescence or knowledge is insufficient to constitute a conspiracy absent approval, cooperation or agreement.

**Id.**, 91 Haw. at 260 fn. 44, 982 P.2d 853.

B. **The evidence is irrelevant to Plaintiff's claim for damages**

The evidence should be excluded because the Navy contract did not cause Plaintiff's damages. There is no evidence is irrelevant to Plaintiff's RICO conspiracy claim because the Navy contract did not defraud Plaintiff or affect its security interest.

The Navy contract is irrelevant to Plaintiff's civil conspiracy claim because the contract did not fraudulently induce Plaintiff to ship merchandise. Plaintiff did not ship merchandise based on credit because its shipments were only made on a COD basis.

III. **Conclusion**

The evidence should be excluded because the evidence is irrelevant to Plaintiff's claims that: (1) Mr. Iwamoto conspired to prejudice its status as a secured creditor (i.e., the RICO conspiracy claim); and (2) Mr. Iwamoto conspired to fraudulently induce Plaintiff to ship merchandise to MidPac (i.e., the civil conspiracy claim). The existence and terms of the Navy contract is not probative to either claim because: (1) Mr. Iwamoto did not negotiate the contract and was not involved in the performance of the contract; (2) the contract did not prejudice Plaintiff's rights as a secured creditor; and (3) Plaintiff was not induced to make shipments for the contract since it made shipments only on a COD basis.

DATED: Honolulu, Hawaii, June 13, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO