IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | CIVIL NO. 01-00187 MEA BMK<br>(Tort and RICO)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br><br><br>Trial Date: November 6, 2006<br>Judge: Hon. Marvin E. Aspen |

[2001556/300486]

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **Statement of Facts**

In this lawsuit, Plaintiff seeks damages from Defendant Raymond Iwamoto for: (1) conspiring to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and (2) conspiracy to commit fraud ("civil conspiracy"). Plaintiff also alleged that Mr. Iwamoto violated Section 1962(c) of RICO but its claim was dismissed pursuant to Mr. Iwamoto's motion for summary judgment. (See, Memorandum Opinion and Order filed December 30, 2004).

Plaintiff's civil conspiracy claim is based on allegations that Plaintiff was fraudulently induced to ship appliances. Count II of Plaintiff's complaint[1] is entitled "Fraud Conspiracy" and consists of a series of rambling allegations concerning unrelated events that did not involve Plaintiff. At best, the civil conspiracy claim is related to Count I (claim for common law fraud[2]) which alleges that Plaintiff was fraudulently induced to make shipments when the alleged RICO enterprise did not intend to make payment. (¶¶95-110 of Complaint).

At trial, Plaintiff is expected to introduce or make reference to warehouse receipt forms that Mr. Iwamoto's staff provided to Kurt Glassman. The receipt forms were provided after Mr. Glassman asked Mr. Iwamoto for forms that he could use. (Deposition of Raymond Iwamoto ("Iwamoto deposition"), p. 162/ln. 7-24 attached hereto as Exhibit A). True and complete copies of the warehouse receipt forms are attached hereto as Exhibit B.

---

[1] Count II starts on page 36 of Plaintiff's complaint.
[2] Count I starts on page 30 of Plaintiff's complaint.

The warehouse receipts were not provided as part of a conspiracy or promote a conspiracy. The warehouse receipts served a legitimate business purpose because the receipts allowed inventory to be tracked by documenting the movement and location of inventory. (Iwamoto deposition, p. 162/ln. 25; p. 163/ln. 1-12 attached hereto as Exhibit A).

The warehouse receipt form (Exhibit B) is a simple document that acknowledges receipt of the inventory described therein. It confirms that the inventory was received in good order and that the inventory will be released upon payment of storage fees and other charges. It includes provisions concerning the scope and extent of the warehouseman's liability.

When he supplied the forms, Mr. Iwamoto was unaware of financial problems experienced by MidPac. (**Id.**, p. 162/ln. 25; p. 163/ln. 1-12). He was told that MidPac was a prosperous company that was making "tons of money." (**Id.**, p. 127/ln. 5-12). His client told him:

> there's plenty of collateral, company is doing great guns, it's in fine shape.

(**Id.**, p. 127/ln. 1-4).

Mr. Iwamoto did not have reason to disbelieve these representations because he:

> had no involvement whatsoever with any operational aspects of the company, with any vendors, any products or how they would sell products or how they would buy products. I provided no services in

> connection with that. I had not just no involvement whatsoever with any of that.

(**Id.**, p. 86/ln. 11-19). He was "never involved with operations or vendors or how much was owed[.]" (**Id.**, p. 137/ln. 1-3). He had no "no knowledge whatsoever" about "any of the operational things, where the inventory is[.]" (**Id.**, p. 150/ln. 5-9).

## II. Argument

### A. The evidence is irrelevant to Plaintiff's conspiracy claims

Evidence of the warehouse receipts are inadmissible because the evidence should be excluded because it is irrelevant to Plaintiff's conspiracy claims. Evidence of the forms do not establish: (1) the existence of a conspiracy; and (2) Mr. Iwamoto conspired against Plaintiff.

Providing the forms to Mr. Glassman is not probative that Mr. Iwamoto conspired against Plaintiff because the forms were part of the legal services that Mr. Iwamoto provided to his client. The forms are simple documents that do not reflect the existence of a conspiracy since the forms serve the legitimate business purpose of: (1) tracking the movement and location of inventory; and (2) setting forth the rights and duties of the party delivering the merchandise to the warehouse and the warehouseman. The use of the forms refutes the existence of a conspiracy against Plaintiff because the forms disclose (instead of conceal) information concerning MidPac's inventory.

The evidence is irrelevant because it does not reflect the existence of a conspiracy agreement to violate RICO. In order to prove a RICO conspiracy, Plaintiff must prove there was:

> [1] an agreement that is a substantive violation of RICO or [2] that the defendants agreed to commit, or participated in, a violation of two predicate offenses.

**Howard v. America Online Inc.**, 208 F.3d 741, 751 (9th Cir. 2000). (Citing **Baumer v. Pachl**, 8 F.3d 1341, 1346 (9th Cir. 1993)). Plaintiff must show that the Mr. Iwamoto "intend[ed] to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense[.]" **Salnias v. United States**, 522 U.S. 52, 65, 118 S. Ct. 469, 477, 139 L.Ed.2d 352 (1997). Plaintiff must demonstrate that Mr. Iwamoto "was aware of the essential nature and scope of the enterprise and intended to participate in it." **Baumer v. Pachl**, 8 F.3d at 1346.

Liability cannot be based solely on the legal services rendered by Mr. Iwamoto because:

> **a defendant who did not agree to the commission of crimes constituting a pattern of racketeering activity is not in violation of section 1962(d), even though he is somehow affiliated with a RICO enterprise**, and neither is the defendant who agrees to the commission of two criminal acts but does not consent to the involvement of an enterprise. If either aspect of the agreement is lacking then there is insufficient evidence that the defendant embraced the objective of the alleged conspiracy. **Thus, mere association with the enterprise would not constitute §1962(d) violation**. In a RICO conspiracy, as in all conspiracies, agreement is essential.

**Baumer v. Pachl**, 8 F.3d at 1346. (Emphasis added).

An attorney rendering legal services does not violate RICO when he does not manage the RICO enterprise. **Baumer v. Pachl**, 8 F.3d at 1344-1345. RICO does not "criminalize mere association with [a RICO] enterprise" (**Brouwer v. Raffensperger, Hughes & Co.**, 199 F.3d 961, 964, 965 (7th Cir. 2000)) because RICO:

> **does not criminalize the actions of everyone who works for a RICO enterprise, nor does it bring within RICO everyone who commits what would be two predicate acts.** It only applies to those who participate in the conduct of the enterprise through a pattern of racketeering activity.

***Id.***, 199 F.3d at 966. (Emphasis added).

Evidence of a conspiracy agreement is also required for Plaintiff's civil conspiracy claim. Liability exists only when there is concerted action to accomplish an unlawful purpose. **Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transportation Company, Inc.**, 91 Haw. 224, 260-261, 982 P.2d 853 (1999). Plaintiff must establish the existence of a conspiracy agreement because:

> mere acquiescence or knowledge is insufficient to constitute a conspiracy absent approval, cooperation or agreement.

**Id.**, 91 Haw. at 260 fn. 44, 982 P.2d 853.

### B. The warehouse receipt forms are irrelevant to Plaintiff's damages

The warehouse receipt forms are also irrelevant to Plaintiff's claim for damages. The forms did not defraud Plaintiff or affect its security under Plaintiff's RICO conspiracy claim. The forms did harm Plaintiff or affect its security interest because the forms do not do not refer to Plaintiff or include provisions that affected Plaintiff's security interest.

The warehouse receipt forms did not induce Plaintiff to ship merchandise to MidPac. There is no evidence that Plaintiff was aware of the forms when it made shipments or that its decision to make shipments were made in reliance on the forms. Plaintiff shipped merchandise for unrelated reasons including the payment histories of MidPac and Maui Home Supply, the existence of a payment schedule, assurances that future payments will be made, and its desire to meet sales quotas.

DATED: Honolulu, Hawaii, June 13, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO