IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | CIVIL NO. 01-00187 MEA BMK<br>(Tort and RICO)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES |

[2001556/303972]

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Statement of Facts

In this lawsuit, Plaintiff seeks damages from Defendant Raymond Iwamoto for: (1) conspiring to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and (2) conspiracy to commit fraud ("civil conspiracy"). Plaintiff also claimed that Mr. Iwamoto violated Section 1962(c) of RICO but that claim was dismissed pursuant to Mr. Iwamoto's motion for summary judgment. (See, Memorandum Opinion and Order filed December 30, 2004).

Plaintiff's civil conspiracy claim is based on allegations that Plaintiff was fraudulently induced to ship appliances. Count II of Plaintiff's complaint[1] is entitled "Fraud Conspiracy" and consists of a series of rambling allegations concerning unrelated events that did not involve Plaintiff. At best, the civil conspiracy claim is related to Count I (claim for common law fraud[2]) which includes allegations that Plaintiff was fraudulently induced to make shipments when the alleged RICO enterprise did not intend to make payment. (¶¶95-110 of Complaint).

At trial, Plaintiff may introduce the testimony of its in-house counsel, Debra Clawson, Esq. The record reflects that Ms. Clawson was not involved during the period when Plaintiff shipped merchandise to MidPac. Plaintiff's National Manager of Trade Partner Financial Services, Carl Smith, testified that

[1] Count II starts on page 36 of Plaintiff's complaint.
[2] Count I starts on page 30 of Plaintiff's complaint.

Ms. Clawson's involvement began "when it became evident that the customer was unable to pay[.]" (Deposition of Carl Smith, p. 213/ln. 17-25; p. 214/ln. 1-9 attached hereto as Exhibit A). He consulted with Ms. Clawson to "help[ ] us review options." (**Id.**). Mr. Smith could not recall the date of Ms. Clawson's first involvement but he said it was between July 23, 1999 and October 1999 when Plaintiff filed its lawsuit against MidPac. (**Id.**, p. 1-9).

## II. Argument

Ms. Clawson's testimony is irrelevant because her testimony is not based on personal knowledge. Her testimony will not help the jury decide this lawsuit because it is based on hearsay and second-hand information obtained from her interpretation of the records and discussions with others. As Plaintiff's in-house counsel, Ms. Clawson will be advocating Plaintiff's position instead of testifying to facts regarding Plaintiff's claims.

Rule 602 of the Federal Rules of Evidence ("FRE") provides that only witnesses with personal knowledge are competent to testify. It states in relevant part:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.

FRE Rule 602 requires a witness' testimony to be "based on events perceived by the witness through one of the five senses." Weinstein's Federal Evidence §602.02 (2003). It reflects the policy that:

> the trier of fact should base its decision on good and trustworthy evidence, and "personal knowledge" really means firsthand knowledge which has come to the witness through his own senses. **Thus a witness may testify to an event or occurrence which he has seen himself, but not one which he knows only from the description of others.**

Mueller & Kirkpatrick, Federal Evidence §236 (1994). (Emphasis added). Testimony that repeats out-of-court statements are inadmissible for lack of personal knowledge pursuant to FRE Rule 602 or under the hearsay rule in FRE Rule 802. **Id.**

In the case at bar, Ms. Clawson's testimony should be excluded pursuant to FRE Rule 602 because it is not based on personal knowledge. Ms. Clawson lacks personal knowledge because she was not involved in Plaintiff's decision to increase MidPac's credit limits, its decision to ship additional merchandise to MidPac, and MidPac's default on its account. Her testimony concerning these matters would be based on statements made by others since her involvement began after MidPac defaulted on its account when she was asked to evaluate Plaintiff's position. (Deposition of Carl Smith, p. 213/ln. 17-25; p. 214/ln. 1-9 attached hereto as Exhibit A).

DATED: Honolulu, Hawaii, June 13, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO