SHEET 1 PAGE 262

262

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation, Plaintiff, vs. CIT GROUP/BUSINESS CREDIT INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20, Defendants, and CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA, Additional Crossclaim Defendants. | Civil No. 01-00187DAE BMK (Tort and RICO) Volume II |

DEPOSITION OF CARL SMITH

Taken on behalf of Defendant, RAYMOND IWAMOTO, at the Law Offices of Ayabe, Chong, Nishimoto, Sia & Nakamura, 1001 Bishop Street, Suite 2500, Pauahi Tower, Honolulu, Hawaii, commencing at 9:00 a.m., on Saturday, December 21, 2002, pursuant to notice.

REPORTED BY: CAROL E.M. SUGIYAMA, C.S.R. #295
Notary Public, State of Hawaii

PAGE 263

263

APPEARANCES:

TIMOTHY HOGAN, ESQ.
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street
Suite 1405
Honolulu, Hawaii 96813

For Plaintiff WHIRLPOOL CORPORATION

CALVIN YOUNG, ESQ.
GARY MIYAMOTO, ESQ.
Ayabe Chong Nishimoto
Sia & Nakamura
2500 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

For Defendant ROY IWAMOTO, INC.

LOUISE K.Y. ING, ESQ.
CARL SOTO, eSQ.
Alston Hunt Floyd & Ing
1800 Pacific Tower
1001 Bishop Street
Honolulu, Hawaii 96813

For Defendant CIT GROUP/BUSINESS CREDIT, INC.

ROGER MOSELEY, ESQ.
CHRISTOPHER J. MUZZI, ESQ.
Case Bigelow & Lombardi
2600 Mauka Tower
Pacific Guardian Life Center
Honolulu, Hawaii 96813

For Defendants MICHAEL CLIFFORD, CGBN, INC., and Third-Party Defendant CG DEVELOPMENT, INC.

PAGE 264

264

MARGERY S. BRONSTER, ESQ.
JEANNETTE HOLMES, ESQ.
Bronster, Crabtree & Hoshibata
1001 Bishop Street
Suite 2300, Pauahi Tower
Honolulu, Hawaii 96813

For Defendants EDWIN BOWLING and FRANCES HALLER-BOWLING

Also Present: Debra Clawson, Esq.

I N D E X


| EXAMINATION BY: | PAGE |
|---|---|
| MS. BRONSTER | 267 |
| MR. MOSELEY | 339 |


EXHIBITS MARKED FOR IDENTIFICATION

None

PAGE 265

265

THE REPORTER: Our disclosure is complete and available for everyone to review. It will be attached to the deposition transcript.

CARL SMITH,

called as a witness on behalf of the Defendant, after having been first duly sworn to tell the truth, the whole truth, and nothing but the truth, was examined and testified as follows:

MR. HOGAN: On the record.

Just on the issue of the stipulation, I note that all the parties that are present have signed the stipulated protective order.

I believe that everyone has agreed that they will be bound by the order, although it has not been entered by the Court. If anyone disagrees with that, this would be the time to say so.

It appears that everyone agrees.

I note that Mr. Glassman's attorneys have not signed the order. I don't presume that will be any impediment to using it later. I don't want to do it, but I'd ask people not to share that with Mr. Glassman or his attorneys until he signs the order. And so here it comes.

We can go off the record.

(Off-the-record discussion was held.)



EXHIBIT B

a RICO lawsuit be filed?
MR. HOGAN: I'm going to object. One of the people is an attorney for Whirlpool. I would ask that the witness not give information that is protected by attorney-client privilege.
If he can answer the question without revealing it, he can answer the question.
Q (By Ms. Bronster) Go ahead.
**A Ask the question again.**
MS. BRONSTER: Court reporter, please.
(Whereupon the record was read.)
THE WITNESS: Not that I can recall.
Q (By Ms. Bronster) I just want to be clear as to the organizational positions of each of the people that you have just mentioned.
What was Ernie Matlock's position in the 1999 time frame?
**A Financial analyst.**
Q Who did he report to?
**A Me.**
Q So you were his boss?
**A Correct.**
Q What was your position at that time?
**A I believe it was National Manager, Trade Partner Financial Services.**





Q Who did you report to?
**A Jean Penwell.**
Q What was Jean Penwell's position?
**A I believe it was Director of Shared Services.**
Q And who did Jean Penwell report to?
**A I believe -- it was Ted Dosch.**
Q Do you know whether Ted Dosch was involved in the decision to file this lawsuit?
**A I don't know.**
Q Was it your recommendation to Jean Penwell or anyone else that a lawsuit outside of a claim for bankruptcy be filed in this situation?
**A I really don't recall.**
Q Did you attend a meeting in which the decision to file this lawsuit was filed?
MR. HOGAN: Objection. Vague. The question in which the decision to this lawsuit was filed?
MS. BRONSTER: I'm sorry.
Q The decision to file this lawsuit was made.
**A When you say, "attend a meeting" --**
Q Did you participate -- well, let's start with attend a meeting, a physical, face-to-face meeting?
**A No, I'm sure I didn't.**
Q Did you participate in a telephone conference where the decision to file this lawsuit was made?





**A And by "participate," you mean was I on the line?**
Q Yes.
**A I really don't recall.**
Q As you sit and think about the decision to file this lawsuit, can you remember anything about your involvement in how this lawsuit came to be filed that you haven't testified to already?
**A You're asking my involvement in how this RICO lawsuit came --**
Q That's the RICO lawsuit, yes.
**A No, I can't.**
Q Mr. Smith, you have read the RICO lawsuit; is that correct?
**A Yes, I believe I have.**
Q And there are a lot of allegations of fraud in the RICO lawsuit. Have you seen those?
**A I believe so.**
Q Can you tell me what your belief is as to what frauds occurred in this case? And, again, I'm not asking for what your lawyers told you; I'm asking for your independent understanding.
MR. HOGAN: I'm going to object as vague. Can we narrow it down to individuals, or do you just want a narrative?





Q (By Ms. Bronster) If you can answer. I would like to know if you can answer without disclosing what your attorneys told you.
**A No, I would not be able to answer this.**
Q As you got involved with collecting this credit, did you ever tell anybody that you thought that Whirlpool had been defrauded?
MR. HOGAN: Objection. Attorney-client privilege.
I ask the witness not to answer if it reveals privileged information.
THE WITNESS: Yes.
Q (By Ms. Bronster) What was your belief in that -- who did you believe defrauded Whirlpool?
**A I believe that Maui Home Supply had defrauded Whirlpool and MidPac Lumber, CIT, I believe that covers it.**
Q Did you believe that Frannie Haller-Bowling had defrauded Whirlpool?
MR. HOGAN: Objection. Vague as to time.
THE WITNESS: At what point in time are you asking did I believe that?
Q (By Ms. Bronster) Let's start with 1999.
MR. HOGAN: Vague as to time. 1999. Any particular part of 1999?

correct?

**A That's correct. We never received any instructions as to how those payments were to be applied.**

MR. MOSELEY: I think I'm through at this time.

Off the record.

(The deposition was adjourned at 4:05 p.m.)





I, CARL SMITH, do hereby certify that I have read the foregoing pages 262 through 442, inclusive, and corrections, if any, were noted by me; and that same is now a true and correct transcript of my testimony.

Dated ______________________________

______________________________
CARL SMITH

Signed before me this _________ day of ________________________, 2003.

______________________________





STATE OF HAWAII )
) SS.
)

I, CAROL E.M. SUGIYAMA, C.S.R., a Notary Public in and for the State of Hawaii, do hereby certify:

That on December 21, 2002, at 9:00 a.m. appeared before me CARL SMITH, the witness, whose testimony is contained herein; that, prior to being examined, the witness was, by me, duly sworn or affirmed; that the proceedings were taken in computerized machine shorthand by me and were thereafter reduced to print under my supervision; that the foregoing represents, to the best of my ability, a correct transcript of the proceedings had in the foregoing matter;

That, if applicable, the witness was notified through counsel by mail, or by telephone to appear and sign; that if transcription is not signed, either the reading and signing were waived by the witness and all parties, or the witness has failed to appear and the original is therefore kept on file without signature pursuant to Court rules.

I further certify that I am not counsel for any of the parties hereto, nor in any way interested in the outcome of the cause named in the caption.

DATED: ______________________________.

______________________________
CAROL E.M. SUGIYAMA, C.S.R. #295
Notary Public, State of Hawaii
My commission expires 3/27/2003