UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation, Plaintiff, vs. CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20, Defendants, and CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA, Additional Crossclaim Defendants. | CIVIL NO. 01-00187DAE BMK (Tort and RICO) COPY 30(b)(6) Deposition (SEALED DEPOSITION) Volume III (Pages 280 - 535) |

30(b)(6) DEPOSITION OF CARL SMITH

taken on behalf of the Defendant Raymond Iwamoto at the offices of Ayabe, Chong, Nishimoto, Sia & Nakamura, 1001 Bishop Street, Suite 2500, Honolulu, Hawaii 96813, commencing at 9:10 a.m. on Saturday, February 15, 2003, pursuant to the Hawaii Rules of Civil Procedure.

BEFORE: LYNN NISHIMURA, CSR. NO. 273
Notary Public, State of Hawaii

EXHIBIT 3

APPEARANCES:

For the Plaintiff: TIMOTHY J. HOGAN, ESQ.
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street
Suite 1405
Honolulu, Hawaii 96813

For the Defendant Raymond Iwamoto: CALVIN E. YOUNG, ESQ.
Ayabe, Chong, Nishimoto, Sia & Nakamura
2500 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

For the Defendant CIT Group/Business Credit, Inc.: LOUISE K. Y. ING, ESQ.
Alston Hunt Floyd & Ing
1800 Pacific Tower
1001 Bishop Street
Honolulu, Hawaii 96813

For the Defendant Michael Clifford, CGBN, Inc. and Third-Party Defendant CG Development, Inc.: ROGER S. MOSELEY, ESQ.
CHRISTOPHER J. MUZZI, ESQ.
Case Bigelow & Lombardi
2600 Mauka Tower
737 Bishop Street
Honolulu, Hawaii 96813

Also Present: Debra Clawson, Esq.

D O N N A B A B A & A S S O C I A T E S

220 South King Street, Suite 919
Honolulu, Hawaii 96813

(808) 537-9975

THE WITNESS: Thanks.

(A brief recess was taken.)

(Lunch recess taken at 11:44 a.m. until 12:43 p.m.)

MS. ING: Back on the record.

Q. Mr. Smith, I wanted to ask you as Whirlpool's designee about the factual bases for Whirlpool's fraud conspiracy claims against CIT, which is Count II. First of all, are the factual bases for Whirlpool's fraud conspiracy claims against CIT all contained in the second amended complaint or do you have any other sources that you want to tell me about?

A. The facts are in the complaint. And, of course, the complaint refers to a number of documents and things of this nature that support the complaint.

Does that answer your question?

Q. Well, it's a start.

A. Okay.

Q. So basically what we should look at are the allegations in the second amended complaint for the factual bases for the fraud conspiracy claim against CIT and then the documents that are referred to in the allegations; is that your testimony?

A. Yes.

Q. Okay. Now, maybe you can help me on the fraud

Lumber?

MR. HOGAN: Vague as to time. At any time?

MR. YOUNG: Anytime.

THE WITNESS: I don't recall the letter.

BY MR. YOUNG:

Q. You never received one yourself, did you?

A. Not that I recall.

Q. Your department never received one; is that correct?

A. Not that I -- well, me, Whirlpool. I'm 30(b)(6). So not that I recall.

MR. YOUNG: All right. I don't have any further questions for you. Thank you.

FURTHER EXAMINATION

BY MS. ING:

Q. Mr. Smith, in your individual testimony you testified about the damages that Whirlpool was claiming. And you introduced an exhibit which was Exhibit 196. My question is whether that testimony would be the same were you asked those questions about damages with respect to in your 30(b)(6) deposition?

A. Could we look at 196?

Q. Yes.

A. I think it's that multi-page document.

MR. YOUNG: Right. It's about 60 pages long.

A. The alleged bond fund fraud was part of the overall enterprise scheme that involved money laundering and other things. It was part of the entire racketeering operation. And Whirlpool was damaged by the entire racketeering operation. Maybe not specifically by this one, but by the entire operation.

Q. Okay. Do you have any evidence that -- specifically with respect to this scheme or sub-scheme, the bond fund fraud, that Whirlpool was damaged by that particular scheme?

A. I don't recall anything that shows that Whirlpool was damaged by the bond -- specifically by the bond fund scheme.

Q. Okay. The next sentence goes on to say, "To knowingly assist the Enterprise in concealing its fraud on the bond creditors, CIT caused orders to be placed for Whirlpool product by the Enterprise and by CIT as a principal".

A. I'm sorry, but I have not caught up with you here.

Q. You see the sentence that starts, "To knowingly"?

A. On 263?

Q. Excuse me. Still page 73, paragraph 268. Same paragraph.

A. Oh, okay.

STATE OF HAWAII )
) SS.
CITY AND COUNTY OF HONOLULU )

I, LYNN NISHIMURA, CSR NO. 273, Notary Public in and for the State of Hawaii, do hereby certify:

That on Saturday, January 15, 2003, at 9:10 a.m. appeared before me CARL SMITH, the witness whose deposition is contained herein; that prior to being examined, the deponent was by me duly sworn; that the deposition was taken in machine shorthand by me and was thereafter reduced to typewriting under my supervision; that the foregoing represents, to the best of my ability, a correct transcript of the deposition had at that time;

That the deponent was notified through counsel, by mail or by telephone to appear and sign; that if the deposition is filed without signature, either the reading and signing of the deposition were waived by stipulation of all parties or the deponent has failed to appear, and the deposition is therefore kept on file without signature pursuant to Court rules.

I further certify that I am not counsel for any of the parties hereto nor in any way interested in the outcome of the cause named in the caption.

Dated: 2/27/03

LYNN NISHIMURA NOTARY PUBLIC STATE OF HAWAII

LYNN NISHIMURA, CSR NO. 273
Notary Public, State of Hawaii
My Commission Expires: 2-4-07