UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | Civil No. 01-00187DAE BMK (Tort and RICO)<br><br>30(b)(6) Deposition<br><br>COPY |

30(b)(6) DEPOSITION OF ERNEST MATLOCK

Taken on behalf of Defendant, RAYMOND IWAMOTO, at the Law Offices of Ayabe, Chong, Nishimoto, Sia & Nakamura, 1001 Bishop Street, Suite 2500, Pauahi Tower, Honolulu, Hawaii, commencing at 11:30 a.m., on Saturday, December 14, 2002, pursuant to notice.

REPORTED BY: CAROL E.M. SUGIYAMA, C.S.R. #295
Notary Public, State of Hawaii



EXHIBIT 6

APPEARANCES:

TIMOTHY HOGAN, ESQ.
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street
Suite 1405
Honolulu, Hawaii 96813

For Plaintiff WHIRLPOOL CORPORATION

CALVIN YOUNG, ESQ.
Ayabe, Chong, Nishimoto,
Sia & Nakamura
2500 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

For Defendant RAYMOND IWAMOTO, INC.

LOUISE K.Y. ING, ESQ.
Alston Hunt Floyd & Ing
1800 Pacific Tower
1001 Bishop Street
Honolulu, Hawaii 96813

For Defendant CIT GROUP/BUSINESS CREDIT, INC.

ROGER MOSELEY, ESQ.
CHRISTOPHER MUZZI, ESQ.
Case Bigelow & Lombardi
737 Bishop Street
2600 Mauka Tower
Pacific Guardian Life Center
Honolulu, Hawaii 96813

For Defendants MICHAEL CLIFFORD, CGBN, INC., and Third-Party Defendant CG DEVELOPMENT, INC.

MARGERY S. BRONSTER, ESQ.
JEANNETTE HOLMES, ESQ.
Bronster, Crabtree & Hoshibata
1001 Bishop Street
Suite 2300, Pauahi Tower
Honolulu, Hawaii 96813

For Defendants EDWIN BOWLING and
FRANCES HALLER-BOWLING

Also Present: Deb Clawson, Esq.

Q From 1997 to the present day, has that flow chart process been used in one form or another?
A To the present day, by that you mean as of today?
Q Yes.
A We changed some of those processes earlier this year under the direction of our new Director of Credit.
Q But generally --
A Up until that time generally they were used -- generally, it's the same processes that were used, but they have been updated.
Q Is Whirlpool personnel such as yourself, who are utilizing these flow chart processes, allowed to deviate from what the process is?
A The flow charts have a number of decision points on them, so there is discretion within the flow chart depending upon what happens.
Q How is it determined whether or not discretion can be exercised, does the flow chart specify when discretion can be exercised?
A I don't think it does.
Q Does the flow chart require certain minimum amounts of information to be acquired before a decision can be made with respect to lines of

credit?

A The way the process works is it identifies those items that we need in order to make a good credit decision. We do not always get everything that we request, but we try to get enough to make the decision. So there is a level of discretion or a threshold level that could be less than what is requested, and we would still make the decision anyway.

Q Are those types of allowances, if you will, specifically specified within the flow chart?

A I don't think they are.

MR. HOGAN: Off the record.

(Off-the-record discussion was held.)

MR. YOUNG: Back on the record.

MS. BRONSTER: During the break, it was suggested that we should have a confidentiality stipulation in order that we would have the document.

I think that the record should make clear that we do not believe that the time spent with respect to this witness on the 30(b)(6) should be counted at all because of the fact that we have not previously been given the document about which this witness is qualified to testify.

STATE OF HAWAII )
) SS.
)

I, CAROL E.M. SUGIYAMA, C.S.R., a Notary Public in and for the State of Hawaii, do hereby certify:

That on December 14, 2002, at 11:30 a.m. appeared before me ERNEST MATLOCK, the witness, whose testimony is contained herein; that, prior to being examined, the witness was, by me, duly sworn or affirmed; that the proceedings were taken in machine shorthand by me and were thereafter reduced to typewriting under my supervision; that the foregoing represents, to the best of my ability, a correct transcript of the proceedings had in the foregoing matter;

That, if applicable, the witness was notified through counsel by mail, or by telephone to appear and sign; that if transcription is not signed, either the reading and signing were waived by the witness and all parties, or the witness has failed to appear and the original is therefore kept on file without signature pursuant to Court rules.

I further certify that I am not counsel for any of the parties hereto, nor in any way interested in the outcome of the cause named in the caption.

DATED: _______________________________________.

CAROL E.M. SUGIYAMA, C.S.R. #295
Notary Public, State of Hawaii
My commission expires 3/26/03

CAROL E.M. SUGIYAMA NOTARY PUBLIC STATE OF HAWAII