Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON 1126-0
LOUISE K. Y. ING 2394-0
THOMAS E. BUSH 4737-0
ALLISON KIRK 8156-0
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawaiʻi 96813
Telephone: 524-1800
Facsimile: 524-4591
palston@ahfi.com
ling@ahfi.com
tbush@ahfi.com
akirk@ahfi.com

Attorneys for Defendant/Cross-claimant
THE CIT GROUP/BUSINESS CREDIT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | Civil No. CV 01 00187 MEA-BMK (Tort and RICO)<br><br>DEFENDANT/CROSS-CLAIMANT THE CIT GROUP/ BUSINESS CREDIT, INC.'S **MOTION IN LIMINE TO PRECLUDE EVIDENCE OF AND ARGUMENT BASED UPON TED PHELPS' ALLEGED OCTOBER 28, 1999 STATEMENT TO ERNEST MATLOCK REGARDING PHELPS' RELATIONSHIP WITH CIT;** MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF LOUISE K. Y. ING; EXHIBITS 1 - 2; CERTIFICATE OF SERVICE<br><br>JUDGE: Hon. Marvin E. Aspen<br>TRIAL: November 6, 2006 |

**DEFENDANT/CROSS-CLAIMANT THE CIT GROUP/BUSINESS CREDIT, INC.'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF AND ARGUMENT BASED UPON TED PHELPS' ALLEGED OCTOBER 28, 1999 STATEMENT TO ERNEST MATLOCK REGARDING PHELPS' RELATIONSHIP WITH CIT**

Defendant/Cross-Claimant The CIT Group/Business Credit, Inc. ("CIT") moves this Court to preclude Plaintiff Whirlpool Corp. ("Whirlpool") from (a) eliciting evidence of Ted Phelps' ("Phelps) alleged statement on October 28, 1999 that Phelps was CIT's "presence in Hawaii" and its "eyes and ears"; and (b) arguing that such alleged statements by Phelps are evidence that Phelps was CIT's agent. The alleged statements and any arguments based on the statements should be excluded because the statements are not relevant to the issue of whether in June or July 1999, when Whirlpool claims it was fraudulently induced by Phelps to ship goods for which it was not paid, Phelps was CIT's agent. Moreover, even if they have any probative value (which they do not) that value is substantially outweighed by (1) the danger of unfair prejudice; and (2)confusion on the issues because of the different time frames.

This Motion is based on Rules 402 and 403 of the Federal Rules of Evidence, Rule 16 of the Federal Rules of Civil Procedure, and Rule 16.9 of the Rules of the United States District Court for the District of Hawaii ("Local Rules"), the

memorandum and exhibits attached hereto, the files and records herein, and other matters as may be presented to the Court.

DATED: Honolulu, Hawaiʻi, June 13, 2006.

/s/ Louise K. Y. Ing
PAUL ALSTON
LOUISE K. Y. ING
THOMAS E. BUSH
ALLISON KIRK
Attorneys for Defendant/
Crossclaimant
THE CIT GROUP/BUSINESS CREDIT, INC.