IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; EDWIN BOWLING; FRANCES HALLER BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | Civil No. CV 01 00187 MEA BMK (Tort and RICO)<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

**MEMORANDUM IN SUPPORT OF MOTION**

## I. INTRODUCTION

Whirlpool premises its fraud claim against CIT on alleged misrepresentations made to Whirlpool by Ted Phelps, who Whirlpool contends was CIT's agent. This Court ruled that the key to Whirlpool proving its fraud claim is whether Ted Phelps was CIT's agent at the time that Whirlpool claims it was fraudulently induced to ship goods on credit to MidPac and Maui Home Supply ("MHS"), during June 23 to July 23, 1999. *Memorandum*

*Opinion and Order (filed 12/28/04), at 12.* As a result of this Court's summary judgment rulings, Whirlpool will have to establish that Phelps had implied actual authority to act as CIT's agent at the time of the alleged misrepresentations, that is, between June 23 and July 23, 1999. *Second Amended Complaint, ¶ 101.* By July 23rd, Whirlpool admits that it had learned of MidPac's financial difficulties, placed all orders from MidPac on hold, and commenced reclamation procedures. *See Opinion, at 13-14.*

CIT anticipates that at trial Whirlpool may try to elicit documentary and testimonial evidence regarding alleged oral statements by Phelps to Ernest Matlock, a credit analyst for Whirlpool, on or about October 28, 1999, that Phelps was CIT's "presence in Hawaii" and its "eyes and ears" (collectively, alleged "eyes and ears statement"). *See, e.g., Ex. 1, Ex. W730).* However, the "eyes and ears" statement was allegedly made several months after the transactions and alleged injury occurred in this case (June and July 1999) and is not probative evidence of whether Phelps had implied actual authority to act as CIT's agent prior to July 23, 1999.[1]

---

[1] In the summary judgment motions, Whirlpool had argued that the "eyes and ears" statement were probative of Phelps' apparent authority to act as CIT's agent. However, in ruling that no apparent agency authority existed, this Court has already recognized and ruled that these statements in October 1999 could have no relevance to Whirlpool's allegations of fraudulent conduct by Phelps in July 1999. See Opinion, at 15-16.

The alleged "eyes and ears" statement should be excluded under Rules 401 and 402 of the Federal Rules of Evidence ("FRE") because it is not relevant to whether Phelps was acting as CIT's agent in June/July 1999, the timeframe of the alleged fraud. Even if it were relevant (which it is not), the statement should be excluded under FRE 403 because its minimal probative value is substantially outweighed by the danger of unfair prejudice to CIT.

## II. THE ALLEGED "EYES AND EARS" STATEMENT

Ernest Matlock ("Matlock") is a credit analyst for Whirlpool and was named by Whirlpool as one of its Rule 30(b)(6) corporate designees. In his deposition on December 14, 2002, Matlock testified that he had a conversation with Ted Phelps on October 28, 1999. *Ex. 2, Matlock Depo., Vol. 2 at 286:6-287:22.* Matlock allegedly told Phelps that he "was trying to reach [CIT's] contact in the island because [Whirlpool] wanted to speak directly with CIT, another creditor to determine what their positions were." *Id. at 286:18-21.* Matlock testified that Phelps then stated that "he [i.e. Phelps] was [CIT's] presence on the island, he was their eyes and ears." *Id. at 286:21-23.*

## III. ARGUMENT

### A. The Alleged October 1999 "Eyes and Ears" Statement is Not Relevant to Whether Phelps was Acting as CIT's Agent in July 1999.

Under Rule 402 of the Federal Rules of Evidence, evidence that is not relevant is not admissible. Under Rule 401,

relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." According to the Ninth Circuit, two distinct requirements are implicit in that definition, "(1) the evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action." *U.S. v. Click*, 807 F.2d 847, 850 (9th Cir. 1987).

To succeed on its fraud claim against CIT, Whirlpool must prove, among other things, that Phelps acted as CIT's agent at the time Phelps allegedly made misrepresentations to Whirlpool, that is, between June 23 and July 23, 1999 (when Whirlpool admits it learned of MidPac's financial difficulties and commenced reclamation procedures). But Matlock did not have his conversation with Phelps until October 28, 1999. Thus, the alleged "eyes and ears" statement, made several months after Whirlpool ceased shipping goods to MidPac, is simply not relevant to whether Phelps was acting as CIT's agent prior to July 23, 1999. This Court so found in its Opinion. *Opinion, at 15-16.*

**B. Even if Relevant, the Alleged "Eyes and Ears" Statement Should Be Excluded Under FRE 403.**

Even assuming the alleged "eyes and ears" statement is marginally relevant (which it is not), it should be excluded under FRE Rule 403 on the ground that its "probative value is substantially outweighed by the danger of unfair prejudice,

confusion on the issues, or misleading the jury." FRE Rule 403.

The danger of unfair prejudice to CIT would be substantial if Whirlpool is allowed to introduce evidence of the alleged "eyes and ears" statement. The alleged statement could confuse and mislead the jury into believing that Phelps acted as CIT's agent at the time of alleged transaction (in June and July 1999) even though Phelps allegedly only made the "eyes and ears" statement several months later, there is no testimony from Phelps himself that he ever made the statements, and this Court noted CIT's Robert Brichaeck "testified he did not direct Phelps to return Whirlpool's call." *Opinion, at 15.*

Therefore, the alleged "eyes and ears" statement, any references thereto, and any argument based upon the statement should be precluded due to the substantial danger of unfair prejudice to CIT and the danger of confusing and misleading the jury.

**IV. CONCLUSION**

For the reasons set forth herein, any evidence of the alleged "eyes and ears" statement by Ted Phelps and any argument that Phelps was CIT's agent based upon the "eyes and ears" statement should be excluded from trial in this matter as not relevant under FRE Rule 402 and/or substantially more prejudical than probative under FRE Rule 403.

DATED: Honolulu, Hawai'i, June 13, 2006.

/s/ Louise K. Y. Ing

PAUL ALSTON
LOUISE K. Y. ING
THOMAS E. BUSH
ALLISON KIRK
Attorneys for Defendant/
Crossclaimant
THE CIT GROUP/BUSINESS CREDIT, INC.