UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | Civil No. 01-00187DAE BMK<br>(Tort and RICO)<br><br>Volume II<br><br>COPY |

DEPOSITION OF ERNEST MATLOCK

Taken on behalf of Defendant, RAYMOND IWAMOTO, at the Law Offices of Ayabe, Chong, Nishimoto, Sia & Nakamura, 1001 Bishop Street, Suite 2500, Pauahi Tower, Honolulu, Hawaii, commencing at 9:40 a.m., on Saturday, December 14, 2002, pursuant to notice.

REPORTED BY: CAROL E.M. SUGIYAMA, C.S.R. #295
Notary Public, State of Hawaii



EXHIBIT 2

APPEARANCES:

TIMOTHY HOGAN, ESQ.
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street
Suite 1405
Honolulu, Hawaii 96813

For Plaintiff WHIRLPOOL CORPORATION

CALVIN YOUNG, ESQ.
Ayabe, Chong, Nishimoto,
Sia & Nakamura
2500 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

For Defendant RAYMOND IWAMOTO, INC.

LOUISE K.Y. ING, ESQ.
Alston Hunt Floyd & Ing
1800 Pacific Tower
1001 Bishop Street
Honolulu, Hawaii 96813

For Defendant CIT GROUP/BUSINESS CREDIT, INC.

ROGER MOSELEY, ESQ.
CHRISTOPHER MUZZI, ESQ.
Case Bigelow & Lombardi
737 Bishop Street
2600 Mauka Tower
Pacific Guardian Life Center
Honolulu, Hawaii 96813

For Defendants MICHAEL CLIFFORD, CGBN, INC., and Third-Party Defendant CG DEVELOPMENT, INC.

MARGERY S. BRONSTER, ESQ.
JEANNETTE HOLMES, ESQ.
Bronster, Crabtree & Hoshibata
1001 Bishop Street
Suite 2300, Pauahi Tower
Honolulu, Hawaii 96813

For Defendants EDWIN BOWLING and FRANCES HALLER-BOWLING

Also Present: Debra Clawson, Esq.

Whirlpool.

Q What information was that?

A Specifically, information relating to his relationship with CIT and his understanding of the finances with MidPac and Maui Home Supply.

Q What do you believe he withheld with respect to his relationship with CIT?

A That he was acting as an agent for CIT and not as an independent consultant for MidPac.

Q And what makes you believe that?

A On October the 27th, I attempted to contact CIT directly to determine their understanding and involvement with MidPac. I was given the name of Robert Brichacek to contact.

I left a message for Mr. Brichacek. The following day, I got a heated phone call from Ted Phelps wanting to know why I was calling CIT.

I said I was trying to reach their contact in the island because we wanted to speak directly with CIT, another creditor, to determine what their positions were. He said that he was their presence on the island, he was their eyes and their ears.

Q And that is your best recollection of what Mr. Phelps said to you at that time?

A That's correct.

Q Did Mr. Phelps indicate to you any earlier than October 27th that he was CIT's presence on the island?

A Not to my recollection.

Q Did he ever say before October 27 that he was CIT's eyes and ears?

A It was October 28th. No, he did not.

Q You took some notes on that topic, right?

A Yes, I did.

Q How did you get Robert Brichacek's phone number and name?

A I looked up CIT's number for California. And I called them and I asked them who handled the MidPac-Maui area, or who would be responsible for Hawaii.

I talked to several people, they gave his name and identified him as the person responsible that I should be speaking to.

Q Around October 27th, you called CIT and got his name?

A October 27th, yes, on my birthday. So I recall it.

Q Not to mention the fact that you took some notes?

A That's correct.

STATE OF HAWAII )
) SS.
)

I, CAROL E.M. SUGIYAMA, C.S.R., a Notary Public in and for the State of Hawaii, do hereby certify:

That on December 14, 2002, at 9:40 a.m. appeared before me ERNEST MATLOCK, the witness, whose testimony is contained herein; that, prior to being examined, the witness was, by me, duly sworn or affirmed; that the proceedings were taken in machine shorthand by me and were thereafter reduced to typewriting under my supervision; that the foregoing represents, to the best of my ability, a correct transcript of the proceedings had in the foregoing matter;

That, if applicable, the witness was notified through counsel by mail, or by telephone to appear and sign; that if transcription is not signed, either the reading and signing were waived by the witness and all parties, or the witness has failed to appear and the original is therefore kept on file without signature pursuant to Court rules.

I further certify that I am not counsel for any of the parties hereto, nor in any way interested in the outcome of the cause named in the caption.

DATED: ______________________________________.

CAROL E.M. SUGIYAMA, C.S.R. #295
Notary Public, State of Hawaii
My commission expires 3/26/03

CAROL E.M. SUGIYAMA NOTARY PUBLIC STATE OF HAWAII