Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON 1126-0
LOUISE K. Y. ING 2394-0
THOMAS E. BUSH 4737-0
ALLISON KIRK 8156-0
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawai‘i 96813
Telephone: 524-1800
Facsimile: 524-4591
palston@ahfi.com
ling@ahfi.com
tbush@ahfi.com
akirk@ahfi.com

Attorneys for Defendant/Cross-claimant
THE CIT GROUP/BUSINESS CREDIT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | Civil No. CV 01 00187 MEA-BMK (Tort and RICO)<br><br>**DEFENDANT/CROSS-CLAIMANT THE CIT GROUP/BUSINESS CREDIT, INC.'S TRIAL BRIEF;** CERTIFICATE OF SERVICE<br><br>JUDGE: Hon. Marvin E. Aspen<br><br>TRIAL: November 6, 2006 |

## TABLE OF CONTENTS


TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . i

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. DISPUTED ISSUES OF LAW . . . . . . . . . . . . . . . . . . . . 3

A. Law Relevant to Whirlpool's Fraud Claim (Count I) . . 3

1. No Duty of Disclosure Owed by Lender to Borrower's Creditors . . . . . . . . . . . . . . . 3

B. Applicable law to determine implied actual authority of agent . . . . . . . . . . . . . . . . . . . . . . 8

C. Justifiable reliance is a proper element of Whirlpool's fraud claim . . . . . . . . . . . . . . . 10

1. Reasonable Reliance is an element of a fraud claim under Hawai`i law . . . . . . . . . . . 10

2. Even if Hawai`i law is unclear on whether justifiable reliance is a required element of a fraud claim, the court should look to California law for guidance . . . . . . . . . . . . . . . . 12

3. The court should find guidance in the fact that the element of justifiable or reasonable reliance is a required element of fraud in most jurisdictions . . . . . . . . . . . . . . . . 14

4. Moreover, WP's fraud claim is based on fraudulent inducement, and justifiable reliance element therefore must be satisfied . . . . . . . . . 17

D. Law Relevant to Fraud Conspiracy (Count II) . . . . 18

1. The Proper Standard of Proof for Fraud Conspiracy is Clear and Convincing Evidence . 18

2. Intent to assist in conspiracy vs. protecting legitimate interests . . . . . . . . . . . . . 19

3. To prove conspiracy, Whirlpool must prove that the alleged conspiracy was for the purpose of harming Whirlpool and resulted in harm to Whirlpool . . . . . . . . . . . . . . . . . . . . . 20

E. Law Relevant to Whirlpool's Conversion Claim (Count III) . . . . . . . . . . . . . . . . . . . . . . 21

1. Assuming MHS bought the goods from MP, CIT's security interest would only be discharged if MHS were a holder in due course under former HRS § 490:9-307 . . . . . . . . . . . . . . . . . 22

2. Even if CIT's security interest was discharged, it could realize proceeds as a junior lienholder if CIT is a holder in due course; that is, if it took the proceeds in good faith and in the ordinary course of business . . . . . . . . . 23

3. Standards for Determining Whether CIT Directed or Controlled MHS' Sales . . . . . . . . . . . 26

4. If CIT is found not to have controlled or directed MHS' sales, then Whirlpool must trace its security interest in proceeds to a specific, identifiable sum . . . . . . . . . . . . . . . 28

F. Law Relevant to Tortious Interference with Contract Claim (Count IV) . . . . . . . . . . . . . . . . . 30

1. Applicable elements under Hawai`i law . . . . 30

2. Intentional inducement of breach of contract . 31

3. Absence of Justification . . . . . . . . . . . 34

III. ANTICIPATED PROCEDURAL ISSUES . . . . . . . . . . . . . 36

A. CIT is Not Precluded From Asserting Its Defense That it Received Proceeds via MidPac from Sales of Goods at MHS in the Ordinary Course . . . . . . . 36

B. It is Appropriate for the Court to Give Jury Instructions on Bifurcation . . . . . . . . . . . 36

IV. ANTICIPATED EVIDENTIARY ISSUES . . . . . . . . . . . . . . 37