Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON 1126-0
LOUISE K. Y. ING 2394-0
THOMAS E. BUSH 4737-0
ALLISON KIRK 8156-0
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawaiʻi 96813
Telephone: 524-1800
Facsimile: 524-4591
palston@ahfi.com
ling@ahfi.com
tbush@ahfi.com
akirk@ahfi.com

Attorneys for Defendant/Cross-claimant
THE CIT GROUP/BUSINESS CREDIT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | Civil No. CV 01 00187 MEA-BMK<br>(Tort and RICO)<br><br>**DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S OBJECTIONS TO PLAINTIFF WHIRLPOOL CORPORATION'S DESIGNATION OF THE DEPOSITION TESTIMONY OF EDWIN BOWLING;**<br>CERTIFICATE OF SERVICE<br><br>JUDGE: Hon. Marvin E. Aspen<br><br>TRIAL: November 6, 2006 |

**DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S OBJECTIONS TO WHIRLPOOL CORPORATION'S DESIGNATION OF THE DEPOSITION TESTIMONY OF EDWIN BOWLING**

Defendant The CIT Group/Business Credit, Inc. ("CIT") hereby objections to testimony designated by Plaintiff Whirlpool Corporation for the Deposition of Edwin Bowling, taken on March 11, 2003.

| **Objections to Whirlpool's Designations of the Deposition of Edwin Bowling, taken on March 11, 2003** | |
|---|---|
| **Whirlpool's Designations Page(s):Line(s)** | **CIT's Objections** |
| 14:19-22, 24-25; 15:1-11 | lack of foundation<br>**FRE 602:** calls for speculation<br>**FRE 602:** lack of personal knowledge<br>**FRE 701:** improper opinion of lay witness<br>**FRE 403:** probative value is substantially outweighed by danger of unfair prejudice<br>Not best evidence of MHS' payment history<br>**FRE 403:** confusion of the issues; misleading the jury<br>**FRE 802:** inadmissible hearsay |
| 18:19-19:4 | lack of foundation<br>**FRE 602:** calls for speculation<br>**FRE 602:** lack of personal knowledge<br>**FRE 701:** improper opinion of lay witness<br>Not best evidence of MHS' payment history<br>**FRE 403:** probative value is substantially outweighed by danger of unfair prejudice |
| 25:11-23 | lack of foundation<br>**FRE 602:** lack of personal knowledge |
| 27:1-4 | nonresponsive |
| 27:5-23 | lack of foundation<br>vague as to timeframe |
| 49:15 | Not testimony<br>**FRE 402:** not relevant |

| | |
|---|---|
| 69:11-72:13, 17, 20-25; 73:1-3 | Not best evidence of MHS and MidPac's shipment practices<br>**FRE 402:** Bowling's understanding not relevant<br>**FRE 403:** probative value is substantially outweighed by danger of unfair prejudice<br>Not best evidence of MHS' payment history<br>**FRE 403:** confusion of the issues; misleading the jury<br>**FRE 701:** improper opinion of lay witness |
| 78:12-80:3 | lack of foundation<br>**FRE 602:** lack of personal knowledge<br>Not best evidence of transfers of goods between MidPac and MHS<br>**FRE 403:** probative value is substantially outweighed by danger of unfair prejudice<br>Not best evidence of MHS' payment history<br>**FRE 403:** confusion of the issues; misleading the jury |
| 80:24-81:17, 81:24-82:5 | lack of foundation<br>**FRE 802:** inadmissible hearsay<br>**FRE 602:** lack of personal knowledge<br>**FRE 403:** probative value is substantially outweighed by danger of unfair prejudice<br>Not best evidence of MHS' payment history<br>**FRE 403:** confusion of the issues; misleading the jury |
| 83:8-9, 83:16-19 | lack of foundation<br>**FRE 802:** inadmissible hearsay<br>**FRE 403:** probative value is substantially outweighed by danger of unfair prejudice<br>Not best evidence of MHS' payment history<br>**FRE 403:** confusion of the issues; misleading the jury |
| 84:24-85:11, 85:22-86:16 | lack of foundation<br>**FRE 602:** lack of personal knowledge<br>**FRE 802:** inadmissible hearsay<br>**FRE 403:** probative value is substantially outweighed by danger of unfair prejudice<br>Not best evidence of MHS' payment history<br>**FRE 403:** confusion of the issues; misleading the jury |

| | |
|---|---|
| 87:12-88:16 | lack of foundation<br>**FRE 602:** lack of personal knowledge<br>**FRE 403:** probative value is substantially outweighed by danger of unfair prejudice<br>Not best evidence of MHS' payment history<br>**FRE 403:** confusion of the issues; misleading the jury |
| 95:18-96:4 | lack of foundation<br>**FRE 602:** lack of personal knowledge<br>**FRE 403:** probative value is substantially outweighed by danger of unfair prejudice<br>Not best evidence of MHS' payment history<br>**FRE 403:** confusion of the issues; misleading the jury |
| 135:8 (after "No")-10 | Nonresponsive after "no"<br>lacks foundation<br>**FRE 602:** calls for speculation<br>**FRE 602:** lack of personal knowledge<br>**FRE 403:** probative value is substantially outweighed by danger of unfair prejudice<br>Not best evidence of MHS' payment history<br>**FRE 403:** confusion of the issues; misleading the jury<br>**FRE 802:** inadmissible hearsay |
| 135:11-21 | lacks foundation<br>**FRE 602:** calls for speculation<br>**FRE 602:** lack of personal knowledge<br>**FRE 403:** probative value is substantially outweighed by danger of unfair prejudice<br>Not best evidence of MHS' payment history<br>**FRE 403:** confusion of the issues; misleading the jury<br>**FRE 802:** inadmissible hearsay |

DATED: Honolulu, Hawaiʻi, June 15, 2006.

/s/ Louise K. Y. Ing
PAUL ALSTON
LOUISE K. Y. ING
THOMAS E. BUSH
ALLISON KIRK
Attorneys for Defendant/Cross-claimant THE CIT GROUP/BUSINESS CREDIT, INC.