Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON 1126-0
LOUISE K. Y. ING 2394-0
THOMAS E. BUSH 4737-0
ALLISON KIRK 8156-0
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawaiʻi 96813
Telephone: 524-1800
Facsimile: 524-4591
palston@ahfi.com
ling@ahfi.com
tbush@ahfi.com
akirk@ahfi.com

Attorneys for Defendant/Cross-claimant
THE CIT GROUP/BUSINESS CREDIT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | Civil No. CV 01 00187 MEA-BMK (Tort and RICO)<br><br>**DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S OBJECTIONS TO PLAINTIFF WHIRLPOOL CORPORATION'S DESIGNATION OF THE EXAMINATION TESTIMONY OF THEODORE PHELPS;** CERTIFICATE OF SERVICE<br><br>JUDGE: Hon. Marvin E. Aspen<br><br>TRIAL: November 6, 2006 |

**DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S OBJECTIONS TO WHIRLPOOL CORPORATION'S DESIGNATION OF THE EXAMINATION TESTIMONY OF THEODORE PHELPS**

Defendant The CIT Group/Business Credit, Inc. ("CIT") hereby objects to testimony designated by Plaintiff Whirlpool Corporation from the Rule 2004 Examination of Theodore Phelps, taken on December 7, 2000.

| **Objections to Whirlpool's Designations of the Examination of Theodore Phelps, Taken on December 7, 2000** | |
|---|---|
| **Whirlpool's Designations Page(s):Line(s)** | **CIT's Objections** |
| 30:17-31:17 | lack of foundation<br>**FRE 602:** speculation<br>**FRE 602:** lack of personal knowledge<br>**FRE 802:** inadmissible hearsay<br>**FRE 701:** improper opinion of lay witness<br>**FRE 702:** inadequate foundation laid for expert testimony<br>**FRE 402:** not probative of CIT's state of mind or state of knowledge<br>**FRE 403:** probative value is substantially outweighed by danger of unfair prejudice<br>**FRE 403:** confusion of the issues; misleading the jury |
| 33:13-22 | lack of foundation<br>**FRE 602:** speculation<br>**FRE 602:** lack of personal knowledge<br>**FRE 802:** inadmissible hearsay<br>**FRE 403:** probative value is substantially outweighed by danger of unfair prejudice<br>**FRE 403:** confusion of the issues; misleading the jury |

| | |
|---|---|
| 34:18-35:3 | lack of foundation<br>**FRE 602:** speculation<br>**FRE 602:** lack of personal knowledge<br>**FRE 701:** improper opinion of lay witness<br>**FRE 702:** inadequate foundation laid for expert testimony<br>**FRE 402:** not probative of CIT's state of mind or state of knowledge<br>**FRE 403:** probative value is substantially outweighed by danger of unfair prejudice<br>**FRE 403:** confusion of the issues; misleading the jury |
| 37:1-9 | Question is compound<br>As to p. 37:8 (from "They")-9:<br>**FRE 602:** speculation<br>**FRE 602:** lack of personal knowledge<br>**FRE 701:** improper opinion of lay witness<br>**FRE 802:** inadmissible hearsay<br>**FRE 403:** probative value is substantially outweighed by danger of unfair prejudice<br>**RE 403:** confusion of the issues; misleading the jury |
| 40:2-22 | Question at 40:2-10 is compound<br>Testimony at lines 11-13 is nonresponsive and should be stricken<br>Lines 2-22 should be stricken because:<br>**FRE 602:** speculation<br>**FRE 602:** lack of personal knowledge<br>**FRE 701:** improper opinion of lay witness<br>**FRE 702:** inadequate foundation laid for expert testimony<br>**FRE 403:** probative value is substantially outweighed by danger of unfair prejudice<br>**FRE 403:** confusion of the issues; misleading the jury |
| 57:11-59:1 | Should be stricken if CIT's motion in limine to preclude evidence and argument re "Bond Funds fraud" is granted because:<br>**FRE 402:** not relevant to claims against CIT; no evidence CIT participated in a "Bond Funds fraud"<br>**FRE 403:** probative value is substantially outweighed by danger of unfair prejudice<br>**FRE 403:** confusion of the issues; misleading the jury |

| | |
|---|---|
| 91:5-93:18 | lack of foundation<br>**FRE 402:** Mr. Phelps' testimony not probative of CIT's state of mind, state of knowledge<br>**FRE 602:** calls for speculation<br>**FRE 602:** lack of personal knowledge<br>**FRE 701:** improper opinion of lay witness<br>**FRE 702:** inadequate foundation laid for expert testimony<br>**FRE 802:** inadmissible hearsay<br>**FRE 403:** probative value is substantially outweighed by danger of unfair prejudice<br>**FRE 403:** confusion of the issues; misleading the jury |
| Whirlpool's designations between 105:5-114:7, 128:7-129:1, 132:4-135:12 | Should be stricken if Iwamoto's motion in limine to preclude evidence re Navy Contract is granted because:<br>**FRE 402:** not relevant to claims against CIT; no evidence CIT or Iwamoto participated a civil conspiracy re the MidPac/Navy contract<br>**FRE 403:** probative value is substantially outweighed by danger of unfair prejudice<br>**FRE 403:** confusion of the issues; misleading the jury |
| Whirlpool's designations between 114:8-117:11 | Should be stricken if CIT's motion in limine to preclude evidence and argument re bankruptcy fraud predicate acts is granted because:<br>**FRE 402:** not relevant to claims against CIT; such allegations not properly pled as tort claims; no evidence CIT participated a civil conspiracy to commit bankruptcy fraud<br>**FRE 403:** probative value is substantially outweighed by danger of unfair prejudice<br>**FRE 403:** confusion of the issues; misleading the jury |
| Whirlpool's designations between 119:14-125:25 | Should be stricken if CIT's motion in limine to preclude evidence and argument re Mr. Phelps' 7/29/99 letter is granted because:<br>**FRE 402:** not relevant to claims against CIT; no evidence CIT participated a fraud or fraud conspiracy or that Mr. Phelps was CIT's agent<br>**FRE 403:** probative value is substantially outweighed by danger of unfair prejudice<br>**FRE 403:** confusion of the issues; misleading the jury |

| | |
|---|---|
| Whirlpool's designations between 135:21-136:10 (11?) | lack of foundation<br>**FRE 602:** calls for speculation<br>**FRE 701:** improper opinion of lay witness<br>**FRE 702:** inadequate foundation laid for expert testimony<br>**FRE 403:** probative value is substantially outweighed by danger of unfair prejudice<br>**FRE 403:** confusion of the issues; misleading the jury |
| 168:3-9 | lack of foundation<br>**FRE 602:** calls for speculation<br>**FRE 403:** probative value is substantially outweighed by danger of unfair prejudice<br>**FRE 403:** confusion of the issues; misleading the jury |
| 192:21-23 | **FRE 402:** not probative of any claims against CIT; examination was conducted before filing of any suit against CIT by Whirlpool; therefore, CIT had no reason, or notice of any need, to conduct cross-examination<br>**FRE 403:** probative value is substantially outweighed by danger of unfair prejudice<br>**FRE 403:** confusion of the issues; misleading the jury |

DATED: Honolulu, Hawai‘i, June 15, 2006.

/s/ Louise K. Y. Ing
PAUL ALSTON
LOUISE K. Y. ING
THOMAS E. BUSH
ALLISON KIRK
Attorneys for Defendant/Cross-claimant THE CIT GROUP/BUSINESS CREDIT, INC.