LYNCH ICHIDA THOMPSON KIM& HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation, et al.,<br><br>Defendants. | Civ. No. CV01 00187 MEA-BMK (TORT AND RICO)<br><br>**WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 785 CIT'S MOTION IN LIMINE TO PRECLUDE USE OF AND ARGUMENT RE: CIT'S SECOND AMENDED CROSS-CLAIM AS EVIDENCE OF CIT'S LIABILITY FOR FRAUD CONSPIRACY**<br><br>TRIAL<br>DATE: November 6, 2006<br>JUDGE: Honorable Marvin Aspen<br><br>NO HEARING DATE SET |

**WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 785 CIT'S MOTION IN LIMINE TO PRECLUDE USE OF AND ARGUMENT RE: CIT'S SECOND AMENDED CROSSCLAIM AS EVIDENCE OF CIT'S LIABILITY FOR FRAUD CONSPIRACY**

Comes now Plaintiff Whirlpool Corporation, by and through its undersigned counsel and hereby respectfully submits its opposition to Docket No. 785 CIT's Motion in Limine to Preclude Use of and Argument Re: CIT's Second Amended Cross-Claim as Evidence of CIT's Liability for Fraud Conspiracy (the "Motion").

CIT, though containing numerous Whirlpool pleadings in its list of Exhibits, claims that its Second Amended Cross-Claim ("CIT SAC") does not meet the relevance test of §§ 401 and 403 of the Federal Rules of Evidence. Quite the contrary, it is well established that a pleading may form the basis of a judicial or evidentiary admission and can be admissible.

> As a general rule, of course, a party's pleadings are admissible as admissions, either judicial or evidentiary, as to the facts alleged in that pleading. *See E. Natural Gas Corp. v. Aluminum Co. of Am.*, 126 F.3d 996, 1002 (7th Cir. 1997) ("Prior pleadings ... are admissible in a civil action as evidentiary admissions."); *cf. U.S. v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984) ("A party [] cannot advance one version of the facts in its pleadings, conclude that its interests would be better served by a different version, and amend its pleadings to incorporate that version, safe in the belief that the trier of fact will never learn of the change in stories.").

*Svege v. Mercedes-Benz Credit Corp.*, 329 F. Supp. 2d 285, 287 (D. Conn. 2004)

(citations in the original).

CIT argues that the "allegations of the SAC are not probative of CIT's knowledge or of participation in the alleged fraud conspiracy." Motion at page 2. Quite the contrary, the CIT-SAC evidences CIT's knowledge of the facts related to the fraud conspiracy in the period after June 18, 1999 when CIT discovered Kurt Glassman was engaged in a fraud. While it is true that the CIT SAC does not admit that CIT joined the fraud conspiracy, it clearly evidences CIT's admission of the fraud conspiracy's existence at the relevant time and therefore clearly passes the logical relevance admissibility test of Fed. R. Evid. 401. CIT claims, however, that it will be unfairly prejudiced under Fed. R. Evid. 403 if its knowledge of certain facts is put before the jury. No prejudice can be derived from giving relevant facts to the jury. The jury is tasked to determine when CIT obtained the knowledge of the fraud conspiracy, and whether it acted properly after obtaining that knowledge. The CIT SAC is an admission of facts that CIT cannot now deny.

CIT's Motion makes several misleading factual statements. First, it makes the statement that "CIT's allegations were similar in part but not identical, to Whirlpool's." *See* Motion at p. 3. While it is true that it was not copied word for word, many of the allegations were verbatim copy out of the Whirlpool filing and establish that CIT's knowledge of the facts is consistent with Whirlpool's

knowledge. That is relevant evidence that Whirlpool has not invented the facts of this case. What CIT never argues in its Motion is that any of the facts that were stated in its CIT SAC were in fact not true. Noteworthy is the fact that it was Whirlpool that found the $8.0 million that the fraud had extracted from CIT, not CIT. Moreover, CIT claims that Whirlpool's conduct in 1999 should be judged by what it knew in 2003. In stark contrast, CIT knew full well of the existence of the fraud in June 1999 because CIT was on the scene with their fraud expert and had copious records internal to MidPac.

Contrary to the CIT Motion, the Court did not rule on the admissibility of the CIT SAC in regard to summary judgment but merely noted that CIT had not disputed the facts as Whirlpool had presented them in the CIT SAC. CIT cannot now go back and try to undo its conduct earlier in this case in which the Court, relying on CIT's failure to rebut its own CIT SAC, ruled that the facts presented in summary judgment that were not disputed.

While it is true that the CIT SAC does not evidence or prove the ultimate fact, the Court noted in its summary judgment Order that the question is "whether there is evidence to suggest that CIT join the alleged conspiracy". *See* Motion at p. 4, citing Court's Order at 17. To the extent that the CIT SAC evidences CIT's admission that there was a fraud existing at MidPac, it is admissible and is relevant

to the proof of the issue of whether CIT knew at a given time whether the fraud existed at MidPac and with that knowledge, how it conducted itself in regard to Whirlpool.

Contrary to CIT's statement that the CIT SAC is notice pleading, it is covered by Rule 9 of the Federal Rules of Civil Procedure that requires that it be pled with particularity.

For the reasons stated, the Motion should be denied.

DATED: Honolulu, Hawai'i, June 26, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION