LYNCH ICHIDA THOMPSON KIM& HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation, et al.,<br><br>Defendants. | ) | Civ. No. CV01 00187 MEA-BMK<br>(TORT AND RICO)<br><br>**WHIRLPOOL CORPORATION'S MEMORANDUM IN OPPOSITION TO DOCKET NO. 786 CIT GROUP/BUSINESS CREDIT, INC.'S MOTION IN LIMINE TO PRECLUDE WHIRLPOOL FROM ELICITING EVIDENCE OF CIT'S SUSPICIOUS ACTIVITY REPORT AND LIMITING ANY REFERENCE TO SUCH FILING**<br><br>TRIAL<br>DATE: November 6, 2006<br>JUDGE: Honorable Marvin Aspen<br>NO HEARING DATE SET |

**WHIRLPOOL CORPORATION'S MEMORANDUM IN OPPOSITION TO DOCKET NO. 786 CIT GROUP/BUSINESS CREDIT, INC.'S MOTION IN LIMINE TO PRECLUDE WHIRLPOOL FROM ELICITING EVIDENCE OF CIT'S SUSPICIOUS ACTIVITY REPORT AND LIMITING ANY REFERENCE TO SUCH FILING**

Comes now Plaintiff Whirlpool Corporation, by and through its undersigned counsel and hereby respectfully submits its limited objection regarding Docket No. 786 CIT Group/business Credit, Inc.'s Motion in Limine to Preclude Whirlpool from Eliciting Evidence of CIT's Suspicious Activity Report and Limiting Any Reference to Such Filing (the "Motion").

Continuing what has to be the most poorly guarded secret in the world regarding the filing of the CIT SAR, a copy of the instant Motion was sent to the persons that Whirlpool has claimed were members of the alleged conspiracy.

> "Institutions are prohibited from acknowledging filing, or commenting on the contents of, an SAR unless ordered to do so by the appropriate authorities." *Id.* (*citing* 12 C.F.R. § 208.20(j) & (g)). Moreover, the court found, "Financial institutions are required by law to file SARs, but are prohibited from disclosing whether an SAR has been filed or the information contained therein." *Id.* (*citing* 12 C.F.R. § 208.20(k)(1998)).

*Weil v. Long Island Sav. Bank*, 195 F. Supp. 2d 383, 386 (D.N.Y. 2001).

Whirlpool does not believe that the SAR should categorically be admitted into evidence but that it could be admitted if it were necessary in this litigation simply because of the fact that the SAR has been completely made public in these

proceedings by CIT and this Court may make a determination whether to admit the document.

> In addition, at oral argument, counsel for the OCC made it exceedingly clear that under no circumstances would the OCC release a SAR to a private litigant. Though the regulations require the OCC to weigh the relevant factors when considering a request, the OCC has taken the position that the factors are pre-weighed and that all requests for SARs will be categorically denied. Remand is not necessary where it will prove futile. Accordingly
>
> . . .
>
> IT IS FURTHER ORDERED that defendant produce within ten days from the entry of this order, in camera to the Court, any SAR responsive to plaintiff's administrative request. Defendant should use its judgment to redact any information that may reveal criminal detection methods or information concerning innocent third parties. The Court will then determine the extent to which disclosure to plaintiff is warranted.

*Bizcapital Bus. & Indus. Dev. Corp. v. Office of the Comptroller of the Currency of the United States*, 406 F. Supp. 2d 688, 697-698 (D. La. 2005)(citations omitted) (emphasis added).

Whirlpool however, believes it is necessary to comment regarding the manner in which CIT approached the issue of the SAR. First, the SAR was turned over in discovery. When CIT claimed that it had been inadvertently produced, it requested that it be returned. Whirlpool promptly investigated the issue and in light of the fact that the SAR had been disclosed in discovery to all of the other

parties in this case, including the major participants in the alleged bust-out, Whirlpool believed that it was unfair to require that only Whirlpool return the SAR. Whirlpool is not a person that was covered by the statute as a person "involved" in the matter to whom an SAR is not to be disclosed. CIT was also "involved," but doesn't claim that it shouldn't have a copy. To Whirlpool's knowledge, CIT never requested the SAR be returned by any other party.

CIT then wrote a letter to the Federal Reserve System in which it set forth certain facts, but not the actual facts, relevant to the disclosure and created what Whirlpool believes is a false factual predicate related to the regulatory determination. Specifically, the letter sent to the Federal Reserve Board did not disclose that in fact it had already been disclosed in discovery to one of the victims of the fraud, and to the participants. CIT did not tell that to the Federal Reserve Board and therefore they could not have acted upon it in advising them.

In any event, Whirlpool has at no time asked CIT any questions in any way related to the SAR. Instead, CIT's 30(b)(6) witness volunteered testimony that CIT filed the SAR as an answer to the question of whether CIT ever notified any banks of the bond fund fraud. None of CIT's five lawyers present raised a confidentiality concern, even though they had just received the letter from the Federal Reserve Board. Despite Whirlpool's silence on this issue, CIT continues

to refer to it and serve copies of pleadings about it on parties who were the alleged participants in the fraud in an effort to cast Whirlpool in a bad light.

The attached supporting documents however, are not protected and should not be subject to any order *in limine*.

> The privilege is, however, limited to the SAR and the information contained therein; it does not apply to the supporting documentation. 12 C.F.R. § 563.180(d)(12) is silent as to the confidentiality of supporting documentation, but the legislative history expressly states that "OTS takes the position that only the SAR and the information on the SAR are confidential under 31 U.S.C. 5318(g)," not the supporting documentation. The court notes that in some cases, the supporting documentation could disclose the existence of an SAR and reveal the content of the SAR, thus thwarting the intent of the regulation. In most cases, however, the disclosure of supporting documentation would not reveal the filing of an SAR, and such documentation cannot be shielded from otherwise appropriate discovery simply because it has some connection to an SAR. This is especially true in a situation such as this one, where everyone apparently already knows that an SAR was filed.

*Weil v. Long Island Sav. Bank*, 195 F. Supp. 2d 383, 389 (D.N.Y. 2001)(citations omitted)(emphasis added).

In this case, Whirlpool expects that CIT will put forth evidence that asset based lenders always act the way that CIT did. Whirlpool believes that a jury hearing the facts known to CIT and what it did as a result, will find that such conduct, whether commonly practiced, is unlawful.

It is interesting to note for the Court that Mr. Iwamoto's counsel specifically asked Whirlpool if it had reported to law enforcement authorities the facts litigated in this case. Whirlpool has never made that inquiry to CIT. For these reasons, should the Court entertain any portion of this Motion, the Court should limit its ruling to the admission of the SAR itself and not extend the ruling to prohibit the facts of CIT's knowledge and its subsequent conduct, from reaching the jury.

DATED: Honolulu, Hawai'i, June 26, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION