LYNCH ICHIDA THOMPSON KIM& HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation, et al.,<br><br>Defendants. | Civ. No. CV01 00187 MEA-BMK (TORT AND RICO)<br><br>**WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO.S 790 AND 791 REGARDING RAYMOND IWAMOTO'S MOTION IN LIMINE NO 6 TO EXCLUDE EVIDENCE OF TESTIMONIES BY EDWIN BOWLING, FRANCES BOWLING, KURT GLASSMAN, MICHAEL CLIFFORD AND THEODORE PHELPS DURING BANKRUPTCY PROCEEDINGS**<br><br>TRIAL<br>DATE: November 6, 2006<br>JUDGE: Honorable Marvin Aspen<br>NO HEARING DATE SET |

**WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 790 AND 791REGARDING RAYMOND IWAMOTO'S MOTION IN LIMINE NO 6 TO EXCLUDE EVIDENCE OF TESTIMONIES BY EDWIN BOWLING, FRANCES BOWLING, KURT GLASSMAN, MICHAEL CLIFFORD AND THEODORE PHELPS DURING BANKRUPTCY PROCEEDINGS**

Comes now Plaintiff Whirlpool Corporation, by and through its undersigned counsel and hereby respectfully submits its opposition to Docket No. 790 and the Errata filed as Docket No. 791 Regarding Raymond Iwamoto's Motion in Limine No 6 to Exclude Evidence of Testimonies by Edwin Bowling, Frances Bowling, Kurt Glassman, Michael Clifford and Theodore Phelps During Bankruptcy Proceedings (the "Motion").

Whirlpool generally agrees with Mr. Iwamoto in regard to the transcripts with two possible exceptions. First, in regard to Mr. Bowling's deposition in this case, Whirlpool's counsel used his prior sworn statement contained in Mr. Bowling's February 2001 Rule 2004 Examination in his deposition and that should not be prohibited in this case.

Contrary to Mr. Iwamoto's Motion, Mr. Iwamoto's partner, Mark Desmarais, Esq., who at the time represented MidPac and Mr. Glassman and then Mr. Iwamoto prior to the engagement of the current Iwamoto counsel, attended the February 1, 2001 Bowling Examination. *See* Declaration of Timothy J. Hogan (the

"Hogan Dec.") at Exhibit "1." If the deposition of Edwin Bowling taken in this case is allowed to be read to the jury, Mr. Bowling acknowledges that, during the earlier examination, he testified that Mr. Phelps in June had told him he worked "officially" for CIT. The use of the 2004 Examination transcript in the Bowling deposition was an appropriate use of his prior sworn statement, and his testimony in response in the deposition taken in this case should be permitted.

In addition, the Rule 2004 examination of Ted Phelps may be sought to be admitted in this proceeding. Like the use in regard to Mr. Bowling, it could be used as a sworn statement against Mr. Phelps should he appear at trial. Whirlpool also believes that this transcript can also be admitted in lieu of Mr. Phelps live testimony because CIT and Iwamoto both received notice of the Order directing the examination and had an opportunity to cross-examine him.

Contrary to Mr. Iwamoto's claims, his law firm was actively engaged in the MidPac related matters in the Bankruptcy Proceeding and his partner Mr. Demarais received notice that the Court had authorized the Phelps' Rule 2004 examination. *See* Hogan Dec. Exhibit "2" that is the copy of the Rule 2004 Order and Hogan Dec. Exhibit "3" that is a copy of the Certificate of Service regarding the Rule 2004 Order. More to the point, Mr. Iwamoto cannot claim that he was unaware that the examination might implicate his conduct because documents to be produced included documents related to Mr. Iwamoto. *See* Hogan Dec. Exhibit

"2" at its Exhibit "A" physical page 4 of the pdf. Based on the criteria set forth in the Motion, the Phelps transcript can be admitted in this case against both Mr. Iwamoto and CIT (who attended the Phelps' examination with two attorneys).

As to the other transcripts cited in the instant Motion, they should not be admitted in this case as Whirlpool was not given notice and Whirlpool joins the Motion in that limited regard.

DATED: Honolulu, Hawai'i, June 26, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION