LYNCH ICHIDA THOMPSON KIM& HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation, et al.,<br><br>Defendants. | Civ. No. CV01 00187 MEA-BMK<br>(TORT AND RICO)<br><br>**WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 792 REGARDING RAYMOND IWAMOTO'S MOTION IN LIMINE NO. 10 TO EXCLUDE EVIDENCE THAT MIDPAC LUMBER COMPANY, LTD. SOUGHT FINANCING FROM CITY BANK, EDWIN BOWLING AND GLENDA CORP.**<br><br>TRIAL<br>DATE: November 6, 2006<br>JUDGE: Honorable Marvin Aspen<br>NO HEARING DATE SET |

**WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 792 REGARDING RAYMOND IWAMOTO'S MOTION IN LIMINE NO. 10 TO EXCLUDE EVIDENCE THAT MIDPAC LUMBER COMPANY, LTD. SOUGHT FINANCING FROM CITY BANK, EDWIN BOWLING AND GLENDA CORP.**

Comes now Plaintiff Whirlpool Corporation, by and through its undersigned counsel and hereby respectfully submits its opposition to Docket No. 792 Regarding Raymond Iwamoto's Motion in Limine No. 10 to Exclude Evidence That Midpac Lumber Company, Ltd. Sought Financing from City Bank, Edwin Bowling and Glenda Corp. (the "Motion").

The Motion concedes that Whirlpool's claims against Mr. Iwamoto are based on conspiracy to violate RICO and conspiracy to defraud Whirlpool. What Whirlpool must demonstrate under both of these claims is that Mr. Iwamoto agreed to the commission of certain unlawful acts and that Whirlpool derived damages from the conspiracy. The agreement to defraud Whirlpool is part of an overall fraud conspiracy in which the Glassman was conspiracy co-opted by CIT, who then targeted Whirlpool.

First, the evidence demonstrating that Mr. Iwamoto was engaged in defrauding City Bank in an effort to have it finance MidPac's activities is relevant to the issue of continuity of the RICO conspiracy and to the fact that Mr. Iwamoto had not withdrawn from the conspiracy that was still engaged in conduct meant to

injure Whirlpool at the time these transactions were being considered. Mr. Glassman and Mr. Phelps made continued representations to Whirlpool of its re-financing attempts to keep Whirlpool from taking actions adverse to defendants. Mr. Iwamoto's e-mail to his assistant to remove all evidence that would disclose the fraud to City Bank is evidence of his continued conduct in furtherance of the conspiracy. Mr. Iwamoto has not shown any withdrawal from that conspiracy either at the time he wrote that e-mail or presently.

Hawaii law provides for liberal admissibility of evidence in cases of fraud and conspiracy:

> Fraud opens wide the door for all fairly relevant evidence including evidence as to similar but unconnected facts in order to show systematically fraudulent intention on the part of the party sought to be charged.
>
> Great latitude should be accorded the admission of circumstantial evidence of this nature if in any reasonable manner it tends to establish a conspiracy or connects those aiding, advising, abetting or encouraging the conspiracy sought to be proved. It is no objection that the evidence sought to be introduced embraces numerous other transactions and extends over a prolonged period of time. The limits of admissibility rest in the sound discretion of the trial judge. The exercise of that discretion will not be disturbed where, such as here, it tends even in a remote degree to establish the ultimate facts sought to be proved.

*Hashimoto v. Halm*, 40 Haw. 354, 360-361 (Haw. 1953) (citations omitted).

The issue of Mr. Iwamoto's ongoing conduct in furtherance of the fraud is as

relevant to Whirlpool's case as any other element of a fraud conspiracy claim and the evidence is admissible.

DATED: Honolulu, Hawai'i, June 26, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION