LYNCH ICHIDA THOMPSON KIM& HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation, | Civ. No. CV01 00187 MEA-BMK (TORT AND RICO) |
| Plaintiff, | **WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 793 REGARDING RAYMOND IWAMOTO'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF INVESTOR MEMORANDUM FROM CGB ENTERPRISES** |
| vs. | |
| CIT GROUP/BUSINESS CREDIT, INC., a New York corporation, et al., | |
| Defendants. | TRIAL<br>DATE: November 6, 2006<br>JUDGE: Honorable Marvin Aspen<br>NO HEARING DATE SET |

**WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 793 REGARDING RAYMOND IWAMOTO'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF INVESTOR MEMORANDUM FROM CGB ENTERPRISES**

Comes now Plaintiff Whirlpool Corporation, by and through its undersigned counsel and hereby respectfully submits its Whirlpool Corporation's Opposition to Docket No. 793 Regarding Raymond Iwamoto's Motion in Limine No. 3 to Exclude Evidence of Investor Memorandum from CGB Enterprises (the "Motion").

The Motion attached a copy of the investor memorandum that the Court will note was produced by defendant Mr. Iwamoto's law firm with its "G" Bate-stamped prefix. Defendant Mr. Iwamoto argues that this memorandum is not relevant to a RICO conspiracy case even though the investor memorandum is filled with falsehoods and was created to sell interests in Maui Home Supply by using its registered trade name, CGB Enterprises. CG Investments (a.k.a. Maui Home Supply and CGB Enterprises) and its affiliates were riddled with undisclosed fraud and debt and its assets were being liquidated. This investor memorandum would reasonably have to have been sent via mail and/or wire. The reason that the Motion claims this not admissible and relevant in the fraud conspiracy claims against Mr. Iwamoto is because it isn't relevant to whether Whirlpool was shipping products and Whirlpool's security interest (although its security interest was in the

assets of the very entity being “shopped”). This misses the entire point.

First, Hawaii law provides for liberal admissibility of evidence in cases of fraud and conspiracy:

> Fraud opens wide the door for all fairly relevant evidence including evidence as to similar but unconnected facts in order to show systematically fraudulent intention on the part of the party sought to be charged.
>
> Great latitude should be accorded the admission of circumstantial evidence of this nature if in any reasonable manner it tends to establish a conspiracy or connects those aiding, advising, abetting or encouraging the conspiracy sought to be proved. It is no objection that the evidence sought to be introduced embraces numerous other transactions and extends over a prolonged period of time. The limits of admissibility rest in the sound discretion of the trial judge. The exercise of that discretion will not be disturbed where, such as here, it tends even in a remote degree to establish the ultimate facts sought to be proved.

*Hashimoto v. Halm*, 40 Haw. 354, 360-361 (Haw. 1953) (citations omitted).

Like several of the other motions filed by defendant Mr. Iwamoto, this Motion miscomprehends the law of conspiracy and the liability of a participant. Seeking to narrow his responsibility to only that injury caused directly by him to Plaintiff, Mr. Iwamoto misses the point of a conspiracy claim that seeks to impose upon Mr. Iwamoto, as any other member of a conspiracy, all damages that derive from the conspiracy.

> A claim of civil conspiracy does not in and of itself constitute a claim for relief. Instead, the gravamen of the tort is not the agreement charged, but the acts in pursuance of the agreement which are the tort. However, mere acquiescence or knowledge is insufficient to constitute a conspiracy, absent approval, cooperation, or agreement. When a conspiracy is established, everything said, written, or done by any of the conspirators in execution or furtherance of the common purpose is deemed to have been said, done, or written by every [member], and may be proved against each.

*Western Sunview Props., LLC v. Federman*, 338 F. Supp. 2d 1106, 1122 (D. Haw. 2004) Ezra J. (citations omitted).

Moreover, under RICO law, it is well settled that where proof of participation in a conspiracy to violate RICO is shown, the co-conspirator is liable for all the acts of the other conspirators.

> A conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense. The partners in the criminal plan must agree to pursue the same criminal objective and may divide up the work, yet each is responsible for the acts of each other.

*Salinas v. United States*, 139 U.S. 352, (1997) (citations omitted).

It is irrelevant whether or not Mr. Iwamoto was the one that directly caused Whirlpool's damages. All that matters is whether he was a member of the conspiracy and whether the conspiracy caused the damage. Mr. Iwamoto's Motion

makes no claim that Whirlpool was not injured from such a conspiracy, only that Mr. Iwamoto's alleged wrongful conduct was directed at some other alleged victim of the conspiracy and therefore not relevant to Whirlpool's damages. This is not the law of conspiracy and the Motion should be denied.

This evidence shows continuity of a racketeering enterprise relevant to the 1962(d) claim that is still pending against Mr. Iwamoto. Moreover, it shows Mr. Iwamoto's additional fraudulent conduct when he claims the misbegotten investor memorandum wasn't reviewed by the members of his firm because his firm's time records clearly show that it was. *See* Declaration of Timothy J. Hogan ("Hogan Dec.") Exhibit "1" as a true and correct copy of the Goodsill time records showing that, contrary to Mr. Iwamoto's deposition testimony, he drafted an investor agreement and his partners practicing securities work gave advice related to securities issues or, at least, they billed Mr. Iwamoto's client for these services.

It is fairly evident from this document that it was intended to be distributed through the mails or sent via facsimile. It is more than a sufficient predicate for a mail fraud RICO predicate act against Mr. Iwamoto and the other members of the Glassman enterprise even if the security fraud is ignored. As to what Mr. Iwamoto will say at trial, in light of his firm's billing records that contradict his deposition testimony, that is for the jury to find out.

In addition, the memorandum in support of defendant's Motion claims that Plaintiff must demonstrate "that Mr. Iwamoto was aware of the essential nature and scope of the enterprise and intended to participate in it" citing *Baumer vs. Patchel*, 8 Fed 3rd at 1341, 1346 (9th Cir. 1993). The e-mail in which Mr. Iwamoto evidences that he was removing the reference to the fraud from a City Bank letter seeking refinancing for MidPac and the e-mail claiming that CIT would have to "bite the bullet," demonstrate Mr. Iwamoto's active participation in what he knew at the time was a fraud. They also demonstrate the depth of his role in the fraud conspiracy. As to his claim to be acting only as an attorney, Mr. Iwamoto failed to perform his duties as an attorney is required to do - ensure he is not used to commit fraud and, if he is, correct the fraud as soon as he discovers it. Mr. Iwamoto has opted to not take either of these options. The investor memorandum is relevant to the RICO conspiracy and should be admitted. The Motion should be denied.

DATED: Honolulu, Hawai'i, June 26, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION