LYNCH ICHIDA THOMPSON KIM& HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation, et al.,<br><br>Defendants. | Civ. No. CV01 00187 MEA-BMK<br>(TORT AND RICO)<br><br>**WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 794 REGARDING RAYMOND IWAMOTO'S MOTION IN LIMINE NO. NO 4 TO EXCLUDE EVIDENCE OF MR. IWAMOTO'S REVISION TO HIS LETTER TO CITY BANK**<br><br>TRIAL<br>DATE: November 6, 2006<br>JUDGE: Honorable Marvin Aspen<br>NO HEARING DATE SET |

**WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 794 REGARDING RAYMOND IWAMOTO'S MOTION IN LIMINE NO. NO 4 TO EXCLUDE EVIDENCE OF MR. IWAMOTO'S REVISION TO HIS LETTER TO CITY BANK**

Comes now Plaintiff Whirlpool Corporation, by and through its undersigned counsel and hereby respectfully submits its opposition to Whirlpool Corporation's Opposition to Docket No. 794 Regarding Raymond Iwamoto's Motion in Limine No 4 to Exclude Evidence of Mr. Iwamoto's Revision to His Letter to City Bank (the "Motion"). Whirlpool notes that this Motion is essentially a duplicate or nearly identical to Docket No. 792 Raymond Iwamoto's Motion in Limine No. 10 to Exclude Evidence That Midpac Lumber Company, Ltd. Sought Financing from City Bank, Edwin Bowling and Glenda Corp.

The Motion concedes that Whirlpool's claims against Mr. Iwamoto are based on conspiracy to violate RICO and conspiracy to defraud Whirlpool. What Whirlpool must demonstrate under both of these claims is that Mr. Iwamoto agreed to the commission of certain unlawful overt acts in furtherance of a conspiracy and that Whirlpool derived damages from that same conspiracy. The agreement to defraud Whirlpool is part of an overall fraud conspiracy in which the Glassman conspiracy, co-opted by CIT, then targeted Whirlpool and others including City Bank and the FDIC, its insurer.

First, as to RICO, the evidence that Mr. Iwamoto was engaged in defrauding

City Bank is relevant to the issue of continuity of the RICO conspiracy. The predicate act of bank fraud makes his conduct more than simple agreement. He also committed an overt act in furtherance of the conspiracy. By actively concealing the fraud, Mr. Iwamoto made a material misrepresentation to a federally insured bank, in the process committing the predicate offense of bank fraud.

Second, the letter to City Bank and Mr. Iwamoto's removal of references to fraud evidences that Mr. Iwamoto's claim to have had no knowledge of Glassman's fraudulent conduct is itself false. It is also relevant to show Mr. Iwamoto's intent to further the conspiracy's objectives and to show that Mr. Iwamoto had not withdrawn from the conspiracy which was also directed at injuring Whirlpool during this time. The issue of his ongoing conduct in furtherance of the fraud is as relevant to Whirlpool's case as is any other element of a fraud conspiracy claim and the evidence is clearly admissible.

Hawaii law provides for liberal admissibility of evidence in cases of fraud and conspiracy:

> Fraud opens wide the door for all fairly relevant evidence including evidence as to similar but unconnected facts in order to show systematically fraudulent intention on the part of the party sought to be charged.
>
> Great latitude should be accorded the admission of circumstantial evidence of this nature if in any reasonable manner it tends to establish a conspiracy or connects

> those aiding, advising, abetting or encouraging the conspiracy sought to be proved. It is no objection that the evidence sought to be introduced embraces numerous other transactions and extends over a prolonged period of time. The limits of admissibility rest in the sound discretion of the trial judge. The exercise of that discretion will not be disturbed where, such as here, it tends even in a remote degree to establish the ultimate facts sought to be proved.

*Hashimoto v. Halm*, 40 Haw. 354, 360-361 (Haw. 1953) (citations omitted).

Like several of the other motions, this Motion miscomprehends the law of conspiracy and the liability of a participant. Seeking to narrow his responsibility to only that injury caused directly by him to Plaintiff, Mr. Iwamoto misses the point of a conspiracy claim that it seeks to impose upon Mr. Iwamoto, as any other member of a conspiracy, all damages that derive from the conspiracy.

> A claim of civil conspiracy does not in and of itself constitute a claim for relief. Instead, the gravamen of the tort is not the agreement charged, but the acts in pursuance of the agreement which are the tort. However, mere acquiescence or knowledge is insufficient to constitute a conspiracy, absent approval, cooperation, or agreement. When a conspiracy is established, everything said, written, or done by any of the conspirators in execution or furtherance of the common purpose is deemed to have been said, done, or written by every [member], and may be proved against each.

*Western Sunview Props., LLC v. Federman*, 338 F. Supp. 2d 1106, 1122 (D. Haw.

2004) J. Ezra (citations omitted).

Moreover, under RICO law, it is well settled that where proof of participation in a conspiracy to violate RICO is shown, the co-conspirator is liable for all the acts of the other conspirators.

> A conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense. The partners in the criminal plan must agree to pursue the same criminal objective and may divide up the work, yet each is responsible for the acts of each other.

*Salinas v. United States*, 139 U.S. 352, (1997) (citations omitted).

In this case, Mr. Iwamoto mistakenly believes that the improper conduct directed at City Bank must also directly injure Whirlpool. The injury to Whirlpool related to Mr. Iwamoto is his agreement to violate RICO and his agreement to further the Glassman and then later the Glassman-CIT conspiracy.

Whirlpool respectfully asks that the Motion be denied.

DATED: Honolulu, Hawai'i, June 26, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION