LYNCH ICHIDA THOMPSON KIM& HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation, et al.,<br><br>Defendants. | Civ. No. CV01 00187 MEA-BMK<br>(TORT AND RICO)<br><br>**WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 795 REGARDING RAYMOND IWAMOTO'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF FINANCIAL INFORMATION, STATEMENTS AND RECORDS OF MIDPAC LUMBER COMPANY, LTD., CGBN, INC., CG INVESTMENTS, INC., CG ACQUISITIONS, INC., CG DEVELOPMENT, INC., AND THE SPECTRUM ENTITIES**<br><br>TRIAL<br>DATE: November 6, 2006<br>JUDGE: Honorable Marvin Aspen<br>NO HEARING DATE SET |

**WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 795 REGARDING RAYMOND IWAMOTO'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF FINANCIAL INFORMATION, STATEMENTS AND RECORDS OF MIDPAC LUMBER COMPANY, LTD., CGBN, INC., CG INVESTMENTS, INC., CG ACQUISITIONS, INC., CG DEVELOPMENT, INC., AND THE SPECTRUM ENTITIES**

Comes now Plaintiff Whirlpool Corporation, by and through its undersigned counsel and hereby respectfully submits its Opposition to Docket No. 795 Regarding Raymond Iwamoto's Motion in Limine No. 5 to Exclude Evidence of Financial Information, Statements and Records of MidPac Lumber Company, Ltd., CGBN, Inc., CG Investments, Inc., CG Acquisitions, Inc., CG Development, Inc., and the Spectrum Entities (the "Motion").

As a preliminary matter, the Motion falsely claims that Mr. Iwamoto was only acting as an attorney. The facts are that Mr. Iwamoto was an officer and director of some of the subject corporations. *See* the Declaration of Timothy J. Hogan ("Hogan Dec.") Exhibit "1." While it is true that he also performed legal services for those entities, this is not the only reasons that Mr. Iwamoto is a Defendant in this case. Mr. Iwamoto's statements say that he was not involved in managing the corporations means that he has misrepresented the corporate filings to the State of Hawaii and the Court should disregard this statement on the basis of estoppel.

Contrary to Mr. Iwamoto's statement that he was "never involved with the operations or vendors or how much was owed", Mr. Iwamoto communicated, without permission of Whirlpool's counsel, directly with Whirlpool employees responsible for releasing orders under MidPac's Navy contact. *See* Hogan Dec. Exhibit "2." This conduct evidences Mr. Iwamoto's role as an officer and director of MidPac and not just its attorney. In any event, his status as an attorney does not excuse his conduct, it should only serve to enhance his requirement to follow the law.

Even looking at what he claims was his work solely as an attorney, what Mr. Iwamoto cannot explain is his conduct as an attorney or otherwise where, just as CIT was closing in on Mr. Glassman in June of 1999, Mr. Iwamoto feverishly began name changes, property conveyances, warehouse receipts, officer and director changes, and other acts that a reasonable juror could find were intended to confuse CIT into thinking that these entities were somehow not linked to Mr. Glassman. The documents generated from all of Mr. Iwamoto's machinations shows his agreement and overt acts in furtherance of the conspiracy. Later, his letters to CIT were written to defraud CIT until CIT finally caught Mr. Iwamoto when the fax coming from one of the shell companies he had created was sent from his own fax machine. That false financial statement was sent over wire and was

sent back by CIT's in-house counsel without comment. It is entirely irrelevant whether he claims to be just an attorney or something more if he knowingly advanced the purpose of a known fraud or racketeering enterprise. In addition, Mr. Iwamoto's conduct, whether or not it was directed at any particular target of the fraud so long as intended to further the goal of the fraud conspiracy, imputes all the damages of all the victims of the conspiracy to Mr. Iwamoto regardless of whether Mr. Iwamoto directed any particular personal conduct against a specific victim. The idea that Mr. Iwamoto was "unaware of" alleged improprieties in light of the massive paper trail of name changes and other acts that evidence Mr. Iwamoto's role in this fraud makes this Motion, more than perhaps any other motion, frivolous in the extreme.

Hawaii law provides for liberal admissibility of evidence in cases of fraud and conspiracy:

> Fraud opens wide the door for all fairly relevant evidence including evidence as to similar but unconnected facts in order to show systematically fraudulent intention on the part of the party sought to be charged.
>
> Great latitude should be accorded the admission of circumstantial evidence of this nature if in any reasonable manner it tends to establish a conspiracy or connects those aiding, advising, abetting or encouraging the conspiracy sought to be proved. It is no objection that the evidence sought to be introduced embraces numerous other transactions and extends over a prolonged period of

> time. The limits of admissibility rest in the sound discretion of the trial judge. The exercise of that discretion will not be disturbed where, such as here, it tends even in a remote degree to establish the ultimate facts sought to be proved.

*Hashimoto v. Halm*, 40 Haw. 354, 360-361 (Haw. 1953) (citations omitted).

Like several of the other motions, this Motion miscomprehends the law of conspiracy and the liability of a participant. Seeking to narrow his responsibility to only that injury caused directly by him to Plaintiff, Mr. Iwamoto misses the point of a conspiracy claim that seeks to impose upon Mr. Iwamoto, as on any other member of a conspiracy, all damages that derive from the conspiracy.

> A claim of civil conspiracy does not in and of itself constitute a claim for relief. Instead, the gravamen of the tort is not the agreement charged, but the acts in pursuance of the agreement which are the tort. However, mere acquiescence or knowledge is insufficient to constitute a conspiracy, absent approval, cooperation, or agreement. When a conspiracy is established, everything said, written, or done by any of the conspirators in execution or furtherance of the common purpose is deemed to have been said, done, or written by every [member], and may be proved against each.

*Western Sunview Props., LLC v. Federman*, 338 F. Supp. 2d 1106, 1122 (D. Haw. 2004) J. Ezra (citations omitted).

Moreover, under RICO law, it is well settled that where proof of

participation in a conspiracy to violate RICO is shown, the co-conspirator is liable for all the acts of the other conspirators.

> A conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense. The partners in the criminal plan must agree to pursue the same criminal objective and may divide up the work, yet each is responsible for the acts of each other.

*Salinas v. United States*, 139 U.S. 352, (1997) (citations omitted).

While it is true that simply acting as an attorney for an enterprise does not necessarily impose liability on an attorney, Mr. Iwamoto acted as much more than an attorney. He was acting as a corporate director and officer in regard to these corporations. In addition to his scrambling the deck in hopes of concealing the fraud from CIT, his subsequent letters to CIT acknowledge the past fraud but agrees they are working towards a common goal which Whirlpool believes the jury will reasonably find was to essentially defraud Whirlpool and convert its collateral while proclaiming there was nothing wrong at Maui Home Supply. The evidence is that Mr. Iwamoto's clear and knowing participation in the fraud conspiracy is what gives rise to his liability both under RICO and the fraud conspiracy claims.

The instant Motion also echoes an earlier theme running throughout Mr. Iwamoto's many Motions in Limine: that each of his acts must be the but for cause of Whirlpool's damages. This is not the law of conspiracy. If Mr. Iwamoto is

found liable as a conspirator, he is then fully liable for all the injuries that flow from the conspiracy, not from any particular act of Mr. Iwamoto against any particular victim. Therefore, this Motion should be denied.

DATED: Honolulu, Hawai'i, June 26, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION