LYNCH ICHIDA THOMPSON KIM& HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation, et al.,<br><br>Defendants. | Civ. No. CV01 00187 MEA-BMK<br>(TORT AND RICO)<br><br>**WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 796 REGARDING RAYMOND IWAMOTO'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF STOCK TRANSACTIONS BETWEEN KURT GLASSMAN, EDWIN BOWLING AND FRANCES BOWLING**<br><br>TRIAL<br>DATE: November 6, 2006<br>JUDGE: Honorable Marvin Aspen<br>NO HEARING DATE SET |

**WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 796 REGARDING RAYMOND IWAMOTO'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF STOCK TRANSACTIONS BETWEEN KURT GLASSMAN, EDWIN BOWLING AND FRANCES BOWLING**

Comes now Plaintiff Whirlpool Corporation, by and through its undersigned counsel and hereby respectfully submits its Opposition to Docket No. 796 Regarding Raymond Iwamoto's Motion in Limine No. 1 to Exclude Evidence of Stock Transactions Between Kurt Glassman, Edwin Bowling and Frances Bowling (the "Motion").

First, Hawaii law provides for liberal admissibility of evidence in cases of fraud and conspiracy:

> Fraud opens wide the door for all fairly relevant evidence including evidence as to similar but unconnected facts in order to show systematically fraudulent intention on the part of the party sought to be charged.
>
> Great latitude should be accorded the admission of circumstantial evidence of this nature if in any reasonable manner it tends to establish a conspiracy or connects those aiding, advising, abetting or encouraging the conspiracy sought to be proved. It is no objection that the evidence sought to be introduced embraces numerous other transactions and extends over a prolonged period of time. The limits of admissibility rest in the sound discretion of the trial judge. The exercise of that discretion will not be disturbed where, such as here, it tends even in a remote degree to establish the ultimate facts sought to be proved.

*Hashimoto v. Halm*, 40 Haw. 354, 360-361 (Haw. 1953) (citations omitted).

Like several of the other motions, this Motion miscomprehends the law of conspiracy and the liability of a participant. Seeking to narrow his responsibility to only that injury caused directly by him to Plaintiff, Mr. Iwamoto misses the point of a conspiracy claim that seeks to impose upon Mr. Iwamoto, as any other member of a conspiracy, all damages that derive from the conspiracy.

> A claim of civil conspiracy does not in and of itself constitute a claim for relief. Instead, the gravamen of the tort is not the agreement charged, but the acts in pursuance of the agreement which are the tort. However, mere acquiescence or knowledge is insufficient to constitute a conspiracy, absent approval, cooperation, or agreement. When a conspiracy is established, everything said, written, or done by any of the conspirators in execution or furtherance of the common purpose is deemed to have been said, done, or written by every [member], and may be proved against each.

*Western Sunview Props., LLC v. Federman*, 338 F. Supp. 2d 1106, 1122 (D. Haw. 2004) J. Ezra (citations omitted).

Moreover, under RICO, it is well settled that where proof of participation in a conspiracy to violate RICO is shown, the co-conspirator is liable for all the acts of the other conspirators.

> A conspiracy may exist even if a conspirator does not

> agree to commit or facilitate each and every part of the substantive offense. The partners in the criminal plan must agree to pursue the same criminal objective and may divide up the work, yet each is responsible for the acts of each other.

*Salinas v. United States*, 139 U.S. 352, 366,139 L. Ed. 2d 352, LEdHR16 (U.S. 1997) (citations omitted).

It is not relevant whether Mr. Iwamoto was the one participant that directly caused Whirlpool's damages. All that matters is whether the conspiracy of which he was a member caused the damage. Mr. Iwamoto's Motion makes no claim that Whirlpool was not injured from such a conspiracy, only that Mr. Iwamoto's alleged wrongful conduct was directed at some other alleged victim of the conspiracy so the particular evidence is not relevant to Whirlpool's damages. This is not the law of conspiracy and the Motion should be denied.

Mr. Iwamoto does not deny that he had some role in regard to the stock transfers. He claims in his memorandum in support of the Motion that his "role was limited to updating corporate records, cancelling existing stock certificates, and issuing new shares of stock to ensure that corporate records reflected the stock transfer and the shareholders identities." A simple scrivener acting under certain circumstances would not normally be submitted to RICO and fraud conspiracy liability for such acts. In light of the significant amount of evidence showing that

Mr. Iwamoto was engaged in creating numerous shell entities and shifting names among them at the very time his client was being pursued and investigated by CIT, and then writing correspondence acknowledging that his client had been caught and CIT now knew the truth, Mr. Iwamoto's claim that everything he's done is somehow immune from conspiracy liability is absurd. There is substantial evidence against Mr. Iwamoto showing his knowledge that Mr. Glassman had committed a fraud by looting millions from MidPac. Mr. Iwamoto wishes to be treated simply as an attorney. If that were so, Mr. Iwamoto, upon learning of the fraud, a fact that he clearly understood after the June 23rd meetings with CIT, and after his back and forth with CIT's counsel in which he finally acknowledged that they all understood what was going on, Mr. Iwamoto had a duty to correct the fraud either by encouraging Mr. Glassman to correct it or correct it himself by disclosing it to each victim and not just the one that had a gun to their heads. *See* Hawaii Disciplinary Rule No. 4.1 providing that ... "a lawyer shall not knowingly ... fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting in criminal or fraudulent act by a client." Mr. Iwamoto cannot claim to have ever done that related to Whirlpool. Because he was not acting just as an attorney, and because he didn't act consistent with his obligations as an attorney, he shouldn't be given a free pass for his conduct in this case

because there is clear evidence of his knowledge that his client was engaged in a fraud and that he allowed his services to be used to further that fraud after he learned of its existence. Indeed, Mr. Iwamoto desires to rely solely on his own testimony and exclude the documents that contradict what he says.

As in the other motions, Mr. Iwamoto miscomprehends the law of conspiracy which imposes liability on him for all the damages flowing from the conspiracy regardless of whether his conduct was directed at a particular victim so long as that victim was a victim of the fraud conspiracy. The evidence that is the subject of the Motion is relevant and should be allowed.

For the reasons stated, the Motion should be denied.

DATED: Honolulu, Hawai'i, June 26, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION