LYNCH ICHIDA THOMPSON KIM& HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation, et al.,<br><br>Defendants. | Civ. No. CV01 00187 MEA-BMK<br>(TORT AND RICO)<br><br>**WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 797 REGARDING RAYMOND IWAMOTO'S MOTION IN LIMINE NO 5 TO EXCLUDE EVIDENCE OF AND REFERENCE TO DRAFTING OF DOCUMENTS CONCERNING THE RESIGNATION OF EDWIN BOWLING AS OFFICER AND DIRECTOR OF MIDPAC LUMBER COMPANY, LTD.**<br><br>TRIAL<br>DATE: November 6, 2006<br>JUDGE: Honorable Marvin Aspen<br>NO HEARING DATE SET |

**WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 797 REGARDING RAYMOND IWAMOTO'S MOTION IN LIMINE NO 5 TO EXCLUDE EVIDENCE OF AND REFERENCE TO DRAFTING OF DOCUMENTS CONCERNING THE RESIGNATION OF EDWIN BOWLING AS OFFICER AND DIRECTOR OF MIDPAC LUMBER COMPANY, LTD.**

Comes now Plaintiff Whirlpool Corporation, by and through its undersigned counsel and hereby respectfully submits its opposition to Docket No. 797 Regarding Raymond Iwamoto's Motion in Limine No. 5 to Exclude Evidence of and Reference to Drafting of Documents Concerning the Resignation of Edwin Bowling as Officer and Director of MidPac Lumber Company, Ltd**.**(the "Motion").

This Motion seeks to prevent the jury from examining the Iwamoto e-mail drafted when CIT was moving in on the fraud. Because CIT claims that Bowling documents were created as part of a fraud against it, Mr. Iwamoto wants the Court to block admissible relevant evidence so he, and likely CIT, can claim that he was not one of the persons engaged in furthering the deception.

In this email, Mr. Iwamoto issues orders to his assistant to make certain quick changes in some of the corporate documents relevant to this case to remove Mr. Bowling from activities. The effect of Mr. Iwamoto's conduct is to give a false impression to anyone reading the documents as to when the documents were actually created. In addition, even if the email was viewed exactly as Mr. Iwamoto claims, the fact that he was doing this at this particular time creates an inference

that the conspiracy needed to protect itself from Mr. Bowling being targeted because, as it found out when he refused to commit his $2 million to the refinancing, he could not be relied upon to further the enterprise's goals. It is clear that the email and those documents Mr. Iwamoto created were intended to be transmitted through mail or wire, so his conduct is relevant to the mail fraud and wire fraud and the RICO claim as well as the fraud conspiracy claim. Moreover, this evidence is relevant to Whirlpool's ability to demonstrate that Mr. Iwamoto was engaged in the fraud and not just the honest scrivener that he claims to be.

When CIT was moving in, instead of Mr. Iwamoto working with his client to correct his client's conduct, Mr. Iwamoto fought furiously to continue to conceal the fraud. He, therefore, cannot claim a defense as an attorney because attorneys are not permitted to act to further a conspiracy. This email evidences that Mr. Iwamoto agreed to participate in the affairs of the racketeering enterprise through his own overt acts and through his own conduct. He advanced the purpose of that enterprise and he cannot now claim that Whirlpool should not be permitted to show the jury the evidence of these facts and to argue their reasonable interpretation that Whirlpool believes clearly show Mr. Iwamoto's participation in the fraud conspiracy.

Hawaii courts provide for liberal admissibility of evidence in cases of fraud

and conspiracy:

> Fraud opens wide the door for all fairly relevant evidence including evidence as to similar but unconnected facts in order to show systematically fraudulent intention on the part of the party sought to be charged.
>
> Great latitude should be accorded the admission of circumstantial evidence of this nature if in any reasonable manner it tends to establish a conspiracy or connects those aiding, advising, abetting or encouraging the conspiracy sought to be proved. It is no objection that the evidence sought to be introduced embraces numerous other transactions and extends over a prolonged period of time. The limits of admissibility rest in the sound discretion of the trial judge. The exercise of that discretion will not be disturbed where, such as here, it tends even in a remote degree to establish the ultimate facts sought to be proved.

*Hashimoto v. Halm*, 40 Haw. 354, 360-361 (Haw. 1953) (citations omitted).

Like several of the other motions, this Motion miscomprehends the law of conspiracy and the liability of a participant. Seeking to narrow his responsibility to only that injury caused directly by him to Plaintiff, Mr. Iwamoto misses the point of a conspiracy claim that seeks to impose upon Mr. Iwamoto, as any other member of a conspiracy, all damages that derive from the conspiracy.

> A claim of civil conspiracy does not in and of itself constitute a claim for relief. Instead, the gravamen of the tort is not the agreement charged, but the acts in pursuance of the agreement which are the tort. However, mere acquiescence or knowledge is insufficient to

> constitute a conspiracy, absent approval, cooperation, or agreement. When a conspiracy is established, everything said, written, or done by any of the conspirators in execution or furtherance of the common purpose is deemed to have been said, done, or written by every [member], and may be proved against each.

*Western Sunview Props., LLC v. Federman*, 338 F. Supp. 2d 1106, 1122 (D. Haw. 2004) J. Ezra (citations omitted).

Moreover, under RICO law, it is well settled that where proof of participation in a conspiracy to violate RICO is shown, the co-conspirator is liable for all the acts of the other conspirators.

> A conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense. The partners in the criminal plan must agree to pursue the same criminal objective and may divide up the work, yet each is responsible for the acts of each other.

*Salinas v. United States*, 139 U.S. 352, 366 (1997) (citations omitted).

Mr. Iwamoto makes the false claim that what he was engaged in was not the creation of fraudulent documents. He was, however, attempting to create a false paper trail regarding when Mr. Bowling left the company to make sure that all the evidence would point to an earlier time rather than the truth that he had left only shortly after Mr. Glassman began to execute the final phase of the bust-out. Mr. Iwamoto's fraudulent conduct is evidenced by the very document that Mr.

Iwamoto seeks to block. In apparent recognition that Mr. Iwamoto was engaged in misrepresenting the facts contained in MidPac's records, the Memorandum in Support of the Motion states "MidPac's records would have been out of date and misleading because the records would have shown that Mr. Bowling was an officer and director despite his resignation." *See* Memorandum in Support of Motion at p. 6. Regardless of the fact that Mr. Bowling had left, the changing of dates as to relevant conduct of the officers is no less fraudulent and misleading and Mr. Iwamoto cannot now claim that his conduct was somehow appropriate when clearly all that he was doing was telling a lie.

DATED: Honolulu, Hawai'i, June 26, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION