LYNCH ICHIDA THOMPSON KIM& HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation, et al.,<br><br>Defendants. | Civ. No. CV01 00187 MEA-BMK<br>(TORT AND RICO)<br><br>**WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 799 REGARDING RAYMOND IWAMOTO'S MOTION IN LIMINE NO. NO 7 TO EXCLUDE EVIDENCE OF MIDPAC LUMBER COMPANY, LTD.'S CONTRACT WITH THE UNITED STATES NAVY**<br><br>TRIAL<br>DATE: November 6, 2006<br>JUDGE: Honorable Marvin Aspen<br>NO HEARING DATE SET |

**WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 799 REGARDING RAYMOND IWAMOTO'S MOTION IN LIMINE NO. NO 7 TO EXCLUDE EVIDENCE OF MIDPAC LUMBER COMPANY, LTD.'S CONTRACT WITH THE UNITED STATES NAVY**

Comes now Plaintiff Whirlpool Corporation, by and through its undersigned counsel and respectfully submits its Opposition to Docket No. 799 Regarding Raymond Iwamoto's Motion in Limine No. No 7 to Exclude Evidence of Midpac Lumber Company, Ltd.'s contract with the United States Navy (the "Motion").

Mr. Iwamoto claims that the Navy contract is irrelevant. This claim is made despite the fact that the continued existence of the Navy contract was the only way that MidPac could have paid CIT in full. A reasonable jury could find that CIT, determined to keep MidPac in operation, caused Ted Phelps to defraud Whirlpool by telling him he was a fraud expert and there was not fraud at MidPac and the financial issues didn't extend to Maui Home Supply. A reasonable juror could find that CIT's alleged agent, Ted Phelps made repeated misrepresentations to Whirlpool to induce Whirlpool to continue to ship product even on COD after July 23, 1999, so that the proceeds of the Navy contract could be swept by CIT. In addition to the fraud and fraud conspiracy claims, the Navy contract is relevant to RICO continuity of the enterprise with which Mr. Iwamoto is alleged to have conspired.

In regard to continuity, as late as December 1999, Mr. Iwamoto was still engaged in activities to induce Whirlpool to recommence shipments under the Navy contract. *See* Declaration of Ernest Matlock. Mr. Iwamoto, who can't deny having been an officer and director of the related companies wants simply to exclude relevant evidence. The Navy Contract explains why Mr. Phelps acted as he did in regard to Whirlpool in which he continued to deceive Whirlpool throughout the period of July and August in order to keep the Navy contract alive as a potential source of recovery for CIT. Moreover, the existence of the Navy contract is one of the elements that Whirlpool will put forward as evidence of Mr. Phelps' agency relationship with CIT because Mr. Phelps sought a release of CIT from Whirlpool regarding the issues related to the Navy contract, a request that was contrary to MidPac's interests. His loyalty to CIT directly influenced Whirlpool's decision to not resume shipments. It is this issue that Whirlpool believes the jury could find that proves Mr. Phelps was CIT's agent.

Hawaii law provides for liberal admissibility of evidence in cases of fraud and conspiracy:

> Fraud opens wide the door for all fairly relevant evidence including evidence as to similar but unconnected facts in order to show systematically fraudulent intention on the part of the party sought to be charged.
>
> Great latitude should be accorded the admission of

> circumstantial evidence of this nature if in any reasonable manner it tends to establish a conspiracy or connects those aiding, advising, abetting or encouraging the conspiracy sought to be proved. It is no objection that the evidence sought to be introduced embraces numerous other transactions and extends over a prolonged period of time. The limits of admissibility rest in the sound discretion of the trial judge. The exercise of that discretion will not be disturbed where, such as here, it tends even in a remote degree to establish the ultimate facts sought to be proved.

*Hashimoto v. Halm*, 40 Haw. 354, 360-361 (Haw. 1953) (citations omitted).

The Navy contract is one of the pieces of the Glassman-CIT puzzle. It explains much of the conduct of Mr. Phelps who did what he did on behalf of CIT because the Navy contract was integral to the overall CIT plan. It is relevant, explains in part why Whirlpool was treated differently from other MidPac creditors and should be put to the jury. The Motion should be denied.

DATED: Honolulu, Hawai'i, June 26, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION