LYNCH ICHIDA THOMPSON KIM& HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation, et al.,<br><br>Defendants. | Civ. No. CV01 00187 MEA-BMK<br>(TORT AND RICO)<br><br>**WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 800 REGARDING RAYMOND IWAMOTO'S MOTION IN LIMINE NO. 8 TO EXCLUDE EVIDENCE OF HIS STATEMENT TO DEFENDANT CIT GROUP/BUSINESS CREDIT INC. ABOUT CONTACTING VENDORS OF MIDPAC LUMBER COMPANY, LTD.**<br><br>TRIAL<br>DATE: November 6, 2006<br>JUDGE: Honorable Marvin Aspen<br>NO HEARING DATE SET |

**WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 800 REGARDING RAYMOND IWAMOTO'S MOTION IN LIMINE NO. 8 TO EXCLUDE EVIDENCE OF HIS STATEMENT TO DEFENDANT CIT GROUP/BUSINESS CREDIT INC. ABOUT CONTACTING VENDORS OF MIDPAC LUMBER COMPANY, LTD.**

Comes now Plaintiff Whirlpool Corporation, by and through its undersigned counsel and hereby respectfully submits its Opposition to Docket No. 800 Regarding Raymond Iwamoto's Motion in Limine No. 8 to Exclude Evidence of His Statement to Defendant CIT Group/Business Credit Inc., about Contacting Vendors of MidPac Lumber Company, Ltd. (the "Motion").

The instant Motion seeks block admission of evidence directly related to CIT's agreement to join the Glassman conspiracy. In addition, the letter in which this offer was made, contains evidence related to Mr. Iwamoto's attempts to advance the fraud by claiming that Mr. Glassman made a mistake regarding invoicing. Mr. Iwamoto's threats to CIT, made while he falsely claimed there was nothing untoward at MidPac, has now given way to the acknowledged fact that over $8.0 million was looted from MidPac and Maui Home Supply, all under Mr. Iwamoto's, then a MidPac director, allegedly blind eye. *See* Declaration of Timothy J. Hogan (the "Hogan Dec.") Exhibit "1."

The instant Motion seeks to prevent the admissibility of a critical relevant document in which Mr. Iwamoto, though fully aware that there was an ongoing

fraud in regard to MidPac, made an offer to CIT to induce it to keep the fraud a secret, rather than acting in accordance with his ethical obligations of a lawyer to correct the fraud as to all the victims. Mr. Iwamoto, instead, furthered the fraud by threatening CIT that if it disclosed the ongoing fraud to one of its victims, specifically Whirlpool, CIT would be sued.

A reasonable juror could find that Mr. Iwamoto's offer, subsequently accepted by CIT, is evidence of agreement to the fraud conspiracy. The reasonable inferences that can be drawn from this evidence is that Mr. Iwamoto was committing an overt act in furtherance of the fraud. This letter is relevant in that it shows Mr. Iwamoto's knowing participation in the fraud, his self-serving statements in his deposition notwithstanding. The jury should be the one to make decisions regarding the inferences created by the evidence, which should not be prevented *in limine* from being put before the jury when it is proof of fraud and fraud conspiracy related to Mr. Iwamoto.

Hawaii law provides for liberal admissibility of evidence in cases of fraud and conspiracy:

> Fraud opens wide the door for all fairly relevant evidence including evidence as to similar but unconnected facts in order to show systematically fraudulent intention on the part of the party sought to be charged.
>
> Great latitude should be accorded the admission of

> circumstantial evidence of this nature if in any reasonable manner it tends to establish a conspiracy or connects those aiding, advising, abetting or encouraging the conspiracy sought to be proved. It is no objection that the evidence sought to be introduced embraces numerous other transactions and extends over a prolonged period of time. The limits of admissibility rest in the sound discretion of the trial judge. The exercise of that discretion will not be disturbed where, such as here, it tends even in a remote degree to establish the ultimate facts sought to be proved.

*Hashimoto v. Halm*, 40 Haw. 354, 360-361 (Haw. 1953) (citations omitted).

As to Mr. Iwamoto's claim that MidPac was making tons of money, the simple fact is that MidPac was getting tons of money from CIT because it was submitting false invoices and false inventory reports, but MidPac was being looted by Mr. Glassman. It is noteworthy that Mr. Iwamoto seeks to prevent the jury from seeing the actual financials and has filed a motion in limine in an attempt to accomplish that end.

The evidence of fraud and Mr. Iwamoto's role in it, is also evidenced by Mr. Iwamoto's false statement in support of his Motion that he did not contact vendors. The testimony of Whirlpool's employees will be that he, in fact, did contact Whirlpool directly, without Whirlpool's attorney's permission. Hogan Dec. Exhibit "2." Mr. Iwamoto should have a difficult time explaining his conduct at trial. It does not mean the evidence is inadmissable because it puts Mr.

Iwamoto in a bad light.

Additionally, Mr. Iwamoto states that "[t]here is no evidence that CIT took any action against Plantiff's security interest as a result of Mr. Iwamoto's statement... ." Mr. Iwamoto must think that converting Whirlpool's collateral is not acting against Whirlpool's security interest.

Like several of the other motions, this Motion miscomprehends the law of conspiracy and the liability of a participant. Seeking to narrow his responsibility to only that injury caused directly by him to Plaintiff, Mr. Iwamoto misses the point of a conspiracy claim that seeks to impose upon Mr. Iwamoto, as well as any other member of a conspiracy, all damages that derive from the conspiracy.

> A claim of civil conspiracy does not in and of itself constitute a claim for relief. Instead, the gravamen of the tort is not the agreement charged, but the acts in pursuance of the agreement which are the tort. However, mere acquiescence or knowledge is insufficient to constitute a conspiracy, absent approval, cooperation, or agreement. When a conspiracy is established, everything said, written, or done by any of the conspirators in execution or furtherance of the common purpose is deemed to have been said, done, or written by every [member], and may be proved against each.

*Western Sunview Props., LLC v. Federman*, 338 F. Supp. 2d 1106, 1122 (D. Haw. 2004) J. Ezra (citations omitted).

Moreover, under RICO law, it is well settled that where proof of

participation in a conspiracy to violate RICO is shown, the co-conspirator is liable for all the acts of the other conspirators.

> A conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense. The partners in the criminal plan must agree to pursue the same criminal objective and may divide up the work, yet each is responsible for the acts of each other.

*Salinas v. United States*, 139 U.S. 352, 366,139 L. Ed. 2d 352, LEdHR16 (U.S. 1997) (citations omitted).

Whirlpool again states that the Motion is not consistent with the law of conspiracy and should be denied.

DATED: Honolulu, Hawai'i, June 26, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION