LYNCH ICHIDA THOMPSON KIM& HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation, | ) | Civ. No. CV01 00187 MEA-BMK (TORT AND RICO) |
| Plaintiff, | ) | **WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 801 REGARDING RAYMOND IWAMOTO'S MOTION IN LIMINE NO. 9 TO EXCLUDE EVIDENCE THAT HE SERVED AS A DIRECTOR OF MIDPAC LUMBER COMPANY, LTD. FROM JANUARY 1, 1999 TO OCTOBER 22, 1999** |
| vs. | ) | |
| CIT GROUP/BUSINESS CREDIT, INC., a New York corporation, et al., | ) | |
| Defendants. | ) | TRIAL<br>DATE: November 6, 2006<br>JUDGE: Honorable Marvin Aspen<br>NO HEARING DATE SET |

**WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 801 REGARDING RAYMOND IWAMOTO'S MOTION IN LIMINE NO. 9 TO EXCLUDE EVIDENCE THAT HE SERVED AS A DIRECTOR OF MIDPAC LUMBER COMPANY, LTD. FROM JANUARY 1, 1999 TO OCTOBER 22, 1999**

Comes now Plaintiff Whirlpool Corporation, by and through its undersigned counsel and hereby respectfully submits its Opposition to Docket No. 801 Regarding Raymond Iwamoto's Motion in Limine No. 9 to Exclude Evidence That He Served as a Director of MidPac Lumber Company, Ltd. From January 1, 1999 to October 22, 1999 (the "Motion").

It would be a wonderful world for Mr. Iwamoto if he could re-write the slate that he carries into the trial. The fact is that he was a MidPac director for about ten months – a very critical time for MidPac and all those involved in this case. The fact is Mr. Iwamoto specifically made his appointment as a MidPac director retroactive so he would be a director at all the critical times relevant in this litigation. The fact is Mr. Iwamoto could have simply amended the corporate by-laws to avoid the requirement of a third director so he would not be "needed" as a director, but the fact is he chose not to do so. The fact is that Mr. Iwamoto also became a CGBN, Inc. officer. Declaration of Timothy J. Hogan (the "Hogan Dec.") Exhibit "1." Mr. Iwamoto's conduct in this case amounts to so much more than just acting as an attorney. He was an officer, director and a participant in the

conduct that led directly to Whirlpool's injuries. Curiously Mr. Iwamoto seeks to say that his changing of the corporate records that impose upon him the duty of director should not impose upon him any obligations under the law. Likewise, his removal of Mr. Bowling was to relieve him from any liability during this period of the admitted Glassman fraud.

What Mr. Iwamoto's testimony evidences that he submitted false documents to the State of Hawaii. In addition, these are documents that are going to travel either by facsimile or mail. Because he now admits this was done in June to assist Mr .Glassman (who he admits was engaged in a massive fraud), he also admits that these documents are evidence of mail fraud and wire fraud predicate acts even if he claims the reason he did it was because Kurt Glassman deceived him. He can argue against the inferences but the documents are plainly relevant.

In regard to his deposition testimony set forth at p. 4 of the Memorandum in Support that claims he "had no involvement whatsoever in any operational aspects of the company, with any vendors, any products or how they would sell products or how they would buy products", this is simply false. Mr. Iwamoto was personally involved in discussions with Whirlpool's personnel trying to get them to release orders. Hogan Dec. Exhibit "2." Mr. Iwamoto's conduct in his deposition, which was taken with regard to a case under Title 11, is an additional

bankruptcy fraud predicate act under 18 U.S.C. § 152. Moreover, the jury should be the one to determine whether Mr. Iwamoto is telling the truth. Self-serving statements in his deposition cannot overcome the significant amount of evidence against him. As to the relevance of this claim, the Corporate record of Mr. Iwamoto's service as a director is evidence of Mr. Iwamoto's being much more than just an attorney outside of the fraud conspiracy, his denials notwithstanding.

Hawaii law provides for liberal admissibility of evidence in cases of fraud and conspiracy:

> Fraud opens wide the door for all fairly relevant evidence including evidence as to similar but unconnected facts in order to show systematically fraudulent intention on the part of the party sought to be charged.
>
> Great latitude should be accorded the admission of circumstantial evidence of this nature if in any reasonable manner it tends to establish a conspiracy or connects those aiding, advising, abetting or encouraging the conspiracy sought to be proved. It is no objection that the evidence sought to be introduced embraces numerous other transactions and extends over a prolonged period of time. The limits of admissibility rest in the sound discretion of the trial judge. The exercise of that discretion will not be disturbed where, such as here, it tends even in a remote degree to establish the ultimate facts sought to be proved.

*Hashimoto v. Halm*, 40 Haw. 354, 360-361 (Haw. 1953) (citations omitted).

Like several of the other motions, this Motion miscomprehends the law of

conspiracy and the liability of a participant. Seeking to narrow his responsibility to only that injury caused directly by him to Plaintiff, Mr. Iwamoto misses the point of a conspiracy claim that seeks to impose upon Mr. Iwamoto, as to all other member of a conspiracy, all damages that derive from the conspiracy.

> A claim of civil conspiracy does not in and of itself constitute a claim for relief. Instead, the gravamen of the tort is not the agreement charged, but the acts in pursuance of the agreement which are the tort. However, mere acquiescence or knowledge is insufficient to constitute a conspiracy, absent approval, cooperation, or agreement. When a conspiracy is established, everything said, written, or done by any of the conspirators in execution or furtherance of the common purpose is deemed to have been said, done, or written by every [member], and may be proved against each.

*Western Sunview Props., LLC v. Federman*, 338 F. Supp. 2d 1106, 1122 (D. Haw. 2004) J. Ezra (citations omitted).

Moreover, under RICO law, it is well settled that where proof of participation in a conspiracy to violate RICO is shown, the co-conspirator is liable for all the acts of the other conspirators.

> A conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense. The partners in the criminal plan must agree to pursue the same criminal objective and may divide up the work, yet each is responsible for the acts of each other.

*Salinas v. United States*, 139 U.S. 352, 366 ( 1997) (citations omitted).

For these reasons, the Motion should be denied. However, the Motion itself does have evidentiary value in that it should be admitted as more evidence of Mr. Iwamoto's conduct and evidence of continuity of the RICO.

DATED: Honolulu, Hawai'i, June 26, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION