LYNCH ICHIDA THOMPSON KIM& HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation, et al.,<br><br>Defendants. | Civ. No. CV01 00187 MEA-BMK<br>(TORT AND RICO)<br><br>WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 805 REGARDING RAYMOND IWAMOTO'S MOTION IN LIMINE NO. 14 TO EXCLUDE LAY AND EXPERT OPINIONS REGARDING THE STANDARD OF CARE FOR ATTORNEYS, DEFENDANT RAYMOND IWAMOTO'S CONDUCT, MONEY LAUNDERING, FRAUD AND ALLEGED VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT<br><br>TRIAL<br>DATE: November 6, 2006<br>JUDGE: Honorable Marvin Aspen<br>NO HEARING DATE SET |

**WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 805 REGARDING RAYMOND IWAMOTO'S MOTION IN LIMINE NO. 14 TO EXCLUDE LAY AND EXPERT OPINIONS REGARDING THE STANDARD OF CARE FOR ATTORNEYS, DEFENDANT RAYMOND IWAMOTO'S CONDUCT, MONEY LAUNDERING, FRAUD AND ALLEGED VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT**

Comes now Plaintiff Whirlpool Corporation, by and through its undersigned counsel and hereby respectfully submits its opposition to Docket No. 805 Regarding Raymond Iwamoto's Motion in Limine No. 14 to Exclude Lay and Expert Opinions Regarding the Standard of Care for Attorneys, Defendant Raymond Iwamoto's Conduct, Money Laundering, Fraud and Alleged Violations of the Racketeer Influenced and Corrupt Organizations Act (the "Motion").

The Motion appears unnecessary in that Whirlpool does not seek to present either Debra Clawson or Carl Smith as an expert regarding conduct of attorneys.

This motion, for reasons that are unclear, resurrects an issue that was the subject of pre-trial motions practice prior to the District Court reassigning the instant case. Counsel for Mr. Iwamoto has apparently forgotten that the issue of Mr. Smith's deposition and his invocation of the attorney-client privilege had been resolved. Counsel must have forgotten that Mr. Iwamoto joined the CIT motion seeking to re-depose Mr. Smith on these very same grounds. All defendants were permitted to conduct another deposition of Mr. Smith based in part, on the issue of

the attorney-client privilege that was raised by CIT. Noteworthy is the fact that, despite joining the CIT motion, and apparently claiming that he would be prejudiced if Mr. Smith were not required to travel from Knoxville Tennessee to Honolulu, again, Mr. Iwamoto's counsel failed to ask a single question related to the testimony that Mr. Iwamoto claimed was so important. Mr. Iwamoto raises this issue again. In light of the position he took before the Magistrate Judge, a position that was rewarded by an order directing Whirlpool to produce Mr. Smith again, which it did for two (2) more days of testimony, Mr. Iwamoto should be admonished.

In addition, Mr. Iwamoto's counsel appears to have a quarrel with the fact that Whirlpool's counsel instructed Mr. Smith not to answer the question of whether Whirlpool reported the "possible" money laundering to law enforcement officials. As the Court fully knows because of CIT's actions, disclosure of any suspicious activity reporting is a violation of law.

As set forth in the Declaration of Timothy J. Hogan (the "Hogan Dec.") at Exhibit "1", CIT taking the lead for the Defendants who wanted more time with Mr. Smith, took his confusion over the attorney client privileged and blew it out of proportion to obtain an order requiring him to return to Hawaii for more hours of deposition. Mr. Iwamoto joined the CIT Motion. Hogan Dec. Exhibit "2". But,

when Mr. Smith returned, Mr. Iwamoto's counsel did not ask Mr. Smith a single question related to the critical information formerly withheld on privilege grounds. The reason seems apparent. Now more than three years later, the game that was played on the Magistrate Judge comes full circle with the instant motion in limine.

In regard to the ability to disclose experts at trial, Whirlpool believes that if they are surprised by an expert's testimony, Whirlpool should be permitted to produce expert testimony in rebuttal and disclose the expert report as the Court may determine. Because Mr. Iwamoto's counsel has informed Whirlpool's counsel they do not intend to call Edward Chun, Esq. as an expert in this case no motion was filed in regard to Mr. Chun. Hogan Dec. ¶ 3. However, if counsel reneges on that earlier statement, then Whirlpool reserves its right to seek leave to name experts as appropriate based on the representations of counsel as the Court may permit. The Court should deny this Motion.

DATED: Honolulu, Hawai'i, June 26, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION