AYABE, CHONG, NISHIMOTO,
SIA & NAKAMURA

JOHN S. NISHIMOTO 1820-0
CALVIN E. YOUNG 3278-0
STEVEN L. GOTO 6041-0
Pauahi Tower, Suite 2500
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 537-6119
Facsimile No. (808) 526-3491
calvin.young@hawadvocate.com

Attorneys for Defendant
RAYMOND IWAMOTO

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 22 2003

at 3 o'clock and 36 min. P M
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants, | ) | CIVIL NO. 01-00187 DAE BMK<br>(Tort and RICO)<br><br>DEFENDANT RAYMOND IWAMOTO'S POSITION STATEMENT RE: CIT GROUP/BUSINESS CREDIT, INC.'S MOTION TO COMPEL FURTHER INDIVIDUAL AND 30(b)(6) DEPOSITION TESTIMONY FROM CARL SMITH AND DEFENDANT MICHAEL CLIFFORD'S MOTION TO COMPEL THE DEPOSITION TESTIMONY OF CARL SMITH AND 30(b)(6) DEPOSITION TESTIMONY AND FOR SANCTIONS; DECLARATION OF CALVIN E. YOUNG; CERTIFICATE OF SERVICE |

| | | |
|---|---|---|
| and | ) | |
| | ) | |
| | ) | |
| CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA, | ) | DATE: January 24, 2003 |
| | ) | TIME: 2:00 p.m. |
| | ) | JUDGE: Barry M. Kurren |
| Additional Crossclaim Defendants. | ) | |
| | ) | TRIAL DATE: May 13, 2003 |
| | ) | |

[2001-556/#203144]

DEFENDANT RAYMOND IWAMOTO'S POSITION STATEMENT RE: CIT GROUP/BUSINESS CREDIT, INC.'S MOTION TO COMPEL FURTHER INDIVIDUAL AND 30(b)(6) DEPOSITION TESTIMONY FROM CARL SMITH AND DEFENDANT MICHAEL CLIFFORD'S MOTION TO COMPEL THE DEPOSITION TESTIMONY OF CARL SMITH AND 30(b)(6) DEPOSITION TESTIMONY AND FOR SANCTIONS

Comes now, Defendant Raymond Iwamoto ("Iwamoto"), by and through his attorneys, Ayabe Chong Nishimoto Sia & Nakamura, and respectfully joins in and incorporates the arguments made by co-defendants CIT Group/Business Credit, Inc. and Michael Clifford regarding their request that Whirlpool designee witness Carl Smith be compelled and produced for further questioning. Iwamoto likewise requests that this Court order that Carl Smith be brought back to Honolulu Hawaii for further questioning in his capacity as a 30(b)(6) designee witness of plaintiff Whirlpool Corporation. Iwamoto believes that good cause supports this request and this Court should order Mr. Smith to appear and render full and complete testimony.

The background facts and circumstances for the request pending before the Court to compel further testimony from Carl Smith is laid out in substantial detail in the filings already presented to the Court. Iwamoto will not recite all of this background information here. Briefly, Iwamoto will provide his recollection of what transpired leading up to the filing of the motion before the Court.

Two deposition notices were filed requesting pursuant to Rule 30, Federal Rules of Civil Procedure, that plaintiff Whirlpool Corporation produce a witness to testify regarding thirty-two (32) categories. Defendants CIT and Iwamoto filed these deposition notices. With respect to the notice filed by CIT, this Court previously ruled that a protective order challenging the deposition notice was denied. Following that decision by this Court, counsel for Iwamoto conferred with counsel for plaintiff and it was agreed that two additional categories would be presented in a deposition notice to plaintiff Whirlpool. These two categories dealt will "the factual basis for Whirlpool's claims against Raymond Iwamoto" and "the basis for Whirlpool's claims for damages against Raymond Iwamoto". Counsel for plaintiff designated Carl Smith as its designee, regarding Iwamoto's two categories.

The individual deposition of Carl Smith started on December 17, 2002. Mr. Smith deposition commenced at 9:00 a.m. and terminated at 6:00 p.m. The deposition was terminated at that time based upon an agreement that Mr. Smith's deposition in his individual capacity would continue on Saturday, December 21 2002 for approximately four hours with his 30(b)(6) deposition to follow.

On December 21, 2002, Mr. Smith's continued deposition started at 9:00 a.m. However, Mr. Smith was deposed until the middle of the afternoon in his individual capacity and his Rule 30(B)(6) deposition did not start until 4:15 p.m. Counsel for Iwamoto questioned Mr. Smith for approximately 2 hours and 15 minutes. At that time, his deposition was terminated, plaintiff and Iwamoto reserving their respective positions regarding the continuation of Mr. Smith's deposition in anticipation that the matter would be brought before your Honor for resolution.

Good cause exist for this Court ordering a further deposition of Mr. Smith as the designated witness for plaintiff Whirlpool Corporation. As the Court knows, Whirlpool Corporation has made complex, novel and extensive allegations against the various defendants. In order to adequately defend against the wide-ranging allegations that have been made, and in an effort to conduct discovery in as expeditious and efficient a manner as

possible, defendants worked with each other and the plaintiff to prepare a deposition notice of plaintiff Whirlpool Corporation's designated witness. The deposition notice covers the issues of Whirlpool Corporation's sales, credit decisions, collection efforts, Whirlpool's relationship with the involved companies MidPac Lumber and Maui Home Supply and Whirlpool's claims in this case.

Whirlpool designated Carl Smith as its witness to testify as to twenty-four of the thirty-two deposition categories. Mr. Smith, as Plaintiff's designated witness, was only deposed for a little over two hours. That amount of time was insufficient for counsel to cover all of the subject areas. Iwamoto requests an additional two hours of time to complete his questioning of Mr. Smith. Iwamoto believes this request is warranted in light of the claims being made in this case. Iwamoto points out that plaintiff has not claimed that the questioning was repetitious at any time. Nor has plaintiff moved for a protective order asserting any other basis for precluding additional testimony from Mr. Smith.

For the above stated reasons and for the reasons stated by co-defendants in this case, Iwamoto respectfully requests that this Court order Mr. Smith be produced by plaintiff Whirlpool Corporation for further questioning.

DATED: Honolulu, Hawaii, JAN 22 2003.

JOHN S. NISHIMOTO
CALVIN E. YOUNG
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO

Whirlpool Corporation v. CIT Group/Business Credit, Inc., et al.
Civil No. 01-00187 DAE BMK
DEFENDANT RAYMOND IWAMOTO'S POSITION STATEMENT RE: CIT GROUP/BUSINESS CREDIT, INC.'S MOTION TO COMPEL FURTHER INDIVIDUAL AND 30(b)(6) DEPOSITION TESTIMONY FROM CARL SMITH AND DEFENDANT MICHAEL CLIFFORD'S MOTION TO COMPEL THE DEPOSITION TESTIMONY OF CARL SMITH AND 30(b)(6) DEPOSITION TESTIMONY AND FOR SANCTIONS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | CIVIL NO. 01-00187 DAE BMK (Tort and RICO)<br><br>DECLARATION OF CALVIN E. YOUNG |

[2001-556/#203144]

DECLARATION OF CALVIN E. YOUNG

1. I am an attorney licensed to practice before this Court and am a partner with Ayabe Chong Nishimoto Sia & Nakamura, retained to represent Raymond Iwamoto in the above captioned matter;

2. I am competent to testify as to all matters set forth herein and make this declaration from personal knowledge and submit the same in support of the position statement being filed on behalf of my client;

3. Two Rule 30(b)(6) deposition notices were filed in this case, one by Defendant CIT and the other by Defendant Iwamoto. The two notices contained a total of 32 categories.

4. After this Court denied Plaintiff's motion for protective order regarding the notice filed by CIT, I conferred with Plaintiff's counsel and it was agreed that Iwamoto would be allowed to file his own notice and Plaintiff would designate Carl Smith to testify. Iwamoto's notice contained two categories dealing with "the factual basis for Whirlpool's claims against Raymond Iwamoto" and "the basis for Whirlpool's claims for damages against Raymond Iwamoto."

5. Carl Smith was only deposed in his designated capacity for two hours and 15 minutes on December 21, 2002. The questioning of Mr. Smith was not harassing nor were delaying tactics employed by me. The deposition of Mr. Smith was not completed due to the lateness of the

hour, Mr. Smith being tired and the number of categories Mr. Smith was designated to testify about.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 22, 2003.

CALVIN E. YOUNG

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | CIVIL NO. 01-00187 DAE BMK (Tort and RICO)<br><br>CERTIFICATE OF SERVICE |

[2001-556/#203144]

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of *Defendant Raymond Iwamoto's Position Statement Re: CIT Group/Business Credit, Inc.'s Motion to Compel Further Individual and 30(b)(6) Deposition Testimony from Carl Smith and Defendant Michael Clifford's Motion to*

*Compel the Deposition Testimony of Carl Smith and 30(b)(6) Deposition Testimony and for Sanctions* was duly served on the following parties listed below, in the manner described thereto, at their last known addresses on JAN 22 2003.

| | U.S. Mail | Hand Delivery |
|---|---|---|
| TIMOTHY J. HOGAN, ESQ.<br>Lynch Ichida Thompson Kim & Hirota<br>1132 Bishop Street, Suite 1405<br>Honolulu, Hawaii 96813<br>Attorney for Plaintiff<br>WHIRLPOOL CORPORATION | XX | |
| PAUL ALSTON, ESQ.<br>LOUISE K.Y. ING, ESQ.<br>Alston Hunt Floyd & Ing<br>1001 Bishop Street<br>Pacific Tower, 18th Floor<br>Honolulu, Hawaii 96813<br>Attorneys for Defendant<br>CIT GROUP/BUSINESS CREDIT, INC. | XX | |
| TED N. PETIT, ESQ.<br>ROGER S. MOSELEY, ESQ.<br>CHRISTOPHER J. MUZZI, ESQ.<br>Case Bigelow & Lombardi<br>737 Bishop Street, Suite 2600<br>Honolulu, Hawaii 96813<br>Attorneys for Defendants<br>MICHAEL CLIFFORD, CGBN, INC.,<br>and Third-Party Defendant<br>CG DEVELOPMENT, INC. | XX | |

| | U.S. Mail | Hand Delivery |
|---|---|---|
| MARGERY S. BRONSTER, ESQ.<br>JEANNETTE HOLMES, ESQ.<br>Bronster, Crabtree & Hoshibata<br>1001 Bishop Street<br>Suite 2300, Pauahi Tower<br>Honolulu, Hawaii 96813<br>Attorneys for Defendants<br>EDWIN BOWLING and<br>FRANCES HALLER-BOWLING | XX | |
| ERIC J. GLASSMAN, ESQ.<br>Mennemeier, Glassman & Stroud LLP<br>980 9th Street, Suite 1700<br>Sacramento, CA 95814<br><br>- and - | XX | |
| ROBERT E. BADGER, ESQ.<br>745 Fort Street, Suite 702<br>Topa Financial Center, West Tower<br>Honolulu, Hawaii 96813<br>Attorneys for Defendant<br>KURT GLASSMAN and<br>Third-Party Defendant<br>RENEE K. COSTA | XX | |

DATED: Honolulu, Hawaii, JAN 22 2003.

JOHN S. NISHIMOTO
CALVIN E. YOUNG
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO