LYNCH ICHIDA THOMPSON KIM& HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation, | Civ. No. CV01 00187 MEA-BMK (TORT AND RICO) |
| Plaintiff, | **WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 806 REGARDING CIT MOTION IN LIMINE TO PRECLUDE PLAINTIFF WHIRLPOOL FROM OFFERING WITNESSES OR EVIDENCE THAT IS INCONSISTENT WITH THE TESTIMONY OF ITS RULE 30(B)(6) DESIGNEES** |
| vs. | |
| CIT GROUP/BUSINESS CREDIT, INC., a New York corporation, et al., | |
| Defendants. | |
| | TRIAL<br>DATE: November 6, 2006<br>JUDGE: Honorable Marvin Aspen<br>NO HEARING DATE SET |

**WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 806 REGARDING CIT MOTION IN LIMINE TO PRECLUDE PLAINTIFF WHIRLPOOL FROM OFFERING WITNESSES OR EVIDENCE THAT IS INCONSISTENT WITH THE TESTIMONY OF ITS RULE 30(B)(6) DESIGNEES**

Comes now Plaintiff Whirlpool Corporation, by and through its undersigned counsel and hereby respectfully submits its opposition to Docket No. 806 Regarding CIT Motion in Limine to Preclude Plaintiff Whirlpool from Offering Witnesses or Evidence That Is Inconsistent with the Testimony of its Rule 30(b)(6) Designees (the "Motion").

The law is clear that if Whirlpool were to present inconsistent evidence it can be impeached. The rules do not require that 30(b)(6) testimony must be read *verbatim* to the jury. The testimony of a 30(b)(6) representative has the effect of an evidentiary admission, not a judicial admission, and thus may be controverted or explained by the party.

> This court previously has held that the binding effect of the testimony of a Rule 30(b)(6) deponent is merely as an evidentiary admission. As such, it may be controverted or explained by a party, as contrasted with a judicial admission, i.e., a formal concession in a pleading or stipulation which is conclusive and cannot be withdrawn without leave of court.

*Media Servs. Group, Inc. v. Lesso, Inc*., 45 F. Supp. 2d 1237, 1254 (D. Kan. 1999) (citations omitted).

In contrast, a judicial admission has the effect that CIT appears in its Motion to seek to impose regarding 30(b)(6) testimony.

> Judicial admissions are formal concessions in the pleadings[1], or stipulations by a party or its counsel, that are binding upon the party making them. They may not be controverted at trial or on appeal. Indeed, they are "not evidence at all but rather have the effect of withdrawing a fact from contention." Michael H. Graham, Federal Practice and Procedure: Evidence § 6726 (Interim Edition); *see also* John William Strong, McCormick on Evidence § 254, at 142 (1992). A judicial admission is conclusive, unless the court allows it to be withdrawn; ordinary evidentiary admissions, in contrast, may be controverted or explained by the party. Id. When a party testifying at trial or during a deposition admits a fact which is adverse to his claim or defense, it is generally preferable to treat that testimony as solely an evidentiary admission. Federal Practice and Procedure § 6726, at 536-37.

*Keller v. United States*, 58 F.3d 1194, 1199, n. 8 (7th Cir. 1995) (citations in the original).

CIT has cited authority, in particular, *Rainey v. American Forest and Paper Ass'n Inc.*, 26 F. Supp 2d 82, 95-96 (D.D.C. 1998) that it appears to erroneously claim stands for the principal that the 30(b)(6) deposition should be treated as a judicial admission. While it is true that when a representative says, "I don't know," the failure to get someone who does know can result in limitations being

---

[1] *Eg*. CIT's Second Amended Cross-Claim admitting the existence of the fraud and fraud conspiracy among other facts.

imposed, Whirlpool provided numerous 30(b)(6) representatives because of the broad categories for which defendants sought testimony and the complexity of the factual investigation that the depositions entailed. During the questioning CIT and others asked the witness what that witness had heard, observed or understood.[2]

Whirlpool produced their representatives in Hawaii, some more than once, to allow all the Defendants more than adequate opportunity to examine them (Whirlpool's representatives were deposed for much longer than required by the Rules). Defendants were allowed to re-depose certain representatives of the deponents in Hawaii and have had a full and adequate 30(b)(6) deposition. In addition to 30(b)(6) depositions, defendants also conducted individual depositions of most of those same individuals. None of the 30(b)(6) issues are relevant to individual depositions and inconsistent evidence, if any, should be left to the jury to evaluate.

For the reasons stated, the Motion should be denied.

---

[2] The transcripts evidence confusion among both deponents and questioners as to which "hat" the deponent was to wear in answering a question - many questions asked by defendants in their individual depositions were asked as a 30(b)(6) representative.

DATED: Honolulu, Hawai'i, June 26, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION