LYNCH ICHIDA THOMPSON KIM& HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation, et al.,<br><br>Defendants. | Civ. No. CV01 00187 MEA-BMK (TORT AND RICO)<br><br>**WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 807 REGARDING CIT MOTION IN LIMINE TO PRECLUDE EVIDENCE OF AND ARGUMENT BASED UPON TED PHELPS' ALLEGED OCTOBER 28, 1999 STATEMENT TO ERNEST MATLOCK REGARDING PHELPS' RELATIONSHIP WITH CIT**<br><br>TRIAL<br>DATE: November 6, 2006<br>JUDGE: Honorable Marvin Aspen<br>NO HEARING DATE SET |

**WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 807 REGARDING CIT MOTION IN LIMINE TO PRECLUDE EVIDENCE OF AND ARGUMENT BASED UPON TED PHELPS' ALLEGED OCTOBER 28, 1999 STATEMENT TO ERNEST MATLOCK REGARDING PHELPS' RELATIONSHIP WITH CIT**

Comes now Plaintiff Whirlpool Corporation, by and through its undersigned counsel and hereby respectfully submits its opposition to Docket No. 807 Regarding CIT Motion in Limine to Preclude Evidence of and Argument Based upon Ted Phelps' Alleged October 28, 1999 Statement to Ernest Matlock Regarding Phelps' Relationship with CIT (the "Motion").

Mr. Phelps admitted to Mr. Matlock that he was the eyes and ears of CIT. The Court has ruled this could not prove what he believed was his authority to act on CIT's behalf at an earlier time, in July 1999. It is however, still relevant to whether Mr. Phelps believed himself to be CIT's agent at the time that the statement was made. Mr. Phelps continued to assist in the wholesale liquidateion of Whirlpool's Maui Home Supply collateral and that was being done at the time he made the statement to Mr. Matlock.

In June, Mr. Phelps clearly represented to Whirlpool that he was independent and not tied with CIT. In his October statement, he admits his ties to CIT. The issue of Mr. Phelps' agency relationship with CIT remains relevant to the evidentiary issue of imputing his conduct not just in July, but throughout the

relevant time, to CIT. Mr. Phelps continued to conduct himself on behalf of CIT and, as Whirlpool will show at trial, he did so inappropriately and in such a manner as to support the basis for the fraud conspiracy claim against CIT. The fact that Mr. Phelps believed later in October that he was CIT's agent is nonetheless relevant to the overall case regarding the ongoing fraud at MidPac and Maui Home Supply.

As to whether Mr. Phelps was acting as CIT's agent in the June-July timeframe, the testimony of Edwin Bowling evidences that Mr. Phelps told Mr. Bowling in June of 1999 that he believed himself to be acting "officially for CIT." *See* Declaration of Timothy J. Hogan, Exhibit "1."

As to his later statement made to Mr. Matlock, it simply shows that he continued to believe he was CIT's authorized agent from June through the period of time that the statement was made to Mr. Matlock. His attempt to get a release for CIT in December 1999 when that request doomed the Navy Contract is proof that his agency continued throughout the relevant period. It is simply not necessary that Whirlpool prove that all the conduct of Mr. Phelps related to this case occurred in June or July, where Mr. Phelps and CIT continued to create a false paper trail leading up to the disposition of Whirlpool's collateral. Even in December Mr. Phelps was requesting Whirlpool give CIT a release of all claims,

although he refused to state what claims existed. Whether Mr. Phelps believed he was CIT's agent is probative of the fact of whether he was CIT's agent as the Court has ruled in its Memorandum Opinion and Order. CIT seeks to cleverly cut off Whirlpool from this proof by claiming that it isn't relevant to one issue and therefore must be relevant to no issues.

Hawaii law provides for liberal admissibility of evidence in cases of fraud and conspiracy:

> Fraud opens wide the door for all fairly relevant evidence including evidence as to similar but unconnected facts in order to show systematically fraudulent intention on the part of the party sought to be charged.
>
> Great latitude should be accorded the admission of circumstantial evidence of this nature if in any reasonable manner it tends to establish a conspiracy or connects those aiding, advising, abetting or encouraging the conspiracy sought to be proved. It is no objection that the evidence sought to be introduced embraces numerous other transactions and extends over a prolonged period of time. The limits of admissibility rest in the sound discretion of the trial judge. The exercise of that discretion will not be disturbed where, such as here, it tends even in a remote degree to establish the ultimate facts sought to be proved.

*Hashimoto v. Halm*, 40 Haw. 354, 360-361 (Haw. 1953) (citations omitted).

The Court should deny the Motion.

DATED: Honolulu, Hawai'i, June 26, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION