LYNCH ICHIDA THOMPSON KIM& HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation, et al.,<br><br>Defendants. | Civ. No. CV01 00187 MEA-BMK (TORT AND RICO)<br><br>**WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 808 CIT'S MOTION IN LIMINE TO PRECLUDE USE OF AND ARGUMENT RE: TED PHELPS' JULY 29, 1999 LETTER AS EVIDENCE OF AGENCY**<br><br>TRIAL<br>DATE: November 6, 2006<br>JUDGE: Honorable Marvin Aspen<br>NO HEARING DATE SET |

# WHIRLPOOL CORPORATION'S OPPOSITION TO DOCKET NO. 808 MOTION IN LIMINE TO PRECLUDE USE OF AND ARGUMENT RE: TED PHELPS' JULY 29, 1999 LETTER AS EVIDENCE OF AGENCY

Comes now Plaintiff Whirlpool Corporation, by and through its undersigned counsel and hereby respectfully submits its opposition to Docket No. 808 Motion in Limine to Preclude Use of and Argument Re: Ted Phelps' July 29, 1999 Letter as Evidence of Agency (the "Motion").

CIT makes much of this letter claiming that it shouldn't be admitted because it was written after Whirlpool stopped shipping on credit and went to C.O.D. However, during this time after Mr. Phelps had told Whirlpool that there was no fraud at MidPac and that the problems did not extend to Maui, this evidence remains clearly relevant to the contested issue of whether Ted Phelps was CIT's agent. The July 29, 1999 letter filed as Exhibit "1" to the CIT Motion, evidences Mr. Phelps' loyalty to CIT where he has not discussed it with the person that CIT claims is his principal. Loyalty being one of the hallmarks of the agency, this letter is clearly relevant and the jury should make its determination, based on evidence such as this, of whether, in fact, CIT was in an agency relationship with Mr. Phelps at the time the letter was written.

CIT makes much of the fact that it apparently offered Mr. Glassman the opportunity to choose a consultant from a list it would provide. Mr. Glassman

accepted Mr. Phelps instead. This is a misleading argument, any consultant Mr. Glassman would have consented to would have been CIT's agent so the fact it offered him a choice makes no difference.

Hawaii law provides for liberal admissibility of evidence in cases of fraud and conspiracy:

> Fraud opens wide the door for all fairly relevant evidence including evidence as to similar but unconnected facts in order to show systematically fraudulent intention on the part of the party sought to be charged.
>
> Great latitude should be accorded the admission of circumstantial evidence of this nature if in any reasonable manner it tends to establish a conspiracy or connects those aiding, advising, abetting or encouraging the conspiracy sought to be proved. It is no objection that the evidence sought to be introduced embraces numerous other transactions and extends over a prolonged period of time. The limits of admissibility rest in the sound discretion of the trial judge. The exercise of that discretion will not be disturbed where, such as here, it tends even in a remote degree to establish the ultimate facts sought to be proved.

*Hashimoto v. Halm*, 40 Haw. 354, 360-361 (Haw. 1953) (citations omitted).

CIT also refers to Mr. Phelps' testimony that he specifically had Mr. Glassman's permission to talk to CIT without Mr. Glassman because Mr. Glassman was flying home almost every weekend so he would be in Honolulu only

a few days a week. The July 29, 1999 letter doesn't say that. A reasonable juror could find that the letter is evidence that Phelps had secrets from Mr. Glassman and that makes it relevant and admissible.

For all of these reasons, the Motion should be denied.

DATED: Honolulu, Hawai'i, June 26, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION