Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON 1126-0
LOUISE K. Y. ING 2394-0
THOMAS E. BUSH 4737-0
ALLISON KIRK 8156-0
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawai'i 96813
Telephone: 524-1800
Facsimile: 524-4591
palston@ahfi.com
ling@ahfi.com
tbush@ahfi.com
akirk@ahfi.com

Attorneys for Defendant/Cross-claimant
THE CIT GROUP/BUSINESS CREDIT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE | ) | Civil No. CV 01 00187 MEA-BMK (Tort and RICO)<br><br>DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S **STATEMENT OF NO POSITION ON DEFENDANT RAYMOND IWAMOTO'S MOTION IN LIMINE #4 RE: TO EXCLUDE EVIDENCE OF MR. IWAMOTO'S REVISION TO HIS LETTER TO CITY BANK,** |

| | | |
|---|---|---|
| PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | FILED 6/13/06; CERTIFICATE OF SERVICE<br><br>JUDGE: Hon. Marvin E. Aspen<br><br>TRIAL: November 6, 2006 |

**DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S STATEMENT OF NO POSITION ON DEFENDANT RAYMOND IWAMOTO'S MOTION IN LIMINE #4 RE: TO EXCLUDE EVIDENCE OF MR. IWAMOTO'S REVISION TO HIS LETTER TO CITY BANK, FILED 6/13/06**

The CIT Group/Business Credit, Inc. ("CIT") hereby states that it takes no position on Defendant Raymond Iwamoto's Motion in Limine #4.

However, to the extent Whirlpool argues in opposition to total exclusion of such evidence that it is also relevant to Whirlpool's claims against CIT, CIT strongly disagrees because there is no evidence that CIT saw or knew of Mr. Iwamoto's revision to his letter to City Bank or that the revision caused damage to Whirlpool given that the letter was directed to City Bank. In order to avoid jury confusion and undue trial time, CIT suggests that if the court does not grant total exclusion, it grant the lesser relief of either a limiting jury instruction

on use of evidence of revisions to the City Bank letter (*e.g.,* that the evidence is not be considered against CIT) and/or direct the parties to develop stipulations of facts and documents relating to the revisions to the City Bank letter made by Mr. Iwamoto.

DATED: Honolulu, Hawai‘i, June 26, 2006.

/s/ Louise K. Y. Ing
PAUL ALSTON
LOUISE K. Y. ING
THOMAS E. BUSH
ALLISON KIRK
Attorneys for Defendant/Cross-claimant THE CIT GROUP/BUSINESS CREDIT, INC.