AYABE, CHONG, NISHIMOTO,
SIA & NAKAMURA
A Limited Liability Law Partnership

JOHN S. NISHIMOTO 1820-0
CALVIN E. YOUNG 3278-0
GARY S. MIYAMOTO 3233-0
STEVEN L. GOTO 6041-0
Pauahi Tower, Suite 2500
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 537-6119
Facsimile No. (808) 526-3491
john.nishimoto@hawadvocate.com
calvin.young@hawadvocate.com

Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation, | ) | CIVIL NO. 01-00187 MEA BMK (Tort and RICO) |
| Plaintiff, | ) | DEFENDANT RAYMOND IWAMOTO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF WHIRLPOOL CORPORATION'S MOTION IN LIMINE NO. 3 REGARDING EVIDENCE OF SETTLEMENTS FILED JUNE 13, 2006; CERTIFICATE OF SERVICE |
| vs. | ) | |
| CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20, | ) | Trial Date: November 6, 2006<br>Judge: Hon. Marvin E. Aspen |

Defendants,

and

CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,

Additional Cross-Claim Defendants.

[2001556/304460]

**DEFENDANT RAYMOND IWAMOTO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF WHIRLPOOL CORPORATION'S MOTION IN LIMINE NO. 3 REGARDING EVIDENCE OF SETTLEMENTS FILED JUNE 13, 2006**

## I. Argument

Plaintiff's Motion should be denied to the extent that Plaintiff seeks to exclude evidence of conduct by Kurt Glassman ("Glassman"), Michael Clifford ("Clifford"), CG Development, Inc. ("CGDI"), Edwin Bowling, Frances Haller Bowling (hereinafter collectively referred to as the "Bowling")[1]. The jury must consider the conduct of these persons and the amounts they paid to settle Plaintiff's claims when deciding Plaintiff's conspiracy claims because their conduct is probative as to: (1) whether Mr. Iwamoto was involved in a conspiracy against Plaintiff; and (2) whether Mr. Iwamoto's conduct caused Plaintiff's damages.

[1] Plaintiff's Motion is vague because its title refers to "Evidence of Settlements"; however, Plaintiff's memorandum indicates Plaintiff seeks exclusion of evidence that Glassman, Clifford, CGDI and Bowling caused its damages.

A fair verdict cannot be reached if the evidence is excluded because the verdict would not be based on all of the facts. The jury will be misled into erroneously assuming that Mr. Iwamoto created or spearheaded the conspiracy or acted alone because it will only hear evidence of Mr. Iwamoto's alleged involvement. The jury cannot decide the conspiracy claims in a vacuum because a conspiracy consists of two or more persons. In order to fairly determine whether Mr. Iwamoto was involved in the conspiracy, the jury must consider evidence of the repeated acts of fraud and misconduct which show that Glassman, Clifford, CGDI and Bowling conspired to defraud Plaintiff. Mr. Iwamoto's actions should be judged in light of the conduct of these parties to determine whether the conspiracy only consisted of Glassman, Clifford, CGDI and Bowling and whether Plaintiff's damages were only caused by Glassman, Clifford, CGDI and/or Bowling instead of Iwamoto.

The evidence is relevant to Mr. Iwamoto's defense that he was not involved in a conspiracy and did not control MidPac and MHS, order inventory from Plaintiff, or cause Plaintiff's damages. The evidence will show the jury that any conspiracy was confined to Glassman, Clifford, CGDI, and Bowling because they controlled MidPac and MHS, and caused Plaintiff's damages by fraudulently ordering merchandise from Plaintiff, wrongfully withdrawing substantial moneys from the corporations, and transferring inventory between warehouses.

Whirlpool cannot deny that its damages were caused by Glassman, Clifford, CGDI, and Bowling. Its Second Amended Complaint include numerous allegations that Glassman, Clifford, CGDI and Bowling engaged in fraudulent conduct and wrongdoing. The allegations include, but are not limited to, the following:

- Glassman, Clifford and Bowling used "unaccepted accounting practices" to facilitate the "Racketeering Enterprise" to prevent the discovery of the Enterprise's activities. (¶21 of Second Amended Complaint)

- Glassman, Clifford and Bowling devised a bust-out scheme that was "one of the Planned Activities of the [Racketeering] Enterprise." (¶¶30 through 33 of Second Amended Complaint).

- Glassman and Bowling distributed an offering circular to induce persons to invest moneys into CGB Enterprises. ((¶¶89 and 90 of Second Amended Complaint).

- Glassman, Clifford, Bowling and CGDI received substantial moneys from MidPac as part of the "Racketeering Enterprise." (¶35, 107-110, 114-117, 128, 131, 149. 180-204, 210-257, 269, 270 of Second Amended Complaint).

- Glassman executed contracts with Plaintiff to induce Plaintiff to sell inventory to MidPac and MHS when he did not intend to make payment. (¶95 of Second Amended Complaint).

- Glassman, Clifford and Bowling maintained a "secret MidPac account" at City Bank to "hide funds of MidPac in furtherance of the bust-out". (¶¶107, 114, 128, 132, 177 and 178 of Second Amended Complaint).

- Glassman and Bowling made false representations to Plaintiff concerning partial payments to Plaintiff. (¶111 and 112 of Second Amended Complaint).

- Glassman and Clifford committed Bankruptcy fraud. (¶173, 174, 175, and 270 of Second Amended Complaint).

- Glassman and Bowling improperly transferred moneys. (¶258 of Second Amended Compliant).

- Defendant Francis Haller Bowling created a sham transaction to conceal moneys received from the RICO Enterprise. (¶259 of Second Amended Complaint).

- Glassman, Clifford and Bowling attempted to defraud by issuing an investment circular. (¶262 of Second Amended Complaint).

Whirlpool alleged that fraud and misconduct by these parties proximately caused its damages. (See e.g., ¶¶112, 139, and 270 of Second Amended Complaint).

Evidence that Glassman, Clifford and Bowling withdrew moneys is relevant because it will help the jury to understand why Plaintiff was not paid for its shipments. Unless the jury is informed of the withdrawals of moneys, it will not know what happened to the revenues collected by MidPac and MHS from the sales of Plaintiff's appliances and speculate as to how the moneys were used. The jury must be told that Glassman, Clifford and Bowling withdrew the moneys to explain why Plaintiff was not paid and to prevent the jury from presuming that Mr. Iwamoto withdrew the moneys for his personal gain. Although the evidence will show that Mr. Iwamoto did not receive any of this money, preclusion of this

evidence will allow Whirlpool to present a false inference to the jury. The jury must not be allowed to wrongfully speculate that Mr. Iwamoto withdrew any moneys from MidPac or MHS at any time.

Evidence that Glassman, Clifford and Bowling withdrew moneys is also relevant to Plaintiff's allegations concerning a "bust-out". Whereas Plaintiff alleges the "bust-out" included withdrawals of substantial amounts of money and fraudulent orders of inventory, the jury must be informed that the "bust-out" was perpetrated by Glassman, Clifford and Bowling (not Mr. Iwamoto) and that the Glassman, Clifford and Bowling (not Mr. Iwamoto) withdrew moneys and ordered inventory from the Plaintiff.

Rule 408 of the Federal Rules of Evidence ("FRE") does not prevent the introduction of evidence concerning the misconduct by Glassman, Clifford, CGDI, and Bowling or the amounts received by Plaintiff in settlement of their claims against these parties. FRE Rule 408 is not an absolute bar as to the introduction of all settlement evidence. ***Broadcort Capital Corporation v. Summa Medical Corporation***, 972 F.2d 1183, 1194 (10th Cir. 1992). Pursuant to FRE Rule 408, evidence may be introduced "to prove a consequential, material fact in issue other than validity or invalidity of the [settled] claim or its amount." 2 Weinstein's Federal Evidence §408.08[1] (2003). When the evidence:

> explain[s] and are a part of another dispute, they must often be admitted if the trier is to understand the case.

2 Weinstein's Federal Evidence §408.08[5] (2003).

FRE Rule 408 only applies to evidence of settlement negotiations concerning the claim that is litigated at trial because it excludes evidence "to prove liability for or invalidity **of the claim or its amount**." *See*, ***Vulcan Hart Corporation v. National Labor Relations Board***, 718 F.2d 269 (8th Cir. 1983); ***Broadcort Capital Corporation v. Summa Medical Corporation, supra***. It bars:

> **"the use of compromise evidence to prove the validity or invalidity of the claim that was the subject of the compromise, not some other claim." Evidence of the compromise of a claim different than the claim currently in dispute therefore is admissible** unless "the compromise evidence require[s] an inference as to the offeror's belief concerning the validity or invalidity of the compromised claim.

***Uforma/Shelby Business Forms, Inc. v. National Labor Relations Board***, 111 F.3d 1284, 1293-1294 (6th Cir. 1997) (Citation omitted).

In ***Broadcort Capital Corporation v. Summa Medical Corporation, supra***, the Court held that settlement evidence concerning a prior claim was admissible during the trial. The Court ruled:

> Rule 408 did not bar this evidence because it related to settlement discussions that **involved a different claim than the one at issues in the current trial**.

**Id**. (Emphasis added). It wrote:

> Rule 408 only bars admission of evidence relating to settlement discussions if that evidence is offered to prove "liability for or invalidity of the claim or its amount." Here, **the evidence related to**

> **an entirely different claim—the evidence was not admitted to prove the validity or the amount of the "claim under negotiation."**

**Id.**, at 1194. (Emphasis added).

FRE Rule 408 does not bar the introduction of evidence that plaintiffs settled with co-defendants. In ***Belton v. Fibreboard Corporation***, 724 F.2d 500 (5th Cir. 1984), the Court held that FRE Rule 408 did not bar the introduction of evidence concerning plaintiffs' settlement with co-defendants. FRE Rule 408 did not apply because the evidence was not introduced for the purpose of proving liability or the amount of plaintiff's damages. The Court observed:

> Because Pittsburgh Corning intended to prove that [plaintiffs] had been exposed to products of the other defendants, the trial court decided that the settlement evidence was necessary for the purpose of explaining why those parties were not in court.

**Id.**, at 505. ***Accord: Kennon v. Slipstreamer, Inc.***, 794 F.2d 1067 (5th Cir. 1986) (evidence of plaintiff's settlement with co-defendants is admissible for the purpose of explaining why the co-defendants were absent from trial).

## II. **Conclusion**

The evidence should be introduced to ensure that the jury's verdict is based on the totality of circumstances instead of a distorted view of the facts. The jury must be informed that Glassman, Clifford and Bowling (not Iwamoto) managed MidPac and MHS and ordered inventory from Plaintiff in order to fairly decide: (1) whether Mr. Iwamoto conspired against Plaintiff; and (2) whether

Plaintiff's damages were caused by Glassman, Clifford, CGDI and Bowling instead of Iwamoto. The jury should not be allowed to decide Plaintiff's claims in a vacuum as it must judge Mr. Iwamoto's actions in light of the conduct by Glassman, Clifford, CGDI and Bowling to determine the extent of his involvement and the cause of Plaintiff's damages. The jury must be informed of the fraud and misconduct by Glassman, Clifford, CGDI, and Bowling to ensure the jury has a complete understanding of the circumstances surrounding Plaintiff's claim for damages when it decides Plaintiff's claims.

DATED: Honolulu, Hawaii, June 26, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | CIVIL NO. 01-00187 MEA BMK<br>(Tort and RICO)<br><br>CERTIFICATE OF SERVICE<br><br>Trial Date: November 6, 2006<br>Judge: Hon. Marvin E. Aspen |

[2001556/304460]

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was duly served on the following parties listed below, through electronic transmission on June 26, 2006.

TIMOTHY J. HOGAN, ESQ.
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Attorney for Plaintiff
WHIRLPOOL CORPORATION

PAUL ALSTON, ESQ.
LOUISE K.Y. ING, ESQ.
Alston Hunt Floyd & Ing
1001 Bishop Street
Pacific Tower, 18th Floor
Honolulu, Hawaii 96813
Attorneys for Defendant
CIT GROUP/BUSINESS CREDIT, INC.

DATED: Honolulu, Hawaii, June 26, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO