AYABE, CHONG, NISHIMOTO,
SIA & NAKAMURA
A Limited Liability Law Partnership

JOHN S. NISHIMOTO 1820-0
CALVIN E. YOUNG 3278-0
GARY S. MIYAMOTO 3233-0
STEVEN L. GOTO 6041-0
Pauahi Tower, Suite 2500
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 537-6119
Facsimile No. (808) 526-3491
john.nishimoto@hawadvocate.com
calvin.young@hawadvocate.com

Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20, | ) | CIVIL NO. 01-00187 MEA BMK<br>(Tort and RICO)<br><br>DEFENDANT RAYMOND IWAMOTO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF WHIRLPOOL CORPORATION'S MOTION IN LIMINE NO. 5 REGARDING EVIDENCE OF REASONABLE RELIANCE; DECLARATION OF CALVIN E. YOUNG; EXHIBITS "A"-"B"; CERTIFICATE OF SERVICE<br><br>[CAPTION CONTINUES] |

| | | |
|---|---|---|
| Defendants, | ) | HEARING: |
| and | ) | Date: ______________ |
| CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA, | ) | Time: ______________ |
| | ) | Judge: ______________ |
| Additional Cross-Claim Defendants. | ) | Trial Date: November 6, 2006 |
| | ) | Judge: Hon. Marvin E. Aspen |

[2001556/304567]

## DEFENDANT RAYMOND IWAMOTO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF WHIRLPOOL CORPORATION'S MOTION IN LIMINE NO. 5 REGARDING EVIDENCE OF REASONABLE RELIANCE

### I. Argument

Plaintiff's Motion should be denied to the extent Plaintiff seeks to exclude relevant evidence concerning Plaintiff's reasons for shipping inventory to MidPac Lumber Company, Ltd. ("MidPac") and Maui Home Supply ("MHS") [1]. Plaintiff's reasons for making shipments are relevant because Plaintiff admits it erred when making continued shipments of inventory. The jury should consider Plaintiff's admissions when it decides whether Plaintiff's damages were proximately caused by Defendant Raymond Iwamoto or Plaintiff's own conduct.

[1] Defendant Raymond Iwamoto files this Memorandum because Plaintiff's Motion is vague. Plaintiff's Motion states that it seeks exclusion of evidence as to whether it reasonably relied on representations made by Theodore Phelps. However, its memorandum can be construed to seek exclusion of all evidence concerning the reasons for Plaintiff's decision to ship inventory.

Plaintiff did not ship inventory based on its reliance on false representations. Plaintiff shipped inventory as a result of its failure to monitor the MidPac and MHS accounts which resulted in continued shipments **after** MidPac and MHS defaulted on their accounts and failed to make payment. Plaintiff's National manager of Trade Partner Financial Services, Carl Smith, conceded that Plaintiff should have monitored the MidPac and MHS accounts more closely because:

> We had two different accounts ordering, and both of them owing Whirlpool money, and neither of them able to pay.

(Deposition of Carl Smith, p. 188/ln. 4-25; p. 189/ln. 1-5 attached hereto as Exhibit A). He conceded that Plaintiff should have stopped shipments when MidPac and MHS defaulted on their accounts:

> Q. Looking back on the situation, did you come to the conclusion at any time that the MidPac/Maui Home accounts should have been watched more closely before July 23, 1999 by Whirlpool?
>
> A. Looking back at the situation and reviewing it, we saw several mistakes that were made in the collection activity, yes.
>
> Q. **What were those mistakes?**
>
> A. **We felt that—and those were pointed out earlier; that we had a payment plan that was not being honored. We had an NSF check. We had a promise to wire transfer of payment that was not made. Those should have caused action more quickly than we acted.**

(**Id.**, p. 189/ln. 6-19). (Emphasis added). Plaintiff was "burned" on the MidPac and MHS accounts because "[t]here was $2.5 million that had not been paid." (**Id.**, p. 188/ln. 10-17).

Plaintiff's credit representative, Donna Lynn Martin, confirmed that Plaintiff continued to make shipments after MidPac and MHS defaulted on their accounts. (Deposition of Donna Lynn Martin ("Martin deposition"), p. 78/ln. 16-25; p. 79/ln. 1-2. p. 120-122, 127-130 attached hereto as Exhibit B). The accounts were in default but Ms. Martin requested and obtained increased credit limits which allowed MidPac and MHS to order additional inventory. (**Id.**, p. 79/ln. 3-25; p. 80/ln. 1-15).

The jury should consider this evidence when it decides the proximate cause issues. This evidence reflects that Plaintiff caused its own damages when it continued to ship inventory to MidPac and MHS after they defaulted on their accounts. Mr. Smith's testimony establishes that Plaintiff's damages could have been avoided or reduced if it immediately stopped shipments when MidPac and MHS defaulted on its account. The amount owed to Plaintiff increased significantly because Plaintiff increased the credit limits and continued to ship inventory to MidPac and MHS when both companies owed moneys to Plaintiff and were unable to pay for the shipments.

## II. Conclusion

The evidence should be introduced because it is relevant to the proximate cause issues to be litigated at trial. In conjunction with his denial of liability, Mr. Iwamoto should be allowed to prove that Plaintiff caused its own damages to provide the jury with an explanation as to why MidPac and MHS owed substantial amounts to Plaintiff. The jury should consider this evidence when it decides whether Plaintiff's damages were proximately caused by Plaintiff itself instead of Mr. Iwamoto.

DATED: Honolulu, Hawaii, June 26, 2006 .

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | CIVIL NO. 01-00187 MEA BMK (Tort and RICO)<br><br>CERTIFICATE OF SERVICE |

[2001556/304567]

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was duly served on the following parties listed below, through electronic transmission on June 26, 2006.

TIMOTHY J. HOGAN, ESQ.
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Attorney for Plaintiff
WHIRLPOOL CORPORATION

PAUL ALSTON, ESQ.
LOUISE K.Y. ING, ESQ.
Alston Hunt Floyd & Ing
1001 Bishop Street
Pacific Tower, 18th Floor
Honolulu, Hawaii 96813
Attorneys for Defendant
CIT GROUP/BUSINESS CREDIT, INC.

DATED: Honolulu, Hawaii, June 26, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO