Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON 1126-0
LOUISE K. Y. ING 2394-0
THOMAS E. BUSH 4737-0
ALLISON KIRK 8156-0
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawai'i 96813
Telephone: 524-1800
Facsimile: 524-4591
palston@ahfi.com
ling@ahfi.com
tbush@ahfi.com
akirk@ahfi.com

Attorneys for Defendant/Cross-claimant
THE CIT GROUP/BUSINESS CREDIT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE | Civil No. CV 01 00187 MEA-BMK (Tort and RICO)<br><br>DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S **MEMORANDUM IN PARTIAL OPPOSITION TO DEFENDANT RAYMOND IWAMOTO'S MOTION IN LIMINE #5 RE: TO EXCLUDE EVIDENCE OF AND REFERENCE TO THE DRAFTING OF DOCUMENTS CONCERNING THE** |

| | | |
|---|---|---|
| PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20, | ) | **RESIGNATION OF EDWIN BOWLING AS OFFICER AND DIRECTOR OF MIDPAC LUMBER COMPANY, LTD.**, FILED 6/13/06; DECLARATION OF LOUISE K. Y. ING; EXHIBITS A-C; CERTIFICATE OF SERVICE |
| Defendants, | ) | |
| and | ) | |
| F&J MOVERS, and RENEE K. COSTA, | ) | |
| Additional Crossclaim Defendants. | ) | JUDGE: Hon. Marvin E. Aspen |
| | ) | TRIAL: November 6, 2006 |

**DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S MEMORANDUM IN PARTIAL OPPOSITION TO DEFENDANT RAYMOND IWAMOTO'S MOTION IN LIMINE #5 RE: TO EXCLUDE EVIDENCE OF AND REFERENCE TO THE DRAFTING OF DOCUMENTS CONCERNING THE RESIGNATION OF EDWIN BOWLING AS OFFICER AND DIRECTOR OF MIDPAC LUMBER COMPANY, LTD., FILED 6/13/06**

The CIT Group/Business Credit, Inc. ("CIT") hereby opposes in part Defendant Raymond Iwamoto's Motion in Limine #5, to the extent it seeks total exclusion of evidence of or reference to drafting of documents relating to the resignation of Edwin Bowling as officer and director of MidPac Lumber Company, Ltd. CIT's opposition is based on the grounds that such evidence is relevant to CIT's defense against Whirlpool's claims and for impeachment purposes should Edwin Bowling testify at trial.

Evidence of the extent to which Bowling was involved in the management and decisionmaking at MidPac and Maui Home Supply ("MHS"), including the timing of his resignation and his belated attempt to create a "paper trail" to show an earlier resignation date, are relevant to CIT's contention that the real wrongdoers and the proximate cause of Whirlpool's damages were MidPac and MHS's principals, Kurt Glassman and Bowling, and those acting in cooperation with them. It is CIT's contention that Bowling and Glassman's belated attempt in late June 1999, to "paper" Bowling's resignation as having occurred in January 1999 (*see Iwamoto's Ex. A to Motion in Limine #5*), is part of his and Glassman's larger scheme to create an after-the-fact paper trail to disguise as sales of stock the Bowlings' receipt of $2 million of MidPac funds between March 18, 1998, and June 8, 1999, in which CIT had a security interest. *CIT's Second Amended Crossclaim (filed 2/3/03) ("SACC"), ¶¶24, 25, 27.c.*

It appears that Glassman and/or Bowling did not contact MidPac's attorney Raymond Iwamoto until approximately June 10, 1999, about documenting Bowling's resignation as having occurred many months earlier, as Iwamoto instructs his assistant on June 10, 1999, that "Ed Bowling will resign as director and officer from the various corporations, including MidPac. The rub is we want to back date it as far back as we can go in 1999." *Whirlpool's Trial Ex. W411, attached as Ex. A.* Bowling or Glassman appear to have relayed this

instruction to Mr. Iwamoto two days after the Bowlings received their last disbursement of MidPac's funds (*SACC, ¶ 27.c.*) and one day after Bowling and Glassman received a letter from Whirlpool's Janet Rowan confirming their agreement on a payment plan for MidPac and MHS on a $1.9 million open balance, *Trial Ex. W408, attached as Ex. B.*

CIT will argue that the jury can infer from this sequence of events that having been enriched at MidPac's expense and seeing MidPac and MHS' mounting debt, Bowling wanted a paper trail showing that he had distanced himself from the companies. Despite these efforts to backdate, Bowling apparently remained in charge and involved at MHS throughout 1999: Whirlpool's a division director in contract sales for Whirlpool's southern Pacific region, Alex Holton, testified that as of February 1999, Bowling "identified himself as the person in charge of the Mid-Pac operations and the Maui Home operations", *Rule 30(b)(6) Deposition of Alex Holton (11/15/02), at 32:17-33:7, attached as Ex. C,* and was Whirlpool's primary contact with the two companies throughout 1999 and into the first quarter of 2000. *Id., at 33:23-34:10.*

CIT intends to use such evidence to show that it did not join in or assist a conspiracy to defraud Whirlpool. Rather, it will show that upon acquiring MidPac, Glassman and Bowling, aided embarked on a fraudulent scheme that had CIT as its main target and then tried to hide their involvement in that scheme.

*SACC, ¶ 23-27.* CIT will show that its actions were not those of a co-conspirator with persons who had just harmed it; rather, upon discovering part of the fraudulent scheme (the false invoicing and the movement of MidPac's inventory to Maui Home Supply), CIT acted to protect its legitimate interests as MidPac's secured creditor. *SACC, ¶ 31.*

CIT takes no position on Mr. Iwamoto's arguments that evidence of the documentation of Bowling's resignation is irrelevant to Plaintiffs' RICO conspiracy and civil conspiracy claims against him. However, CIT believes that the issue of Bowling and Glassman's belated request for documentation of Bowling's resignation could be handled via stipulations of facts and documents in order to save trial time and lessen jury confusion. There are a number of trial exhibits that relate to the resignation issue (*see, e.g., Trial Ex. W408, W411, W483, W486, W487, listed in Whirlpool's Exhibit and Witness List (filed 2/27/06)*), and with the number of trial exhibits nearing 1,000 (Whirlpool's number over 970 alone), efforts should be made to cull or stipulate to exhibits for trial.

For the foregoing reasons, the Court should deny Mr. Iwamoto's motion to exclude completely evidence of documentation of Bowling's resignation as officer and director of MidPac and its affiliates. As a lesser form of relief than complete exclusion of the evidence, CIT respectfully suggests that the Court direct

the parties to enter into stipulations of facts and documents relating to the resignation issue.

DATED: Honolulu, Hawaiʻi, June 26, 2006.

/s/ Louise K. Y. Ing
PAUL ALSTON
LOUISE K. Y. ING
THOMAS E. BUSH
ALLISON KIRK
Attorneys for Defendant/Cross-claimant THE CIT GROUP/BUSINESS CREDIT, INC.