Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON 1126-0
LOUISE K. Y. ING 2394-0
THOMAS E. BUSH 4737-0
ALLISON KIRK 8156-0
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawaiʻi 96813
Telephone: 524-1800
Facsimile: 524-4591
palston@ahfi.com
ling@ahfi.com
tbush@ahfi.com
akirk@ahfi.com

Attorneys for Defendant/Cross-claimant
THE CIT GROUP/BUSINESS CREDIT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE | ) | Civil No. CV 01 00187 MEA-BMK<br>(Tort and RICO)<br><br>DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S **STATEMENT OF NO POSITION ON DEFENDANT RAYMOND IWAMOTO'S MOTION IN LIMINE #6 RE: TO EXCLUDE EVIDENCE OF TESTIMONIES BY EDWIN BOWLING, FRANCES BOWLING, KURT GLASSMAN, MICHAEL CLIFFORD AND** |

| | | |
|---|---|---|
| PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **THEODORE PHELPS DURING BANKRUPTCY PROCEEDINGS,** FILED 6/13/06; **DECLARATION OF LOUISE K. Y. ING ; EXHIBIT A;** CERTIFICATE OF SERVICE<br><br>JUDGE: Hon. Marvin E. Aspen<br><br>TRIAL: November 6, 2006 |

**DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S STATEMENT OF NO POSITION ON DEFENDANT RAYMOND IWAMOTO'S MOTION IN LIMINE #6 RE: TO EXCLUDE EVIDENCE OF TESTIMONIES BY EDWIN BOWLING, FRANCES BOWLING, KURT GLASSMAN, MICHAEL CLIFFORD AND THEODORE PHELPS DURING BANKRUPTCY PROCEEDINGS, FILED 6/13/06**

The CIT Group/Business Credit, Inc. ("CIT") takes no position in the above-entitled motion. However, CIT respectfully requests that the Court note:

1. The attorneys who represented CIT at Ted Phelps' Bankruptcy Rule 2004 examination, Neal Wolf and Todd Padnos, had been retained by CIT to represent it in MidPac's bankruptcy case to pursue claims that CIT had against MidPac. Whirlpool had not yet filed this lawsuit. CIT's attorneys did not question Mr. Phelps. *See Examination of Theodore G. Phelps (12/7/00), at 3, 4, attached as Ex. A.* They had no reason or motivation to do so, as Whirlpool had not yet asserted claims against CIT.

2. No party has designated testimony from any of the other Rule 2004 examinees other than Mr. Phelps. The deadline for doing so has passed.

3. Although as a protective measure, CIT counter-designated excerpts from Mr. Phelps' examination testimony in the event the Court allows use of his examination, it is CIT's position that for the reasons cited by Raymond Iwamoto in his Motion in Limine #6, Mr. Phelps' testimony should either be introduced live or via a deposition scheduled for the purposes of preserving his testimony for trial.

DATED: Honolulu, Hawai'i, June 26, 2006.

/s/ Louise K. Y. Ing
PAUL ALSTON
LOUISE K. Y. ING
THOMAS E. BUSH
ALLISON KIRK
Attorneys for Defendant/Cross-claimant THE CIT GROUP/BUSINESS CREDIT, INC.