Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON 1126-0
LOUISE K. Y. ING 2394-0
THOMAS E. BUSH 4737-0
ALLISON KIRK 8156-0
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawaiʻi 96813
Telephone: 524-1800
Facsimile: 524-4591
palston@ahfi.com
ling@ahfi.com
tbush@ahfi.com
akirk@ahfi.com

Attorneys for Defendant/Cross-claimant
THE CIT GROUP/BUSINESS CREDIT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE | Civil No. CV 01 00187 MEA-BMK (Tort and RICO)<br><br>**DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S MEMORANDUM OPPOSING PLAINTIFF WHIRLPOOL CORPORATION'S MOTION IN LIMINE NO. 4 REGARDING EXPERT TESTIMONY OF ERWIN TEICH, FILED 6/13/06**; CERTIFICATE OF SERVICE |

| | | |
|---|---|---|
| PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | JUDGE: Hon. Marvin E. Aspen<br><br>TRIAL: November 6, 2006 |

**DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S MEMORANDUM OPPOSING PLAINTIFF WHIRLPOOL CORPORATION'S MOTION IN LIMINE NO. 4 REGARDING EXPERT TESTIMONY OF ERWIN TEICH, FILED 6/13/06**

Defendant The CIT Group/Business Credit, Inc. ("CIT") opposes Whirlpool Corporation's ("Whirlpool") request to exclude testimony by Irwin Teich. Whirlpool argues that Mr. Teich's expert report is not relevant under Rule 401 and should be disregarded under Rule 702 of the Federal Rules of Evidence ("FRE") because Mr. Teich did not review documents produced in the lawsuit or opine directly on CIT's liability. Whirlpool's objections are spurious. Mr. Teich will testify to relevant custom and practices of asset based lenders, such as CIT, which are clearly factual matters for the jury to consider.

The Ninth Circuit has held that "[e]ncompassed in the determination of whether expert testimony is relevant is whether it is helpful to the jury, which is

the 'central concern' of [FRE] Rule 702." *Elsayed Mukhtar v. California State University, Hayward*, 299 F.3d 1053, 1063 n. 1 (9th Cir. 2002) ((citing *U.S. v. Rahm*, 993 F.3d 1405, 1414 (9th Cir. 1993)). In determining whether expert testimony is helpful (and thus admissible), the "expert testimony must . . . address an issue beyond the common knowledge of the average layman." *Mukhtar*, 299 F.3d at 1065 n. 9 (quoting *United States v. Vallejo*, 237 F.3d 1008, 1009 (9th Cir.), *amended by*, 246 F.3d 1150 (9th Cir. 2001)).

CIT is an asset based lender which loaned funds to MidPac Lumber Company ("MidPac'). Whirlpool claims that CIT engaged in a course of fraud upon Whirlpool by conspiring with MidPac's principals who earlier had been busy bilking CIT of millions, concealing from Whirlpool its suspicions that MidPac had committed fraud, directing the sale of Whirlpool's collateral at MidPac's affiliate Maui Home Supply ("MHS") and pocketing the proceeds and interfering with MHS' ability to pay Whirlpool's invoices. CIT denies that it conspired with MidPac's principals to defraud Whirlpool, converted Whirlpool's collateral or interfered with its ability to get paid. *See CIT's Trial Brief, at 18-35*. CIT also denies it owed any duty to its borrower's creditors, such as MidPac, to reveal suspected fraud. *See id., at 3-7*. CIT maintains that, in monitoring its loan with MidPac, it acted in accord with the customs and practices of asset based lenders in dealing with borrowers and therefore did not act improperly or for an improper

purpose. *CIT's Second Amended Crossclaim*, ¶ *31; Trial Brief, at 27-28.* Thus, the customs and practices of an asset based lender is factual information the jury will need to consider in assessing CIT's conduct and CIT's liability for fraud, conspiracy, conversion and interference.

Establishing industry custom and practices is precisely the type of evidence that is the proper subject of expert testimony. Indeed, "[a] custom or usage of trade must be established as a matter of fact" and "proof must be of a general custom". 32 CJS Evidence § 628 (1996). "Accordingly, a witness who is qualified by knowledge or experience may testify as to the existence, as a fact . . . of a custom or usage of any particular business . . . such as banking." *Id.* Federal Courts, including the Ninth Circuit, routinely allow expert testimony that describes industry customs and practices to assist the trier of fact in resolving disputed issues of material fact. *See National American Insurance Co. v. Certain Underwriters at Lloyd's London*, 93 F.3d 529, 537 (9th Cir. 1996) (affirming trial court's decision to rely on expert testimony of industry custom and usage regarding contract clauses in reinsurance agreements to interpret reinsurance policies). *See also Lathan Co. Inc. v. United States*, 20 Cl. Ct. 122, 126 n.3 (court acknowledges that as the trier of fact in a construction dispute, it "must rely on expert testimony to understand industry custom or practice").

Mr. Teich is an expert with over 39 years of experience in the asset based lending industry, having retired in June 2001 after having served as President and the Chief Executive Officer of Fleet Capital, a subsidiary of Fleet Boston Financial. Mr. Teich submitted an expert report in response to CIT's counsel's questions explaining what is asset based lending, what types of borrowers use this type of lending, and the relevant custom and practices of such a lender, including actions taken by asset-based lenders when the loan is in default and fraud is suspected. This is precisely the specialized knowledge that will assist the jury to assess CIT's conduct as an asset based lender.

While CIT has proffered an expert who can testify about the custom and practice of asset-based lenders, Whirlpool has come forward with no such expert or expert report to guide the jury in assessing the propriety of CIT's collection actions. *See Schwan's Sales Enterprises, Inc. v. Commerce Bank & Trust Co.*, 397 F. Supp. 2d 189, 196 (D. Mass. 2005), *quoted and discussed in CIT's Trial Brief (filed 6/14/2006), at 26-27, 32-33* (finding, in granting summary judgment to defendant bank, an asset-based lender, in a suit by its borrower's creditor, for breach of fiduciary duty, agency theories of lender liability and tortious interference with contract, that plaintiff failed to meet its burden: for instance, it had "not presented any evidence to suggest that the loan documents

were negotiated at anything other than arm's length or that they were atypical of loan documents used in similar asset-based financing arrangements").

In sum, Whirlpool's objections are ill-founded. Mr. Teich is well-qualified to explain asset based lending to the jury and its relevant customs and practices in dealing with borrowers. This is evidence that is both relevant and a proper subject of expert testimony[1] and can help the jury understand "an issue beyond the common knowledge of the average layman." Accordingly, Whirlpool's motion should be DENIED.

DATED: Honolulu, Hawaiʻi, June 26, 2006.

/s/ Thomas E. Bush
PAUL ALSTON
LOUISE K. Y. ING
THOMAS E. BUSH
ALLISON KIRK
Attorneys for Defendant/Cross-claimant THE CIT GROUP/BUSINESS CREDIT, INC.

[1]Whirlpool at one point remarks that Mr. Teich's testimony constitutes character evidence inadmissible under FRE Rule 404. Whirlpool is confused. Evidence of custom and practice is not "character evidence," and Whirlpool fails to cite to any authority to support this proposition.