Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON 1126-0
LOUISE K. Y. ING 2394-0
THOMAS E. BUSH 4737-0
ALLISON KIRK 8156-0
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawai‘i 96813
Telephone: 524-1800
Facsimile: 524-4591
palston@ahfi.com
ling@ahfi.com
tbush@ahfi.com
akirk@ahfi.com

Attorneys for Defendant/Cross-claimant
THE CIT GROUP/BUSINESS CREDIT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE | ) | Civil No. CV 01 00187 MEA-BMK<br>(Tort and RICO)<br><br>DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.’S **MEMORANDUM IN PARTIAL OPPOSITION TO DEFENDANT RAYMOND IWAMOTO’S MOTION IN LIMINE #10 RE: TO EXCLUDE EVIDENCE THAT MIDPAC LUMBER COMPANY, LTD. SOUGHT FINANCING FROM** |

| | | |
|---|---|---|
| PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | ) | **CITY BANK EDWIN BOWLING AND GLENDA CORP.**, FILED 6/13/06; CERTIFICATE OF SERVICE<br><br>JUDGE: Hon. Marvin E. Aspen<br><br>TRIAL: November 6, 2006 |

**DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S MEMORANDUM IN PARTIAL OPPOSITION TO DEFENDANT RAYMOND IWAMOTO'S MOTION IN LIMINE #10 RE: TO EXCLUDE EVIDENCE THAT MIDPAC LUMBER COMPANY, LTD. SOUGHT FINANCING FROM CITY BANK, EDWIN BOWLING AND GLENDA CORP., FILED 6/13/06**

The CIT Group/Business Credit, Inc. ("CIT") partially opposes Defendant Raymond Iwamoto's Motion in Limine #10, to the extent it seeks total exclusion of evidence of MidPac Lumber Company, Ltd.'s ("MidPac's") efforts to obtain financing from City Bank, Edwin Bowling and Glenda Corp. Evidence of MidPac's replacement financing efforts is relevant to CIT's defense against Whirlpool's fraud conspiracy claim. The evidence, fairly presented and viewed, provides the factual context for explaining the reasonableness of CIT's decision to

continue to fund MidPac, pursuant to terms and conditions of a forbearance agreement, after CIT declared MidPac in default on June 25, 1999.

As discussed in CIT's Trial Brief (filed 6/14/06), if a defendant "had no rational economic motive to conspire, and if their conduct is consistent with other, equally plausible explanations, the conduct does not give rise to an inference of conspiracy." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 596-97 (1985), *quoted and discussed in CIT's Trial Brief, at 19 (the discussion is incorporated herein by this reference).* In this case, evidence that CIT continued loan funding to MidPac while MidPac sought replacement financing is–at bare minimum for CIT--conduct "consistent with . . . equally plausible explanations" other than fraud conspiracy. It is consistent with a lender's reasonable and legitimate interest in giving its borrower breathing room to find other financing that would allow it to continue its operations and increase its ability to repay its lender. Continuing to fund a troubled borrower does not give rise to a duty to disclose a borrower's financial problems or to other liability. "[I]t makes no sense to punish a lender for continuing to extend credit that keeps a borrower operating when the Bankruptcy code itself is based on the accepted notion that a business is worth more to everyone alive than dead." *Kittay v. Atl. Bank of N.Y. (In re Global Serv. Group LLC), No. 01-15666 (SMB), 2004 WL 2480185 (Bankr.S.D.N.Y. Nov. 4, 2004), quoted and discussed in CIT's Trial*

*Brief, at 6 (the discussion is incorporated herein by this reference). Accord, B.E.L.T., Inc. v. Wachovia Corp., 403 F.3d 474 (7th Cir. 2005) (applying Illinois law)* (Court of Appeals affirmed lower court's dismissal of creditors' suit against their debtor's bank because the bank took money from debtor even though it suspected debtor of fraud, knowing that the source of funds for repayment came from another lender)*, discussed in CIT's Trial Brief, at 6-7 (the discussion is incorporated herein by this reference).*

CIT takes no position on Mr. Iwamoto's arguments that evidence of efforts to find replacement financing is "irrelevant to Plaintiffs' RICO conspiracy and civil conspiracy claims against Mr. Iwamoto." *Memorandum in Support, at 3.* However, to the extent Whirlpool argues in opposition to Mr. Iwamoto's motion that evidence of replacement financing efforts is also relevant to CIT's liability for fraud conspiracy, that would be an improper use of the evidence, as Whirlpool can make no showing that CIT engaged in any improper conduct in order to assist MidPac obtain replacement financing and further a conspiracy. This is because CIT's mere awareness that MidPac was seeking replacement financing is insufficient evidence of conspiracy. In its Memorandum Opinion and Order ("Opinion"), this Court focused on the need for Whirlpool to prove, in order hold CIT liable for conspiracy, that "*CIT* joined the alleged conspiracy" (*Opinion, at 17*), not just knew of an alleged fraud, because "[d]emonstrating CIT was aware of

the ongoing fraud at MidPac is not sufficient to demonstrate agreement." *Dolman,* 727 F.2d at 1482 n.3.

In order to avoid jury confusion and undue trial time being consumed with a sideshow on MidPac and MHS' efforts to find financing through City Bank, Ed Bowling or other investors, CIT suggests that in lieu of total preclusion, the Court grant the lesser relief of either (A) a limiting jury instruction with regard to use of evidence of MidPac's replacement financing efforts (that it is not to be considered as circumstantial evidence of a fraud conspiracy as to Mr. Iwamoto and CIT, or at least CIT) or (B) directing the parties to develop stipulations of facts and documents relating to the timing and sequence of the replacement financing efforts. Due to the volume of facts and documents involved and the divergence of the parties' positions, Whirlpool, CIT and Iwamoto have been unable to agree on meaningful stipulated facts to date, even though stipulations could facilitate trial and the jury's understanding of the basic background facts, without undue time being spent establishing those basic facts and admitting relevant documents.

For the foregoing reasons, the Court should deny the motion in part and allow the parties to elicit evidence of MidPac and MHS' replacement financing efforts, but should grant the motion in part by (A) instructing the jury not to consider it as circumstantial evidence of fraud conspiracy as to Mr. Iwamoto

and CIT, or at least CIT, and (B) directing the parties to introduce the evidence of MidPac's financing efforts in the form of stipulated facts and documents.

DATED: Honolulu, Hawai‘i, June 26, 2006.

/s/ Louise K. Y. Ing
PAUL ALSTON
LOUISE K. Y. ING
THOMAS E. BUSH
ALLISON KIRK
Attorneys for Defendant/Cross-claimant THE CIT GROUP/BUSINESS CREDIT, INC.