Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON 1126-0
LOUISE K. Y. ING 2394-0
THOMAS E. BUSH 4737-0
ALLISON KIRK 8156-0
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawaiʻi 96813
Telephone: 524-1800
Facsimile: 524-4591
palston@ahfi.com
ling@ahfi.com
tbush@ahfi.com
akirk@ahfi.com

Attorneys for Defendant/Cross-claimant
THE CIT GROUP/BUSINESS CREDIT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20, | Civil No. CV 01 00187 MEA-BMK<br>(Tort and RICO)<br><br>**DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S MEMORANDUM OPPOSING PLAINTIFF WHIRLPOOL CORPORATION'S MOTION IN LIMINE NO. 3 REGARDING EVIDENCE OF SETTLEMENTS, FILED 6/13/06**;<br>CERTIFICATE OF SERVICE |

| | | |
|---|---|---|
| Defendants,<br><br>and<br><br>F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | ) ) ) ) ) ) ) ) ) ) ) | JUDGE: Hon. Marvin E. Aspen<br><br>TRIAL: November 6, 2006 |

**DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S MEMORANDUM OPPOSING PLAINTIFF WHIRLPOOL CORPORATION'S MOTION IN LIMINE NO. 3 REGARDING EVIDENCE OF SETTLEMENTS, FILED 6/13/06**

Defendant The CIT Group/Business Credit, Inc. ("CIT") opposes Whirlpool Corporation's ("Whirlpool") request to exclude any evidence of settlements. Whirlpool has listed Glassman and the Bowlings (all of whom settled with Whirlpool but not with CIT) as witnesses. If any of these parties testifies at trial, his or her settlement with Whirlpool is plainly admissible to show bias or prejudice. If none of these parties testifies at trial, CIT does not intend to introduce evidence of their settlements, but of course, will point out to the jury that the real culprits – *i.e.* Glassman, Clifford and the Bowlings – are not before the court and that they, rather than CIT, are responsible for Whirlpool's woes.

## I. Evidence of Settlement Is Admissible to Impeach Witnesses.

Rule 408 of the Federal Rules of Evidence ("FRE") expressly states that evidence of settlement is admissible when offered to show "bias or prejudice of a witness." The Ninth Circuit has specifically allowed evidence of settlement agreements for this purpose. *See Brocklesby v. United States*, 767 F2d 1288, 1292 (9th Cir. 1985) (defendant properly allowed to introduce evidence of settlements with plaintiff to show nonadverse relationship of the settling parties with plaintiff and to attack their credibility as witnesses).

Here, Whirlpool has settled with Glassman and with the Bowlings. CIT has not. While Whirlpool accuses Glassman, the Bowlings and Clifford of being the masterminds of the "bust-out" scheme and having "improperly siphoned" over $8 million from MidPac as part of their scheme to "bust out" MidPac (*see Whirlpool's Second Amended Complaint (filed 2/22/02) ("SAC")* , ¶¶ *30, 35, 61*) and of having engaged in a scheme to defraud Whirlpool by shipping about $2.5 million in product to MidPac and its affiliate, Maui Home Supply, for which Whirlpool was never paid, ( *Id.*, ¶ 154 and exs. A & B), it settled for only a stipulated judgment from Glassman and a confidential sum from the Bowlings in amounts that are small fractions of the millions of dollars they collectively diverted from MidPac. *Plaintiff Whirlpool Corporation's Motion for*

*Determination of Good Faith Settlement (filed 5/8/03), Ex. A, at 3 (sealed); Ex. A, at 2, to Ex. "A" to Declaration of Timothy J. Hogan re: Plaintiff Whirlpool Corporation and Defendant Kurt Glassman's Joint Motion for Determination of Good Faith Settlement (filed under seal 10/23/03).* As a result of the sweetheart settlement they received from Whirlpool, Glassman and the Bowlings are no longer adverse to Whirlpool. However, they each face claims by CIT where they remain liable for substantial compensatory damages (CIT's loss of collateral, costs and expenses of investigation, attorneys' fees and costs incurred in litigation with third parties such as Whirlpool and the MidPac Lumber bankruptcy trustee), as well as punitive damages, *CIT's Second Amended Crossclaim,* ¶¶ *53,54, 54*, and thus are clearly adverse to CIT. There can be no doubt that Glassman and the Bowlings would be biased and prejudiced. If Glassman and the Bowlings testify at trial, CIT should be allowed to enter their settlement agreements with Whirlpool into evidence, examine them on those agreements, and point out that these parties face claims by CIT.

## II. CIT Must Be Allowed To Point Out The Real Culprits.

FRE 408 by its terms only excludes evidence of **offers of compromise** when used to prove liability for or invalidity of the claim or its amount. FRE 408 by its terms thus does not apply when a defendant points out

that a party not before the court is the party actually responsible for the harm claimed by plaintiff. *See Warner/Elektra/Atlantic Corp. v. County of Dupage*, 1991 WL 32776 *3 (N.D. Ill.) ("burden imposed upon the plaintiff in litigating the liability of a party not before the jury . . . is the inevitable consequence of the empty chairs that result from settlement with co-defendants"). *See also Griffith v. State*, 752 P.2d 49, 50 (Col.App. 1986) (defendant properly argued that non-party individual who had settled with plaintiff was the sole cause of plaintiff's injuries).

Here, Whirlpool has alleged that in 1997, the Bowlings, Glassman and Clifford conspired to acquire MidPac with the intent "to extract large sums of money in fraud upon its creditors and then cease doing business" in a scheme "commonly known as a 'bust-out'". *See SAC,* ¶ *30.* Whirlpool further alleges that much later, in 1999, CIT learned of this fraudulent scheme and decided to join it. *Id.*, ¶¶ 124, 125.

CIT vehemently disagrees that it participated in a scheme to defraud Whirlpool. Rather, upon acquiring MidPac, the settling defendants embarked on a fraudulent scheme that had CIT as its main target, though apparently Whirlpool suffered collateral damage. *CIT's Second Amended Crossclaim,* ¶¶ *23-28 (filed 2/3/03).* CIT will show that its actions were not those of a co-conspirator with persons who had just harmed it, rather CIT acted to protect its legitimate interests

as MidPac's creditor. CIT will point a finger at the true source of Whirlpool's grievances: the reprehensible and self-enriching conduct of Glassman, the Bowlings and Clifford. CIT does not need to discuss Whirlpool's settlements with these parties to present this case, but, out of an abundance of caution, CIT raises the issue now so that there is no dispute about CIT's ability to present an "empty chair" defense. *See Simpson v. Matthews*, 790 N.E.2d 401, 408 (2003) (acknowledging plaintiff's risk in settling with less than all of multiple defendants of facing the "empty chair" defense, wherein the non-settling defendant can argue that "the settling defendant was the sole proximate cause of the injury (in essence, arguing that the plaintiff sued the wrong party))".

Whirlpool makes a reference to the fact that its settlements with Glassman, the Bowlings and Clifford have been deemed Good Faith settlements and concludes that a settlement has no "relevance based on a missing chair or other claim." Whirlpool also mentions that Judge Ezra has indicated in a different context that there is no right to contribution for intentional torts. Whirlpool, however, does not explain what it believes to be the significance of Judge Ezra's statement, but if Whirlpool believes it means CIT cannot raise an "empty chair" defense even if it refrains from referring to the settlements, it is plainly wrong. A determination that a settlement is entered into in good faith may have

repercussions for the ability to seek contribution under HRS § 663-13.5, but it does not preclude a party from arguing that plaintiff is going after the wrong defendant. For example, in *LyphoMed, Inc. v. Superior Court*, 837 P.2d 1158 (Ariz. App. 1992), plaintiff settled with two defendants, and the trial court deemed their agreement a good faith settlement under which the settling defendants had no further liability to plaintiff pursuant to Arizona law (*i.e.*, the remaining defendant had no right to contribution). However, the appellate court held that the non-settling defendant was not thereby precluded from arguing at trial that the plaintiff's injuries were solely caused by the settling parties. *Id.* at 1164. Hawai`i courts have not spoken directly on the permissible scope of argument at trial with respect to settled defendants whose settlements have been found to be in good faith, to the *LyphoMed* case is instructive on this issue, and CIT respectfully submits it for this Court's consideration.

## III. Conclusion

Whirlpool's Motion to preclude evidence of settlements should be DENIED. If Glassman or the Bowlings testify at trial, CIT must be allowed to introduce evidence of settlements to show the bias and prejudice of these witnesses. Regardless of whether the settling parties testify, CIT has the right to

point out that these parties, and not CIT, are the actual cause of Whirlpool's alleged damages.

DATED: Honolulu, Hawaiʻi, June 26, 2006.

/s/ Thomas E. Bush
PAUL ALSTON
LOUISE K. Y. ING
THOMAS E. BUSH
ALLISON KIRK
Attorneys for Defendant/Cross-claimant THE CIT GROUP/BUSINESS CREDIT, INC.