Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON 1126-0
LOUISE K. Y. ING 2394-0
THOMAS E. BUSH 4737-0
ALLISON KIRK 8156-0
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawaiʻi 96813
Telephone: 524-1800
Facsimile: 524-4591
palston@ahfi.com
ling@ahfi.com
tbush@ahfi.com
akirk@ahfi.com

Attorneys for Defendant/Cross-claimant
THE CIT GROUP/BUSINESS CREDIT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE | Civil No. CV 01 00187 MEA-BMK<br>(Tort and RICO)<br><br>**DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S MEMORANDUM CONCERNING PLAINTIFF WHIRLPOOL CORPORATION'S MOTION IN LIMINE NO. 2 REGARDING AMENDED ORDER AFFIRMING BANKRUPTCY COURT'S DECISION TO GRANT RELIEF FROM AUTOMATIC STAY CIT** |

| | | |
|---|---|---|
| PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | **EXHIBIT NO. C-27, FILED 6/13/06**; DECLARATION OF THOMAS E. BUSH; EXHIBITS "A"-"B"; CERTIFICATE OF SERVICE<br><br>JUDGE: Hon. Marvin E. Aspen<br><br>TRIAL: November 6, 2006 |

**DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S MEMORANDUM CONCERNING PLAINTIFF WHIRLPOOL CORPORATION'S MOTION IN LIMINE NO. 2 REGARDING AMENDED ORDER AFFIRMING BANKRUPTCY COURT'S DECISION TO GRANT RELIEF FROM AUTOMATIC STAY CIT EXHIBIT NO. C-27, FILED 6/13/06**

Defendant The CIT Group/Business Credit, Inc. ("CIT") opposes Whirlpool Corporation's request to exclude evidence of Judge Ezra's September 6, 2002 Amended Order Affirming Bankruptcy Court's Decision to grant relief from automatic stay ("Order"). Whirlpool tersely objects to having any evidence regarding the Order on the bases that it is irrelevant and would lead to "confusion of the jury regarding the effect of the order." Whirlpool is wrong. The Order is highly relevant to CIT's defense against Whirlpool's conversion claim, including its claim for punitive damages.

The elements of a conversion claim under Hawai`i law require Whirlpool to prove, among other things, that CIT exercised "unwarranted assumption of ownership" over Whirlpool's property, engaged in "an illegal use or abuse of the chattel", and "a wrongful detention after demand." *Tsuru v. Bayer*, 25 Haw. 693, 696 (1920), *quoted in Memorandum Opinion and Order (filed 12/28/04) ("Opinion"), at 22-23.* The Order thus should be considered by the jury in assessing Whirlpool's claims that CIT exercised "unwarranted assumption of ownership" or "unlawful" assertion of ownership (*Opinion, at 30*), illegally used or abused Whirlpool's alleged collateral, wrongfully detained it, or acted with wrongful intent and malice in taking proceeds that (according to Whirlpool) really belonged to Whirlpool.

Judge Ezra's Order affirmed the Bankruptcy Court's granting of CIT's motion to take the proceeds of a cash collateral account that held proceeds obtained by CIT from MidPac. In moving to lift the stay and take these funds for its own benefit, CIT claimed that it had a right to the proceeds (approximately $1,093,406.63) as repayment for MidPac's indebtedness to CIT in the amount of $2,481,538.19. CIT asserted (as it does now) that it had a valid claim to these funds based upon an agreement with MidPac that CIT described to the Court. *See Ex. A, Answering Brief of Appellee The CIT Group/Business Credit, Inc. (filed in*

*In re MidPac Lumber Company, Ltd., Civil No. 01-00732DAE-KSC on 1/11/02) ("Answering Brief"), at 4.*

Before the Bankruptcy Court and on appeal to the U.S. District Court, Whirlpool objected to CIT's claim to the funds in the cash collateral account. Whirlpool strenuously objected to CIT's characterization of the proceeds in the cash collateral account, alleging (as it does now) that money CIT claimed to have gotten from MidPac were really proceeds CIT wrongfully took from Maui Home Supply ("MHS") in which Whirlpool had a security interest. Whirlpool argued that the automatic stay should not be lifted and would be violated because it would allow CIT to claim proceeds, which rightfully belonged to Whirlpool. *See Appellant Whirlpool Corporation's Reply Brief (filed in In re MidPac Lumber Company, Ltd., Civil No. 01-00732DAE-KSC on 1/28/02), at 1.*

The Court in its Order, rejected Whirlpool's protestations that the evidence showed that CIT did not have a right to the money it obtained from MidPac. The Court explicitly stated that "**[t]here is no evidence that CIT induced debtor** [*i.e.*, MidPac] into conducting the auction or **into directing the proceeds to CIT**." *Order* at pp.7-8 (emphasis added). Indeed, the Court noted that the money had been in the cash collateral account **for eighteen months** before CIT moved to lift the automatic stay and claim the proceeds and that during this

entire time Whirlpool never "took any steps to challenge CIT's claim or to take control over the subject property." *Id.* at p.6.

The Order is thus highly relevant and will greatly assist the jury in evaluating any disputed issues of material fact regarding Whirlpool's claims that CIT acted unlawfully or with malice in taking proceeds of Whirlpool's alleged collateral. CIT is entitled to defend against Whirlpool's allegations that CIT acted with malice and with an intent to convert from Whirlpool by showing that it acted in good faith in asserting a right to the disputed proceeds. CIT is entitled to inform the jury of the Order, which shows that: (1) Whirlpool raised the issue that CIT had taken its money before the bankruptcy judge and the District Court but was afforded no relief, (2) that Whirlpool never took any steps to claim the money it asserts belonged to it for eighteen months and then only acted after CIT petitioned the Court to lift the stay so CIT could claim the funds, and (3) that CIT dutifully put over $1 million in a cash collateral account and only after eighteen months of waiting for anyone to claim it, dutifully and successfully petitioned the Court for permission to lift the stay and obtain the funds. Clearly, CIT should be allowed to argue that these actions do not show a malicious intent convert money. Rather, CIT should be allowed to argue that these actions showed it acted as a prudent and responsible lender facing an outstanding debt of over $2.4 million with

about $1 million just sitting in an account that Whirlpool took no steps to claim as its own although it had both a forum and an opportunity to do so.

Accordingly, Whirlpool's motion must be DENIED.

DATED: Honolulu, Hawaiʻi, June 26, 2006.

/s/ Thomas E. Bush
PAUL ALSTON
LOUISE K. Y. ING
THOMAS E. BUSH
ALLISON KIRK
Attorneys for Defendant/Cross-claimant THE CIT GROUP/BUSINESS CREDIT, INC.