IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

WHIRLPOOL CORPORATION, a Delaware corporation,

Plaintiff,

vs.

CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO, and KURT GLASSMAN, DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,

Defendants.

and

CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,

Additional Cross-Claim Defendants.

Civil No. CV01-00187 DAE BMK

(Tort and RICO)

VOLUME I (of two)
Pages 1 - 274

30(b)(6)

DEPOSITION OF THOMAS A. HAYES

Taken on behalf of Plaintiff Whirlpool Corporation, at 2600 Mauka Tower, 737 Bishop Street, Honolulu, Hawaii, 96813, commencing at 9:17 a.m., on Tuesday, November 19, 2002, pursuant to Notice.

REPORTED BY: JANIS K. FLOATE, RPR, CSR 254
Notary Public, State of Hawaii

EXHIBIT A

APPEARANCES:

For Plaintiff Whirlpool Corporation:

TIMOTHY J. HOGAN, ESQ.
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813

For Defendant CIT Group/Business Credit, Inc.:

PAUL ALSTON, ESQ.
LOUIS Y.K. ING, ESQ.
Alston Hunt Floyd & Ing
1800 Pacific Tower
1001 Bishop Street
Honolulu, Hawaii 96813

For Defendants Edwin Bowling and Frances Haller-Bowling:

JEANNETTE HOLMES, ESQ.
Bronster Crabtree & Hoshibata
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

For Defendants Michael Clifford, CGBN, Inc., and Additional Cross-Claim Defendant CG Development, Inc.:

TED N. PETTIT, ESQ.
ROGER S. MOSELEY, ESQ.
CHRISTOPHER J. MUZZI, ESQ.
Case Bigelow & Lombardi
2600 Mauka Tower
737 Bishop Street
Honolulu, Hawaii 96813

For Defendant Raymond Iwamoto:

CALVIN E. YOUNG, ESQ.
Ayabe Chong Nishimoto Sia & Nakamura
2500 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

APPEARANCES (continued):

Speakerphone Appearance from Benton Harbor, Michigan:

DEB CLAWSON, ESQ.
Whirlpool Corporation
Legal Department
2200 M63
Mailbox No. 2200
Benton Harbor, Michigan 49022

Also Present:

SYLVIA M. LEE, Paralegal
Lynch Ichida Thompson Kim & Hirota

FRANCIS X. CHAFFIOTTE, ESQ.
CIT Assistant General Counsel

MIKE CLEARY

CARL SOTO

your testimony, bond deposits that were put in Midpac's hands during the period that CIT -- after June 23rd, 1999, when CIT became more sort of active in regard to its management of its loan, were directly or indirectly of some sort placed in the operating account?

A. Yes.

Q. And used by Midpac to fund what it needed for operations?

A. Correct.

Q. Was there any notice given to any banks that were providing these funds that, in fact, their funds were not being held as a surety but were going into the Midpac operating account by CIT?

A. No.

Q. Would CIT believe that was their responsibility to notice financial institutions that their funds are being used for that purpose?

A. No.

Q. Why not?

A. Well, nothing had changed. This was the way that Midpac had been operating before we made our loan. So it wasn't a change in how the bonding money was being handled post June of 1999.

Q. Isn't there one change that, in fact, CIT

learned that it had been the victim of a fraud in regard to Midpac Lumber Company Limited by June of 1999?

A. Yes.

Q. And CIT knew they had been a victim of a fraud?

A. We knew that the borrowing base had been inflated, yes.

Q. I know that you knew the borrowing base had been inflated, but I'm going to use the term fraud, sir. Did CIT know in the end of June, let's call it July 1st, 1999, that it had been the victim of a fraud?

A. I would say that we felt that we had been the victim of a fraud, yes.

Q. But despite knowing that CIT had been the victim of a fraud, CIT allowed Midpac to take bond funds from financial institutions and operate through its operating account?

MR. ALSTON: Objection. Vague and ambiguous as to "allowed."

BY MR. HOGAN:

Q. You can answer, if you can.

A. I would say we were not consulted. We weren't asked to approve that or not approve that.

C E R T I F I C A T E

STATE OF HAWAII )
) SS.
CITY AND COUNTY OF HONOLULU. )

I, JANIS K. FLOATE, Notary Public, State of Hawaii, do hereby certify:

That on November 19, 2002, appeared before me Thomas A. Hayes, the witness whose deposition is contained herein; that prior to being examined, the witness was by me duly sworn;

That the deposition was taken down by me in machine shorthand and was thereafter reduced to typewriting under my supervision; that the foregoing represents to the best of my ability, a true and correct transcript of the proceedings had in the foregoing matter.

I further certify that I am not an attorney for any of the parties hereto, nor in any way concerned with the cause.

DATED this 6th day of Dec, 2002, in Honolulu, Hawaii.

Janis K. Floate
JANIS K. FLOATE, RPR, CSR 254
Notary Public, State of Hawaii
My Commission Exp: December 12, 2005