Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON 1126-0
LOUISE K. Y. ING 2394-0
THOMAS E. BUSH 4737-0
ALLISON KIRK 8156-0
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawaiʻi 96813
Telephone: 524-1800
Facsimile: 524-4591
palston@ahfi.com
ling@ahfi.com
tbush@ahfi.com
akirk@ahfi.com

Attorneys for Defendant/Cross-claimant
THE CIT GROUP/BUSINESS CREDIT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE | ) | Civil No. CV 01 00187 MEA-BMK (Tort and RICO)<br><br>DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S **MEMORANDUM IN OPPOSITION TO DEFENDANT RAYMOND IWAMOTO'S MOTION IN LIMINE #2 RE: TO EXCLUDE EVIDENCE OF FINANCIAL INFORMATION, STATEMENTS AND RECORDS OF MIDPAC LUMBER** |

| | | |
|---|---|---|
| PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **COMPANY, LTD., CGBN, INC., CG INVESTMENTS, INC., CG ACQUISITIONS, INC., CG DEVELOPMENT, INC. AND THE SPECTRUM ENTITIES**, FILED 6/13/06; CERTIFICATE OF SERVICE<br><br>JUDGE: Hon. Marvin E. Aspen<br><br>TRIAL: November 6, 2006 |

**DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT RAYMOND IWAMOTO'S MOTION IN LIMINE #2 RE: TO EXCLUDE EVIDENCE OF FINANCIAL INFORMATION, STATEMENTS AND RECORDS OF MIDPAC LUMBER COMPANY, LTD., CGBN, INC., CG INVESTMENTS, INC., CG ACQUISITIONS, INC., CG DEVELOPMENT, INC. AND THE SPECTRUM ENTITIES, FILED 6/13/06**

The CIT Group/Business Credit, Inc. hereby opposes Defendant Raymond Iwamoto's Motion in Limine #2 on the grounds that CIT should not be precluded from seeking to admit evidence of financial information, financial statements and financial records relating to MidPac Lumber Company, Ltd. ("MidPac"), CG Investments, Inc. ("CGI"), CGBN, Inc., Spectrum and related companies. They are potentially relevant to, among other things:

- the extent of Whirlpool's knowledge about the financial condition and relatedness of MidPac, CGI and related companies, which in turn would be probative of the extent to which Whirlpool reasonably or actually relied on alleged misrepresentations, false promises or nondisclosures by CIT or its alleged agents, if any; the extent to which Whirlpool knew of the entities' financial condition at various times and could have acted to mitigate its damages; and the extent to which Whirlpool was aware of the movement of MidPac inventory to Maui Home Supply and nature of MidPac and CIT's interest in such inventory;
- the extent of CIT's knowledge about the financial condition of the MidPac and its affiliates, which in turn would be probative of CIT's understanding at various points in time of the amount of inventory MidPac shipped to Maui Home Supply and the nature of CIT's interest in such inventory; CIT's understanding at various points in time of the nature and extent of the fraud that CIT suspected had been committed against it by MidPac principals; and the reasonableness of and justification for the protective actions CIT took as lender;
- the lack of substance to the Spectrum entities to show the fictitious nature of the invoices that MidPac issued to Spectrum in order to inflate MidPac's eligible accounts receivable under the CIT/MidPac Loan Agreement, as

amended, assuming that that set of facts and documents cannot be stipulated to before trial;

- the sham nature of the stock transactions between Kurt Glassman and the Bowlings that CIT alleges was part of their scheme to divert to the Bowlings millions of dollars of MidPac's funds, which constituted collateral for CIT's loan, assuming that that set of facts and documents cannot be stipulated to before trial.

CIT takes no position on Mr. Iwamoto's arguments that evidence of the financial information and documents is irrelevant to Plaintiffs' RICO conspiracy and civil conspiracy claims against him. CIT believes that several of the purposes for which Whirlpool may be seeking to admit the numerous financial statements it has designated as trial exhibits, or for which CIT seeks to admit financial statements, could be handled via stipulations of facts and documents. It is also possible that Whirlpool has designated more financial statements and other financial information than will actually be needed at trial, and the parties should work on narrowing the amount of exhibits that will be actually needed at trial.

For the foregoing reasons, the Court should deny Mr. Iwamoto's motion to exclude completely evidence of financial information and documents relating to MidPac and its affiliates. The Court should also direct the parties to (A) enter into stipulations of facts and documents relating to MidPac's false

invoicing scheme, the Glassman/Bowling false stock transaction scheme and other transactions which provide factual context for trial and are not subject to material dispute and (B) work on narrowing the trial exhibit list, which just counting Whirlpool's exhibits, numbers over 970 documents.

DATED: Honolulu, Hawai‘i, June 26, 2006.

/s/ Louise K. Y. Ing
PAUL ALSTON
LOUISE K. Y. ING
THOMAS E. BUSH
ALLISON KIRK
Attorneys for Defendant/Cross-claimant THE CIT GROUP/BUSINESS CREDIT, INC.