Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON 1126-0
LOUISE K. Y. ING 2394-0
THOMAS E. BUSH 4737-0
ALLISON KIRK 8156-0
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawai'i 96813
Telephone: 524-1800
Facsimile: 524-4591
palston@ahfi.com
ling@ahfi.com
tbush@ahfi.com
akirk@ahfi.com

Attorneys for Defendant/Cross-claimant
THE CIT GROUP/BUSINESS CREDIT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE | Civil No. CV 01 00187 MEA-BMK<br>(Tort and RICO)<br><br>DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S **MEMORANDUM IN PARTIAL OPPOSITION TO DEFENDANT RAYMOND IWAMOTO'S MOTION IN LIMINE #8 RE: TO EXCLUDE EVIDENCE OF HIS STATEMENT TO DEFENDANT CIT GROUP/BUSINESS CREDIT INC.** |

| | | |
|---|---|---|
| PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | ) | **ABOUT CONTACTING VENDORS OF MIDPAC LUMBER COMPANY, LTD.,** DECLARATION OF LOUISE K. Y. ING; EXHIBITS A-C; FILED 6/13/06; CERTIFICATE OF SERVICE<br><br>JUDGE: Hon. Marvin E. Aspen<br><br>TRIAL: November 6, 2006 |

**DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S MEMORANDUM IN PARTIAL OPPOSITION TO DEFENDANT RAYMOND IWAMOTO'S MOTION IN LIMINE #8 RE: TO EXCLUDE EVIDENCE OF HIS STATEMENT TO DEFENDANT CIT GROUP/BUSINESS CREDIT INC. ABOUT CONTACTING VENDORS OF MIDPAC LUMBER COMPANY, LTD., FILED 6/13/06**

The CIT Group/Business Credit, Inc. ("CIT") hereby opposes in part Defendant Raymond Iwamoto's Motion in Limine #8 to the extent it seeks total exclusion of evidence of Mr. Iwamoto's statements to CIT in June 1999 that CIT should not make false accusations about MidPac to MidPac's vendors. *See also Ex. A, Whirlpool Trial Ex. W478, 6/23/99 letter from Raymond Iwamoto to Grace Bowen, at 4* ("As for the mainland suppliers, Whirlpool, Kraftmaid, Stanley and others, the relationship MidPac has with these companies are vital assets of MidPac that should not be jeopardized by CIT's inquiries.") Evidence of

Mr. Iwamoto's efforts, however motivated, to discourage CIT from contacting MidPac's vendors is relevant to CIT's defense against Whirlpool's fraud and conspiracy claims because it helps explain the reasonableness and legitimacy of CIT's protective actions as lender in response to MidPac's loan defaults, including CIT's lack of direct communication with MidPac's other creditors. The evidence of Mr. Iwamoto's June 1999 statements is relevant to CIT's contention that it was on the horns of a dilemma: whether to contact Whirlpool's trade creditors versus being warned not to act precipitously, make false accusations or interfere with MidPac's valuable relationships with its vendors. The evidence is therefore relevant in showing that CIT was faced with balancing various concerns in pursuing its lender's remedies and took the course that it deemed reasonable and appropriate under the circumstances as a means of getting repaid, while giving MidPac breathing room to deal with its other creditors and find replacement financing.

The evidence is also relevant to CIT's defense against Whirlpool's fraud claim. It supports CIT's contention that CIT should not be held to a duty to disclose its suspicions that MidPac's principals were engaged in a fraud against CIT, including the fact that CIT understood the fraud to have been manipulations of MidPac's accounts receivable and inventory directed at CIT and not other creditors. *See Ex. B, Deposition of Robert Brichacek (11/21/02), at 112:4-7* ("I

believe he [Kurt Glassman] committed a fraud against CIT"); *Ex. C, Rule 30(b)(6) Deposition of Thomas A. Hayes, Vol. I (11/19/02), at 66:25-67:15* ("We knew that the borrowing base had been inflated"; "we felt that we had been the victim of a fraud").

The evidence of Mr. Iwamoto's June 1999 warning to CIT is also relevant to CIT's defense against Whirlpool's fraud conspiracy claim because it sheds light on CIT's intent and motive. This Court identified as issues for trial on Whirlpool's conspiracy claim "whether there is evidence to suggest that CIT joined the alleged conspiracy" (*Memorandum Opinion and Order (filed 12/28/04), at 17*), and whether "CIT acted with the purpose of assisting any of the participants in the MidPac 'bust out' to conceal their fraudulent activities." *Id., at 19.* As discussed in CIT's Trial Brief (filed 6/14/06), if a defendant "had no rational economic motive to conspire, and if their conduct is consistent with other, equally plausible explanations, the conduct does not give rise to an inference of conspiracy." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 596-97 (1985), *quoted and discussed in CIT's Trial Brief, at 19 (the discussion is incorporated herein by this reference).*

In this case, evidence of Mr. Iwamoto's warning is "consistent with . . . equally plausible explanations" other than fraud conspiracy. It is consistent with the need for a lender, in an environment where lender liability suits are a real

threat, to balance (A) its interest in investigating, stopping and remedying suspected fraud by its borrower against (B) its borrower's interest in not having the lender interfere with the borrower's other commercial relationships and the borrower's continued operation of its business. Continuing to fund a troubled borrower does not give rise to a duty to disclose a borrower's financial problems or to other liability. "[I]t makes no sense to punish a lender for continuing to extend credit that keeps a borrower operating when the Bankruptcy code itself is based on the accepted notion that a business is worth more to everyone alive than dead." *Kittay v. Atl. Bank of N.Y. (In re Global Serv. Group LLC), No. 01-15666 (SMB), 2004 WL 2480185 (Bankr.S.D.N.Y. Nov. 4, 2004), quoted in CIT's Trial Brief, at 6. Accord, B.E.L.T., Inc. v. Wachovia Corp.*, *403 F.3d 474 (7th Cir. 2005) (applying Illinois law)* (Court of Appeals affirmed lower court's dismissal of creditors' suit against their debtor's bank because the bank took money from debtor even though it suspected debtor of fraud, knowing that the source of funds for repayment came from another lender), *discussed in CIT's Trial Brief, at 6-7 (the discussion is incorporated herein by this reference).*

CIT takes no position on Mr. Iwamoto's arguments that evidence of his statement to CIT is irrelevant to Plaintiffs' RICO conspiracy and civil conspiracy claims against him. However, to the extent Whirlpool argues in opposition to Mr. Iwamoto's motion that such evidence is also relevant to CIT's

liability for fraud, fraud conspiracy or other claims, the reasons stated above negate such a position.

In order to avoid jury confusion and undue trial time, CIT respectfully suggests that the Court consider in lieu of total preclusion of evidence that there either be a limiting jury instruction with regard to use of evidence of Mr. Iwamoto's statements (e.g., that it is not to be considered circumstantial evidence of conspiracy as to Mr. Iwamoto and CIT, or at least as to CIT) and/or that the Court direct the parties to develop stipulations of facts and documents relating to the June 1999 warning made by Mr. Iwamoto to CIT. Mr. Iwamoto can then be cross-examined about his warning, based upon the stipulated facts and documents.

For the foregoing reasons, the Court should deny the motion in part and allow the parties to elicit evidence of Mr. Iwamoto's June 1999 warning, but should grant the motion in part by (A) instructing the jury not to consider it as circumstantial evidence of conspiracy as to Mr. Iwamoto and CIT, or at least CIT, and (B) directing the parties to introduce the evidence of Mr. Iwamoto's June 1999 warning to CIT in the form of stipulated facts and documents.

DATED: Honolulu, Hawaiʻi, June 26, 2006.

/s/ Louise K. Y. Ing
PAUL ALSTON
LOUISE K. Y. ING
THOMAS E. BUSH
ALLISON KIRK
Attorneys for Defendant/Cross-claimant THE CIT GROUP/BUSINESS CREDIT, INC.