# LOAN AND SECURITY AGREEMENT

**MidPac Lumber Co., Ltd.**

This Agreement is between the undersigned Borrower and the undersigned Lender concerning loans and other credit accommodations to be made by Lender to Borrower.

## SECTION 1. PARTIES

1.1 The **"Borrower"** is the person, firm, corporation or other entity, identified as the Borrower in Section 10.6(c) and its successors and assigns. If more than one Borrower is specified in Section 10.6(c), all references to Borrower shall mean each of them, jointly and severally, individually and collectively, and the successors and assigns of each.

1.2 The **"Lender"** is **The CIT Group/Credit Finance, Inc.** and its successors and assigns.

## SECTION 2. LOANS AND OTHER CREDIT ACCOMMODATIONS

2.1 Revolving Loans. Lender shall, subject to the terms and conditions contained herein, make revolving loans to Borrower (**"Revolving Loans"**) in amounts requested by Borrower from time to time, but not in excess of the Net Availability existing immediately prior to the making of the requested loan and provided the requested loan would not cause the outstanding Obligations to exceed the Maximum Credit.

(a) The **"Maximum Credit"** is set forth in Section 10.1(a) hereof.

(b) The **"Gross Availability"** shall be calculated at any time as (i) the product obtained by multiplying the outstanding amount of Eligible Accounts, net of all taxes, discounts, allowances and credits given or claimed, by the Eligible Accounts Percentage set forth in Section **10.1(b),**

plus: (ii) the product(s) obtained by multiplying the applicable Eligible Inventory Percentage(s), if any, set forth in Section **10.1(b)** by the values (as determined by Lender based on the lower of cost or market) of Eligible Inventory, but the amount so added shall not exceed any sublimits set forth in Section **10.1(c),**

(c) The **"Net Availability"** shall be calculated at any time as an amount equal to the Gross Availability minus the aggregate amount of all then-outstanding Obligations to Lender other than the then outstanding principal balance of the Term Loan, if any.

(d) **"Eligible Accounts"** are accounts created by Borrower in the ordinary course of its business which are and remain acceptable to Lender for lending purposes. General criteria for Eligible Accounts are set forth below but may be revised from time to time by Lender, in its sole judgment, on fifteen (15) days' prior written notice to Borrower. Lender shall, in general, deem accounts to be Eligible Accounts if: (1) such accounts arise from bona fide completed transactions and have not remained unpaid for more than the number of days after the invoice date set forth in Section **10.1(d)**; (2) the amounts of the accounts reported to Lender are absolutely owing to



EXHIBIT A

Borrower and do not arise from sales on consignment, guaranteed sale or other terms under which payment by the account debtors may be conditional or contingent; (3) the account debtor's chief executive office or principal place of business is located in the United States; (4) such accounts do not arise from progress billings retainages or bill and hold sales; (5) there are no contra relationships, setoffs, counterclaims or disputes existing with respect thereto and there are no other facts existing or threatened which would impair or delay the collectibility of all or any portion thereof; (6) the goods giving rise thereto were not at the time of the sale subject to any liens except those permitted in this Agreement; (7) such accounts are not accounts with respect to which the account debtor or any officer or employee thereof is an officer, employee or agent of or is affiliated with Borrower, directly or indirectly, whether by virtue of family membership, ownership, control, management or otherwise; (8) such accounts are not accounts with respect to which the account debtor is the United States or any State or political subdivision thereof or any department, agency or instrumentality of the United States, any State or political subdivision, unless there has been compliance with the Assignment of Claims Act or any similar State or local law, if applicable; (9) Borrower has delivered to Lender or Lender's representative such documents as Lender may have requested pursuant to Section 5.8 hereof in connection with such accounts and Lender shall have received a verification of such account, satisfactory to it, if sent to the account debtor or any other obligor or any bailee pursuant to Section 5.4 hereof; (10) there are no facts existing or threatened which might result in any adverse change in the account debtor's financial condition; (11) such accounts owed by a single account debtor or its affiliates do not represent more than twenty percent (20%) of all otherwise Eligible Accounts (accounts excluded from Eligible Accounts solely by reason of this subsection (11) shall nevertheless be considered Eligible Accounts to the extent of the amount of such accounts which does not exceed twenty percent (20%) of all otherwise Eligible Accounts); (12) such accounts are not owed by an account debtor who is or whose affiliates are past due upon other accounts owed to Borrower comprising more than fifty percent (50%) of the accounts of such account debtor or its affiliates owed to Borrower; (13) such accounts are owed by account debtors whose total indebtedness to Borrower does not exceed the amount of any customer credit limits as established, and changed, from time to time by Lender on notice to Borrower (accounts excluded from Eligible Accounts solely by reason of this subsection (13) shall nevertheless be considered Eligible Accounts to the extent the amount of such accounts does not exceed such customer credit limit); and (14) such accounts are owed by account debtors deemed creditworthy at all times by Lender.

(e) **"Eligible Inventory"** is inventory owned by Borrower which is and remains acceptable to Lender for lending purposes and is located at one of the addresses set forth in Section 10.6(e).

(f) Lender shall have a continuing right to deduct reserves in determining the Gross Availability (**"Reserves"**), and to increase and decrease such Reserves from time to time, if and to the extent that, in Lender's sole judgment, such Reserves are necessary to protect Lender against any state of facts which does, or would, with notice or passage of time or both, constitute an Event of Default or have an adverse effect on any Collateral. Lender may, at its option, implement Reserves by designating as ineligible a sufficient amount of accounts or inventory which would otherwise be Eligible Accounts or Eligible Inventory so as to reduce Gross Availability by the amount of the intended Reserve.

**SECTION 10. ADDITIONAL DEFINITIONS AND TERMS**

10.1 (a) Maximum Credit: $8,000,000.00

(b) Gross Availability Formulas:
Eligible Accounts Percentage Currently Not Applicable

Subject to Lender's completion of due diligence to its satisfaction, Lender may in its sole discretion advance to Borrower Revolving Loans up to 80% against Eligible Accounts.

Eligible Inventory Percentages
Finished Goods 60%, valued at lower of cost or market
Raw Materials Not Applicable

(c) Inventory Sublimit(s): $3,000,000.00

(d) Maximum days after Invoice Date for Eligible Accounts: Not Applicable

(e) Minimum Borrowing: $2,500,000.00

10.2 Term Loans:
Equipment Term Loan:
(a) Amount: Currently Not Applicable
Subject to Lender's completion of due diligence to its satisfaction, including but not limited to equipment appraisals, Lender may in its sole discretion advance to Borrower an equipment term loan in the amount of the lesser of $1,000,000.00 or 80% of the appraised auction sale value against eligible equipment.
(b) Installments: Currently Not Applicable
(c) Installment due dates: Currently Not Applicable

Leasehold Term Loan:
(a) Amount: Currently Not Applicable
Subject to Lender's completion of due diligence to its satisfaction, including but not limited to real property appraisals and phase one environmental studies, Lender may in its sole discretion advance to Borrower a leasehold term loan in the amount of the lesser of $2,000,000.00 or 60% of the appraised quick sale value of Borrower's leasehold interest in Collateral described in Section 4.3(b).
(b) Installments: Currently Not Applicable
(c) Installment due dates: Currently Not Applicable

10.3 <u>Intentionally Deleted</u>

10.4 Interest, Fees & Charges:

| | | |
|---|---|---|
| (a) | Interest Rate: | Prime Rate plus 1.75% per annum |
| (b) | Clearance: | After Lender's initial advance of any Loan other than a Loan against Eligible Inventory, Three (3) Business Days |
| (c) | Closing Fee: | 0.75% of the Maximum Credit |
| (d) | Facility Fee: First Anniversary and each anniversary thereafter: | 0.75% of the Maximum Credit |
| (e) | Intentionally Deleted. | |
| (f) | Intentionally Deleted. | |
| (g) | Field Examination (per diem charge per examiner): | $650.00 |

10.5 Financial Covenants:

| | | |
|---|---|---|
| (a) | Working Capital: | Not Applicable |
| (b) | Net Worth: | Not Applicable |
| (c) | Capital Expenditures (per fiscal year): | Not Applicable |

10.6

| | | |
|---|---|---|
| (a) | Lender's Office: | 300 South Grand Ave.<br>3rd Floor<br>Los Angeles, CA 90071 |
| (b) | Lender's Bank: | |
| (c) | Borrower: | MidPac Lumber Co., Ltd. |
| (d) | Borrower's Chief Executive Office: | 1001 Ahua Street<br>Honolulu, Hawaii 96819 |
| (e) | Locations of Eligible Inventory Collateral: | 1001 Ahua Street<br>Honolulu, Hawaii 96819 |
| (f) | Borrower's Other Offices and Locations of Collateral: | The following properties in Honolulu, Hawaii: (a) lots 106, 107, and 108, area 105,013 square feet, situated on Ahua Street of the Mapunapuna Industrial Subdivision at Moanalua, (b) |



C01833

lot 128, area 59,315 square feet, situated on Mapunapuna Street of the Mapunapuna Industrial Subdivision at Moanalua, and (c) lot 1079, Moanalua Industrial Subdivision, area 337,734 square feet.

(g) Borrower's Trade Names for Invoicing: MidPac Lumber

10.7 Term: Three (3) Years

IN WITNESS WHEREOF, Borrower and Lender have duly executed this Agreement as of this 19th day of March, 1998.

| LENDER | BORROWER: |
|---|---|
| THE CIT GROUP/CREDIT FINANCE, INC. | MIDPAC LUMBER CO., LTD. |
| By: [signature] | By: Kurt Glasser |
| Title: VP. | Title: Vice President |