IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

WHIRLPOOL CORPORATION, a Delaware corporation,

Plaintiff,

vs.

CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO, and KURT GLASSMAN, DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,

Defendants.

and

CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,

Additional Cross-Claim Defendants.

Civil No. CV01-00187 DAE BMK

(Tort and RICO)

DEPOSITION OF ROBERT BRICHACEK

Taken on behalf of Plaintiff Whirlpool Corporation, at 2600 Mauka Tower, 737 Bishop Street, Honolulu, Hawaii, 96813, commencing at 9:22 a.m., on Thursday, November 21, 2002, pursuant to Notice.

REPORTED BY: JANIS K. FLOATE, RPR, CSR 254

Notary Public, State of Hawaii

EXHIBIT E

APPEARANCES:

For Plaintiff Whirlpool Corporation:

TIMOTHY J. HOGAN, ESQ.
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813

For Defendant CIT Group/Business Credit, Inc.:

LOUISE Y.K. ING, ESQ.
Alston Hunt Floyd & Ing
1800 Pacific Tower
1001 Bishop Street
Honolulu, Hawaii 96813

For Defendants Edwin Bowling and Frances Haller-Bowling:

JEANNETTE HOLMES, ESQ.
Bronster Crabtree & Hoshibata
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

For Defendants Michael Clifford, CGBN, Inc., and Additional Cross-Claim Defendant CG Development, Inc.:

ROGER S. MOSELEY, ESQ.
TED N. PETTIT, ESQ.
CHRISTOPHER J. MUZZI, ESQ.
Case Bigelow & Lombardi
2600 Mauka Tower
737 Bishop Street
Honolulu, Hawaii 96813

For Defendant Raymond Iwamoto:

CALVIN E. YOUNG, ESQ.
Ayabe Chong Nishimoto Sia & Nakamura
2500 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

APPEARANCES (continued):

Speakerphone Appearance from Benton Harbor, Michigan:

DEB CLAWSON, ESQ.
Whirlpool Corporation
Legal Department
2200 M63
Mailbox No. 2200
Benton Harbor, Michigan 49022

Also Present:

SYLVIA M. LEE, Paralegal
Lynch Ichida Thompson Kim & Hirota

FRANCIS X. CHAFFIOTTE, ESQ.
Vice President and Assistant
Legal General Counsel

investigation or analysis in your function at CIT regarding that issue?

A. Before answering that question I need to correct myself, because I believe at this point in time Terry had left the company and that Inbum was the account executive.

Q. Fair enough. At some point Terry Shope left, Inbum Hyeon came aboard, and you may have had discussions with Inbum rather than Terry?

A. Correct.

Q. That corrected, do you recall having a discussion with someone, Inbum, regarding the consignment on Maui?

A. I do.

Q. What do you recall about that issue?

A. I recall that Kurt Glassman represented to us that certain inventory belonging to Midpac was located at Maui Home Supply.

Q. What were the circumstances of Mr. Glassman making that representation? Was it on the telephone call, a telephone call with him?

A. I believe so.

Q. Do you recall whether CIT -- and I'm talking about everyone in the west regional office -- having learned either through the

Q. I'm asking you, you know, we all go to work and we have problems on our desk, and those things sometimes we remember them. If someone reminds us of it, we remember it. Do you have any recollection of the period of time after, say, March of '99 until June of '99 having a recurring problem in your office related to the Maui Midpac collateral?

A. All collateral?

Q. Yeah, the fact that there was collateral on Maui, was that a big deal that you recall?

A. It was an issue that we had to deal with.

Q. And do you recall dealing with that issue?

A. Yes.

Q. What do you recall about how that issue was dealt with?

A. Based upon Kurt Glassman's representation of the fact that Midpac still owned, held title to the inventory located on Maui; and the way that sales of that inventory from Maui worked, we concluded that it sounded like a consignment arrangement of that inventory and, therefore, the documents were drawn up to effect that relationship.

Q. Do you recall having any knowledge of a lien search being conducted prior to the preparation

lending industry after leaving CIT, did you have any reason to understand the issue of what it took to perfect a security interest under Article 9 of the UCC?

A. No.

MR. HOGAN: We have gone just about an hour. Do you want to take break?

MS. ING: Sure.

(Brief recess.)

BY MR. HOGAN:

Q. Mr. Brichacek, we're back on the record, sir.

I was asking you about the Lexis Nexis search that was done sometime in March, in or about March of 1999. Do you recall in your review of that document having seen that there was any security interest held or reported in that on behalf of City Bank? That's the local Hawaii C-I-T-Y Bank.

A. I do.

Q. Do you recall what interest was on that lien search for City Bank, if you recall?

A. I can't recall with certainty, but I believe it was all assets.

Q. Did you see an interest or at least a notation on that Lexis Nexis lien search for Trans

America Financial Corporation?
A. No.
Q. Did you see a notation for any entity bearing the name Whirlpool?
A. No.
Q. Did you see any lien search for any entity bearing the name Bank of America, to your recollection?
A. No.
Q. Besides City Bank, what other entities, if any, can you recall?
A. Without reviewing the document, I can't recall with certainty.
Q. But you believe there were other ones besides City Bank?
A. I can't recall with certainty either.
Q. Do you recall how many pages the lien search was?
A. No.
Q. Was it more than one?
A. I don't remember.
Q. So it could be one page?
A. I don't remember. It could be one page.
Q. Did you just testify that you saw this in preparation for the depo yesterday?

C E R T I F I C A T E

STATE OF HAWAII )
) SS.
CITY AND COUNTY OF HONOLULU )

I, JANIS K. FLOATE, Notary Public, State of Hawaii, do hereby certify:

That on November 21, 2002, appeared before me Robert Brichacek, the witness whose deposition is contained herein; that prior to being examined, the witness was by me duly sworn;

That the deposition was taken down by me in machine shorthand and was thereafter reduced to typewriting under my supervision; that the foregoing represents to the best of my ability, a true and correct transcript of the proceedings had in the foregoing matter.

I further certify that I am not an attorney for any of the parties hereto, nor in any way concerned with the cause.

DATED this 6 day of Dec, 2002, in Honolulu, Hawaii.

Janis K. Floate

JANIS K. FLOATE, RPR, CSR 254
Notary Public, State of Hawaii
My Commission Exp: December 12, 2005