LYNCH ICHIDA THOMPSON KIM& HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation, | Civ. No. CV01 00187 MEA-BMK (TORT AND RICO) |
| Plaintiff, | **PLAINTIFF WHIRLPOOL CORPORATION'S REPLY TO DEFENDANT CIT GROUP/BUSINESS CREDIT, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF WHIRLPOOL CORPORATION'S MOTION IN LIMINE NO. 1 REGARDING EVIDENCE RELATED TO THE ALLEGED CONSIGNMENT (DOCKET NO. 866)** |
| vs. | |
| CIT GROUP/BUSINESS CREDIT, INC., a New York corporation, et al., | |
| Defendants. | TRIAL DATE: November 6, 2006<br>JUDGE: Honorable Marvin Aspen |
| | NO HEARING DATE SET |

**PLAINTIFF WHIRLPOOL CORPORATION'S REPLY TO DEFENDANT CIT GROUP/BUSINESS CREDIT, INC.'S MEMORANDUM OPPOSITION TO PLAINTIFF WHIRLPOOL CORPORATION'S MOTION IN LIMINE NO. 1 REGARDING EVIDENCE RELATED TO THE ALLEGED CONSIGNMENT (DOCKET NO. 866)**

COMES NOW Plaintiff Whirlpool Corporation ("Whirlpool"), by and through its undersigned counsel and hereby respectfully submits its reply to Defendant CIT Group/Business Credit, Inc.'s Memorandum Opposition to Plaintiff Whirlpool Corporation's Motion in Limine No. 1 Regarding Evidence Related to the Alleged Consignment (Docket No. 866) ("CIT Opposition").

CIT evidences its intent to engage in litigation of irrelevancies by stating in its Opposition on page 3 that its state of mind and intent are relevant to the jury's determination of whether or not it acted and committed the acts that are alleged in the Second Amended Complaint and somehow the irrelevant consignment related materials are relevant to that issue. Months after the consignment documents were created and despite being told by Ted Phelps that Whirlpool had a lien on the Maui Home Supply collateral, CIT went ahead at Maui Home Supply based on what it claims it was told by someone its claims defrauded it. CIT thinks that it should be able to argue that it thought it had a valid consignment arrangement when it did not. CIT had actual knowledge (Ted Phelps to CIT) that the collateral was subject to Whirlpool's lien. CIT also had constructive knowledge that Whirlpool had a lien

because it was recorded in the Hawaii Bureau of Conveyances. CIT wants to claim that, rather than obtain a proper lien search, it allowed an employee to run a Lexis search that did not turn up the Whirlpool liens and therefore it was just careless. Whirlpool does not need to prove what CIT was thinking, so long as it knew that it was transferring collateral and taking money it can be liable for the tort. Whirlpool has no burden to show criminal intent, or any intent. Whirlpool need only prove that CIT exercised dominion and control over Whirlpool's collateral when CIT did not have a legal right to do so. A "good faith belief" argument is no defense so long as CIT had knowledge that the property was subject to Whirlpool's lien. Phelps' statement in the audit report proves that CIT had sufficient knowledge that the collateral was Whirlpool's to impose intentional tort liability.

> According to the Restatement, an action is intentional if an actor subjectively desires to cause consequences of his act, or ...believes that the consequences are substantially certain to result from it...

*Carillo v. Su (in Re Su)*, 290 F.3d 1140, 1143 (9th Cir. 2002) (citing " RESTATEMENT (SECOND) OF TORTS § 8A (1964)).

CIT makes a telling admission its opposition on page 4 when it says "CIT could simply have required MidPac to return all inventory on Maui and stop all the transfers to Maui." CIT still thinks it has a right to take the Whirlpool collateral and do anything it would like with it. This is not the law.

CIT's Motion recounts a lengthy *mea culpa* regarding why it did what it did. The simple fact is that CIT knew full well what it was doing and simply got caught. As to its somewhat bizarre cite to the UCC regarding being a "buyer in ordinary course of business," CIT is not a "buyer" in the ordinary course or out of the ordinary course: it never was and never will be. It was also not a legitimate creditor of Maui Home Supply, although it keeps citing cases regarding borrowers as though that explains its relationship with Maui Home.

CIT's opposition is confusing and misses the point. If CIT is permitted to introduce the consignment agreement and the other documents related to it that the Court has already ruled were insufficient, then there is a real chance for the jury to be confused into thinking that the documents give CIT some right to do what it did when the Court has ruled that is not so.

Whirlpool believes if CIT's Opposition is any indication, it intends to stroll down a very strange and irrelevant world in this trial and the Court should rule in limine to keep things on track. For the reasons stated the Motion should be granted.

DATED: Honolulu, Hawai'i, July 3, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION