LYNCH ICHIDA THOMPSON KIM& HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation, et al.,<br><br>Defendants. | Civ. No. CV01 00187 MEA-BMK<br>(TORT AND RICO)<br><br>**PLAINTIFF WHIRLPOOL CORPORATION'S REPLY TO DEFENDANT CIT GROUP/BUSINESS CREDIT, INC.'S MEMORANDUM CONCERNING PLAINTIFF WHIRLPOOL CORPORATION'S MOTION IN LIMINE NO. 2 REGARDING AMENDED ORDER AFFIRMING BANKRUPTCY COURT'S DECISION TO GRANT RELIEF FROM AUTOMATIC STAY (DOCKET NO. 862)**<br><br>TRIAL<br>DATE: November 6, 2006<br>JUDGE: Honorable Marvin Aspen<br><br>NO HEARING DATE SET |

**PLAINTIFF WHIRLPOOL CORPORATION'S REPLY TO DEFENDANT CIT GROUP/BUSINESS CREDIT, INC.'S MEMORANDUM CONCERNING PLAINTIFF WHIRLPOOL CORPORATION'S MOTION IN LIMINE NO. 2 REGARDING AMENDED ORDER AFFIRMING BANKRUPTCY COURT'S DECISION TO GRANT RELIEF FROM AUTOMATIC STAY (DOCKET NO. 862)**

COMES NOW Plaintiff Whirlpool Corporation ("Whirlpool"), by and through its undersigned counsel and hereby respectfully submits its reply to Defendant CIT Group/Business Credit, Inc.'s Memorandum Concerning Plaintiff Whirlpool Corporation's Motion in Limine No. 2 Regarding Amended Order Affirming Bankruptcy Court's Decision to Grant Relief from Automatic Stay (Docket No. 862) ("CIT Opposition").

CIT is simply trying to confuse the Court. It is also clear that CIT intends to try to also confuse the jury. The Bankruptcy Court order that was the subject of the appeal had to do with the disposition of MidPac Lumber Company's liquidation auction sale proceeds, not sales proceeds from Maui Home Supply. The liquidation auction sale was conducted a day after an involuntary petition was filed commencing MidPac's bankruptcy. Despite knowing the involuntary petition had been filed, CIT and MidPac went ahead with the sale, considering it to be in the ordinary course of business. CIT moved to lift the stay earlier on and Whirlpool argued on the first pass that CIT violated the stay. CIT's motion was

denied. Seventeen months later, after the MidPac trustee had done nothing in the interim to recover the funds, CIT renewed its motion to take down the proceeds of the post-petition liquidation sale. That time the motion was granted and Whirlpool appealed.

As set forth in the Transcript of Proceedings Before the Honorable Lloyd King United States Bankruptcy Court Judge dated September 19, 2001, in *In re MidPac Lumber Co. Ltd.*, Bk. No. 00-00136-LK (Bankr. HI), far from the Bankruptcy Court ruling that CIT's conduct was somehow vindicated by the stay lift proceeding the bankruptcy court, acknowledging that others claimed rights in the proceeds the court stated: "there's been no showing that CIT wouldn't be good for a judgment in the amount that's held in the account in the bank." *See* Declaration of Timothy J. Hogan ("Hogan Dec."), Exhibit "1" at page 4 lines 16 to 18.

Later, in the same hearing, the Court questioned CIT's attorney regarding what CIT was intending to do if the stay was lifted, and CIT's counsel said, "I'm something of an Article 9 expert, but specifically, here, what I think they would need to do is - - is give notice and proceed under state law to - - to take control of the funds." Hogan Dec. Exhibit "1" at page 11 lines 16 to 20. The Bankruptcy Court then ruled: "If the motion is granted, the CIT does - - just doesn't walk up to

the Bank of America and ask for a check. It has to give notice foreclose and there may be ways for the other parties to react to that if they wish to do so." Hogan Dec. Exhibit "1" at page 12 line 25 to page 13 line 4. The Bankruptcy Court then went on to grant the motion for the reasons stated in open court. As to the relevance of the stay lift proceeding, it's been over five years and Whirlpool still hasn't gotten notice of the foreclosure from CIT. Hogan Dec. ¶ 2.

At that time, the Court ruled that CIT could proceed so long as it was under the procedures outlined in the hearing by CIT's "expert." CIT never did anything of the kind. The order denying the appeal does not address the issue here: whether CIT was legally entitled to the money or whether it took the money without giving creditors notice. The appeal order is irrelevant. Had the MidPac Trustee took action on a turnover claim, it's likely the Order would never have been issued. CIT's apparent violation of the grounds for the Bankruptcy Court's underlying order is one more thing for CIT to try to explain away at trial.

As to what CIT is attempting to put before the jury, CIT has made it sound as if this Order addressed the liquidation sale at Maui Home Supply and is proof that CIT's conduct was vindicated. Neither of which is true.

The Motion should be granted.

DATED: Honolulu, Hawai'i, July 3, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION