LYNCH ICHIDA THOMPSON KIM& HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation, et al.,<br><br>Defendants. | Civ. No. CV01 00187 MEA-BMK<br>(TORT AND RICO)<br><br>**PLAINTIFF WHIRLPOOL CORPORATION'S REPLY TO DEFENDANT CIT GROUP/BUSINESS CREDIT, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF WHIRLPOOL CORPORATION'S MOTION IN LIMINE NO. 3 REGARDING EVIDENCE OF SETTLEMENTS (DOCKET NO. 861)**<br><br>TRIAL<br>DATE: November 6, 2006<br>JUDGE: Honorable Marvin Aspen<br><br>NO HEARING DATE SET |

**PLAINTIFF WHIRLPOOL CORPORATION'S REPLY TO DEFENDANT CIT GROUP/BUSINESS CREDIT, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF WHIRLPOOL CORPORATION'S MOTION IN LIMINE NO. 3 REGARDING EVIDENCE OF SETTLEMENTS (DOCKET NO. 861)**

COMES NOW Plaintiff Whirlpool Corporation ("Whirlpool"), by and through its undersigned counsel and hereby respectfully submits its reply to Defendant CIT Group/Business Credit, Inc.'s Memorandum in Opposition to Plaintiff Whirlpool Corporation's Motion in Limine No. 3 Regarding Evidence of Settlements (Docket No.861) ("CIT Opposition").

CIT evidences its intention to violate Rule 408 of the Federal Rules of Evidence. First, CIT makes the false claim that there is a valid a "empty chair" argument in this case. While CIT can argue someone else caused Whirlpool's injuries, the degree of CIT's liability for these intentional torts is irrelevant. The reason that the Bowlings and Kurt Glassman aren't at trial is because the Court bifurcated the trial not because Whirlpool settled with them.

First and most obvious, if CIT conspired with Glassman and others who were conspiring against Whirlpool, regardless of the degree of fault, CIT is liable for the full amount of the harm caused. Consistent with the law of conspiracy, Hawaii law does not recognize a right of contribution for intentional torts and Judge Ezra has so ruled in this case. Hawaii is not alone in holding that the

comparative fault principles that make a traditional empty chair defense relevant are not relevant in cases of intentional torts.

> There is, however, no authority for including an intentional tort such as fraud within the ambit of comparative fault principles.

*Lynn v. Taylor*, 7 Kan. App. 2d 369, 373, 642 P.2d (Kan. Ct. App. 1982).

CIT relies on *Brocklesby v. United States*, 767 F.2d 1288, 1292 (9th Cir. 1985). In *Brocklesby*, the court of appeals simply held that the trial court had not committed reversible error in ruling on a post-trial motion addressing the evidence of a settlement admitted at trial without objection and with no request for a limiting instruction.

Contrary to CIT's cite to *Warner/Electra/Atlantic Corp. v. County of Dupage*, and consistent with Judge Ezra's ruling, a relevant empty chair defense is not available in the current case:

> In Illinois, as under the common law, contribution is based on "equitable principles [which] require that ultimate liability for plaintiff's injuries be apportioned on the basis of the relative degree to which" the conduct of the various defendants "proximately caused" the injuries ( Skinner v. Reed-Prentice Division Package Machinery Co. (1977), 70 Ill. 2d 1, 14, 15 Ill. Dec. 829, 374 N.E.2d 437, cert. denied (1978), 436 U.S. 946, 98 S. Ct. 2849, 56 L. Ed. 2d 787).

*Warner/Elektra/Atlantic Corp. v. County of DuPage*, 771 F. Supp. 911, 919 (D. Ill.

1991) (emphasis added).[1]

Unlike Whirlpool that put its settlements on the record with the opportunity of the parties to object, CIT simply withdrew its claims against Mr. Iwamoto with nothing on the record to explain CIT's change of heart. It has not actively pursued any of its claims against Glassman, Rene Costa and others it has sued.

The purpose of Rule 408 is to encourage settlements, not discourage them. Overriding public policy takes precedence over CIT's claim that somehow this evidence that the Rules of Evidence says is irrelevant should be put before the jury. Moreover, CIT cites *Simpson v. Matthews*, 790 N.E.2d 401, 408 (2003). This case involved negligence claims and a Mary Carter agreement. Nothing can prevent CIT from trying to prove that it was not involved in the conspiracy and that it did not commit the other intentional wrongs alleged. What CIT can't argue is that the degree of fault is relevant. If CIT is at fault then the law is clear that all damages flowing from that are CIT's responsibility.

CIT also cites *LyphoMed, Inc. v. Superior Court*, 837 P.2d 1158 Ariz. App. (1992) claiming that somehow this case supports its claim that it can ignore the Good Faith Settlement Statute and move ahead, regardless. That case involved a

---

[1] In addition, CIT cites *Griffith v. State*, 752 P.2d 49, 50 (Col. App. 1986). There is no such case at that citation.

case of medical malpractice not an intentional tort. Noting that Hawaii has recently enacted a statute, CIT does not cite any other law for the proposition that it may ignore the clear and legislative intent to encourage settlements and to move litigation off the calendar, and apply the statute addressing rights of contribution to a case where contribution is not applicable. CIT's opposition should not be sufficient for the Court to overrule the Federal Rules of Evidence and the Hawaii Legislative intent in regard to the Good Faith Statute. As to the bias, interest and motive of witnesses testifying at trial, this clearly cuts the other way. Whirlpool does not owe these people anything, nor do they owe Whirlpool anything. Quite the contrary, CIT is the one with the gun cocked at their heads and is the one with the means to influence their testimony, not Whirlpool.

The Motion should be granted.

DATED: Honolulu, Hawai'i, July 3, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION