LYNCH ICHIDA THOMPSON KIM& HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation, et al.,<br><br>Defendants. | Civ. No. CV01 00187 MEA-BMK<br>(TORT AND RICO)<br><br>**PLAINTIFF WHIRLPOOL CORPORATION'S REPLY TO DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S MEMORANDUM OPPOSING PLAINTIFF WHIRLPOOL CORPORATION'S MOTION IN LIMINE NO. 4 REGARDING EXPERT TESTIMONY OF ERWIN TEICH (DOCKET NO. 859)**<br><br>TRIAL<br>DATE: November 6, 2006<br>JUDGE: Honorable Marvin Aspen<br><br>NO HEARING DATE SET |

**PLAINTIFF WHIRLPOOL CORPORATION'S REPLY TO DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S MEMORANDUM OPPOSING PLAINTIFF WHIRLPOOL CORPORATION'S MOTION IN LIMINE NO. 4 REGARDING EXPERT TESTIMONY OF ERWIN TEICH (DOCKET NO. 859)**

COMES NOW Plaintiff Whirlpool Corporation ("Whirlpool"), by and through its undersigned counsel and hereby respectfully submits its reply to Defendant the CIT Group/Business Credit, Inc.'s Memorandum in Opposing Plaintiff Whirlpool Corporation's Motion in Limine No. 4 Regarding Expert Testimony of Erwin Teich (Docket No. 859) ("CIT Opposition").

Apparently admitting that Mr. Teich failed to look at any of the relevant materials to then apply his years of knowledge to the factual record of this case, CIT concedes that all Mr. Teich is going to do it give a dissertation of character evidence regarding the role and function and conduct of asset based lenders in general, not of CIT in this case. While that might be an interesting diversion for the jury, it is irrelevant. What matters is what CIT did and what are the facts of this case, not what another lender, a hypothetical one, might do in some imagined situation that is without real connection to the facts of the instant case. An expert's function in a trial is to take his expertise and apply it to the facts of the case at hand - analyze CIT's actual conduct in light of the facts of the case. CIT's Opposition admits he did not do that here.

The CIT Opposition also evidences other defects in Mr. Teich's report. As was set forth in the Motion and confirmed by CIT, "Mr. Teich submitted an expert report in response to CIT's counsel's questions explaining what is asset based lending, what types of borrowers use this type of lending, and the relevant custom and practices of such a lender, including actions taken by asset based lenders when a loan is in default and fraud is suspected." Nowhere in the Teich report are any of these questions posed and at no point in time did CIT's attorneys ever disclose these questions in any of their disclosure requirements under the Rules. CIT's Opposition admits that the Teich report is defective and violates the rules so it should be stricken and he should be barred from testifying regarding whatever questions were posed by CIT that have been withheld until Whirlpool filed its motion in limine. For these reasons, the Motion should be granted and the Teich testimony and report barred at trial,

DATED: Honolulu, Hawai'i, July 3, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION