LYNCH ICHIDA THOMPSON KIM& HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation, et al.,<br><br>Defendants. | Civ. No. CV01 00187 MEA-BMK (TORT AND RICO)<br><br>**PLAINTIFF WHIRLPOOL CORPORATION'S REPLY TO DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF WHIRLPOOL CORPORATION'S MOTION IN LIMINE NO. 5 REGARDING EVIDENCE OF REASONABLE RELIANCE (DOCKET NO. 863)**<br><br>TRIAL<br>DATE: November 6, 2006<br>JUDGE: Honorable Marvin Aspen<br><br>NO HEARING DATE SET |

**PLAINTIFF WHIRLPOOL CORPORATION'S REPLY TO DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF WHIRLPOOL CORPORATION'S MOTION IN LIMINE NO. 5 REGARDING EVIDENCE OF REASONABLE RELIANCE (DOCKET NO. 863)**

COMES NOW Plaintiff Whirlpool Corporation ("Whirlpool"), by and through its undersigned counsel and hereby respectfully submits its reply to Defendant the CIT Group/Business Credit, Inc.'s Memorandum in Opposition to Plaintiff Whirlpool Corporation's Motion in Limine No. 5 Regarding Evidence of Reasonable Reliance (Docket No. 863) ("CIT Opposition").

CIT's Opposition that incorporates its trial brief is really a motion for reconsideration that is not filed in compliance with local rules. It is clear that CIT doesn't like the Court's rulings but, rather than accepting them and moving on or timely requesting reconsideration, CIT disregards the rules to make an argument that has already been rejected by the Court, resulting in a waste of the Court's time. It is obvious why Whirlpool had to file this Motion. CIT is intent upon leading the jury down the garden path and argue facts and make legal arguments that are not relevant to these proceedings. CIT's Opposition is simply, like its Trial Brief, a motion for reconsideration that was not timely filed and is not in accordance with the rules. The Court should disregard it completely. Moreover, the Court was right the first time when it ruled on this issue. Prejudice is obvious from this type

of litigation practice in which parties continuously attempt to revisit matters upon which the Court has already ruled.

The Court was correct in finding that the kind of fraud that exists in this case is different than where a used car dealer says to you, “this baby is a real dream” and you don’t go out and take it for a test drive. This was a case in which a criminal fraud, that CIT cannot deny existed at MidPac was allowed by CIT’s course of conduct to continue because, rather than shutting it down or exposing it, or at least doing no harm, the evidence will show CIT chose to cause its agent to further Whirlpool’s harm by making false statements to Whirlpool upon which Whirlpool relied. Even if reasonable reliance was relevant, the fact that Ted Phelps, who represents himself on the internet as a certified fraud expert, says to Whirlpool there is “no fraud here,” would evidence more than reasonable reliance under the circumstances. The manner in which CIT approached the creditors of MidPac, in particular Whirlpool - kept in the dark for over a month so it shipped over $311,000.00 in product into the fraud that CIT knew about and knew would never pay Whirlpool, is evidence that CIT was engaged in a fraud and conspiracy to commit fraud. That makes CIT liable.

The Motion should be granted.

DATED: Honolulu, Hawai'i, July 3, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION