LYNCH ICHIDA THOMPSON KIM& HIROTA

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: tjh@loio.com

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation, | Civ. No. CV01 00187 MEA-BMK (TORT AND RICO) |
| Plaintiff, | **PLAINTIFF WHIRLPOOL CORPORATION'S REPLY TO DEFENDANT RAYMOND IWAMOTO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF WHIRLPOOL CORPORATION'S MOTION IN LIMINE NO. 5 REGARDING EVIDENCE OF REASONABLE RELIANCE (DOCKET NO. 855)** |
| vs. | |
| CIT GROUP/BUSINESS CREDIT, INC., a New York corporation, et al., | TRIAL<br>DATE: November 6, 2006<br>JUDGE: Honorable Marvin Aspen |
| Defendants. | NO HEARING DATE SET |

**PLAINTIFF WHIRLPOOL CORPORATION'S REPLY TO DEFENDANT RAYMOND IWAMOTO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF WHIRLPOOL CORPORATION'S MOTION IN LIMINE NO. 5 REGARDING EVIDENCE OF REASONABLE RELIANCE (DOCKET NO. 855)**

COMES NOW Plaintiff Whirlpool Corporation ("Whirlpool"), by and through its undersigned counsel and hereby respectfully submits its reply to Defendant Raymond Iwamoto's Memorandum in Opposition to Plaintiff Whirlpool Corporation's Motion in Limine No. 5 Regarding Evidence of Reasonable Reliance (Docket No. 855) ("Iwamoto Opposition").

The Iwamoto Opposition makes clear that Mr. Iwamoto intends to argue a case that is not the one that is going to the jury. Specifically, Mr. Iwamoto is intending to put forward evidence that there is a contributory negligence defense to intentional fraudulent conduct. There is no such defense and the Court should not waste the jury's time. The fact that there was a massive fraud existing at MidPac is not disputed. Mr. Iwamoto, claiming to be totally unaware of it, can argue to the jury that he did not conspire with the culprits because he couldn't have known about the fraud since he was just a simple scrivener. The problem for Mr. Iwamoto is that he was an officer and director and, in fact he should have known there was a fraud. He undertook certain actions that taken together evidence the fraud. Yet, Mr. Iwamoto takes no responsibility for his failures in this regard. The

Iwamoto Opposition evidences his misunderstanding regarding what it is that he defend against. It is not a negligence case, it is a case of an intentional tort so contributory negligence is not a defense. The issue for Mr. Iwamoto is to disprove that he joined the conspiracy and to disprove he agreed to the commission of overt predicate acts; that's all.

For that reason, the Motion should be granted.

DATED: Honolulu, Hawai'i, July 3, 2006.

/s/ Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for Plaintiff
WHIRLPOOL CORPORATION