Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON 1126-0
LOUISE K. Y. ING 2394-0
THOMAS E. BUSH 4737-0
ALLISON KIRK 8156-0
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawaiʻi 96813
Telephone: 524-1800
Facsimile: 524-4591
palston@ahfi.com
ling@ahfi.com
tbush@ahfi.com
akirk@ahfi.com

Attorneys for Defendant/Cross-claimant
THE CIT GROUP/BUSINESS CREDIT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE | ) | Civil No. CV 01 00187 MEA-BMK<br>(Tort and RICO)<br><br>**DEFENDANT CIT GROUP/BUSINESS CREDIT, INC.'S REPLY TO WHIRLPOOL CORPORATION'S OPPOSITION TO CIT'S MOTION IN LIMINE TO PRECLUDE USE OF AND ARGUMENT RE: CIT'S SECOND AMENDED CROSS-CLAIM AS EVIDENCE OF CIT'S LIABILITY** |

| | | |
|---|---|---|
| PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | ) | **FOR FRAUD CONSPIRACY;** CERTIFICATE OF SERVICE<br><br>JUDGE: Hon. Marvin E. Aspen<br><br>TRIAL: November 6, 2006 |

**DEFENDANT CIT GROUP/BUSINESS CREDIT, INC.'S REPLY TO WHIRLPOOL CORPORATION'S OPPOSITION TO CIT'S MOTION IN LIMINE TO PRECLUDE USE OF AND ARGUMENT RE: CIT'S SECOND AMENDED CROSS-CLAIM AS EVIDENCE OF CIT'S LIABILITY FOR FRAUD CONSPIRACY**

Defendant CIT Group/Business Credit, Inc. hereby responds to Whirlpool Corporation's Opposition to CIT's Motion in Limine to Preclude Use of and Argument re: CIT's Second Amended Cross-claim as Evidence of CIT's Liability for Fraud Conspiracy ("Opposition"). Whirlpool misreads the relief sought by CIT in its motion. CIT is not seeking total exclusion of allegations in its Second Amended Crossclaim ("SACC") as evidence at trial. Rather, CIT is seeking protections (by order and/or limiting jury instructions) against the Whirlpool's unfair and misleading use and argument about the SACC at trial. CIT seeks by its motion to preclude unfair and misleading argument and questioning

by Whirlpool that (1) CIT's description of the overall fraud and conspiracy in the SACC is an admission that it knew the full scope of the alleged conspiracy at the relevant time periods in Whirlpool's Second Amended Complaint ("SAC"), or (2) the conspiracy that CIT alleged in its SACC is an admission by CIT that it alleged the same fraud conspiracy that Whirlpool alleged, or (3) the SACC evidences CIT's agreement to join the alleged conspiracy.

Whirlpool concedes in its opposition that the SACC is not admission that CIT agreed to join a fraud conspiracy, for Whirlpool's opposition instead focuses on how the SACC supposedly is an admission of the scope of CIT's knowledge of the alleged conspiracy and of the truth of Whirlpool's conspiracy allegations.

However, it is incorrect and misleading for Whirlpool to argue, as it does in its Opposition, that the SACC is an admission that CIT knew the full scope of the alleged fraud conspiracy during the relevant times in Whirlpool's Second Amended Complaint ("SAC") or that the "facts" presented in Whirlpool's partial summary judgment motion on its RICO and fraud claims "were not disputed" by CIT because they appeared in CIT's SACC. *Opposition, at 4.* Whirlpool's argument on the scope of knowledge issue would be akin to CIT arguing that because aspects of the conspiracy alleged in CIT's SACC and Whirlpool's SAC are similar (but certainly not identical with respect to the parties' respective

theories of the aim and victims of the alleged conspiracy, the SAC constitutes an admission by Whirlpool that it knew the full scope of the alleged conspiracy during the relevant periods in the SAC. If Whirlpool is prepared to so admit, this lawsuit goes away. More likely, Whirlpool would say that such an argument is misleading and inaccurate and would then have to spend the limited trial time showing and arguing why its pleadings and past court filings are not admissions of its knowledge as of June 1999, July 1999, or other points in time.

Whirlpool also disputes CIT's arguments about the scope of this Court's written opinion on the effect of CIT's SACC. Whirlpool argues that this Court "merely noted that CIT had not disputed the facts as Whirlpool presented them in the CIT SAC." *Opposition, at 4.* To the contrary, this Court noted that "most", not all, of the "facts" cited by Whirlpool in its motion were allegations in CIT's SACC. *Opinion, at 17.* In addition, this Court implicitly rejected Whirlpool's habit of putting an inaccurate "spin" on CIT's allegations. For instance, Whirlpool argued that paragraph 31 of the SACC, alleging CIT's agreement to cooperate with Messrs. Glassman and Bowling in their refinancing efforts as one of the lender's various protective actions, was an admission by CIT that it was liable for fraud conspiracy and agreed "to allow the conspiracy to continue so it could find a new victim lender." *Memorandum in Support of Whirlpool's Motion for Partial Summary Judgment as to CIT on Count V (RICO)*

*and Count II (Fraud Conspiracy) (filed 2/2/04), at 27-28, 8.* In response, this Court noted a major difference between the two parties' views of the facts: the identity of the co-conspirators and the victims (*Opinion, at 17*) and ruled "that CIT was aware of the ongoing fraud at MidPac is not sufficient to demonstrate agreement" - agreement which Whirlpool still must prove. *Id.*

This Court has the means, via its orders on the parties' motions in limine, FRE 402 and 403, and jury instructions limiting the unfair use of various pieces of evidence, to preclude or limit the introduction of evidence and arguments that are of marginal relevance and would only waste time, confuse the issues, mislead the jury and unfairly prejudice the parties. It is Whirlpool which is seeking to mislead and confuse in its Opposition. It argues that the SACC shows that "CIT's knowledge of the facts is consistent with Whirlpool's knowledge" (*Opposition, at 3-4*), that "Whirlpool has not invented the facts of this case" (*id., at 4*), that "CIT knew full well of the existence of the fraud in June 1999" (*id.*), and "CIT's admission that there was a fraud existing at MidPac." *Id.* However, Whirlpool inexcusably (1) ignores the fact that the SACC reflects what CIT and its counsel knew when the SACC was drafted, not in 1999 or even 2000, and (2) glosses over the fact that Whirlpool and CIT have very different conceptions of what comprised the fraud and conspiracy to defraud at MidPac. While CIT's SACC does borrow (and CIT submits, improves on) some allegations from

Whirlpool's Second Amended Complaint, CIT's formulation of the conspiracy to defraud CIT - its scope, participants, intended victims - is very different from Whirlpool's theory of a broad, wide-ranging, Whirlpool-focused and ultimately improbable conspiracy. Compare CIT's SACC ¶¶ 23, 27, 28 with Whirlpool's SAC, ¶¶ 114-132.

Thus, it might be fair for Whirlpool to question CIT witnesses about the time at which they became aware of particular facts alleged in the SACC. It would not be fair for Whirlpool to try to end-run that process and try to impeach them on the grounds that CIT already admitted in the SACC that it knew of the full scope of the alleged conspiracy in July 1999 or even December 1999, or that it ever knew of the purpose or victims of the conspiracy as alleged by Whirlpool.

For the foregoing reasons, this Court should grant CIT's motion in limine and preclude Whirlpool from offering evidence or argument that (1) CIT's description of the overall fraud and conspiracy in the SACC is an admission that it knew the full scope of the alleged conspiracy at the relevant time periods in Whirlpool's SAC, or (2) the conspiracy that CIT alleged in its SACC is an admission by CIT that it alleged the same fraud conspiracy that Whirlpool alleged or (3) the SACC evidences CIT's agreement to join the alleged conspiracy. This Court should also issue or authorize a limiting jury instruction to the effect that the SACC is not to be used against CIT in the foregoing ways.

DATED: Honolulu, Hawaiʻi, July 3, 2006.

/s/ Louise K. Y. Ing
PAUL ALSTON
LOUISE K. Y. ING
THOMAS E. BUSH
ALLISON KIRK
Attorneys for Defendant/Cross-claimant THE CIT GROUP/BUSINESS CREDIT, INC.