AYABE, CHONG, NISHIMOTO,
SIA & NAKAMURA
A Limited Liability Law Partnership

JOHN S. NISHIMOTO 1820-0
CALVIN E. YOUNG 3278-0
GARY S. MIYAMOTO 3233-0
STEVEN L. GOTO 6041-0
Pauahi Tower, Suite 2500
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 537-6119
Facsimile No. (808) 526-3491
john.nishimoto@hawadvocate.com
calvin.young@hawadvocate.com

Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20, | ) | CIVIL NO. 01-00187 MEA BMK<br>(Tort and RICO)<br><br>DEFENDANT RAYMOND IWAMOTO'S **REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE <u>#1</u> RE: TO EXCLUDE EVIDENCE OF STOCK TRANSACTIONS BETWEEN KURT GLASSMAN, EDWIN BOWLING, AND FRANCES BOWLING**; CERTIFICATE OF SERVICE |

| | | |
|---|---|---|
| Defendants, | ) | HEARING: |
| and | ) | Date: __________ |
| CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA, | ) | Time: __________ |
| Additional Cross-Claim Defendants. | ) | Judge: __________ |
| | ) | Trial Date: November 6, 2006 |
| | ) | Judge: Hon. Marvin E. Aspen |

[2001556/305109]

**DEFENDANT RAYMOND IWAMOTO'S REPLY MEMORANUM IN SUPPORT OF MOTION IN LIMINE #1 RE: TO EXCLUDE EVIDENCE OF STOCK TRANSACTIONS BETWEEN KURT GLASSMAN, EDWIN BOWLING, AND FRANCES BOWLING**

## I. Argument

### A. The evidence is irrelevant to Plaintiff's conspiracy claims

The evidence is irrelevant to Plaintiff's conspiracy claims because the stock transactions do not reflect that Mr. Iwamoto was involved in a conspiracy. Plaintiff has not established the relevance of the transactions since it does not refute Mr. Iwamoto's showing that: (1) Mr. Iwamoto was not involved in the negotiations and did not draft the stock purchase agreements; (2) he was unaware of the transactions until after they were consummated; and (3) Mr. Iwamoto's participation was limited to updating corporate documents, canceling stock certificates and issuing new certificates.

Plaintiff does not explain how the stock transactions show that Mr. Iwamoto was involved in a conspiracy. The stock transactions, by themselves, do not reflect that Mr. Iwamoto was involved in a conspiracy particularly when Plaintiff did not refute the evidence attached to Mr. Iwamoto's motion including, but not limited to:

- Mr. Iwamoto's testimony that he **was not** involved in the negotiations between Mr. Glassman and the Bowlings (Deposition of Raymond Iwamoto, p. 47/ln. 21-23 attached as Exhibit A to the Motion);

- Mr. Iwamoto's testimony that he learned of the stock transactions after the transactions were consummated. (**Id**., p. 47/ln. 21-25; p. 48/ln. 1-2, 18-25; p. 49/ln. 1-3).

- Mr. Iwamoto's testimony that he did not know the amount of monetary consideration that Mr. Glassman paid to the Bowlings to purchase the stock (**Id**., p. 48/ln. 3-6) or the source of moneys that Mr. Glassman paid to the Bowlings. (**Id**., p. 53/ln. 10-12).

- Mr. Iwamoto's testimony that his involvement in the transactions was confined to "document[ing] the assignment of the shares, the cancellation of the certificate for the assigned shares, and the issuance of the new shares. (**Id**., p. 47/ln. 7-14).

- Testimony by Paul Mancini, Esq., that Mr. Mancini (not Mr. Iwamoto) drafted the stock purchase agreement. (Deposition of Paul Mancini, p. 11/ln. 18-23; p. 12/ln. 11-19; p. 16/ln. 7-15 attached as Exhibit D to the Motion).

Plaintiff does not explain why the stock transactions are relevant when the undisputed evidence is that Mr. Iwamoto did not have contemporaneous knowledge of the transactions and was not involved in the transactions except to

perform the ministerial act of updating the corporate records long after the transactions were consummated.

Plaintiff resorts to legally and factually unsupported allegations instead of citing to law or introducing evidence establishing the relevance of the stock transactions. Plaintiff cannot oppose this Motion by arguing "guilt by association" because a conspiracy **cannot** be found based on the mere fact that Mr. Iwamoto provided legal services or was involved with Mr. Glassman and the Bowlings.

It is telling that Plaintiff fails to address or distinguish the legal authorities cited in the Motion which confirms that conspiracy liability cannot be based on "guilt by association". It is settled that Mr. Iwamoto's legal services, by itself, is not evidence of his involvement in a conspiracy because attorneys are not subject to conspiracy liability unless they entered into a conspiracy agreement. **Howard v. America Online Inc.**, 208 F.3d 741, 751 (9th Cir. 2000) (RICO conspiracy claim); **Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transportation Company, Inc.**, 91 Haw. 224, 260-261, 982 P.2d 853 (1999) (civil conspiracy claim). Plaintiff concedes this point when it admits that attorneys like Mr. Iwamoto who acted as scriveners are not liable for RICO and civil conspiracy. (Plaintiff's memorandum, p. 4).

It is also settled that conspiracy liability cannot be based on Mr. Iwamoto's involvement with Mr. Glassman and the Bowlings. Plaintiff does not dispute that there is no liability under its RICO conspiracy claim unless Mr. Iwamoto: (1) "intend[ed] to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense" (**Salinas v. United States**, 522 U.S. 52, 65, 118 S. Ct. 469, 477, 139 L.Ed.2d 352 (1997)); and (2) been "aware of the essential nature and scope of the enterprise and intended to participate in it." **Baumer v. Pachl**, 8 F.3d 1341, 1346 (9th Cir. 1993). Liability cannot be based on Mr. Iwamoto's involvement with Mr. Glassman and the Bowlings because:

> a defendant who did not agree to the commission of crimes constituting a pattern of racketeering activity is not in violation of section 1962(d), even though he is somehow affiliated with a RICO enterprise,

**Baumer v. Pachl, supra**.

Plaintiff's reliance on **Salinas v. United States, supra**, is misplaced. (Plaintiff's memorandum, p. 3-4). Salinas confirms that a RICO conspiracy cannot be found unless there is a conspiracy agreement. The U.S. Supreme Court held that the conspirators "must agree to pursue the same criminal objective[.]" **Id.**, 522 U.S. at 63-64; 118 S. Ct. at 477. In the case at bar, Plaintiff has not introduced evidence that the stock transactions reflect Mr. Iwamoto's agreement to pursue some criminal objective.

Liability for civil conspiracy to defraud cannot be based on Mr. Iwamoto's involvement with Mr. Glassman and the Bowlings. It is settled that:

> mere acquiescence or knowledge is insufficient to constitute a conspiracy absent approval, cooperation or agreement.

**Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transportation Company, Inc.**, 91 Haw. at 260 fn. 44, 982 P.2d 853.

Mr. Iwamoto is not liable for conduct of others based on **Western Sunview Props., LLC v. Federman**, 338 F. Supp.2d 1106, 1122 (D. Haw. 2004). (Plaintiff's memorandum, p. 5). Plaintiff glosses over the significant portion of the quoted passage which states "[w]hen a conspiracy is established[.]" (**Id**.). The quoted passage, when read in its entirety, reflects Mr. Iwamoto is not liable for others' conduct because Plaintiff has not established that Mr. Iwamoto was ever involved in a conspiracy against Plaintiff.

Plaintiff's opposition is confined to misleading and inflammatory remarks that are repetitious of its unsupported conspiracy allegations. Its memorandum lacks affidavits or exhibits that provide any evidentiary support for its sweeping representations that: (1) Mr. Iwamoto "creat[ed] number shell entities and shift[ed] names among them" when Defendant CIT Group/Business Credit Inc. conducted its investigation; (2) Mr. Iwamoto drafted correspondence which

"acknowledg[ed] that his client had been caught and CIT now knew the truth"; and (3) Mr. Iwamoto "knew what was going on[.]" (Plaintiff's memorandum, p. 5).

This Motion cannot be denied based on unsupported allegations concerning Mr. Iwamoto's knowledge. Mere knowledge is not enough to support liability under Plaintiff's RICO claim because Plaintiff has not introduced any evidence showing that Mr. Iwamoto: (1) "intend[ed] to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense" (**Salinas v. United States, supra**); and (2) was "aware of the essential nature and scope of the enterprise and intended to participate in it." **Baumer v. Pachl**, 8 F.3d 1341, 1346 (9th Cir. 1993). Plaintiff has not shown there is liability for civil conspiracy because there is no evidence of Mr. Iwamoto's "approval, cooperation and agreement." **Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transportation Company, Inc., supra**.

The absence of affidavits and exhibits is particularly glaring with respect to Plaintiff's representation to the Court there is "substantial evidence" that Mr. Iwamoto knew that Mr. Glassman committed a fraud by looting millions from MidPac". (Plaintiff's memorandum, p. 5). This is only a bare assertion and misrepresentation since Plaintiff failed to attach (or even describe) any of this "substantial evidence" in support its representation.

Plaintiff's citation to **Hashimoto v. Halm**, 40 Haw. 354 (1953), is taken out of context. The case is distinguishable because: (1) the facts in that case reflected the existence of a conspiracy; and (2) the issue decided by the Court concerned the admissibility of similar "fleecings" previously committed by defendant and others. Plaintiff fails to inform the Court that the passage quoted in its memorandum was part of a larger passage that stated:

> Where it is charged that fraud has been committed by two or more persons pursuant to a combination or conspiracy for that purpose, the fraudulent combination and fraudulent motive may be inferred **from a series of successive transactions of the same character in respect to such a subject-matter**, and its not essential that such transactions should be contemporaneous or nearly so.

**Id**., 40 Haw. at 361. (Emphasis added). When read in context, **Hashimoto v. Hahn**, **supra**, is distinguishable from the case at bar because it **does not** permit Plaintiff to introduce any and all evidence as it argues. The decision only allows the introduction of evidence concerning "successive transactions of the same character" to prove a "fraudulent combination and fraudulent motive". It has no bearing in this lawsuit because Plaintiff has not proven the existence of a conspiracy or "successive transactions of the same character". Instead, Plaintiff seeks to introduce evidence of unrelated occurrences under the guise of conspiracy.

The evidence cannot be introduced based on arguments concerning the conspiracy's continuity when Mr. Iwamoto's involvement in any conspiracy is

factually unsupported. The stock transactions suggest that Mr. Glassman and the Bowlings were involved in a conspiracy; however, claims against Mr. Glassman and the Bowlings were bifurcated and shall be litigated separately.

It is Plaintiff's inclination to recklessly exaggerate and misrepresent the evidence that caused Mr. Iwamoto to file his Motions in Limine. Plaintiff must be prevented from resorting to the same exaggerations and misrepresentations during trial to mislead the jury that Mr. Iwamoto was a conspirator to obtain an unjust verdict. The relevance standard in Rule 402 of the Federal Rules of Evidence ("FRE") must be strictly enforced to prevent Plaintiff from prosecuting its claims based on smoke and mirrors especially when it will impugns Mr. Iwamoto's character and reputation to recover substantial damages caused by Plaintiff's own negligence. This Court is urged to exclude the stock purchase agreements from evidence to prevent Plaintiff from misleading the jury in light of Plaintiff's outright failure to make the basic showing of relevance in opposition to this Motion.

B. **The stock purchase transactions did not cause Plaintiff' damages**

The evidence should be excluded because Plaintiff has not shown that the evidence is relevant to its claim for damages. Plaintiff ignores the Motion's proximate cause argument whereas it makes no showing that the stock transactions were a proximate cause of its damages. Plaintiff does not attach affidavits or

exhibits establishing that: (1) it was aware of the stock transactions when it shipped inventory to MidPac Lumber Company, Ltd. and Maui Home Supply or (2) its decision to ship inventory was influenced by the stock transactions.

Plaintiff does not explain why the evidence is relevant under **Anza v. Ideal Steel Supply Corp.**, ___ U.S. ___ (No. 04-433 June 5, 2006), and **Gibo v. City & County of Honolulu**, 51 Haw. 299, 459 P.2d 198 (1969), which confirmed that damages are not recoverable unless the damages were proximately caused by its conduct. Proximate cause is an essential element of Plaintiff's burden of proof because the law recognizes that defendants like Mr. Iwamoto should not be subject to an "infinite liability for all wrongful acts[.]" **Holmes v. Securities Investor Protection Corporation**, 503 U.S. 258, 266 fn. 10, 112 S. Ct. 1311, 1316 fn. 10 (1992)). **Anza v. Ideal Steel Supply Corp., supra**, supports that proposition whereas the U.S. Supreme Court held that plaintiff cannot recover RICO damages based on the defendant's tax fraud because there must be a "direct causal connection" between the RICO violation and claimed damages. (Slip op., p. 8). The Court confirmed that:

> There is no need to broaden the universe of actionable harms to permit RICO suits by parties who have been injured only indirectly.

(**Id.**). The issue is "whether the alleged violation led directly to the plaintiff's injuries." (Slip op., p. 9).

Plaintiff's claim in the case at bar is the precise claim that the holding in **Anza v. Ideal Steel Supply Corp.**, **supra**, attempted to prevent. In the case at bar, Plaintiff seeks damages based on the stock transactions and other alleged misconduct. However, Plaintiff cannot establish a "direct causal connection" between the alleged misconduct and its damages.

Plaintiff failed to make any showing that its damages were proximately caused by the stock transactions. It has not introduced affidavits or exhibits establishing that the transactions influenced its decision to ship inventory or that it was even aware of the transactions when it shipped inventory. At the same time, Plaintiff failed to refute the Motion's showing that its decision to ship inventory was based on reasons unrelated to the stock transactions. Plaintiff does not deny that it shipped inventory based on other factors including prior payment history, the existence of a payment schedule, representations that future payments would be made, and its desire to meet its sales quota for Hawaii.

The evidence must be excluded to prevent Plaintiff from misleading the jury that its damages were caused by the stock transactions. The jury should not consider the stock transactions when deciding this lawsuit because there is no evidence establishing the existence of a "direct causal connection" between the transactions and its damages.

C. **The evidence should be excluded pursuant to FRE Rule 403**

Evidence of the stock transactions should be excluded pursuant to FRE Rule 403 even if the evidence is relevant to Plaintiff's claims. The probative value of the stock transactions is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury and wasting valuable trial time. Introduction of this evidence will distract the jury from the direct evidence and cause the jury to erroneously assume that it can find Mr. Iwamoto conspired against Plaintiff or award damages to Plaintiff based on the stock transactions. The evidence should be excluded to prevent the jury from misconstruing or misapplying the evidence for those purposes since the record reflects Mr. Iwamoto was not involved in the negotiation or the consummation of the transactions.

DATED: Honolulu, Hawaii, July 3, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | CIVIL NO. 01-00187 MEA BMK (Tort and RICO)<br><br>CERTIFICATE OF SERVICE<br><br>Trial Date: November 6, 2006<br>Judge: Hon. Marvin E. Aspen |

[2001556/305109]

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was duly served on the following parties listed below, through electronic transmission on July 3, 2006.

TIMOTHY J. HOGAN, ESQ.
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Attorney for Plaintiff
WHIRLPOOL CORPORATION

PAUL ALSTON, ESQ.
LOUISE K.Y. ING, ESQ.
Alston Hunt Floyd & Ing
1001 Bishop Street
Pacific Tower, 18th Floor
Honolulu, Hawaii 96813
Attorneys for Defendant
CIT GROUP/BUSINESS CREDIT, INC.

DATED: Honolulu, Hawaii, July 3, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO