AYABE, CHONG, NISHIMOTO,
SIA & NAKAMURA
A Limited Liability Law Partnership

JOHN S. NISHIMOTO 1820-0
CALVIN E. YOUNG 3278-0
GARY S. MIYAMOTO 3233-0
STEVEN L. GOTO 6041-0
Pauahi Tower, Suite 2500
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 537-6119
Facsimile No. (808) 526-3491
john.nishimoto@hawadvocate.com
calvin.young@hawadvocate.com
gary.miyamoto@hawadvocate.com

Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS | CIVIL NO. 01-00187 MEA BMK (Tort and RICO)<br><br>DEFENDANT RAYMOND IWAMOTO'S **REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE #2 RE: TO EXCLUDE EVIDENCE OF FINANCIAL INFORMATION, STATEMENTS AND RECORDS OF MIDPAC LUMBER COMPANY, LTD., CGBN, INC., CG INVESTMENTS, INC., CG ACQUISITIONS, INC., CG DEVELOPMENT, INC. AND THE** [CAPTION CONTINUES] |

| | | |
|---|---|---|
| OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | ) | **SPECTRUM ENTITIES;**<br>CERTIFICATE OF SERVICE<br><br>HEARING:<br><br>Date: ______________<br><br>Time: ______________<br><br>Judge: ______________<br><br>Trial Date: November 6, 2006<br>Judge: Hon. Marvin E. Aspen |

[2001556/305155]

**DEFENDANT RAYMOND IWAMOTO'S REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE #2 RE: TO EXCLUDE EVIDENCE OF FINANCIAL INFORMATION, STATEMENTS AND RECORDS OF MIDPAC LUMBER COMPANY, LTD., CGBN, INC., CG INVESTMENTS, INC., CG ACQUISITIONS, INC., CG DEVELOPMENT, INC. AND THE SPECTRUM ENTITIES**

## I. Argument

### A. The evidence is irrelevant to Plaintiff's conspiracy claims

This motion should be granted because Plaintiff has not established the relevance of this evidence to its conspiracy claims against Mr. Iwamoto. Plaintiff does not explain why the financial statements and records ("financial records") are probative to its conspiracy claims when Plaintiff does not dispute Mr. Iwamoto's showing that: (1) his role was confined to rendering legitimate legal

services; and (2) he was not responsible for maintaining or preparing the financial records.

Exhibits A and B to Plaintiff's opposition are irrelevant to this Motion because: (1) Exhibit A consists of documents listing the officers and directors of the different corporations; and (2) Exhibit B is limited to correspondence from Plaintiff's counsel regarding Mr. Iwamoto's alleged communications with Plaintiff's employees. Exhibits A and B do not refer to the financial records or establish that Mr. Iwamoto had any role in preparing or maintaining the financial records.

It is irrelevant that Mr. Iwamoto previously served as an officer and director. Plaintiff has not demonstrated that Mr. Iwamoto prepared or took any action as to the financial records when he served as officer and director. Mr. Iwamoto's prior positions as officer and director does not render the evidence relevant since Plaintiff has not introduced affidavits or exhibits disputing Mr. Iwamoto's showing that he relied on the representations made by Mr. Glassman and was unaware of any improprieties.

Plaintiff does not explain why the correspondence from Plaintiff's counsel (Exhibit B to Plaintiff's opposition) has any relevance to this Motion. The correspondence does not refer to the financial records since it concerns alleged conversations between Mr. Iwamoto and Carl Smith in December 1999. Plaintiff

admits that the conversations were unrelated to the financial records because it concedes that Mr. Iwamoto was communicating with "employees responsible for releasing orders under MidPac's Navy contract." (Plaintiff's memorandum, p. 3).

Like its other pleadings, Plaintiff resorts to arguments based on "guilt by association." Plaintiff's arguments are unsupported by the law because the legal authorities cited in the Motion establish that conspiracy liability must be based on a conspiracy agreement instead of "guilt by association". Conspiracy liability cannot be based on Mr. Iwamoto's involvement with Mr. Glassman and the Bowlings unless Plaintiff proves that Mr. Iwamoto: (1) "intend[ed] to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense" (**Salinas v. United States**, 522 U.S. 52, 65, 118 S. Ct. 469, 477, 139 L.Ed.2d 352 (1997)); and (2) been "aware of the essential nature and scope of the enterprise and intended to participate in it." **Baumer v. Pachl**, 8 F.3d 1341, 1346 (9th Cir. 1993). Liability cannot be based on Mr. Iwamoto's involvement with Mr. Glassman and the Bowlings because:

> a defendant who did not agree to the commission of crimes constituting a pattern of racketeering activity is not in violation of section 1962(d), even though he is somehow affiliated with a RICO enterprise,

**Baumer v. Pachl**, **supra**.

Plaintiff's reliance on **Salinas v. United States**, **supra**, is misplaced. (Plaintiff's memorandum, p. 6). It is consistent with the legal authorities cited in

the Motion by confirming that a RICO conspiracy cannot be found unless there is a conspiracy agreement. The U.S. Supreme Court confirmed that the conspirators "must agree to pursue the same criminal objective[.]" **Id.**, 522 U.S. at 63-64; 118 S. Ct. at 477. In the case at bar, Plaintiff has not introduced evidence establishing that the financial records reflect Mr. Iwamoto's agreement to pursue some criminal objective.

Liability for civil conspiracy to defraud cannot be based on Mr. Iwamoto's involvement with Mr. Glassman and the Bowlings. Liability exists only when there is a conspiracy agreement because:

> mere acquiescence or knowledge is insufficient to constitute a conspiracy absent approval, cooperation or agreement.

**Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transportation Company, Inc.**, 91 Haw. 224, 260 fn. 44, 982 P.2d 853 (1999)

It is settled that Mr. Iwamoto's legal services, by itself, is not evidence of his involvement in a conspiracy because attorneys are not subject to conspiracy liability unless they entered into a conspiracy agreement. **Howard v. America Online Inc.**, 208 F.3d 741, 751 (9th Cir. 2000) (RICO conspiracy claim).

In the case at bar, Plaintiff has not shown that Mr. Iwamoto is liable for RICO conspiracy because there is no evidence that Mr. Iwamoto: (1) "intend[ed] to further an endeavor which, if completed, would satisfy all of the

elements of a substantive criminal offense" (**Salinas v. United States**, **supra**); and (2) was "aware of the essential nature and scope of the enterprise and intended to participate in it." **Baumer v. Pachl**, 8 F.3d 1341, 1346 (9th Cir. 1993). Plaintiff has not shown there is liability for civil conspiracy because it has not introduced evidence of Mr. Iwamoto's "approval, cooperation and agreement." **Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transportation Company, Inc.**, **supra**. The only evidence that Plaintiff has is evidence of Mr. Iwamoto's legal services but that evidence does not establish conspiracy liability when there is no evidence that Mr. Iwamoto agreed to the commission of crimes. **Baumer v. Pachl**, **supra**; **Howard v. America Online Inc.**, **supra**.

Plaintiff's citation to **Western Sunview Props., LLC v. Federman**, 338 F. Supp.2d 1106, 1122 (D. Haw. 2004) (Plaintiff's memorandum, p. 5) is misleading. Plaintiff glosses over the significant portion of the quoted passage which states "[w]hen a conspiracy is established[.]" (**Id**.). When read in its entirety, the quoted establishes that Mr. Iwamoto cannot be liable for others' conduct since Plaintiff has not shown that Mr. Iwamoto was ever involved in a conspiracy against Plaintiff.

Consistent with its other pleadings in this lawsuit, Plaintiff resorts to reckless and factually unsupported allegations (instead of meeting its burden of proof through admissible evidence) in a desperate attempt to distract the Court

from the weakness of its argument. Plaintiff failed to introduce any evidence supporting its allegations that: (1) Mr. Iwamoto "feverishly began name changes, property conveyances, warehouse receipts [and] officer and director changes"; (2) "CIT finally caught Mr. Iwamoto[1]"; and (3) there was a "massive paper trail of name changes and other acts of acts". (Plaintiff's memorandum, p. 3-4)[2].

Plaintiff's citation to **Hashimoto v. Halm**, 40 Haw. 354 (1953), is misleading. The case is distinguishable because: (1) the facts in that case reflected the existence of a conspiracy; and (2) the issue decided by the Court concerned the admissibility of similar "fleecings" previously committed by defendant and others. Plaintiff fails to inform the Court that the passage quoted in its memorandum was part of a larger passage that stated:

> Where it is charged that fraud has been committed by two or more persons pursuant to a combination or conspiracy for that purpose, the fraudulent combination and fraudulent motive may be inferred **from a series of successive transactions of the same character in respect**

---

[1] This allegation is frivolous in light of contradictory statements in other memoranda filed by Plaintiff. In this memorandum, Plaintiff argues that Mr. Iwamoto was attempting to conceal information from CIT. However, Plaintiff also argued that Mr. Iwamoto and CIT conspired against Plaintiff. (See, p. 2 of Plaintiff's Opposition to Docket No. 803 Regarding Raymond Iwamoto's Motion in Limine 12 to Exclude Evidence of Warehouse Receipt Forms).

[2] The Court should disregard Plaintiff's allegations of misrepresentations in corporate filings with the State of Hawaii and Court (page 2 of memorandum). In addition to being vague, the allegations are unsupported by any evidence. Plaintiff does not attach affidavits or exhibits establishing the misrepresentations or even explain what representations were made or why the representations are relevant to whether the financial records are relevant to this lawsuit.

> **to such a subject-matter**, and its not essential that such transactions should be contemporaneous or nearly so.

**Id**., 40 Haw. at 361. (Emphasis added). When read in context, **Hashimoto v. Hahn**, **supra**, is distinguishable from the case at bar because it **does not** permit Plaintiff to introduce any and all evidence as it argues. The decision only allows the introduction of evidence concerning "successive transactions of the same character" to prove a "fraudulent combination and fraudulent motive". It has no bearing in this lawsuit because Plaintiff has not proven the existence of a conspiracy or "successive transactions of the same character". Instead, Plaintiff seeks to introduce evidence of unrelated occurrences under the guise of conspiracy.

It is Plaintiff's inclination to recklessly exaggerate and misrepresent the evidence that caused Mr. Iwamoto to file his Motions in Limine. Plaintiff must be prevented from resorting to the same exaggerations and misrepresentations during trial to mislead the jury that Mr. Iwamoto was a conspirator to obtain an unjust verdict. The relevance standard in Rule 402 of the Federal Rules of Evidence ("FRE") must be strictly enforced to prevent Plaintiff from prosecuting its claims based on smoke and mirrors especially when it will impugns Mr. Iwamoto's character and reputation to recover substantial damages caused by Plaintiff's own negligence. This Court is urged to exclude the financial records from evidence to prevent Plaintiff from misleading the jury in light of Plaintiff's

outright failure to make the basic showing of relevance in opposition to this Motion.

B. **Plaintiff's has not shown that the evidence caused its damages**

This Motion should be granted because Plaintiff has not shown that the financial records were a proximate cause of its damages. Plaintiff does not refute Mr. Iwamoto's showing that Plaintiff shipped inventory for unrelated reasons including prior payment history, the existence of a payment plan, representations regarding future payments, and its need to meet its sales quota in Hawaii. Plaintiff has not introduced affidavits or exhibits showing that the financial records influenced its decision to ship merchandise.

The evidence cannot be introduced based on allegations that Mr. Iwamoto allegedly intended to "confuse CIT." (Plaintiff's memorandum, p. 3). The U.S. Supreme Court's decision in **Anza v. Ideal Steel Supply Corp.**, ___ U.S. ___ (No. 04-433 June 5, 2006), bars Plaintiff's argument because the decision reflects that Plaintiff cannot prosecute RICO claims based on conduct directed towards third parties. The Court confirmed that a RICO violation is not actionable unless there is a "direct causal connection" between the RICO violation and claimed damages. (Slip op., p. 8). The Court wrote:

> There is no need to broaden the universe of actionable harms to permit RICO suits by parties who have been injured only indirectly.

(**Id**.). The issue is "whether the alleged violation led directly to the plaintiff's injuries." (Slip op., p. 9). There must be a "direct causal connection" because the defendants should not be subject to an "infinite liability for all wrongful acts[.]" **Holmes v. Securities Investor Protection Corporation**, 503 U.S. 258, 266 fn. 10, 112 S. Ct. 1311, 1316 fn. 10 (1992)).

The evidence must be excluded to prevent the jury from deciding Plaintiff's claims based on conduct that was not directed towards and did not harm the Plaintiff. Allowing the jury to consider the evidence under these circumstances flies in the face of **Anza v. Ideal Steel Supply Corp.**, **supra**, since the U.S. Supreme Court required plaintiff's claim to be based on harm directly caused by the RICO violation.

C. **The financial records should be excluded pursuant to FRE Rule 403**

Evidence of the financial records should be excluded pursuant to FRE Rule 403 even if the evidence is relevant to Plaintiff's claims. The probative value of the financial records is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury and wasting valuable trial time. Introduction of this evidence will distract the jury from the direct evidence and cause the jury to erroneously assume that it can find Mr. Iwamoto conspired against Plaintiff or award damages to Plaintiff based on the financial records. The evidence should be excluded to prevent the jury from misconstruing or

misapplying the evidence for those purposes since the record reflects Mr. Iwamoto was not involved in preparing or maintaining the records.

DATED: Honolulu, Hawaii, July 3, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | CIVIL NO. 01-00187 MEA BMK (Tort and RICO)<br><br>CERTIFICATE OF SERVICE<br><br>Trial Date: November 6, 2006<br>Judge: Hon. Marvin E. Aspen |

[2001556/305155]

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was duly served on the following parties listed below, through electronic transmission on July 3, 2006.

TIMOTHY J. HOGAN, ESQ.
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Attorney for Plaintiff
WHIRLPOOL CORPORATION

PAUL ALSTON, ESQ.
LOUISE K.Y. ING, ESQ.
Alston Hunt Floyd & Ing
1001 Bishop Street
Pacific Tower, 18th Floor
Honolulu, Hawaii 96813
Attorneys for Defendant
CIT GROUP/BUSINESS CREDIT, INC.

DATED: Honolulu, Hawaii, July 3, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO