AYABE, CHONG, NISHIMOTO,
SIA & NAKAMURA
A Limited Liability Law Partnership

JOHN S. NISHIMOTO 1820-0
CALVIN E. YOUNG 3278-0
GARY S. MIYAMOTO 3233-0
STEVEN L. GOTO 6041-0
Pauahi Tower, Suite 2500
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 537-6119
Facsimile No. (808) 526-3491
john.nishimoto@hawadvocate.com
calvin.young@hawadvocate.com

Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20, | ) | CIVIL NO. 01-00187 MEA BMK (Tort and RICO)<br><br>DEFENDANT RAYMOND IWAMOTO'S **REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE # 4 RE: TO EXCLUDE EVIDENCE OF MR. IWAMOTO'S REVISION TO HIS LETTER TO CITY BANK**; DECLARATION OF CALVIN E. YOUNG; EXHIBIT "A"; CERTIFICATE OF SERVICE |

| | |
|---|---|
| Defendants, | **HEARING:** |
| and | Date: ______________ |
| CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA, | Time: ______________ |
| Additional Cross-Claim Defendants. | Judge: ______________ |
| | Trial Date: November 6, 2006<br>Judge: Hon. Marvin E. Aspen |

[2001556/305207]

**DEFENDANT RAYMOND IWAMOTO'S REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE #4 RE: TO EXCLUDE EVIDENCE OF MR. IWAMOTO'S REVISION TO HIS LETTER TO CITY BANK**

## I. Argument

### A. The evidence is irrelevant to Plaintiff's conspiracy claims

This Motion should be granted because Plaintiff has not shown that Mr. Iwamoto's letter is relevant to Plaintiff's conspiracy claims. The letter did not cause Plaintiff's damages or induce Plaintiff to ship inventory because: (1) the letter was addressed and sent to City Bank instead of Plaintiff; (2) Plaintiff does not claim to have received the letter or shipped inventory in reliance on the letter; and (3) the letter is dated September 2, 1999 (**1 month after** Plaintiff ceased shipments based on credit and required advanced payment before making shipments).

Plaintiff admits that its burden of proof requires evidence that Mr. Iwamoto entered into a conspiracy agreement. (Plaintiff's memorandum, p. 2).

However, Plaintiff has not shown that Mr. Iwamoto's letter is evidence that Mr. Iwamoto agreed to conspire against Plaintiff. Instead of demonstrating that Mr. Iwamoto's letter is part of a conspiracy, Plaintiff makes vague reference to an "overall fraud conspiracy in which the Glassman conspiracy…targeted Whirlpool[.]" (Plaintiff's memorandum, page 2).

Plaintiff's argument fails because it has not shown that Mr. Iwamoto joined the so-called "Glassman conspiracy" against Whirlpool. Plaintiff does not address or distinguish the legal authorities cited in the Motion which establishes Plaintiff's burden to show that the Mr. Iwamoto "intend[ed] to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense[.]" **Salinas v. United States**, 522 U.S. 52, 65, 118 S. Ct. 469, 477, 139 L.Ed.2d 352 (1997). There is no liability unless Plaintiff demonstrates that Mr. Iwamoto "was aware of the essential nature and scope of the enterprise and intended to participate in it." **Baumer v. Pachl**, 8 F.3d 1341, 1346 (9th Cir. 1993).

Plaintiff's reliance on **Salinas v. United States**, 522 U.S. 52, 118 S. Ct. 469, 139 L.Ed.2d 352 (1997), is misplaced. (Plaintiff's memorandum, p. 5). It is consistent with the legal authorities cited in the Motion by confirming that a RICO conspiracy cannot be found unless there is a conspiracy agreement. The U.S. Supreme Court confirmed that the conspirators "must agree to pursue the same criminal objective[.]" **Id.**, 522 U.S. at 63-64; 118 S. Ct. at 477. In the case

at bar, Plaintiff has not introduced any evidence that Mr. Iwamoto's letter reflects his agreement to pursue a criminal objective.

The letter cannot be introduced based on arguments that it reflects a conspiracy against City Bank. Those arguments are barred by the U.S. Supreme Court's decision in **Anza v. Ideal Steel Supply Corp.**, ___ U.S. ___ (No. 04-433 June 5, 2006), which reflects that Plaintiff cannot prosecute RICO claims based on conduct directed towards third parties. The Court confirmed that a RICO violation is not actionable unless there is a "direct causal connection" between the RICO violation and claimed damages. (Slip op., p. 8). The Court confirmed that:

> There is no need to broaden the universe of actionable harms to permit RICO suits by parties who have been injured only indirectly.

(**Id.**). The issue is "whether the alleged violation led directly to the plaintiff's injuries." (Slip op., p. 9). There must be a "direct causal connection" because the defendants should not be subject to an "infinite liability for all wrongful acts[.]" **Holmes v. Securities Investor Protection Corporation**, 503 U.S. 258, 266 fn. 10, 112 S. Ct. 1311, 1316 fn. 10 (1992)).

This Motion cannot be denied based on arguments that Mr. Iwamoto drafted the letter in furtherance of a fraud against Plaintiff. (Plaintiff's memorandum, p. 3). Plaintiff's argument is yet another instance in which Plaintiff has resorted to making reckless and factually unsupported allegations to support its

position. There is no evidence Mr. Iwamoto drafted this letter to defraud Plaintiff as reflected by Plaintiff's failure to cite passages from this letter or any other evidence that supports its argument. Plaintiff's failure to cite evidence is striking because Plaintiff deposed Mr. Iwamoto for 8 hours and received voluminous records from Mr. Iwamoto.

The balance of Plaintiff's memorandum consists of misstatements of the law. Plaintiff's citation to **Hashimoto v. Hahn**, 40 Haw. 354 (1953) is taken out of context. The case is distinguishable because: (1) the facts in that case reflected the existence of a conspiracy; and (2) the issue decided by the Court concerned the admissibility of similar "fleecings" previously committed by defendant and others. Plaintiff fails to inform the Court that the passage quoted in its memorandum was part of a larger passage that stated:

> Where it is charged that fraud has been committed by two or more persons pursuant to a combination or conspiracy for that purpose, the fraudulent combination and fraudulent motive may be inferred **from a series of successive transactions of the same character in respect to such a subject-matter**, and its not essential that such transactions should be contemporaneous or nearly so.

**Id.**, 40 Haw. at 361. (Emphasis added). When read in context, **Hashimoto v. Hahn, supra**, is distinguishable from the case at bar because it **does not** permit Plaintiff to introduce any and all evidence as it argues. The decision only allows the introduction of evidence concerning "successive transactions of the same

character" to prove a "fraudulent combination and fraudulent motive". It has no bearing in this lawsuit because Plaintiff has not proven the existence of a conspiracy or "successive transactions of the same character". Instead, Plaintiff seeks to introduce evidence of unrelated occurrences under the guise of conspiracy.

Mr. Iwamoto is not liable for conduct of others based on **Western Sunview Props., LLC v. Federman**, 338 F. Supp.2d 1106, 1122 (D. Haw. 2004). (Plaintiff's memorandum, p. 5). Plaintiff glosses over the significant portion of the quoted passage which states "[w]hen a conspiracy is established[.]" (**Id**.). The quoted passage, when read in its entirety, reflects Mr. Iwamoto is not liable for others' conduct since Plaintiff has not established that Mr. Iwamoto was ever involved in a conspiracy against Plaintiff.

B. **Mr. Iwamoto's letter did not cause Plaintiff's damages**

The evidence should be excluded because Plaintiff has not shown that Mr. Iwamoto's letter was a proximate cause of its damages. Plaintiff does not claim that it received the letter or relied on the letter when making shipments. The evidence establishes that the letter could not have caused Plaintiff's damages since the letter was written one month after Plaintiff discontinued shipments on credit and required advanced payments before it shipped inventory.

The evidence must be excluded to prevent the jury from deciding Plaintiff's claims based on conduct that was not directed towards and did not harm the Plaintiff. Allowing the jury to consider the evidence under these circumstances flies in the face of **Anza v. Ideal Steel Supply Corp.**, **supra**, which requires Plaintiff to prove there was a "direct causal connection" between the RICO violation and claimed damages.

Whereas recovery was denied in **Anza v. Ideal Steel Supply Corp.**, **supra**, Plaintiff cannot base its claim on Mr. Iwamoto's letter since it does not claim to have received the letter, taken any action based on the letter, or sustained damages as a result of the letter. Plaintiff did not make shipments in reliance on the letter since the letter is dated September 2, 1999 which was **one month after** Plaintiff discontinued shipments based on credit and required MidPac and Maui Home Supply to make advanced payments before shipments were made. As of **August 1, 1999**, Plaintiff discontinued shipments on credit whereas it made shipments only when payment was received in advance or on a cash-on-delivery ("COD") basis. (Deposition of Carl Smith (Vol. II), p. 400/ln. 19-25; p. 401/ln. 1-8 attached hereto as Exhibit A). Even if Plaintiff received the letter, it did not sustain any damages since it refused to make shipments unless MidPac and Maui Home Supply first paid for the shipments.

Plaintiff's allegations of "bank fraud" and "material misrepresentations to a federally insured bank" (Plaintiff's memorandum, p. 3) are irrelevant in light of **Anza v. Ideal Steel Supply Corp., supra**. Alleged bank fraud and misrepresentations cannot provide the basis of Plaintiff's claim because: (1) Plaintiff is not a bank; (2) the alleged fraud and misrepresentations were not directed towards Plaintiff; and (3) Plaintiff does not claim to have sustained damages as a result of the alleged fraud and misrepresentations.

C. **The letter should be excluded pursuant to FRE Rule 403**

The letter should be excluded pursuant to FRE Rule 403 even if the evidence is relevant to Plaintiff's claims. The letter's probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury and wasting valuable trial time. Introduction of this evidence will distract the jury from the direct evidence and cause the jury to erroneously assume that it can find Mr. Iwamoto conspired against Plaintiff or award damages to Plaintiff based on the letter. The evidence should be excluded to prevent the jury from misconstruing or misapplying the evidence for those purposes since the record reflects the letter was not sent to Plaintiff, did not concern Plaintiff's shipments, or induce Plaintiff to make shipments.

DATED: Honolulu, Hawaii, July 3, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | CIVIL NO. 01-00187 MEA BMK (Tort and RICO)<br><br>CERTIFICATE OF SERVICE |

[2001556/305207]

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was duly served on the following parties listed below, through electronic transmission on July 3, 2006.

TIMOTHY J. HOGAN, ESQ.
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Attorney for Plaintiff
WHIRLPOOL CORPORATION

PAUL ALSTON, ESQ.
LOUISE K.Y. ING, ESQ.
Alston Hunt Floyd & Ing
1001 Bishop Street
Pacific Tower, 18th Floor
Honolulu, Hawaii 96813
Attorneys for Defendant
CIT GROUP/BUSINESS CREDIT, INC.

DATED: Honolulu, Hawaii, July 3, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO