AYABE, CHONG, NISHIMOTO,
SIA & NAKAMURA
A Limited Liability Law Partnership

JOHN S. NISHIMOTO 1820-0
CALVIN E. YOUNG 3278-0
GARY S. MIYAMOTO 3233-0
STEVEN L. GOTO 6041-0
Pauahi Tower, Suite 2500
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 537-6119
Facsimile No. (808) 526-3491
john.nishimoto@hawadvocate.com
calvin.young@hawadvocate.com

Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20, | ) | CIVIL NO. 01-00187 MEA BMK<br>(Tort and RICO)<br><br>DEFENDANT RAYMOND IWAMOTO'S **REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE # 5 RE: TO EXCLUDE EVIDENCE OF AND REFERENCE TO THE DRAFTING OF DOCUMENTS CONCERNING THE RESIGNATION OF EDWIN BOWLING AS OFFICER AND DIRECTOR OF MIDPAC LUMBER COMPANY, LTD.**; DECLARATION OF CALVIN E. YOUNG; EXHIBIT A; CERTIFICATE OF SERVICE |

| | | |
|---|---|---|
| Defendants, | ) | |
| and | ) | HEARING: |
| CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA, | ) | Date: ____________ |
| | ) | Time: ____________ |
| Additional Cross-Claim Defendants. | ) | Judge: ____________ |
| | ) | Trial Date: November 6, 2006 |
| | ) | Judge: Hon. Marvin E. Aspen |

[2001556/305265]

**DEFENDANT RAYMOND IWAMOTO'S REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE #5 RE: TO EXCLUDE EVIDENCE OF AND REFERENCE TO THE DRAFTING OF DOCUMENTS CONCERNING THE RESIGNATION OF EDWIN BOWLING AS OFFICER AND DIRECTOR OF MIDPAC LUMBER COMPANY, LTD.**

## I. Argument

### A. The evidence is irrelevant to Plaintiff's conspiracy claims

This Motion should be granted because Plaintiff has not established that the evidence is relevant to its conspiracy claims. Plaintiff failed to refute Mr. Iwamoto's testimony that: (1) he learned of Mr. Bowling's resignation in June 1999; and (2) he drafted the resignation documents for the sole purpose of documenting the resignation. Whereas Plaintiff cannot show that the documents are relevant under FRE Rule 402, the evidence must be excluded to prevent Plaintiff from misleading the jury as to the purpose of the documents or the reasons why the documents were drafted.

Plaintiff's arguments regarding Mr. Iwamoto's state of mind or intent are unsupported by any evidence. Like other memoranda filed in opposition to Mr. Iwamoto's Motions, Plaintiff's memorandum consists of inflammatory allegations against Mr. Iwamoto that are unsupported by affidavits or exhibits. Plaintiff's failure to introduce any evidence supporting its allegations is outrageous and deplorable whereas it has repeatedly defamed Mr. Iwamoto by accusing him of criminal and fraudulent conduct. Plaintiff's memorandum and other memoranda filed in opposition to Mr. Iwamoto's Motions confirm that Plaintiff's claims are based on smoke and mirrors instead of admissible evidence required to sustain a fair verdict because Plaintiff cannot introduce any evidence after deposing Mr. Iwamoto for 8 hours and conducting an investigation and discovery during the last 7 years after the alleged fraud in 1999.

Plaintiff has not introduced evidence that Mr. Iwamoto drafted the documents as part of a conspiracy. Instead of making a showing of relevance required by FRE Rule 402, Plaintiff attempts to distract the Court with unsupported allegations that Mr. Iwamoto drafted the documents as "CIT was moving in on the fraud" (Plaintiff's memorandum, p. 2) and that he "fought furiously to continue to conceal the fraud." (**Id**., p. 3). Plaintiff makes these allegations when the undisputed evidence is that Mr. Iwamoto "never linked" the Bowling resignation with CIT's actions. Deposition of Raymond Iwamoto

("Iwamoto deposition"), p. 90/ln. 17-22 attached as Exhibit A to Motion. Plaintiff does not refute Mr. Iwamoto's testimony or introduce any evidence that: (1) Mr. Iwamoto was aware of any fraud when he drafted the documents; and (2) he drafted the documents to conceal the alleged fraud or as a result of any alleged concerns regarding CIT.

Plaintiff attempts to mislead the Court with arguments regarding Mr. Iwamoto's e-mail to his paralegal. Contrary to Plaintiff's memorandum, the e-mail is not evidence of his agreement to join the racketeering enterprise. (Plaintiff's memorandum, p. 3). The undisputed evidence is that Mr. Iwamoto asked his paralegal to review the corporate records:

> to make sure that we had an effective date that didn't complicate with any, for example, corporate resolutions that he had signed as a directed after January 1.
>
> So I instructed the paralegal to check these records out just to make sure that we're not going to be doing something inconsistent there.

(Iwamoto deposition, p., 89/ln. 25; p. 90/ln. 1-9 attached as Exhibit A to Motion). Plaintiff's memorandum does not refute Mr. Iwamoto's testimony or even: (1) provide the Court with a copy of the e–mail; and (2) cite to specific sections within the e-mail that reflect Mr. Iwamoto "agreed to participate in the affairs of the racketeering enterprise[.]" (Plaintiff's memorandum, p. 3). The e-mail attached hereto as Exhibit A supports Mr. Iwamoto's testimony by confirming that he asked his paralegal to review the corporate records to verify there were no conflicts with

the effective date of the resignation. (Iwamoto deposition, p. 89/ln. 22-25; p. 90/ln. 1-9 attached to the Motion as Exhibit A). The e-mail does not state or reflect that Mr. Iwamoto ever agreed to participate in any conspiracy.

Plaintiff also attempts to mislead by arguing that Mr. Iwamoto drafted the documents to "give a false impression" when the documents were drafted. (Plaintiff's memorandum, p. 2). The undisputed evidence is that Mr. Iwamoto dated the documents based on the information provided to him. (Iwamoto deposition, p., 89/ln. 25; p. 90/ln. 1-9 attached as Exhibit A to Motion). Plaintiff has not refuted Mr. Iwamoto's testimony or introduced evidence establishing that Mr. Iwamoto dated the documents for the purpose of defrauding Plaintiff.

It makes a vague reference to the date of the resignation documents. (Plaintiff's memorandum, p. 6). To the extent that Plaintiff concedes the documents accurately reflect the date of Mr. Bowling's resignation, the documents must be excluded because the documents would not be fraudulent. The documents support Mr. Iwamoto's testimony that he dated the documents based on information provided to him. (Iwamoto deposition, p., 89/ln. 25; p. 90/ln. 1-9 attached as Exhibit A to Motion). Plaintiff does not explain why Mr. Iwamoto would be "lying" (Plaintiff's memorandum, p. 6) if he dated the documents pursuant to his client's representations when there is no evidence that Mr. Iwamoto knew that Mr. Bowling resigned on some other date.

Plaintiff makes a vague and unintelligible reference to "Mr. Bowling being targeted" and his refusal to commit $2 million towards refinancing. (Plaintiff's memorandum, p. 3). It fails to explain how this establishes the relevance of the resignation documents or introduce evidence supporting its allegation.

Evidence of Mr. Iwamoto's legal services does not render the resignation documents relevant to Plaintiffs' claims. Plaintiff has not refuted the legal authorities cited in the Motion that confirm there is no RICO liability unless Plaintiff establishes that the Mr. Iwamoto "intend[ed] to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense[.]" **Salnias v. United States**, 522 U.S. 52, 65, 118 S. Ct. 469, 477, 139 L.Ed.2d 352 (1997). Plaintiff must demonstrate that Mr. Iwamoto "was aware of the essential nature and scope of the enterprise and intended to participate in it." **Baumer v. Pachl**, 8 F.3d 1341, 1346 (9th Cir. 1993).

Plaintiff does not deny that evidence of Mr. Iwamoto's legal services cannot provide the basis of RICO liability because:

> **a defendant who did not agree to the commission of crimes constituting a pattern of racketeering activity is not in violation of section 1962(d), even though he is somehow affiliated with a RICO enterprise**, and neither is the defendant who agrees to the commission of two criminal acts but does not consent to the involvement of an enterprise. If either aspect of the agreement is lacking then there is insufficient evidence that the defendant embraced the objective of the alleged conspiracy. **Thus, mere association with**

> **the enterprise would not constitute §1962(d) violation**. In a RICO conspiracy, as in all conspiracies, agreement is essential.

**Baumer v. Pachl**, **supra**. (Emphasis added). RICO:

> **does not criminalize the actions of everyone who works for a RICO enterprise, nor does it bring within RICO everyone who commits what would be two predicate acts.** It only applies to those who participate in the conduct of the enterprise through a pattern of racketeering activity.

***Id***., 199 F.3d at 966. (Emphasis added).

Plaintiff's reliance on **Salinas v. United States**, 522 U.S. 52, 118 S. Ct. 469, 139 L.Ed.2d 352 (1997), is misplaced. (Plaintiff's memorandum, p. 5). It is consistent with the legal authorities cited in the Motion by confirming that a RICO conspiracy cannot be found unless there is a conspiracy agreement. The U.S. Supreme Court confirmed that the conspirators "must agree to pursue the same criminal objective[.]" **Id**., 522 U.S. at 63-64; 118 S. Ct. at 477. In the case at bar, Plaintiff has not introduced evidence establishing that Mr. Iwamoto's letter reflects his agreement to pursue any criminal objective.

Plaintiff does not dispute that there is no liability for civil conspiracy based on the drafting of the documents when the documents were not fraudulent. **Weinberg v. Mauch**, 78 Haw. 40, 49, 890 P.2d 277, 286 (1995); **Ellis v. Crockett**, 51 Haw. 45, 57, 451 P.2d 814, 822 (1969). Liability exists only when there is concerted action to accomplish an unlawful purpose. **Robert's Hawaii**

**School Bus, Inc. v. Laupahoehoe Transportation Company, Inc.**, 91 Haw. 224, 260-261, 982 P.2d 853 (1999). It is settled that:

> mere acquiescence or knowledge is insufficient to constitute a conspiracy absent approval, cooperation or agreement.

**Id.**, 91 Haw. at 260 fn. 44, 982 P.2d 853.

The legal authorities cited by Plaintiff are misleading. The case is distinguishable because: (1) the facts in that case reflected the existence of a conspiracy; and (2) the issue decided by the Court concerned the admissibility of similar "fleecings" previously committed by defendant and others. Plaintiff fails to inform the Court that the passage quoted in its memorandum was part of a larger passage that stated:

> Where it is charged that fraud has been committed by two or more persons pursuant to a combination or conspiracy for that purpose, the fraudulent combination and fraudulent motive may be inferred **from a series of successive transactions of the same character in respect to such a subject-matter**, and its not essential that such transactions should be contemporaneous or nearly so.

**Id.**, 40 Haw. at 361. (Emphasis added). When read in context, **Hashimoto v. Hahn, supra**, is distinguishable from the case at bar because it **does not** permit Plaintiff to introduce any and all evidence as it argues. The decision only allows the introduction of evidence concerning "successive transactions of the same character" to prove a "fraudulent combination and fraudulent motive". It has no bearing in this lawsuit because Plaintiff has not proven the existence of a

conspiracy or "successive transactions of the same character". Instead, Plaintiff seeks to introduce evidence of unrelated occurrences under the guise of conspiracy.

Plaintiff's reliance on **Western Sunview Props., LLC v. Federman**, 338 F. Supp.2d 1106, 1122 (D. Haw. 2004), is misplaced. Plaintiff glosses over the significant portion of the quoted passage which states "[w]hen a conspiracy is established[.]" (**Id**.). The quoted passage, when read in its entirety, reflects Mr. Iwamoto is not liable for others' conduct since Plaintiff has not established that Mr. Iwamoto was ever involved in a conspiracy against Plaintiff.

B. **The evidence did not cause Plaintiff's damages**

The evidence should be excluded pursuant to **Anza v. Ideal Steel Supply Corp., supra**, and **Gibo v. City & County of Honolulu**, 51 Haw. 299, 459 P.2d 198 (1969). Plaintiff has not shown that the drafting of the resignation documents was a proximate cause of its damages. It does not claim that it received the documents or that it made shipments in reliance on the documents.

The documents are not admissible based on Plaintiff's vague and factually unsupported arguments that the documents were drafted to conceal an alleged fraud against CIT[1]. Those arguments are barred by the U.S. Supreme Court's decision in **Anza v. Ideal Steel Supply Corp., supra**, which reflects that

---

[1] Plaintiff fails to cite to evidence or the pleadings supporting its argument that "CIT claims that Bowling documents were created as part of a fraud against it[.]" (Plaintiff's memorandum, p. 2).

Plaintiff cannot prosecute RICO claims based on conduct directed towards third parties. The Court confirmed that a RICO violation is not actionable unless there is a "direct causal connection" between the RICO violation and the damages claimed by Plaintiff. (Slip op., p. 8). The Court confirmed that:

> There is no need to broaden the universe of actionable harms to permit RICO suits by parties who have been injured only indirectly.

(**Id**.). The issue is "whether the alleged violation led directly to the plaintiff's injuries." (Slip op., p. 9). There must be a "direct causal connection" because the defendants should not be subject to an "infinite liability for all wrongful acts[.]" **Holmes v. Securities Investor Protection Corporation**, 503 U.S. 258, 266 fn. 10, 112 S. Ct. 1311, 1316 fn. 10 (1992)).

Allowing the jury to consider the evidence under these circumstances flies in the face of **Anza v. Ideal Steel Supply Corp., supra**, since the U.S. Supreme Court required plaintiff's claim to be based on harm directly caused by the RICO violation. Plaintiff cannot base its claim on the resignation documents since it does not claim to have received the documents, taken any action based on the documents, or sustained damages as a result of the documents.

C. **The evidence should be excluded pursuant to FRE Rule 403**

The evidence should be excluded pursuant to FRE Rule 403 even if the evidence is relevant to Plaintiff's claims. The documents' probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues,

misleading the jury and wasting valuable trial time. Introduction of this evidence will distract the jury from the direct evidence and cause the jury to erroneously assume that it can find Mr. Iwamoto conspired against Plaintiff or award damages to Plaintiff based on the documents. The evidence should be excluded to prevent the jury from misconstruing or misapplying the evidence for those purposes since the record reflects the documents were not received by Plaintiff and did not induce Plaintiff to make shipments.

DATED: Honolulu, Hawaii July 3, 2006 .

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | CIVIL NO. 01-00187 MEA BMK (Tort and RICO)<br><br>CERTIFICATE OF SERVICE |

[2001556/305265]

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was duly served on the following parties listed below, through electronic transmission on July 3, 2006.

TIMOTHY J. HOGAN, ESQ.
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Attorney for Plaintiff
WHIRLPOOL CORPORATION

PAUL ALSTON, ESQ.
LOUISE K.Y. ING, ESQ.
Alston Hunt Floyd & Ing
1001 Bishop Street
Pacific Tower, 18th Floor
Honolulu, Hawaii 96813
Attorneys for Defendant
CIT GROUP/BUSINESS CREDIT, INC.

DATED: Honolulu, Hawaii, July 3, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO