AYABE, CHONG, NISHIMOTO,
SIA & NAKAMURA
A Limited Liability Law Partnership

JOHN S. NISHIMOTO 1820-0
CALVIN E. YOUNG 3278-0
GARY S. MIYAMOTO 3233-0
STEVEN L. GOTO 6041-0
Pauahi Tower, Suite 2500
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 537-6119
Facsimile No. (808) 526-3491
john.nishimoto@hawadvocate.com
calvin.young@hawadvocate.com
gary.miyamoto@hawadvocate.com

Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS | ) | CIVIL NO. 01-00187 MEA BMK (Tort and RICO)<br><br>DEFENDANT RAYMOND IWAMOTO'S **REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE # 6 RE: TO EXCLUDE EVIDENCE OF TESTIMONIES BY EDWIN BOWLING, FRANCES BOWLING, KURT GLASSMAN, MICHAEL CLIFFORD AND THEODORE PHELPS DURING BANKRUPTCY PROCEEDINGS**; CERTIFICATE OF SERVICE |

| | | |
|---|---|---|
| OR OTHER ENTITIES 1-20, | ) | |
| | ) | HEARING: |
| Defendants, | ) | |
| | ) | Date: ________ |
| and | ) | |
| | ) | Time: ________ |
| CG DEVELOPMENT, INC., F&J | ) | |
| MOVERS, and RENEE K. COSTA, | ) | Judge: ________ |
| | ) | |
| Additional Cross-Claim | ) | Trial Date: November 6, 2006 |
| Defendants. | ) | Judge: Hon. Marvin E. Aspen |
| | ) | |

[2001556/305319]

**DEFENDANT RAYMOND IWAMOTO'S REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE #6 RE: TO EXCLUDE EVIDENCE OF TESTIMONIES BY EDWIN BOWLING, FRANCES BOWLING, KURT GLASSMAN, MICHAEL CLIFFORD AND THEODORE PHELPS DURING BANKRUPTCY PROCEEDINGS**

## I. Argument

This Motion should be granted because Plaintiff has not shown that Mr. Iwamoto received notice of the examinations. The documents attached as Exhibits 1, 2 and 3 to Plaintiff's memorandum do not reflect that Mr. Iwamoto received notice of or attended the examinations.

Exhibit 1 to Plaintiff's memorandum consists of the first two pages from the transcript of Mr. Bowling's examination. Those pages do not state that Mr. Iwamoto was notified of the examination. Page 2 of Exhibit 1 only reflects that presence of counsel for Plaintiff, Mr. Bowling and CIT Group/Credit Finance, Inc. Contrary to Plaintiff's memorandum, Exhibit 1 does not state that Mark

Desmarais, Esq., attended Mr. Bowling's examination on Mr. Iwamoto's behalf (Plaintiff's memorandum, p. 1) or that Mr. Desmarais received notice of the examination.

Plaintiff attempts to mislead when it argues that Mr. Iwamoto received notice of Mr. Phelps' examination when Mr. Desmarais was notified of the examination. Plaintiff does not introduce evidence that Mr. Desmarais represented Mr. Iwamoto at the time of the examination. The certificate of service marked as Plaintiff's Exhibit 3 states Mr. Desmarais was served with the Order. However, Mr. Desmarais is not identified as counsel for Mr. Iwamoto. The certificate of service states Mr. Desmarais was counsel for "MidPac Lumber Co., Ltd., CG Investments, Inc., CG Development, Inc., and Kurt T. Glassman."

Mr. Phelps' examination cannot be introduced based on arguments that the Bankruptcy Court's Order notified Mr. Iwamoto of claims against him. (Plaintiff's memorandum, p. 2). The Order granted leave to examine Mr. Phelps but it did not state that Plaintiff contemplated filing claims against Mr. Iwamoto or that Plaintiff intended to examine Mr. Phelps concerning its claims against Mr. Iwamoto. The Order states that Mr. Phelps would be examined regarding different documents including Mr. Iwamoto's files. However, the Order did not provide notice of claims against Mr. Iwamoto since the examination was taking place in a bankruptcy proceeding involving MidPac Lumber Company, Ltd. ("MidPac").

Absent an express reference to claims against Mr. Iwamoto, the listing of Mr. Iwamoto's files only indicated that Plaintiff would be examining Mr. Phelps with respect to its claim against MidPac.

Plaintiff failed to address the legal authorities cited in Mr. Iwamoto's Motion. It has not shown that the examinations are admissible under FRE Rule 801(d)(1) FRE Rule 804(b)(1), and FRCP Rule 32(a). Even if the Court finds that Mr. Iwamoto received notice of the examinations, transcripts from the examinations should be excluded because Plaintiff has not shown that: (1) claims against Mr. Iwamoto were at issue at the time of the examination; and (2) the parties attending the examinations had a similar interest or motive to question the witnesses.

In light of the serious claims against Mr. Iwamoto and the substantial damages sought by Plaintiff, Mr. Iwamoto's right to a fair trial requires exclusion of the examinations from evidence because he has been denied an opportunity to cross-examine the witnesses as to Plaintiff's claims. It is inherently unfair and prejudicial to introduce the testimonies because the jury will only hear testimonies elicited by opposing counsel.

DATED: Honolulu, Hawaii, July 3, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | CIVIL NO. 01-00187 MEA BMK (Tort and RICO)<br><br>CERTIFICATE OF SERVICE |

[2001556/305319]

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was duly served on the following parties listed below, through electronic transmission on July 3, 2006.

TIMOTHY J. HOGAN, ESQ.
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Attorney for Plaintiff
WHIRLPOOL CORPORATION

PAUL ALSTON, ESQ.
LOUISE K.Y. ING, ESQ.
Alston Hunt Floyd & Ing
1001 Bishop Street
Pacific Tower, 18th Floor
Honolulu, Hawaii 96813
Attorneys for Defendant
CIT GROUP/BUSINESS CREDIT, INC.

DATED: Honolulu, Hawaii, July 3, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO