AYABE, CHONG, NISHIMOTO,
SIA & NAKAMURA
A Limited Liability Law Partnership

JOHN S. NISHIMOTO 1820-0
CALVIN E. YOUNG 3278-0
GARY S. MIYAMOTO 3233-0
STEVEN L. GOTO 6041-0
Pauahi Tower, Suite 2500
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 537-6119
Facsimile No. (808) 526-3491
john.nishimoto@hawadvocate.com
calvin.young@hawadvocate.com

Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20, | ) | CIVIL NO. 01-00187 MEA BMK (Tort and RICO)<br><br>DEFENDANT RAYMOND IWAMOTO'S **REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE #8 RE: TO EXCLUDE EVIDENCE OF HIS STATEMENT TO DEFENDANT CIT GROUP/BUSINESS CREDIT INC. ABOUT CONTACTING VENDORS OF MIDPAC LUMBER COMPANY, LTD.**; DECLARATION OF CALVIN E. YOUNG; EXHIBIT "A"; CERTIFICATE OF SERVICE |

| | | |
|---|---|---|
| Defendants, | ) | |
| | ) | HEARING: |
| and | ) | |
| | ) | Date: ______________________ |
| CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA, | ) | Time: ______________________ |
| Additional Cross-Claim Defendants. | ) | Judge: ______________________ |
| | ) | Trial Date: November 6, 2006 |
| | ) | Judge: Hon. Marvin E. Aspen |

[2001556/305336]

**DEFENDANT RAYMOND IWAMOTO'S MOTION IN LIMINE #8 RE: TO EXCLUDE EVIDENCE OF HIS STATEMENT TO DEFENDANT CIT GROUP/BUSINESS CREDIT INC. ABOUT CONTACTING VENDORS OF MIDPAC LUMBER COMPANY, LTD.**

I. **Argument**

A. **The evidence is irrelevant to Plaintiff's conspiracy claims**

This Motion should be granted because Plaintiff has not established the relevance of Mr. Iwamoto's statement to its conspiracy claims. Plaintiff has not introduced affidavits or exhibits demonstrating that Mr. Iwamoto made his statement as part of a conspiracy against the Plaintiff. It has not refuted the Motion's showing that Mr. Iwamoto's statement was made in good faith reliance on Mr. Glassman's representations that a billing error was inadvertent and that there was no fraud.

Instead of showing the relevance of the statement, Plaintiff attempts to mislead the Court through a series of allegations that are factually unsupported and

misstate the evidence. Plaintiff makes these allegations without any substantiating evidence as reflected by the absence of affidavits or exhibits attached to its memorandum despite deposing Mr. Iwamoto for 8 hours and conducting discovery for the last 5 years.

Plaintiff fails to introduce any evidence supporting its allegations that: (1) Mr. Iwamoto "falsely claimed there was nothing untoward at MidPac"; (2) He "turned a blind eye" to the "looting" of moneys; and (3) he was "fully aware" of alleged fraud within MidPac. (Plaintiff's memorandum, p. 2-3). The only evidence before the Court is Mr. Iwamoto's undisputed deposition testimony that he was unaware of any fraud within MidPac when the statement was made and that he acted in reliance on Mr. Glassman's representations. Mr. Iwamoto could not have known of any fraud and lacked grounds for distrusting Mr. Glassman since he did not control MidPac and was not involved in its operations. (Iwamoto deposition, p. 86/ln. 11-19 attached as Exhibit A to the Motion). Plaintiff **does not** introduce refuting evidence that shows Mr. Iwamoto was, in fact, aware of the alleged fraud within MidPac or the "looting" of moneys at the time of his statement[1].

---

[1] The Motion cannot be denied based on the documents attached as Exhibit 1 to Plaintiff's memorandum. The documents only reflect the identities of officers and directors of different corporations. Mr. Iwamoto's status as director and officer for some of the corporations does not refute or detract from his testimony that he was unaware of any alleged fraud and that he relied on Mr. Glassman's representations.

The record does not support Plaintiff misrepresentations concerning "Mr. Iwamoto's threats to CIT" (Plaintiff's memorandum, p. 2) and that Mr. Iwamoto threatened to sue CIT. (**Id.**, p. 3). Plaintiff does not introduce evidence showing that Mr. Iwamoto ever threatened CIT because Mr. Iwamoto's undisputed deposition testimony reflects he only cautioned CIT against making unsubstantiated accusations of fraud based on his concern that accusations of fraud would disrupt MidPac's operations and result in the loss of jobs for hundreds of persons. When read in context, Mr. Iwamoto's testimony confirms he did not "threaten" CIT:

> Now, I'm talking to CIT and saying be careful, because our relationship with our vendors is very important, a very valuable asset. So you cannot make false accusation to these vendors that will stop them from supporting the company. I'm fighting to keep this company going. I'm believing that this company—up to this point and I believe it, this company was making tons of money. You know? And the employees, you know, hundreds of employees would have lost their jobs and everything. I'm fighting for this company.

(Deposition of Raymond Iwamoto, p. 127/ln. 5-15 attached as Exhibit A to the Motion). Mr. Iwamoto refers to the disruption of the business operations and the loss of hundreds of jobs but he **does not** "threaten" CIT, state he would file lawsuits against CIT or take any action against CIT if MidPac's vendors were contacted.

Plaintiff fails to introduce evidence supporting its allegation that Mr. Iwamoto made his statement with the intent to "keep the fraud a secret."

(Plaintiff's memorandum, p. 3). It makes this allegation regarding Mr. Iwamoto's intent without addressing or refuting Mr. Iwamoto's deposition testimony that he was unaware of any fraud. Plaintiff does not explain how Mr. Iwamoto could have known of the alleged fraud or intended to conceal the fraud when the undisputed evidence shows that he relied on Mr. Glassman's representations that the billing error was inadvertent, there was no fraud, and that MidPac was making "tons of money"[2].

Plaintiff argues there was a conspiracy by making a vague reference to Mr. Iwamoto's "offer subsequently accepted by CIT[.]" (Plaintiff's memorandum, p. 3). It fails to introduce any evidence that: (1) explains what "offer" was made or accepted; or (2) establishes that Mr. Iwamoto ever made an "offer" to CIT. Mr. Iwamoto's deposition testimony reflects he never made an "offer" to CIT since he only cautioned CIT not to disrupt MidPac's operations or cause the loss of jobs by making unsubstantiated allegations of fraud.

This Motion cannot be denied based on Plaintiff's vague reference to a "letter" in the first complete paragraph of page 3 of its memorandum. The letter attached as Exhibit 2 to Plaintiff's Memorandum does not reflect that Mr.

---

[2] Plaintiff argues that MidPac was not making "tons of money." (Plaintiff's memorandum, p. 4). However, Plaintiff's argument is irrelevant because: (1) it does not dispute that Mr. Glassman told Mr. Iwamoto that MidPac was making "tons of money"; (2) Mr. Iwamoto relied on Mr. Glassman's representations; and (3) Mr. Iwamoto did not have grounds for disbelieving Mr. Glassman.

Iwamoto's "knowing participation in the fraud." (Plaintiff's memorandum, p. 3). The letter is irrelevant to the existence of fraud and whether Mr. Iwamoto participated in a fraud. The letter dated December 17, 1999 is from Plaintiff's counsel to Mr. Iwamoto and only asks Mr. Iwamoto not to contact Plaintiff's employees. The letter does not: (1) refer to Mr. Iwamoto's request to CIT or the existence of fraud; or (2) accuse Mr. Iwamoto of participating in a fraud.

Plaintiff attempts to mislead the Court by taking this letter out of context. The letter was written **6 months after** Mr. Iwamoto's statement to CIT. Plaintiff admits that the letter was unrelated to Mr. Iwamoto's statement because it states that the letter refers to Mr. Iwamoto's conversations with Plaintiff's employees "responsible for releasing orders under MidPac's Navy contract."[3] (See, page 3 of Plaintiff's "Opposition to Docket No. 795 Regarding Raymond Iwamoto's Motion in Limine No. 5 [sic] to Exclude Evidence of Financial Information, Statements and Records of MidPac Lumber Company, Ltd., CGBN, Inc., CG Investments, Inc., CG Acquisitions, Inc., CG Developments, Inc. and the Spectrum Entities" [filed June 26, 2006]). Plaintiff does not explain why this letter

---

[3] Mr. Iwamoto's alleged discussions with Plaintiff's employees are irrelevant to this lawsuit or the admissibility of Mr. Iwamoto's statement. Mr. Iwamoto did not induce Plaintiff's employees to ship merchandise to MidPac because Plaintiff no longer shipped merchandise on credit at the time. As of August 1, 1999, Plaintiff only shipped merchandise when payment was received in advance or on a cash-on-delivery basis. (Deposition of Carl Smith (Vol. II), p. 400/ln. 19-25; p. 401/ln. 1-8 attached hereto as Exhibit A).

would have any bearing on the admissibility of Mr. Iwamoto's statement when the letter: (1) was written **6 months after** the statement was made: (2) does not refer to Mr. Iwamoto's statement; and (3) involves the shipments needed for MidPac's contract with the Navy instead of Mr. Iwamoto's statement to CIT.

The balance of Plaintiff's memorandum consists of misstatements of the law. Plaintiff's citation to **Hashimoto v. Hahn**, 40 Haw. 354 (1953) is taken out of context. The case is distinguishable because: (1) the facts in that case reflected the existence of a conspiracy; and (2) the issue decided by the Court concerned the admissibility of similar "fleecings" previously committed by defendant and others. Plaintiff fails to inform the Court that the passage quoted in its memorandum was part of a larger passage that stated:

> Where it is charged that fraud has been committed by two or more persons pursuant to a combination or conspiracy for that purpose, the fraudulent combination and fraudulent motive may be inferred **from a series of successive transactions of the same character in respect to such a subject-matter**, and its not essential that such transactions should be contemporaneous or nearly so.

**Id.**, 40 Haw. at 361. (Emphasis added). When read in context, **Hashimoto v. Hahn**, **supra**, is distinguishable from the case at bar because it **does not** permit Plaintiff to introduce any and all evidence as it argues. The decision only allows the introduction of evidence concerning "successive transactions of the same character" to prove a "fraudulent combination and fraudulent motive". It has no

bearing in this lawsuit because Plaintiff has not proven the existence of a conspiracy or "successive transactions of the same character". Instead, Plaintiff seeks to introduce evidence of unrelated occurrences under the guise of conspiracy.

Mr. Iwamoto is not liable for conduct of others based on **Western Sunview Props., LLC v. Federman**, 338 F. Supp.2d 1106, 1122 (D. Haw. 2004). (Plaintiff's memorandum, p. 5). Plaintiff glosses over the significant portion of the quoted passage which states "[w]hen a conspiracy is established[.]" (**Id**.). The quoted passage, when read in its entirety, prevents Plaintiff from blaming Mr. Iwamoto for since Plaintiff has not established that Mr. Iwamoto was ever involved in a conspiracy against Plaintiff.

Plaintiff's reliance on **Salinas v. United States**, **supra**, is misplaced. (Plaintiff's memorandum, p. 6). It is consistent with the legal authorities cited in the Motion by confirming that a RICO conspiracy cannot be found unless there is a conspiracy agreement. The U.S. Supreme Court confirmed that the conspirators "must agree to pursue the same criminal objective[.]" **Id**., 522 U.S. at 63-64; 118 S. Ct. at 477. In the case at bar, Plaintiff has not introduced evidence establishing Mr. Iwamoto's agreement to pursue some criminal objective.

The evidence cannot be introduced based on arguments concerning the conspiracy's continuity when Mr. Iwamoto denies involvement in any conspiracy or fraudulent conduct. The evidence suggests that Mr. Glassman and

the Bowlings were involved in a conspiracy; however, the claims against Mr. Glassman and the Bowlings were bifurcated and shall be litigated separately.

Plaintiff also makes misrepresentations concerning Mr. Iwamoto's Motion. Plaintiff falsely claims that the Motion states Mr. Iwamoto did not contact MidPac's vendors. (Plaintiff's memorandum, p. 4). Mr. Iwamoto's Motion **did not** make that representation. It only stated that Mr. Iwamoto cautioned CIT not to contact MidPac's vendors.

**B. The evidence did not cause Plaintiff's damages**

The evidence should be excluded because Plaintiff has not shown that its damages were proximately caused by Mr. Iwamoto's statement. Plaintiff makes a vague reference to the alleged conversion of Whirlpool's collateral (Plaintiff's memorandum, p. 5) but Plaintiff has not introduced evidence establishing that Mr. Iwamoto's statement caused the alleged conversion of the collateral.

Plaintiff makes this argument without explaining how the statement could have caused the alleged conversion. . Mr. Iwamoto only testified that he cautioned CIT to not make unsubstantiated allegations to MidPac's vendors. Mr. Iwamoto's statement did not refer to Whirlpool's collateral or invite CIT to convert the collateral.

Plaintiff otherwise fails to address the facts and legal authorities cited in this Motion. It does not dispute that Mr. Iwamoto's statement did not induce

Plaintiff to make shipments or cause the loss of its security interest. It does not dispute that the law prevents Plaintiff from recovering damages from Mr. Iwamoto unless Mr. Iwamoto's conduct was a proximate cause of its damages.

### C. The evidence should be excluded pursuant to FRE Rule 403

The evidence should be excluded pursuant to FRE Rule 403 even if it is relevant to Plaintiff's claims. The probative value of Mr. Iwamoto's statement is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury and wasting valuable trial time. Introduction of this evidence will distract the jury from the direct evidence and cause the jury to erroneously assume that it can find Mr. Iwamoto conspired against Plaintiff or award damages to Plaintiff based on Mr. Iwamoto's statement. The evidence should be excluded to prevent the jury from misconstruing or misapplying the evidence for those purposes since the record reflects: (1) Mr. Iwamoto made his statement without knowledge of any fraud within MidPac; and (2) the statement did not cause damages claimed by Plaintiff.

DATED: Honolulu, Hawaii July 3, 2006 .

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | CIVIL NO. 01-00187 MEA BMK (Tort and RICO)<br><br>CERTIFICATE OF SERVICE |

[2001556/305336]

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was duly served on the following parties listed below, through electronic transmission on July 3, 2006 __________.

TIMOTHY J. HOGAN, ESQ.
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Attorney for Plaintiff
WHIRLPOOL CORPORATION

PAUL ALSTON, ESQ.
LOUISE K.Y. ING, ESQ.
Alston Hunt Floyd & Ing
1001 Bishop Street
Pacific Tower, 18th Floor
Honolulu, Hawaii 96813
Attorneys for Defendant
CIT GROUP/BUSINESS CREDIT, INC.

DATED: Honolulu, Hawaii, July 3, 2006 _________.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO