AYABE, CHONG, NISHIMOTO,
SIA & NAKAMURA
A Limited Liability Law Partnership

JOHN S. NISHIMOTO 1820-0
CALVIN E. YOUNG 3278-0
GARY S. MIYAMOTO 3233-0
STEVEN L. GOTO 6041-0
Pauahi Tower, Suite 2500
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 537-6119
Facsimile No. (808) 526-3491
john.nishimoto@hawadvocate.com
calvin.young@hawadvocate.com

Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20, | ) | CIVIL NO. 01-00187 MEA BMK<br>(Tort and RICO)<br><br>DEFENDANT RAYMOND IWAMOTO'S **REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE # 9 RE: TO EXCLUDE EVIDENCE THAT HE SERVED AS A DIRECTOR OF MIDPAC LUMBER COMPANY, LTD. FROM JANUARY 1, 1999 TO OCTOBER 22, 1999**; DECLARATION OF CALVIN E. YOUNG; EXHIBIT A; CERTIFICATE OF SERVICE |

| | | |
|---|---|---|
| Defendants, | ) | HEARING: |
| and | ) | Date: ____________ |
| CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA, | ) | Time: ____________ |
| | ) | Judge: ____________ |
| Additional Cross-Claim Defendants. | ) | Trial Date: November 6, 2006 |
| | ) | Judge: Hon. Marvin E. Aspen |

[2001556/305363]

**DEFENDANT RAYMOND IWAMOTO'S REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE #9 RE: TO EXCLUDE EVIDENCE THAT HE SERVED AS A DIRECTOR OF MIDPAC LUMBER COMPANY, LTD. FROM JANUARY 1, 1999 TO OCTOBER 22, 1999**

## I. Argument

### A. The evidence is irrelevant to Plaintiff's conspiracy claims

The Motion should be granted because Plaintiff has not shown that the evidence is relevant to its conspiracy claims. Plaintiff does not refute the Motion's showing that: (1) Mr. Iwamoto served as director as an accommodation to this client; (2) he did not exercise control over MidPac's operations; and (3) his conduct did not damage Plaintiff's security interest or induce Plaintiff to make shipments.

The legal authorities cited in the Motion refute Plaintiff's argument that liability can be imposed based on Mr. Iwamoto's role as MidPac's director. It is settled that liability cannot be based on mere involvement with third parties

because the law requires Plaintiff to prove that Mr. Iwamoto entered into a conspiracy agreement. It is settled that:

> **a defendant who did not agree to the commission of crimes constituting a pattern of racketeering activity is not in violation of section 1962(d), even though he is somehow affiliated with a RICO enterprise**, and neither is the defendant who agrees to the commission of two criminal acts but does not consent to the involvement of an enterprise. If either aspect of the agreement is lacking then there is insufficient evidence that the defendant embraced the objective of the alleged conspiracy. **Thus, mere association with the enterprise would not constitute §1962(d) violation**. In a RICO conspiracy, as in all conspiracies, agreement is essential.

**Baumer v. Pachl**, 8 F.3d 1341, 1346 (9th Cir. 1993).. (Emphasis added). Liability cannot be based on "mere association with [a RICO] enterprise" because RICO:

> **does not criminalize the actions of everyone who works for a RICO enterprise, nor does it bring within RICO everyone who commits what would be two predicate acts.** It only applies to those who participate in the conduct of the enterprise through a pattern of racketeering activity.

**Baumer v. Pachl**, 8 F.3d 1341, 1344-1345 (9th Cir. 1993); **Brouwer v. Raffensperger, Hughes & Co.**, 199 F.3d 961, 964, 965, 966 (7th Cir. 2000)).

There is no liability under Plaintiff's civil conspiracy claim absent proof of a conspiracy agreement because liability only exists when there is concerted action to accomplish an unlawful purpose. **Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transportation Company, Inc.**, 91 Haw. 224, 260-261, 982 P.2d 853 (1999). It is settled that:

> mere acquiescence or knowledge is insufficient to constitute a conspiracy **absent approval, cooperation or agreement**.

**Id.**, 91 Haw. 224, 260 fn. 44, 982 P.2d 853 (1999). (Emphasis added).

Plaintiff failed to introduce affidavits or exhibits establishing that Mr. Iwamoto entered into a conspiracy agreement by serving as a director. The only evidence before the Court is Mr. Iwamoto's undisputed testimony that: (1) he became a director as an accommodation to this client; and (2) he relied on Mr. Glassman's representations that there was no fraud and that MidPac was making "tons of money." (Deposition of Raymond Iwamoto, p. 61/ln. 24-25; p. 62/ln. 1-19; p. 127/ln. 1-12; p. 129/ln. 3-7; p. 209/ln. 22-25 attached as Exhibit A to the Motion). He was a director only by title because he was "never involved with operations or vendors or how much was owed[.]" (**Id.**, p. 137/ln. 1-3). He had no "no knowledge whatsoever" about "any of the operational things, where the inventory is[.]" (**Id.**, p. 150/ln. 5-9).

Like its other memoranda, Plaintiff failed to introduce any evidence supporting its spurious allegations against Mr. Iwamoto. There are no affidavits or exhibits establishing that Mr. Iwamoto was a "participant in conduct that led directly to Whirlpool's injuries." (Plaintiff's memorandum, p. 2-3). Plaintiff's Exhibit 1 is limited to documents identifying the officers and directors for different corporations which are not probative of the existence of any conspiracy agreement.

Plaintiff's Exhibit 2 is a letter from Plaintiff's counsel that asked Mr. Iwamoto not to contact Plaintiff's employees. However, counsel's letter is irrelevant because it is dated December 17, 1999 (2 months after Mr. Iwamoto resigned as director). The letter does not state that Mr. Iwamoto was acting in his capacity as MidPac's director and does not accuse Mr. Iwamoto of any RICO violation or fraudulent conduct. To the extent that Mr. Iwamoto's communicated with Plaintiff's employees in December 1999, Mr. Iwamoto's communications did not induce Plaintiff to make shipments because Plaintiff no longer shipped merchandise on credit at the time. As of August 1, 1999, Plaintiff only shipped merchandise when payment was received in advance or on a cash-on-delivery basis. (Deposition of Carl Smith (Vol. II), p. 400/ln. 19-25; p. 401/ln. 1-8 attached hereto as Exhibit A).

Plaintiff egregiously attempts to mislead the Court by arguing that Mr. Iwamoto knew that Mr. Glassman was engaged in "massive fraud" in June 1999. (Plaintiff's memorandum, p. 3). Plaintiff grossly misstates the record because there is no evidence supporting its representation as reflected by its total failure to introduce any supporting evidence. Furthermore, any alleged knowledge that Mr. Iwamoto may have had is irrelevant because conspiracy liability cannot exist without a conspiracy agreement (**Baumer v. Pachl, supra** and **Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transportation Company, Inc., supra**) or

based on mere acquiescence or knowledge. (**Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transportation Company, Inc., supra).**

Plaintiff also misleads the Court by stating that Mr. Iwamoto admits that "documents" are "evidence of mail fraud and wire fraud[.]" (Plaintiff's memorandum, p. 3). Its argument is a gross misrepresentation of the evidence because Mr. Iwamoto never made this admission at any time. Plaintiff does not identify the "documents" it referred to or cite to Mr. Iwamoto's deposition transcript or other evidence reflecting that Mr. Iwamoto ever made these admissions.

Plaintiff makes vague statements that Mr. Iwamoto "submitted false documents to the State of Hawaii." (Plaintiff's memorandum, p. 3). It does not identify the "documents", establish why the "documents were "false", or show how the "documents" are relevant to its claims or this Motion.

Plaintiff even misstates the circumstances of Mr. Iwamoto's deposition. It claims that Mr. Iwamoto was deposed as part of bankruptcy proceedings. (Plaintiff's memorandum, p. 3-4). Mr. Iwamoto was, in fact, deposed in this lawsuit instead of bankruptcy proceedings involving MidPac or any other entity.

Plaintiff's citation to **Hashimoto v. Hahn**, 40 Haw. 354 (1953) is taken out of context. The case is distinguishable because: (1) the facts in that case

reflected the existence of a conspiracy; and (2) the issue decided by the Court concerned the admissibility of similar "fleecings" previously committed by defendant and others. Plaintiff fails to inform the Court that the passage quoted in its memorandum was part of a larger passage that stated:

> Where it is charged that fraud has been committed by two or more persons pursuant to a combination or conspiracy for that purpose, the fraudulent combination and fraudulent motive may be inferred **from a series of successive transactions of the same character in respect to such a subject-matter**, and its not essential that such transactions should be contemporaneous or nearly so.

**Id.**, 40 Haw. at 361. (Emphasis added). When read in context, **Hashimoto v. Hahn**, **supra**, is distinguishable from the case at bar because it **does not** permit Plaintiff to introduce any and all evidence as it argues. The decision only allows the introduction of evidence concerning "successive transactions of the same character" to prove a "fraudulent combination and fraudulent motive". It has no bearing in this lawsuit because Plaintiff has not proven the existence of a conspiracy or "successive transactions of the same character". Instead, Plaintiff seeks to introduce evidence of unrelated occurrences under the guise of conspiracy.

Mr. Iwamoto is not liable for conduct of others based on **Western Sunview Props., LLC v. Federman**, 338 F. Supp.2d 1106, 1122 (D. Haw. 2004). (Plaintiff's memorandum, p. 5). Plaintiff glosses over the significant portion of the quoted passage which states "[w]hen a conspiracy is established[.]" (**Id.**). The

quoted passage, when read in its entirety, prevents Plaintiff from blaming Mr. Iwamoto for since Plaintiff has not established that Mr. Iwamoto was ever involved in a conspiracy against Plaintiff.

Plaintiff's reliance on **Salinas v. United States**, **supra**, is misplaced. (Plaintiff's memorandum, p. 6). It is consistent with the legal authorities cited in the Motion by confirming that a RICO conspiracy cannot be found unless there is a conspiracy agreement. The U.S. Supreme Court confirmed that the conspirators "must agree to pursue the same criminal objective[.]" **Id.**, 522 U.S. at 63-64; 118 S. Ct. at 477. In the case at bar, Plaintiff has not introduced evidence establishing Mr. Iwamoto's agreement to pursue some criminal objective.

It is Plaintiff's inclination to recklessly exaggerate and misrepresent the evidence that caused Mr. Iwamoto to file his Motions in Limine. Plaintiff must be prevented from resorting to the same exaggerations and misrepresentations during trial to mislead the jury to obtain an unjust verdict. The relevance standard in Rule 402 of the Federal Rules of Evidence ("FRE") must be strictly enforced to prevent Plaintiff from prosecuting its claims based on smoke and mirrors especially when it will impugns Mr. Iwamoto's character and reputation to recover substantial damages caused by Plaintiff's own negligence. This Court is urged to exclude the stock purchase agreements from evidence to prevent Plaintiff from

misleading the jury in light of Plaintiff's outright failure to make the basic showing of relevance in opposition to this Motion.

B. **The evidence is irrelevant to Plaintiff's claim for damages**

The evidence should be excluded because Plaintiff has not shown that the evidence is relevant to its claim for damages. It has not introduced evidence establishing that its damages were proximately caused by Mr. Iwamoto's actions as a director. Plaintiff has not introduced evidence that Mr. Iwamoto, in his capacity as director, harmed Plaintiff by inducing Plaintiff to make shipments or damaging its security interest.

Plaintiff failed to address the facts and legal authorities cited in this Motion. It does not dispute that the law prevents Plaintiff from recovering damages from Mr. Iwamoto unless Mr. Iwamoto's conduct as a director was a proximate cause of its damages.

This motion cannot be denied based on Plaintiff's arguments that Mr. Iwamoto owed duties as a director. (Plaintiff's memorandum, p. 2-3). Plaintiff does not explain why Mr. Iwamoto owed said duties to Plaintiff when Plaintiff does not claim to be a shareholder of MidPac.

C. **The evidence should be excluded pursuant to FRE Rule 403**

The evidence should be excluded pursuant to FRE Rule 403 even if it is relevant to Plaintiff's claims. The probative value of the evidence is

substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury and wasting valuable trial time. Introduction of this evidence will distract the jury from the direct evidence and cause the jury to erroneously assume that it can find Mr. Iwamoto conspired against Plaintiff or award damages to Plaintiff based on evidence that Mr. Iwamoto served as MidPac's director. The evidence should be excluded to prevent the jury from misconstruing or misapplying the evidence for those purposes since the record reflects: (1) Mr. Iwamoto served as director as an accommodation to his client; and (2) Plaintiff's damages were not caused by Mr. Iwamoto when he served as director.

DATED: Honolulu, Hawaii July 3, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | CIVIL NO. 01-00187 MEA BMK (Tort and RICO)<br><br>CERTIFICATE OF SERVICE |

[2001556/305363]

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was duly served on the following parties listed below, through electronic transmission on July 3, 2006.

TIMOTHY J. HOGAN, ESQ.
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Attorney for Plaintiff
WHIRLPOOL CORPORATION

PAUL ALSTON, ESQ.
LOUISE K.Y. ING, ESQ.
Alston Hunt Floyd & Ing
1001 Bishop Street
Pacific Tower, 18th Floor
Honolulu, Hawaii 96813
Attorneys for Defendant
CIT GROUP/BUSINESS CREDIT, INC.

DATED: Honolulu, Hawaii, July 3, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO