AYABE, CHONG, NISHIMOTO,
SIA & NAKAMURA
A Limited Liability Law Partnership

JOHN S. NISHIMOTO 1820-0
CALVIN E. YOUNG 3278-0
GARY S. MIYAMOTO 3233-0
STEVEN L. GOTO 6041-0
Pauahi Tower, Suite 2500
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 537-6119
Facsimile No. (808) 526-3491
john.nishimoto@hawadvocate.com
calvin.young@hawadvocate.com

Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20, | ) | CIVIL NO. 01-00187 MEA BMK<br>(Tort and RICO)<br><br>DEFENDANT RAYMOND IWAMOTO'S **REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE #10 RE: TO EXCLUDE EVIDENCE THAT MIDPAC LUMBER COMPANY, LTD. SOUGHT FINANCING FROM CITY BANK, EDWIN BOWLING AND GLENDA CORP.**;<br>CERTIFICATE OF SERVICE |

| | | |
|---|---|---|
| Defendants, | ) | HEARING: |
| and | ) | Date: __________ |
| | ) | Time: __________ |
| CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA, | ) | Judge: __________ |
| Additional Cross-Claim Defendants. | ) | Trial Date: November 6, 2006<br>Judge: Hon. Marvin E. Aspen |

[2001556/305392]

**DEFENDANT RAYMOND IWAMOTO'S REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE #10 RE: TO EXCLUDE EVIDENCE THAT MIDPAC LUMBER COMPANY, LTD. SOUGHT FINANCING FROM CITY BANK, EDWIN BOWLING AND GLENDA CORP.**

## I. Argument

### A. The evidence is irrelevant to Plaintiff's conspiracy claims

This Motion should be granted because Plaintiff has not shown that the evidence is relevant to its conspiracy claims. Plaintiff has not shown that the financing was part of any conspiracy against Plaintiff or that: (1) the financing induced shipments of inventory; or (2) harmed it security interest.

Plaintiff admits that Mr. Iwamoto is not liable for conspiracy unless Plaintiff proves that Mr. Iwamoto "agreed to the commission of certain unlawful acts and that Whirlpool [sustained] damages" as a result of the conspiracy. (Plaintiff's memorandum, p. 2). However, it failed to explain how evidence of MidPac's attempt to obtain financing establishes that Mr. Iwamoto entered into a

conspiracy agreement. Plaintiff does not deny that the attempts to obtain financing occurred **after**: (1) MidPac defaulted on its account; and (2) Plaintiff decided to make shipments only when payments were received in advance or on a cash-on-delivery basis. Plaintiff does not explain why events occurring after its damages were sustained are probative or cite legal authorities supporting that proposition.

Plaintiff makes vague references to "an overall fraud conspiracy" and to the "continuity of the RICO conspiracy". (Plaintiff's memorandum, p. 2). However, there is no evidence that Mr. Iwamoto was ever involved in a conspiracy or fraudulent conduct. Mr. Glassman and the Bowlings may have been involved in a conspiracy but claims against Mr. Glassman and the Bowlings are not being litigated.

The Motion should not be denied based on arguments that Mr. Iwamoto did not withdraw from the conspiracy. (Plaintiff's memorandum, p. 2, 3). The argument is misleading because Mr. Iwamoto was never involved in a conspiracy at any time. This is another instance in which Plaintiff makes frivolous and factually unsupported allegations to mislead the Court.

Plaintiff makes vague references to representations allegedly made by Messrs. Glassman and Phelps to "keep Whirlpool from taking actions adverse to defendants." (Plaintiff's memorandum, p. 3). It fails to introduce any evidence establishing that: (1) alleged representations were made; (2) Plaintiff was

considering whether to take action against the defendants; and (3) Plaintiff did not act as a result of the alleged representations.

Plaintiff also misleads the Court by arguing that Mr. Iwamoto allegedly defrauded City Bank. Plaintiff's argument is apparently based on Mr. Iwamoto's revision to his letter to City Bank. Mr. Iwamoto maintains the revision to his letter is irrelevant to this lawsuit because: (1) it does not reflect that he conspired against Plaintiff; and (2) the revision did not cause Plaintiff's damages whereas the letter was not received by Plaintiff, induce Plaintiff to make shipments or harm its security interest. He incorporates by reference the points and authorities in his Motion in Limine #4 Re: To Exclude Evidence of Mr. Iwamoto's Revision to His Letter to City Bank and the Reply Memorandum filed in reference to that Motion.

Plaintiff's memorandum includes misstatements of the law. Plaintiff's citation to **Hashimoto v. Hahn**, 40 Haw. 354 (1953) is taken out of context. The case is distinguishable because: (1) the facts in that case reflected the existence of a conspiracy; and (2) the issue decided by the Court concerned the admissibility of similar "fleecings" previously committed by defendant and others. Plaintiff fails to inform the Court that the passage quoted in its memorandum was part of a larger passage that stated:

> Where it is charged that fraud has been committed by two or more persons pursuant to a combination or conspiracy for that purpose, the fraudulent combination and fraudulent motive may be inferred **from a series of successive transactions of the same character in respect to such a subject-matter**, and its not essential that such transactions should be contemporaneous or nearly so.

**Id.**, 40 Haw. at 361. (Emphasis added). When read in context, **Hashimoto v. Hahn, supra**, is distinguishable from the case at bar because it **does not** permit Plaintiff to introduce any and all evidence as it argues. The decision only allows the introduction of evidence concerning "successive transactions of the same character" to prove a "fraudulent combination and fraudulent motive". It has no bearing in this lawsuit because Plaintiff has not proven the existence of a conspiracy or "successive transactions of the same character". Instead, Plaintiff seeks to introduce evidence of unrelated occurrences under the guise of conspiracy.

B. **The evidence is irrelevant to Plaintiff's claim for damages**

The evidence should be excluded because Plaintiff has not shown that attempts to obtain financing caused its damages. The attempts to obtain financing did not induce Plaintiff to make shipments since the balance owed by MidPac had already accrued when MidPac sought financing. Plaintiff does not deny that financing sought from City Bank, Edwin Bowling and Glenda Corp. occurred after: (1) MidPac defaulted on its account and (2) Plaintiff made shipments only when payments were received in advance or on a cash-on-delivery basis.

The evidence is also irrelevant to Plaintiff's RICO conspiracy claim. Plaintiff does not argue or introduced evidence showing that the attempts to obtain financing harmed its security interest.

C. **The evidence should be excluded pursuant to FRE Rule 403**

The evidence should be excluded pursuant to FRE Rule 403 even if it is relevant to Plaintiff's claims. The probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury and wasting valuable trial time. Introduction of this evidence will distract the jury from the direct evidence and cause the jury to erroneously assume that it can find Mr. Iwamoto conspired against Plaintiff or award damages to Plaintiff based on evidence concerning the attempt to obtain financing. The evidence should be excluded to prevent the jury from misconstruing or misapplying the evidence for those purposes since the record reflects: (1) the attempt to obtain financing was not illegal; and (2) the attempt to obtain financing did not cause Plaintiff's damages.

DATED: Honolulu, Hawaii July 3, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | CIVIL NO. 01-00187 MEA BMK (Tort and RICO)<br><br>CERTIFICATE OF SERVICE |

[2001556/305392]

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was duly served on the following parties listed below, through electronic transmission on July 3, 2006.

TIMOTHY J. HOGAN, ESQ.
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Attorney for Plaintiff
WHIRLPOOL CORPORATION

PAUL ALSTON, ESQ.
LOUISE K.Y. ING, ESQ.
Alston Hunt Floyd & Ing
1001 Bishop Street
Pacific Tower, 18th Floor
Honolulu, Hawaii 96813
Attorneys for Defendant
CIT GROUP/BUSINESS CREDIT, INC.

DATED: Honolulu, Hawaii, July 3, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO