AYABE, CHONG, NISHIMOTO,
SIA & NAKAMURA
A Limited Liability Law Partnership

JOHN S. NISHIMOTO 1820-0
CALVIN E. YOUNG 3278-0
GARY S. MIYAMOTO 3233-0
STEVEN L. GOTO 6041-0
Pauahi Tower, Suite 2500
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 537-6119
Facsimile No. (808) 526-3491
john.nishimoto@hawadvocate.com
calvin.young@hawadvocate.com

Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20, | ) | CIVIL NO. 01-00187 MEA BMK<br>(Tort and RICO)<br><br>DEFENDANT RAYMOND IWAMOTO'S **REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE <u>#12</u> RE: EXCLUDE EVIDENCE OF WAREHOUSE RECEIPT FORMS**; DECLARATION OF CALVIN E. YOUNG; EXHIBIT "A"; CERTIFICATE OF SERVICE |

| | | |
|---|---|---|
| Defendants, | ) | HEARING: |
| and | ) | Date: ______________ |
| | ) | Time: ______________ |
| CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA, | ) | Judge: ______________ |
| Additional Cross-Claim Defendants. | ) | Trial Date: November 6, 2006<br>Judge: Hon. Marvin E. Aspen |

[2001556/305459]

## DEFENDANT RAYMOND IWAMOTO'S REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE #12 RE: TO EXCLUDE EVIDENCE OF WAREHOUSE RECEIPT FORMS

### I. Argument

This Motion should be granted because Plaintiff has not shown that the warehouse receipt forms are relevant to its conspiracy claims. Plaintiff's opposition memorandum consists of allegations that are based on surmise and unsupported by the law and evidence.

Plaintiff does not explain why the warehouse receipt forms reflect the existence of a conspiracy agreement when the undisputed evidence is that Mr. Iwamoto provided the blank forms pursuant to his client's request. Plaintiff does not introduce any affidavits or exhibits showing that: (1) Mr. Iwamoto provided these forms with any intent to hide inventory or defraud Plaintiff or anyone else; and (2) Mr. Iwamoto inserted information into the forms. It is irrelevant whether

Mr. Glassman subsequently used the forms to defraud because Mr. Iwamoto did not have knowledge of how the forms were used.

Evidence that Mr. Iwamoto provided the warehouse receipt forms as part of his legal services does not reflect that Mr. Iwamoto entered into a conspiracy agreement. Plaintiff does not address or distinguish the legal authorities cited by Mr. Iwamoto which hold that conspiracy liability exists only when there is a conspiracy agreement and cannot be based solely on Mr. Iwamoto's involvement with third parties. Plaintiff must establish that the Mr. Iwamoto "intend[ed] to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense[.]" **Salinas v. United States**, 522 U.S. 52, 65, 118 S. Ct. 469, 477, 139 L.Ed.2d 352 (1997). Plaintiff must demonstrate that Mr. Iwamoto "was aware of the essential nature and scope of the enterprise and intended to participate in it." **Baumer v. Pachl**, 8 F.3d 1341, 1346 (9th Cir. 1993). Liability cannot be based on Mr. Iwamoto's legal services because:

> **a defendant who did not agree to the commission of crimes constituting a pattern of racketeering activity is not in violation of section 1962(d), even though he is somehow affiliated with a RICO enterprise**, and neither is the defendant who agrees to the commission of two criminal acts but does not consent to the involvement of an enterprise. If either aspect of the agreement is lacking then there is insufficient evidence that the defendant embraced the objective of the alleged conspiracy. **Thus, mere association with the enterprise would not constitute §1962(d) violation**. In a RICO conspiracy, as in all conspiracies, agreement is essential.

**Baumer v. Pachl, supra**. (Emphasis added). An attorney does not violate RICO by rendering legal services when he does not manage the RICO enterprise. **Id.**, 8 F.3d at 1344-1345. RICO does not "criminalize mere association with [a RICO] enterprise" (**Brouwer v. Raffensperger, Hughes & Co.**, 199 F.3d 961, 964, 965 (7th Cir. 2000)) because RICO:

> **does not criminalize the actions of everyone who works for a RICO enterprise, nor does it bring within RICO everyone who commits what would be two predicate acts.** It only applies to those who participate in the conduct of the enterprise through a pattern of racketeering activity.

***Id.***, 199 F.3d at 966. (Emphasis added).

Liability for a civil conspiracy to defraud also requires the existence of a conspiracy agreement. Liability exists only when there is concerted action to accomplish an unlawful purpose. **Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transportation Company, Inc.**, 91 Haw. 224, 260-261, 982 P.2d 853 (1999). The existence of a conspiracy agreement must be shown because:

> mere acquiescence or knowledge is insufficient to constitute a conspiracy absent approval, cooperation or agreement.

**Id.**, 91 Haw. at 260 fn. 44, 982 P.2d 853.

Like its other memoranda, Plaintiff makes reckless and factually unsupported allegations in an effort to distract the Court from the total absence of any evidence supporting its claims. Plaintiff fails to introduce evidence supporting its argument that the forms were actually used as part of a conspiracy. The only

evidence before this Court is the blank forms attached to this Motion. Plaintiff has not shown that the forms were actually used to defraud because: (1) it has not provided the Court with copies of the completed forms; and (2) it does not claim to have received or relied on the completed forms.

It alleges that Mr. Iwamoto used the forms to conceal Whirlpool's collateral. (Plaintiff's memorandum, p. 2). However, it fails to introduce any evidence that Mr. Iwamoto did more than provide the blank warehouse receipt forms. Plaintiff alleges that the warehouse receipt forms reflect that inventory being transferred were subject to its security interest (Plaintiff's memorandum, p. 2, 3) but it has not provided the Court with copies of the completed forms that support its allegation.

Plaintiff egregiously misleads the Court with statements concerning a facsimile by Rene Costa. (Plaintiff's memorandum, p. 2-3). Plaintiff falsely implies the facsimile concerned the warehouse receipt forms but it failed to inform the Court that a completely different document was sent by facsimile which was unrelated to the warehouse receipt forms and inventory. Its blatant attempt to mislead the Court is reflected by its failure to provide the Court with a copy of the facsimile. Attached hereto as Exhibit A is a copy of the facsimile referenced by

Plaintiff. It is correspondence from Prout & Thomas & Co. which does not refer to or have any bearing on the warehouse receipt forms or inventory[1].

The argument in the last paragraph on page 4 of Plaintiff's memorandum is unintelligible and blatantly frivolous. Whatever Mr. Glassman believed regarding the inventory is irrelevant to Mr. Iwamoto's state of mind and whether Mr. Iwamoto conspired against Plaintiff.

This Motion cannot be denied based on Mr. Iwamoto's billing statement attached as Plaintiff's Exhibit 1. The entries in the billing statement do not reflect the existence of a conspiracy agreement or that Mr. Iwamoto provided the warehouse receipt forms as part of a conspiracy. Plaintiff is speculating since it has not introduced any evidence establishing the substance of Mr. Iwamoto's telephone conversations with CIT on June 17, 1999 and Mr. Glassman on June 18, 1999. It has not introduced affidavits or exhibits supporting its innuendo that: (1) CIT "alerted Mr. Iwamoto" that the alleged fraud was "discovered"; or (2) Mr. Iwamoto created the forms for fraudulent purposes. (Plaintiff's memorandum, p. 2).

Plaintiff does not introduce any evidence supporting its vague argument: (1) regarding a conspiracy between CIT, Mr. Glassman and Iwamoto;

---

[1] Plaintiff later states the facsimile related to a "$800,000 false Spectrum receivable." (Plaintiff's memorandum, p. 4). However, it does not explain how the warehouse receipt forms have any relevance to the allegedly false receivable.

and (2) Mr. Iwamoto "worked feverishly with CIT to create a false paper trail". (Plaintiff's memorandum, p. 3). There is no evidence substantiating the existence of any conspiracy or that Mr. Iwamoto created a "false paper trail." Plaintiff does not describe the "false paper trail" or introduce evidence establishing its existence.

Plaintiff alleges that "CIT and Mr. Iwamoto began to work co-operatively against Whirlpool" (Plaintiff's memorandum, p. 4) but it failed to introduce any supporting evidence. Its conspiracy allegations are further examples of Plaintiff's reckless inclination to make frivolous and factually unsupported allegations to distract the Court from the meritlessness of its claims. Plaintiff's allegation are blatantly inconsistent with Plaintiff's other memoranda which alleged that Mr. Iwamoto conspired **against** CIT. (See, page 3 of Plaintiff's Opposition to Docket No. 795 Regarding Raymond Iwamoto's Motion in Limine No. 5 [sic] to Exclude Evidence of Financial Information, Statements, and Records of MidPac Lumber Company, Ltd., CGBN, Inc., CG Investments, Inc., CG Acquisitions, Inc., CG Development, Inc. and the Spectrum Entities filed June 26, 2006 and page 3 of Plaintiff's Opposition to Docket No. 797 Regarding Raymond Iwamoto's Motion in Limine No. 5 to Exclude Evidence of and Reference to Drafting of Documents Concerning the Resignation of Edwin Bowling as Officer and Director of MidPac Lumber Company, Ltd. filed June 26, 2006).

Plaintiff's memorandum reflects its willingness to make contradictory and factually unsupported allegations to recover damages. It is Plaintiff's inclination to recklessly exaggerate and misrepresent the evidence that caused Mr. Iwamoto to file his Motions in Limine. Plaintiff must be prevented from resorting to the same exaggerations and misrepresentations during trial to mislead the jury that Mr. Iwamoto was a conspirator to obtain an unjust verdict. The relevance standard in Rule 402 of the Federal Rules of Evidence ("FRE") must be strictly enforced to prevent Plaintiff from prosecuting its claims based on smoke and mirrors especially when it will impugns Mr. Iwamoto's character and reputation to recover substantial damages caused by Plaintiff's own negligence. This Court is urged to exclude the evidence to prevent Plaintiff from misleading the jury in light of Plaintiff's outright failure to make the basic showing of relevance in opposition to this Motion.

The balance of Plaintiff's memorandum consists of misstatements of the law. Plaintiff's citation to **Hashimoto v. Hahn**, 40 Haw. 354 (1953) is taken out of context. The case is distinguishable because: (1) the facts in that case reflected the existence of a conspiracy; and (2) the issue decided by the Court concerned the admissibility of similar "fleecings" previously committed by defendant and others. Plaintiff fails to inform the Court that the passage quoted in its memorandum was part of a larger passage that stated:

> Where it is charged that fraud has been committed by two or more persons pursuant to a combination or conspiracy for that purpose, the fraudulent combination and fraudulent motive may be inferred **from a series of successive transactions of the same character in respect to such a subject-matter**, and its not essential that such transactions should be contemporaneous or nearly so.

**Id**., 40 Haw. at 361. (Emphasis added). When read in context, **Hashimoto v. Hahn**, **supra**, is distinguishable from the case at bar because it **does not** permit Plaintiff to introduce any and all evidence as it argues. The decision only allows the introduction of evidence concerning "successive transactions of the same character" to prove a "fraudulent combination and fraudulent motive". It has no bearing in this lawsuit because Plaintiff has not proven the existence of a conspiracy or "successive transactions of the same character". Instead, Plaintiff seeks to introduce evidence of unrelated occurrences under the guise of conspiracy.

B. **The evidence did not cause Plaintiff's damages**

The evidence should be excluded because there is no evidence that the warehouse receipt forms caused Plaintiff's damages. The only evidence before this Court are the blank forms attached to this Motion. Plaintiff has not shown that it was defrauded by the forms since it does not allege that: (1) it was aware of the forms when it made shipments of inventory; (2) the forms induced shipments of inventory; or (3) it relied on the forms when it decided to make shipments.

Plaintiff does not address or refute the arguments in the Motion. It does not deny that it shipped inventory based on other factors including prior

payment history, the existence of a payment schedule, representations that future payments would be made, and its desire to meet its sales quota for Hawaii.

C. **The evidence should be excluded pursuant to FRE Rule 403**

The evidence should be excluded pursuant to FRE Rule 403 even if the evidence is relevant to Plaintiff's claims. Its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury and wasting valuable trial time. Introduction of this evidence will distract the jury from the direct evidence and cause the jury to erroneously assume that it can find Mr. Iwamoto conspired against Plaintiff or award damages to Plaintiff based on the warehouse receipts. The evidence should be excluded to prevent the jury from misconstruing or misapplying the evidence for those purposes since the record reflects the evidence did not cause Plaintiff's damages.

DATED: Honolulu, Hawaii July 3, 2006 .

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | CIVIL NO. 01-00187 MEA BMK (Tort and RICO)<br><br>CERTIFICATE OF SERVICE |

[2001556/305459]

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was duly served on the following parties listed below, through electronic transmission on July 3, 2006.

TIMOTHY J. HOGAN, ESQ.
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Attorney for Plaintiff
WHIRLPOOL CORPORATION

PAUL ALSTON, ESQ.
LOUISE K.Y. ING, ESQ.
Alston Hunt Floyd & Ing
1001 Bishop Street
Pacific Tower, 18th Floor
Honolulu, Hawaii 96813
Attorneys for Defendant
CIT GROUP/BUSINESS CREDIT, INC.

DATED: Honolulu, Hawaii, July 3, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO