AYABE, CHONG, NISHIMOTO,
SIA & NAKAMURA
A Limited Liability Law Partnership

JOHN S. NISHIMOTO 1820-0
CALVIN E. YOUNG 3278-0
GARY S. MIYAMOTO 3233-0
STEVEN L. GOTO 6041-0
Pauahi Tower, Suite 2500
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 537-6119
Facsimile No. (808) 526-3491
john.nishimoto@hawadvocate.com
calvin.young@hawadvocate.com

Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation, | ) | CIVIL NO. 01-00187 MEA BMK (Tort and RICO) |
| Plaintiff, | ) | DEFENDANT RAYMOND IWAMOTO'S **AMENDED REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE #7 RE: TO EXCLUDE EVIDENCE OF MIDPAC LUMBER COMPANY, LTD.'S CONTRACT WITH THE UNITED STATES NAVY**; DECLARATION OF CALVIN E. YOUNG; EXHIBIT "A"; CERTIFICATE OF SERVICE |
| vs. | ) | |
| CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20, | ) | |

| | | |
|---|---|---|
| Defendants, | ) | HEARING: |
| and | ) | Date: ________________ |
| | ) | Time: ________________ |
| CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA, | ) | Judge: ________________ |
| Additional Cross-Claim Defendants. | ) | Trial Date: November 6, 2006<br>Judge: Hon. Marvin E. Aspen |

[2001556/305326]

**DEFENDANT RAYMOND IWAMOTO'S AMENDED REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE #7 RE: TO EXCLUDE EVIDENCE OF MIDPAC LUMBER COMPANY, LTD.'S CONTRACT WITH THE UNITED STATES NAVY**

## I. Argument

### A. The evidence is irrelevant to Plaintiff's claims against Mr. Iwamoto

This Motion should be granted because Plaintiff has not shown that the Navy contract is relevant to its conspiracy claims against Mr. Iwamoto. The documents attached to Plaintiff's memorandum are irrelevant because they refer to events in December 1999 which was 5 months after Plaintiff discontinued shipments on credit and made shipments only when there was payment in advance or on a cash-on-delivery ("COD") basis. (Deposition of Carl Smith (Vol. II), p. 400/ln. 19-25; p. 401/ln. 1-8 attached hereto as Exhibit A).

Plaintiff only makes a vague argument that the contract is relevant to "RICO continuity of the enterprise" in which Mr. Iwamoto was allegedly involved. (Plaintiff's memorandum, p. 2). However, Plaintiff does not explain why the contract is probative of its claims against Mr. Iwamoto when it does not dispute Mr. Iwamoto's showing that he was not involved with and had little information regarding the Navy contract. The documents attached to Plaintiff's memorandum are not probative of a continuity of the enterprise since they appliances to be supplied to the Navy in December 1999 (5 months after it stopped shipping appliances on credit).

The Declaration of Ernie Matlock is irrelevant. Mr. Matlock only refers to a conversation with Messrs. Phelps, Glassman, and Iwamoto in December 1999 in which Plaintiff was allegedly asked to make shipments for the Navy contract. As of December 1999, Plaintiff only released shipments when payment was received in advance or on a COD basis. (Deposition of Carl Smith (Vol. II), p. 400/ln. 19-25; p. 401/ln. 1-8 attached hereto as Exhibit A). Mr. Matlock **does not** state that Plaintiff was induced to make shipments without payment in advance or without an agreement would be made on a COD basis.

The U.S. Supreme Court's decision in **Anza v. Ideal Steel Supply Corp.**, ___ U.S. ___ (No. 04-433 June 5, 2006), requires the exclusion of this evidence because it confirmed that an alleged RICO violation is not actionable

unless there is a "direct causal connection" between the violation and claimed damages. (Slip op., p. 8). The Court wrote:

> There is no need to broaden the universe of actionable harms to permit RICO suits by parties who have been injured only indirectly.

(**Id**.). The issue is "whether the alleged violation led directly to the plaintiff's injuries." (Slip op., p. 9). There must be a "direct causal connection" because the defendants should not be subject to an "infinite liability for all wrongful acts[.]" **Holmes v. Securities Investor Protection Corporation**, 503 U.S. 258, 266 fn. 10, 112 S. Ct. 1311, 1316 fn. 10 (1992)).

Allowing the jury to consider the evidence in the case at bar flies in the face of **Anza v. Ideal Steel Supply Corp., supra**, since there is no "direct causal connection between an alleged RICO violation and Plaintiff's damages. Any shipment for the Navy contract would not increase the amount owed to Plaintiff because Plaintiff made shipments only when payments were received in advance or on a COD basis.

Plaintiff's memorandum includes misstatements of the law. Plaintiff's citation to **Hashimoto v. Hahn**, 40 Haw. 354 (1953) is taken out of context. The case is distinguishable because: (1) the facts in that case reflected the existence of a conspiracy; and (2) the issue decided by the Court concerned the admissibility of similar "fleecings" previously committed by defendant and others.

Plaintiff fails to inform the Court that the passage quoted in its memorandum was part of a larger passage that stated:

> Where it is charged that fraud has been committed by two or more persons pursuant to a combination or conspiracy for that purpose, the fraudulent combination and fraudulent motive may be inferred **from a series of successive transactions of the same character in respect to such a subject-matter**, and its not essential that such transactions should be contemporaneous or nearly so.

**Id.**, 40 Haw. at 361. (Emphasis added). When read in context, **Hashimoto v. Hahn**, **supra**, is distinguishable from the case at bar because it **does not** permit Plaintiff to introduce any and all evidence as it argues. The decision only allows the introduction of evidence concerning "successive transactions of the same character" to prove a "fraudulent combination and fraudulent motive". It has no bearing in this lawsuit because Plaintiff has not proven the existence of a conspiracy or "successive transactions of the same character". Instead, Plaintiff seeks to introduce evidence of unrelated occurrences under the guise of conspiracy.

B. **The evidence should be excluded pursuant to FRE Rule 403**

The evidence should be excluded pursuant to FRE Rule 403 even if the contract is relevant to Plaintiff's claims. Its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury and wasting valuable trial time. Introduction of this evidence will distract the jury from the direct evidence and cause the jury to erroneously assume that it

can find Mr. Iwamoto conspired against Plaintiff or award damages to Plaintiff based on the contract. The evidence should be excluded to prevent the jury from misconstruing or misapplying the evidence for those purposes since the record reflects the contract did not cause Plaintiff's damages.

DATED: Honolulu, Hawaii July 3, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO