AYABE, CHONG, NISHIMOTO,
SIA & NAKAMURA
A Limited Liability Law Partnership

JOHN S. NISHIMOTO 1820-0
CALVIN E. YOUNG 3278-0
GARY S. MIYAMOTO 3233-0
STEVEN L. GOTO 6041-0
Pauahi Tower, Suite 2500
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 537-6119
Facsimile No. (808) 526-3491
john.nishimoto@hawadvocate.com
calvin.young@hawadvocate.com

Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20, | ) | CIVIL NO. 01-00187 MEA BMK<br>(Tort and RICO)<br><br>DEFENDANT RAYMOND IWAMOTO'S **REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE #14 RE: TO EXCLUDE LAY AND EXPERT OPINIONS REGARDING THE STANDARD OF CARE FOR ATTORNEYS, DEFENDANT RAYMOND IWAMOTO'S CONDUCT, MONEY LAUNDERING, FRAUD AND ALLEGED VIOLATIONS OF THE**<br><br>[CAPTION CONTINUES] |

| | |
|---|---|
| Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | **RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT**; CERTIFICATE OF SERVICE<br><br>HEARING:<br><br>Date: ______________<br><br>Time: ______________<br><br>Judge: ______________<br><br>Trial Date: November 6, 2006<br>Judge: Hon. Marvin E. Aspen |

[2001556/305546]

**DEFENDANT RAYMOND IWAMOTO'S REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE #14 RE: TO EXCLUDE LAY AND EXPERT OPINIONS REGARDING THE STANDARD OF CARE FOR ATTORNEYS, DEFENDANT RAYMOND IWAMOTO'S CONDUCT, MONEY LAUNDERING, FRAUD AND ALLEGED VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT**

This Motion should be granted because Plaintiff does not oppose the exclusion of lay and expert opinion testimony. Plaintiff's memorandum states that this Motion "appears unnecessary." (Plaintiff's memorandum, p. 2). The last sentence of Plaintiff's memorandum suddenly states the Motion should be denied (**Id.**, p. 4); however, Plaintiff fails to state grounds for denying this Motion when it violated the Court's Rule 16 Scheduling Order ("Scheduling Order") filed December 5, 2001 by failing to identify expert witnesses and provide disclosure of expert opinions.

Plaintiff cannot introduce expert witness testimony as rebuttal testimony. (Plaintiff's memorandum, p. 4). The introduction of expert witness testimony would violate the Scheduling Order, Rule 26 of the Federal Rules of Civil Procedure, and Mr. Iwamoto's right to due process and a fair trial. Trial would be reduced to ambush and gamesmanship because Plaintiff failed to disclose the identities of its experts and the substance and grounds of their testimonies. Plaintiff cannot name experts or disclose expert testimony on the eve of trial because Mr. Iwamoto would be denied any opportunity to conduct discovery and prepare his defense to the new experts and their opinions.

Plaintiff stipulates to the exclusion of testimonies of Debra Clawson and Carl Smith regarding the "conduct of attorneys". (Plaintiff's memorandum, p. 2). However, the Order should exclude opinion testimonies of all lay and expert witnesses regarding an attorney's standard of care, Mr. Iwamoto's conduct, money laundering, fraud and alleged violations of the Racketeer Influenced and Corrupt Organizations Act because this was the scope of Mr. Iwamoto's Motion. The Motion should be granted in its entirety as to all witnesses.

Plaintiff questions the merits of Mr. Iwamoto's argument concerning questions regarding money laundering. (Plaintiff's memorandum, p. 3). Plaintiff is correct that Federal law was invoked when Mr. Smith was asked whether law enforcement officials were notified. However, Plaintiff fails to inform this Court

that the attorney-client privilege was invoked when Mr. Smith was asked: (1) the basis for concerns that MidPac and Maui Home Supply were engaged in money laundering; (2) whether subsequently obtained information would have affected Plaintiff's investigation; (3) the reasons why he was concerned that MidPac was paying balances owed by Maui Home Supply; (4) whether transactions with MidPac and Maui Home Supply were "red-flagged" for money laundering concerns; (5) the identities of persons associated with MidPac and Maui Home Supply who were involved with money laundering; and (6) the identity of the person investigating whether money laundering was taking place.

Plaintiff's representations regarding Mr. Smith's testimony must be stricken because it is irrelevant to this Motion and grossly misstates the record. Magistrate Barry Kurren ordered Mr. Smith to return to Honolulu for his deposition when he granted CIT's Motion to Compel Further Individual and 30(b)(6) Deposition Testimony From Carl Smith filed January 16, 2003 ("CIT's Motion") and granted in part Defendant Michael Clifford's Motion to Compel the Deposition of Carl Smith and 30(b)(6) Deposition Testimony and for Sanctions filed January 16, 2003 ("Clifford's Motion"). CIT's Motion was based on glaring deficiencies in Mr. Smith's deposition:

- Mr. Smith improperly asserted the attorney-client privilege in response to questions that sought factual information.

- Mr. Smith was inadequately prepared to testify and he repeatedly claimed to have no knowledge of factual issues that directly pertained to Whirlpool's allegations against CIT and other Defendants.

- Mr. Smith expressly admitted that he had taken no steps to verify the accuracy of the interrogatory answers he had signed on behalf of Whirlpool, however, after consulting with his attorneys, Mr. Smith recanted his admission and then testified to having taken steps to verify the accuracy of the interrogatory answers.

- Mr. Smith also recanted all prior testimony regarding his personal knowledge or matters raised in Whirlpool's interrogatory answers, and he further testified that he would need to hear each question again in order to give accurate testimony.

- Mr. Smith terminated his deposition before CIT had an opportunity to re-question him in his individual capacity on the testimony he had recanted, and before CIT had the opportunity to ask any questions of Smith in his Rule 30(b)(6) capacity.

(CIT's Motion, p. 2-3). Clifford's Motion was filed as a result of:

- Mr. Smith's improper refusal to answer numerous deposition questions upon his assertion of the attorney/client' privilege in his personal deposition and/or [Whirlpool's] counsel's instruction to Mr. Smith not to answer certain questions on the basis of the attorney-client privilege; and

- Whirlpool's failure to adequately prepare Carl Smith to answer deposition questions for which he was designated as a 30(b)(6) representative of Whirlpool

(Clifford's Motion, p. 2).

Like its other memoranda, Plaintiff resorts to misstatements of facts to distract the Court's attention. Plaintiff frivolously argues that defense counsel should be admonished (Plaintiff's memorandum, p. 3); however, Plaintiff fails to

explain why there should be an admonition when Magistrate Kurren sustained (not overruled) the objections to Mr. Smith's assertion of privilege and, as Plaintiff admits, ordered Mr. Smith to return to Honolulu for further deposition. A further deposition of Mr. Smith would have been totally unnecessary if Mr. Smith (whether coached by counsel or not) did not erroneously invoke the attorney-client privilege to prevented disclosure of relevant information concerning Plaintiff's claim.

Plaintiff frivolously argues there was "confusion over the attorney-client privilege" by Mr. Smith. (Plaintiff's memorandum, p. 3). During Mr. Smith's deposition, Plaintiff's counsel evidently agreed with Mr. Smith's assertion of privilege because: (1) he gave instructions to Mr. Smith not to disclose attorney-client communications; and (2) counsel made no effort to correct Mr. Smith's "confusion" during the first round of depositions. Magistrate Kurren's ruling confirms that Mr. Smith's assertion of privilege was not "blown out of proportion" (Plaintiff's memorandum, p. 3) whereas Magistrate Kurren sustained defendants' objections and ordered Mr. Smith to return to Honolulu for further depositions.

It is irrelevant whether defense counsel questioned Mr. Smith during the second round of depositions since questioning by other counsel covered the same issues that defense counsel would have raised. If defense counsel repeated

the same questions, Plaintiff would have certainly objected to the questioning as having been asked and answered.

DATED: Honolulu, Hawaii, July 3, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | CIVIL NO. 01-00187 MEA BMK (Tort and RICO)<br><br>CERTIFICATE OF SERVICE |

[2001556/305546]

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was duly served on the following parties listed below, through electronic transmission on July 3, 2006.

TIMOTHY J. HOGAN, ESQ.
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Attorney for Plaintiff
WHIRLPOOL CORPORATION

PAUL ALSTON, ESQ.
LOUISE K.Y. ING, ESQ.
Alston Hunt Floyd & Ing
1001 Bishop Street
Pacific Tower, 18th Floor
Honolulu, Hawaii 96813
Attorneys for Defendant
CIT GROUP/BUSINESS CREDIT, INC.

DATED: Honolulu, Hawaii, July 3, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO