AYABE, CHONG, NISHIMOTO,
SIA & NAKAMURA
A Limited Liability Law Partnership

JOHN S. NISHIMOTO 1820-0
CALVIN E. YOUNG 3278-0
GARY S. MIYAMOTO 3233-0
STEVEN L. GOTO 6041-0
Pauahi Tower, Suite 2500
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 537-6119
Facsimile No. (808) 526-3491
john.nishimoto@hawadvocate.com
calvin.young@hawadvocate.com

Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20, | ) | CIVIL NO. 01-00187 MEA BMK (Tort and RICO)<br><br>DEFENDANT RAYMOND IWAMOTO'S REPLY MEMORANDUM IN SUPPORT OF **MOTION IN LIMINE #3 RE: TO EXCLUDE EVIDENCE OF INVESTOR MEMORANDUM FROM CGB ENTERPRISES**; DECLARATION OF CALVIN E. YOUNG; EXHIBITS "A"-"B"; CERTIFICATE OF SERVICE |

| | | |
|---|---|---|
| Defendants, | ) | HEARING: |
| and | ) | Date: ____________ |
| | ) | Time: ____________ |
| CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA, | ) | Judge: ____________ |
| Additional Cross-Claim Defendants. | ) | Trial Date: November 6, 2006<br>Judge: Hon. Marvin E. Aspen |

[2001556/305174]

**DEFENDANT RAYMOND IWAMOTO'S REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE #3 RE: TO EXCLUDE EVIDENCE OF INVESTOR MEMORANDUM FROM CGB ENTERPRISES**

## I. Argument

### A. The Investor Memorandum is irrelevant because it did not cause Plaintiff's damages

This Motion should be granted because Plaintiff has not shown that the Investor Memorandum ("Memorandum") is relevant to its conspiracy claims. Plaintiff has not established any nexus between Memorandum and its damages because it has never alleged that: (1) it received the Memorandum before it shipped inventory; (2) it made shipments in reliance on the Memorandum; or (3) it invested moneys into CGB Enterprises.

The Memorandum dated September 1999 could not have fraudulently induced Plaintiff to ship inventory. As of **August 1, 1999**, Plaintiff discontinued shipments on credit whereas it made shipments only when payment was received

in advance or on a cash-on-delivery ("COD") basis. (Deposition of Carl Smith (Vol. II), p. 400/ln. 19-25; p. 401/ln. 1-8 attached hereto as Exhibit B). As a result of Plaintiff's decision, the balance owed by MidPac and Maui Home Supply should not have increased after August 1, 1999 because Plaintiff received payments for all shipments.

Plaintiff does not address or distinguish the legal authorities cited in the Motion which hold that damages for conspiracy are only recoverable only when the damages were proximately caused by the wrongful conduct. **Ideal Steel Supply Corp.**, ___ U.S. ___ (No. 04-433 June 5, 2006); **Gibo v. City & County of Honolulu**, 51 Haw. 299, 459 P.2d 198 (1969). In **Anza v. Ideal Steel Supply Corp., supra**, the U.S. Supreme Court held there must be a "direct causal connection" between the RICO violation and claimed damages because "the alleged violation [must have] led directly to the plaintiff's injuries." (Slip op., p. 9).

In the case at bar, Plaintiff cannot establish a "direct causal connection" between the Memorandum and its damages since it did not see or rely upon the Memorandum when making shipments. Plaintiff does not deny that it decided to make shipments for reasons unrelated to the Memorandum including prior payment history, the existence of a payment schedule, representations that future payments would be made, and its desire to meet its sales quota for Hawaii.

B. **The evidence is not relevant to Plaintiff's conspiracy claims**

Evidence of the Memorandum should be excluded because it does not reflect that Mr. Iwamoto was involved in a RICO or civil conspiracy. Plaintiff fails to introduce any evidence supporting its allegations that the Memorandum is "filled with falsehoods[.]" It makes this allegation without identifying specific statements that were "falsehoods" or introducing evidence establishing that the statements were, in fact, false.

This Motion cannot be denied based on the time entries in the billing statement attached as Exhibit 1 to Plaintiff's memorandum. The billing statement should be disregarded as Plaintiff has not introduced any evidence establishing that the "investor agreement" referenced in the statement was, in fact, the CGB Enterprises Memorandum instead of a different document[1]. During Mr. Iwamoto's deposition, Plaintiff questioned Mr. Iwamoto regarding the Memorandum but it **did not** confront Mr. Iwamoto with his billing statement or ask him to confirm whether the Memorandum was the same document as the "investor agreement" referenced in the billing statement.

The "investor agreement" is not the same document as the Memorandum. Mr. Iwamoto's time entries dated September 3, 1999 and September 4, 1999 refer to an "investor agreement" instead of investment circulars

[1] Plaintiff's argument assumes that the Memorandum was drafted in September 1999 but there is no evidence supporting that assumption.

or solicitations like the one attached as Exhibit A to this Motion. The "investor agreement" is a different document because it addressed the terms and conditions of investments by specific individuals. Investment circulars like the Memorandum are distributed to the general public as solicitations for investments.

The investor agreement was prepared in anticipation that Edwin Bowling or others would invest moneys into MidPac. In September 1999, Kurt Glassman informed Mr. Iwamoto that:

> Mr. Bowling would put some money back into the company, and the wait it was coming in was through this Glenda Corp.

(Deposition of Raymond Iwamoto, p. 187/ln. 9-21 attached hereto as Exhibit B). Mr. Iwamoto stated:

> At the same time that Kurt Glassman was saying and Mr. Bowling were saying that the money was coming in through the Glenda Corp. channel, just as a Plan B, if that money didn't materialize, Kurt [Glassman] was talking to, I think, one or two of his associates that he knew might be interested in investing. That's all I know.

(**Id**., p. 188/ln. 3-12). MidPac sought funding through investments from Mr. Bowling/Glenda Corp and a bank loan from City Bank. (**Id**., p. 196/ln. 2-13). However, City Bank did not fund its loan after Mr. Bowling/Glenda Corp. failed to invest moneys into MidPac. (**Id**., p. 198/ln. 25; p. 199/ln. 1-6).

Evidence of potential investments by Mr. Bowling/Glenda Corp. establishes that Mr. Iwamoto would have drafted a stock purchase agreement instead of an investment circular like the Memorandum. This is consistent with

Mr. Iwamoto's testimony that he and the attorneys with his firm **did not** draft the Memorandum. Plaintiff does not dispute Mr. Iwamoto's testimony that:

- he "had no input at all into the creation of this document." (Deposition of Raymond Iwamoto, p. 185/ln. 20-25 attached as Exhibit B to Motion);
- he did not know who drafted the Memorandum (**Id**., p. 184/ln. 14-18);
- he and his firm **were not** asked to review the Memorandum (**Id**., p. 183/ln. 20-24); and
- Mr. Iwamoto did not have discussions with Mr. Glassman concerning the Memorandum. (**Id**., p. 184/ln. 21-23).

Plaintiff's memorandum did not rebut Mr. Iwamoto's testimony through other citations to his deposition transcript or other evidence.

The balance of Plaintiff's memorandum consists of misstatements of the law. Plaintiff's citation to **Hashimoto v. Hahn**, 40 Haw. 354 (1953) is taken out of context. The case is distinguishable because: (1) the facts in that case reflected the existence of a conspiracy; and (2) the issue decided by the Court concerned the admissibility of similar "fleecings" previously committed by defendant and others. Plaintiff fails to inform the Court that the passage quoted in its memorandum was part of a larger passage that stated:

> Where it is charged that fraud has been committed by two or more persons pursuant to a combination or conspiracy for that purpose, the fraudulent combination and fraudulent motive may be inferred **from a series of successive transactions of the same character in respect**

> **to such a subject-matter**, and its not essential that such transactions should be contemporaneous or nearly so.

**Id**., 40 Haw. at 361. (Emphasis added). When read in context, **Hashimoto v. Hahn**, **supra**, is distinguishable from the case at bar because it **does not** permit Plaintiff to introduce any and all evidence as it argues. The decision only allows the introduction of evidence concerning "successive transactions of the same character" to prove a "fraudulent combination and fraudulent motive". It has no bearing in this lawsuit because Plaintiff has not proven the existence of "successive transactions of the same character". Instead, Plaintiff seeks to introduce evidence of unrelated occurrences under the guise of conspiracy.

Mr. Iwamoto is not liable for conduct of others based on **Western Sunview Props., LLC v. Federman**, 338 F. Supp.2d 1106, 1122 (D. Haw. 2004). (Plaintiff's memorandum, p. 5). Plaintiff glosses over the significant portion of the quoted passage which states "[w]hen a conspiracy is established[.]" (**Id**.). The quoted passage, when read in its entirety, prevents Plaintiff from blaming Mr. Iwamoto for since Plaintiff has not established that Mr. Iwamoto was ever involved in a conspiracy against Plaintiff.

The evidence cannot be introduced based on arguments concerning the conspiracy's continuity when Mr. Iwamoto denies involvement in any conspiracy or fraudulent conduct. The evidence suggests that Mr. Glassman and

the Bowlings were involved in a conspiracy; however, claims against Mr. Glassman and the Bowlings are not being litigated.

It is Plaintiff's inclination to recklessly exaggerate and misrepresent the evidence that caused Mr. Iwamoto to file his Motions in Limine. Plaintiff must be prevented from resorting to the same exaggerations and misrepresentations during trial to mislead the jury to obtain an unjust verdict. The relevance standard in Rule 402 of the Federal Rules of Evidence ("FRE") must be strictly enforced to prevent Plaintiff from prosecuting its claims based on smoke and mirrors especially when it will impugns Mr. Iwamoto's character and reputation to recover substantial damages caused by Plaintiff's own negligence. This Court is urged to exclude the evidence to prevent Plaintiff from misleading the jury in light of Plaintiff's outright failure to make the basic showing of relevance in opposition to this Motion.

C. **The evidence should be excluded pursuant to FRE Rule 403**

The memorandum should be excluded pursuant to FRE Rule 403 even if the evidence is relevant to Plaintiff's claims. The probative value of the Memorandum is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury and wasting valuable trial time. Introduction of this evidence will distract the jury from the direct evidence and cause the jury to erroneously assume that it can find Mr. Iwamoto conspired

against Plaintiff or award damages to Plaintiff based on the Memorandum. The evidence should be excluded to prevent the jury from misconstruing or misapplying the evidence for those purposes since the record reflects: (1) Mr. Iwamoto was not involved in drafting or distributing the Memorandum; (2) Plaintiff did not receive the Memorandum or make shipments in reliance on the Memorandum; and (3) Plaintiff did not invest moneys or sustain damages as a result of the Memorandum.

DATED: Honolulu, Hawaii, July 3, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | CIVIL NO. 01-00187 MEA BMK<br>(Tort and RICO)<br><br>CERTIFICATE OF SERVICE<br><br>Trial Date: November 6, 2006<br>Judge: Hon. Marvin E. Aspen |

[2001556/305174]

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was duly served on the following parties listed below, through electronic transmission on July 3, 2006.

TIMOTHY J. HOGAN, ESQ.
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Attorney for Plaintiff
WHIRLPOOL CORPORATION

PAUL ALSTON, ESQ.
LOUISE K.Y. ING, ESQ.
Alston Hunt Floyd & Ing
1001 Bishop Street
Pacific Tower, 18th Floor
Honolulu, Hawaii 96813
Attorneys for Defendant
CIT GROUP/BUSINESS CREDIT, INC.

DATED: Honolulu, Hawaii, July 3, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO