Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON 1126-0
LOUISE K. Y. ING 2394-0
THOMAS E. BUSH 4737-0
ALLISON KIRK 8156-0
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawai'i 96813
Telephone: 524-1800
Facsimile: 524-4591
palston@ahfi.com
ling@ahfi.com
tbush@ahfi.com
akirk@ahfi.com

Attorneys for Defendant/Cross-claimant
THE CIT GROUP/BUSINESS CREDIT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE | Civil No. CV 01 00187 MEA-BMK (Tort and RICO)<br><br>**DEFENDANT CIT GROUP/BUSINESS CREDIT, INC.'S REPLY TO WHIRLPOOL CORPORATION'S OPPOSITION TO CIT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF WHIRLPOOL FROM OFFERING WITNESSES OR EVIDENCE THAT IS INCONSISTENT WITH THE TESTIMONY OF ITS** |

| | | |
|---|---|---|
| PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **RULE 30(b)(6) DESIGNEES;**<br>CERTIFICATE OF SERVICE<br><br>JUDGE: Hon. Marvin E. Aspen<br><br>TRIAL: November 6, 2006 |

**DEFENDANT CIT GROUP/BUSINESS CREDIT, INC.'S REPLY TO WHIRLPOOL CORPORATION'S OPPOSITION TO CIT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF WHIRLPOOL FROM OFFERING WITNESSES OR EVIDENCE THAT IS INCONSISTENT WITH THE TESTIMONY OF ITS RULE 30(b)(6) DESIGNEES**

Defendant CIT Group/Business Credit, Inc. hereby responds to Whirlpool Corporation's Opposition to CIT's Motion in Limine to Preclude Plaintiff Whirlpool from Offering Witnesses or Evidence that is Inconsistent with the Testimony of its Rule 30(b)(6) Designees ("Opposition"). CIT and WHIRLPOOL each rely on two different lines of cases on the evidentiary effect of testimony by Rule 30(b)(6) designees. There is no law in the 9th Circuit on the issue. CIT respectfully submits that the cases it cited represent the better view and urges the court to follow that line of cases.

As stated by Whirlpool in its opposition, some courts treat Rule 30(b)(6) deposition testimony no different than individual deposition testimony i.e. as evidentiary admissions that can be controverted or explained by a party in motions or at trial. *See Media Svs. Group, Inc. v. Lesso, Inc.,* 45 F. Supp. 2d 1237, 1254 (D. Kansas 1999); *A.I. Credit Corp. V. Legion Ins. Co.,* 265 F.3d 630 (7th Cir. 2001) (stating that contradictory testimony is an issue for the jury); *U.S. v. Taylor,* 166 F.R.D. 356, 362 n.6 (M.D.N.C. 1996) (stating that testimony of a 30(b)(6) designee binds the corporation but it is not tantamount to a judicial admission); *W.R. Grace & Co. v. Visakase Corp.,* 1991 WL 211647 (N.D. Ill. 1991) (same).

On the other hand, some courts treat Rule 30(b)(6) testimony more akin to judicial admissions, holding that new or contradictory testimony cannot be offered at trial unless the party can prove that the new or contradictory information was not known or inaccessible at the time of the 30(b)(6) deposition. *Moore v. Summers,* 113 F. Supp. 2d 5, 28 (D.D.C. 2000) ("Declarations cannot be considered if they raise new or different allegations that could have been made at the time of the 30(b)(6) deposition"); *Rainey v. American Forest and Paper Ass'n,* 26 F. Supp. 2d 82, 94 (D.D.C. 1998) (same); *Ierardi v. Lorillard, Inc.,* 1991 WL 158911 (E.D. Pa. 1991) (same). These courts reason that 30(b)(6) testimony should be held to a higher standard to prevent bandying – a practice by which

"officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it." *Moore,* 113 F. Supp. 2d at 28. Further, these courts reason that Rule 30(b)(6) obligates a corporate party to prepare its designee to speak and give binding answers on behalf of the corporation on matters identified in the deposition notice. *See Rainey,* 26 F. Supp. 2d at 94. As a result, a corporation should not be allowed to proffer new or different answers at trial than provided by the 30(b)(6) designee because "the very purpose of discovery is 'to avoid trial by ambush.'" *Ierardi,* 1991 WL 158911, at *3.

We urge the Court to adopt the latter view and hold Rule 30(b)(6) testimony to a higher standard than evidentiary admissions that can be revised or contradicted at trial. To do otherwise would allow Whirlpool to circumvent the requirement under Rule 30(b)(6) of thoroughly preparing designees to testify on specified topics and having that testimony truly bind the corporation. That is particularly the case here, where Whirlpool designated four Rule 30(b)(6) designees who were also percipient witnesses and where CIT was forced to go to Court to obtain the right to re-depose Whirlpool designee Carl Smith after his initial Rule 30(b)(6) deposition showed him inadequately prepared, including lacking knowledge of the facts behind the allegations in Whirlpool's Second Amended Complaint and its answers to interrogatories. *See Ex. 1 to Whirlpool's*

*Opposition to Docket No. 805 re: Raymond Iwamoto's Motion in Limine No. 14, CIT's Motion to Compel Further Individual and Rule 30(b)(6) Deposition Testimony from Carl Smith, at 2-3.* CIT wants to avoid a situation where Mr. Smith again recants testimony he, as he did once before, or has a surge of memory or knowledge that he lacked before. Due to the way in which Whirlpool has compartmentalized the knowledge of its designees into sales versus credit decisions, and retail sales versus contract sales, CIT also wants to avoid a situation where the Whirlpool representative designated for certain topic claims that someone else in the company is more knowledgable or becomes the new, eloquent spokesperson for a topic for which he was not designated.

For the foregoing reasons, CIT respectfully requests that this Court grant its Motion in Limine to preclude Whirlpool from offering testimony that controverts the testimony already given by its Rule 30(b)(6) deponents.

DATED: Honolulu, Hawai'i, July 3, 2006.

/s/ Louise K. Y. Ing
PAUL ALSTON
LOUISE K. Y. ING
THOMAS E. BUSH
ALLISON KIRK
Attorneys for Defendant/Cross-claimant THE CIT GROUP/BUSINESS CREDIT, INC.