01/10/03, errata corrections, DKD



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO, and KURT GLASSMAN, DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants.<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | Civil No. CV01-00187 DAE BMK<br><br>(Tort and RICO) |

DEPOSITION OF RAYMOND S. IWAMOTO

Taken on behalf of Plaintiff Whirlpool Corporation, at 2300 Pauahi Tower, 1001 Bishop Street, Honolulu, Hawaii, 96813, commencing at 9:05 a.m., on Tuesday, November 12, 2002, pursuant to Notice.

REPORTED BY: JANIS K. FLOATE, RPR, CSR 254
Notary Public, State of Hawaii

EXHIBIT 9

APPEARANCES:

For Plaintiff Whirlpool Corporation:

TIMOTHY J. HOGAN, ESQ.
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813

For Defendant CIT Group/Business Credit, Inc.:

LOUISE Y.K. ING, ESQ.
Alston Hunt Floyd & Ing
1800 Pacific Tower
1001 Bishop Street
Honolulu, Hawaii 96813

For Defendants Edwin Bowling and Frances Haller-Bowling:

MARGERY S. BRONSTER, ESQ.
JEANNETTE HOLMES, ESQ.
Bronster Crabtree & Hoshibata
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

For Defendants Michael Clifford, CGBN, Inc., and Additional Cross-Claim Defendant CG Development, Inc.:

TED N. PETTIT, ESQ.
CHRISTOPHER J. MUZZI, ESQ.
Case Bigelow & Lombardi
2600 Mauka Tower
737 Bishop Street
Honolulu, Hawaii 96813

For Defendant Raymond Iwamoto:

CALVIN E. YOUNG, ESQ.
Ayabe Chong Nishimoto Sia & Nakamura
2500 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

APPEARANCES (continued):

Speakerphone Appearance from Benton Harbor, Michigan:

DEB CLAWSON, ESQ.
Whirlpool Corporation
Legal Department
2200 M63
Mailbox No. 2200
Benton Harbor, Michigan 49022

Also Present:

SYLVIA M. LEE, Paralegal
Lynch Ichida Thompson Kim & Hirota

Q. Without it, did you believe at the time there would be a forbearance agreement entered into that would allow Midpac to try to pick up the pieces and move on?

A. It happened. I don't understand your question. It happened.

Q. At the time you were negotiating with CIT, had you told CIT, based on what you were getting from them, that hands off of Maui Home, it's Whirlpool and City Bank's collateral, you can't touch it. Did you believe at the time that that would be something that CIT would accept and still agree to the forbearance?

MS. ING: Object. Compound, lacks foundation.

A. I don't recall any thought processes along those lines or any issues along those lines or any discussions along those lines. All I recall, the only thing I recall about the fact -- as part of the forbearance agreement, the only thing I recall is just being refreshed by looking at these documents that there was some Midpac product or appliances or inventory or whatever at Maui, and this is that agreement or confirm on what basis it was there. It was because Maui would be an agent for Midpac and it

was made clear it was Midpac's property.

Now, I don't recall any discussions that this is important because of Whirlpool. I don't recall any of that. It was just clarifying why that was there.

And in terms of wanting additional collateral, that, I think, was presented just because that's what they wanted in order to forbear. It had nothing to do with Whirlpool or any other lender or vendor or Maui whatsoever. In fact, if Maui had not existed, they would have still insisted that Kurt Glassman put up his house and personal guarantee, et cetera.

Q. So your testimony is that there was no discussion whatsoever during the forbearance negotiations of Whirlpool products on Maui?

A. My testimony is that if any of those discussions played a key role, I think I would have remembered it. I don't recall those, any discussions like that.

(Exhibit 43 marked for identification.)

BY MR. HOGAN:

Q. I'm going to place on the record that we handed you a document marked as Exhibit 43. It is a multi-page document, has a date at the top of

C E R T I F I C A T E

STATE OF HAWAII )
) SS.
CITY AND COUNTY OF HONOLULU )

I, JANIS K. FLOATE, Notary Public, State of Hawaii, do hereby certify:

That on November 12, 2002, appeared before me Raymond S. Iwamoto, the witness whose deposition is contained herein; that prior to being examined, the witness was by me duly sworn;

That the deposition was taken down by me in machine shorthand and was thereafter reduced to typewriting under my supervision; that the foregoing represents to the best of my ability, a true and correct transcript of the proceedings had in the foregoing matter.

I further certify that I am not an attorney for any of the parties hereto, nor in any way concerned with the cause.

DATED this 26 day of Nov. ,2002, in Honolulu, Hawaii.

Janis K. Floate

JANIS K. FLOATE, RPR, CSR 254
Notary Public, State of Hawaii
My Commission Exp: December 12, 2005