Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON 1126-0
LOUISE K. Y. ING 2394-0
THOMAS E. BUSH 4737-0
ALLISON KIRK 8156-0
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawai'i 96813
Telephone: 524-1800
Facsimile: 524-4591
palston@ahfi.com
ling@ahfi.com
tbush@ahfi.com
akirk@ahfi.com

Attorneys for Defendant/Cross-claimant
THE CIT GROUP/BUSINESS CREDIT, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE | ) | Civil No. CV 01 00187 MEA-BMK<br>(Tort and RICO)<br><br>DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S **REPLY TO WHIRLPOOL CORPORATION'S OPPOSITION TO DEFENDANT RAYMOND IWAMOTO'S MOTION IN LIMINE #7 RE: TO EXCLUDE EVIDENCE OF MIDPAC LUMBER COMPANY, LTD.'S CONTRACT WITH THE UNITED** |

| | | |
|---|---|---|
| PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **STATES NAVY**; CERTIFICATE OF SERVICE<br><br>JUDGE: Hon. Marvin E. Aspen<br><br>TRIAL: November 6, 2006 |

**DEFENDANT THE CIT GROUP/BUSINESS CREDIT, INC.'S REPLY TO WHIRLPOOL CORPORATION'S OPPOSITION TO DEFENDANT RAYMOND IWAMOTO'S MOTION IN LIMINE #7 RE: TO EXCLUDE EVIDENCE OF MIDPAC LUMBER COMPANY, LTD.'S CONTRACT WITH THE UNITED STATES NAVY**

The CIT Group/Business Credit, Inc. hereby responds to Whirlpool Corporation's Opposition to Defendant Raymond Iwamoto's Motion in Limine #7 re: to Exclude Evidence of MidPac Lumber Company, Ltd.'s Contract with the United States Navy, dated June 26, 2006 ("Opposition"), having joined in Mr. Iwamoto's Motion in Limine #7. As CIT anticipated, Whirlpool attempts to drag CIT into the alleged sub-conspiracy involving the MidPac/Navy contract and CIT therefore submits this reply to address "matters unique" to CIT. *Local Rule 7.9 (relating to filing replies to support simple joinders in motions)*. Evidence relating

to the Navy contract should not go to the jury. First of all, Whirlpool has not shown how it was damaged by any shipments it made under the Navy Contract.

Even assuming the contract is found to be marginally relevant to agency or conspiracy issues, then as discussed in CIT's other reply memoranda, Whirlpool must first make a threshold showing to the Court that Mr. Phelps was CIT's agent and that CIT agreed to join the MidPac "bust-out" conspiracy. Otherwise, Whirlpool's outlandish and far-fetched conspiracy theory should not go to the jury.

The Navy contract is not probative of the existence of an agency relationship between Mr. Phelps and CIT, as discussed in CIT's Reply Memorandum supporting its Motion in Limine to Preclude Evidence of and Argument Based upon Ted Phelps' Alleged October 28, 1999 Statement to Ernest Matlock (filed 7/3/06), at 10-11. It makes no sense for CIT to have sent Whirlpool a letter agreeing not to interfere with direct payment from the Navy to Whirlpool and to have sent it without requiring a release of claims from Whirlpool if CIT was part of a plot "to keep the Navy contract alive as a potential source of recovery for CIT." *Opposition, at 3.*

CIT has also discussed the fallacy of Whirlpool's arguments that Mr. Phelps' alleged "no fraud" comments and statement that "financial issues didn't extend to Maui Home Supply" (*Opposition, at 2*) are probative of any agency relationship. CIT's Reply re CIT's Motion in Limine to Preclude Use of and Argument Re: Ted Phelps' July 29, 1999 Letter as Evidence of Agency (filed

7/3/06), at 4. Nor can or has Whirlpool come forward with any evidence to show that CIT caused Mr. Phelps to make such comments to Whirlpool, assuming they were ever made. Whirlpool's conspiracy theory simply does not hang together.

Accordingly, Mr. Iwamoto's Motion in Limine #7 should be granted for all purposes.

DATED: Honolulu, Hawai'i, July 3, 2006.

/s/ Louise K. Y. Ing
PAUL ALSTON
LOUISE K. Y. ING
THOMAS E. BUSH
ALLISON KIRK
Attorneys for Defendant/Cross-claimant THE CIT GROUP/BUSINESS CREDIT, INC.