IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO, and KURT GLASSMAN, DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants.<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | Civil No. CV01-00187 DAE BMK<br><br>(Tort and RICO) |

DEPOSITION OF ROBERT BRICHACEK

Taken on behalf of Plaintiff Whirlpool Corporation, at 2600 Mauka Tower, 737 Bishop Street, Honolulu, Hawaii, 96813, commencing at 9:22 a.m., on Thursday, November 21, 2002, pursuant to Notice.

REPORTED BY: JANIS K. FLOATE, RPR, CSR 254
Notary Public, State of Hawaii

EXHIBIT 5

APPEARANCES:

For Plaintiff Whirlpool Corporation:

TIMOTHY J. HOGAN, ESQ.
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813

For Defendant CIT Group/Business Credit, Inc.:

LOUISE Y.K. ING, ESQ.
Alston Hunt Floyd & Ing
1800 Pacific Tower
1001 Bishop Street
Honolulu, Hawaii 96813

For Defendants Edwin Bowling and Frances Haller-Bowling:

JEANNETTE HOLMES, ESQ.
Bronster Crabtree & Hoshibata
2300 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

For Defendants Michael Clifford, CGBN, Inc., and Additional Cross-Claim Defendant CG Development, Inc.:

ROGER S. MOSELEY, ESQ.
TED N. PETTIT, ESQ.
CHRISTOPHER J. MUZZI, ESQ.
Case Bigelow & Lombardi
2600 Mauka Tower
737 Bishop Street
Honolulu, Hawaii 96813

For Defendant Raymond Iwamoto:

CALVIN E. YOUNG, ESQ.
Ayabe Chong Nishimoto Sia & Nakamura
2500 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

APPEARANCES (continued):

Speakerphone Appearance from Benton Harbor, Michigan:

DEB CLAWSON, ESQ.
Whirlpool Corporation
Legal Department
2200 M63
Mailbox No. 2200
Benton Harbor, Michigan 49022

Also Present:

SYLVIA M. LEE, Paralegal
Lynch Ichida Thompson Kim & Hirota

FRANCIS X. CHAFFIOTTE, ESQ.
Vice President and Assistant
Legal General Counsel

A. I may have.

MS. ING: Let me object. That calls for speculation.

BY MR. HOGAN:

Q. Can you say with certainty that you did not suggest that he call Whirlpool?

A. No.

Q. Have you ever discussed with Mr. Phelps any facts surrounding his statement that he was CIT's, quote, eyes and ears, close quote, in Hawaii?

A. Could you please repeat that?

Q. Have you ever discussed with Mr. Phelps anything regarding his statement that he was CIT's --

MR. HOGAN: Counsel, I'm not a court reporter. All right?

MS. ING: Keep going, keep going. I'm just waiting.

BY MR. HOGAN:

Q. Have you ever discussed with Mr. Phelps the terms eyes and ears?

A. To the best of my knowledge, no.

Q. Has he ever told you that he told Whirlpool that he was CIT's eyes and ears?

A. No, he has not told me that.

Q. Has anyone told you that Mr. Phelps told Whirlpool that he was CIT's eyes and ears?
A. No.
Q. What was your understanding of when -- did you ever return Whirlpool's call?
A. No, I did not.
Q. Did you ever expect that someone would return Whirlpool's call?
A. No, I did not.
Q. Did you ever expect that Mr. Phelps would contact Whirlpool subsequent to them calling you?
A. Yes, I believe that as part of his responsibilities one of the things that he was doing on behalf of Midpac was handling the unsecured creditors, the trade creditors. So, yes, I believe he would have conversations with Whirlpool and other trade creditors to Midpac.
Q. Who was responsible for communicating to the secured creditors in regard to the Midpac case?
MS. ING: Object. Vague.
BY MR. HOGAN:
Q. Do you understand the question?
MS. ING: On whose behalf?
MR. HOGAN: On CIT's behalf.
Q. Who had been delegated to communicate with

C E R T I F I C A T E

STATE OF HAWAII )
) SS.
CITY AND COUNTY OF HONOLULU )

I, JANIS K. FLOATE, Notary Public, State of Hawaii, do hereby certify:

That on November 21, 2002, appeared before me Robert Brichacek, the witness whose deposition is contained herein; that prior to being examined, the witness was by me duly sworn;

That the deposition was taken down by me in machine shorthand and was thereafter reduced to typewriting under my supervision; that the foregoing represents to the best of my ability, a true and correct transcript of the proceedings had in the foregoing matter.

I further certify that I am not an attorney for any of the parties hereto, nor in any way concerned with the cause.

DATED this 6 day of Dec, 2002, in Honolulu, Hawaii.

Janis K. Floate

JANIS K. FLOATE, RPR, CSR 254
Notary Public, State of Hawaii
My Commission Exp: December 12, 2005