1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | Civil No. 01-00187DAE BMK (Tort and RICO)<br><br>Volume I<br><br>COPY |

DEPOSITION OF CARL SMITH

Taken on behalf of Defendant, RAYMOND IWAMOTO, at the Law Offices of Ayabe, Chong, Nishimoto, Sia & Nakamura, 1001 Bishop Street, Suite 2500, Pauahi Tower, Honolulu, Hawaii, commencing at 9:00 a.m., on Tuesday, December 17, 2002, pursuant to notice.

REPORTED BY: CAROL E.M. SUGIYAMA, C.S.R. #295
Notary Public, State of Hawaii



EXHIBIT 8

APPEARANCES:

TIMOTHY HOGAN, ESQ.
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street
Suite 1405
Honolulu, Hawaii 96813

For Plaintiff WHIRLPOOL CORPORATION

CALVIN YOUNG, ESQ.
Ayabe, Chong, Nishimoto,
Sia & Nakamura
2500 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

For Defendant RAYMOND IWAMOTO

LOUISE K.Y. ING, ESQ.
Alston Hunt Floyd & Ing
1800 Pacific Tower
1001 Bishop Street
Honolulu, Hawaii 96813

For Defendant CIT GROUP/BUSINESS CREDIT, INC.

ROGER MOSELEY, ESQ.
CHRISTOPHER MUZZI, ESQ.
Case Bigelow & Lombardi
737 Bishop Street
2600 Mauka Tower
Pacific Guardian Life Center
Honolulu, Hawaii 96813

For Defendants MICHAEL CLIFFORD, CGBN, INC., and Third-Party Defendant CG DEVELOPMENT, INC.

MARGERY S. BRONSTER, ESQ.
JEANNETTE HOLMES, ESQ.
Bronster, Crabtree & Hoshibata
1001 Bishop Street
Suite 2300, Pauahi Tower
Honolulu, Hawaii 96813

For Defendants EDWIN BOWLING and FRANCES HALLER-BOWLING

Also Present: Deb Clawson, Esq.

A Conversations that we've had with Mr. Phelps. On several occasions he was -- he relayed to us that in order to work -- substantiate a payout agreement or to assign the proceeds of the Navy contract to us, we would need to give CIT a full release.
Q Did he explain why?
A That CIT was exchanging to us their security -- their interest in the proceeds of the Navy contract to Whirlpool, and just in return they needed something in return that would be a release.
Q Was it your understanding, when you had those conversations with Mr. Phelps, that he was relaying a request from CIT?
A Yes.
Q Did Mr. Phelps give you any of his own opinions about whether such a release should be given to CIT by Whirlpool?
A Yes.
Q What did he say?
A He said something to the effect that it would be Whirlpool's only chance to get paid out of the -- this or to have any recovery was to take advantage of the naval contract, and that it would take the release from CIT to do that.

Q Did he give you his recommendation that you ought to give a release to CIT?

A It was his recommendation that it was in our best interest to do what was necessary to be able to get the proceeds to the naval contract.

Q In fact, did CIT sign a letter assigning its interest under the Navy contract?

A Yes, they did.

Q And did Whirlpool give a full release?

A No.

Q Obviously not?

A No.

Q We wish. Okay. What happened there? How is it you got a signed letter from CIT without the full release?

A I can't answer that.

Q You don't know?

A I don't know how we got the letter. It showed up.

Q So that, in fact, what happened was that, even though Mr. Phelps related that request, you actually did manage to get an assignment of CIT's interest without providing a full release; is that correct?

MR. HOGAN: I'm going to object as to

STATE OF HAWAII )
) SS.
)

I, CAROL E.M. SUGIYAMA, C.S.R., a Notary Public in and for the State of Hawaii, do hereby certify:

That on December 17, 2002, at 9:00 a.m. appeared before me CARL SMITH, the witness, whose testimony is contained herein; that, prior to being examined, the witness was, by me, duly sworn or affirmed; that the proceedings were taken in computerized machine shorthand by me and were thereafter reduced to print under my supervision; that the foregoing represents, to the best of my ability, a correct transcript of the proceedings had in the foregoing matter;

That, if applicable, the witness was notified through counsel by mail, or by telephone to appear and sign; that if transcription is not signed, either the reading and signing were waived by the witness and all parties, or the witness has failed to appear and the original is therefore kept on file without signature pursuant to Court rules.

I further certify that I am not counsel for any of the parties hereto, nor in any way interested in the outcome of the cause named in the caption.

DATED: ______________________________________.

______________________________
CAROL E.M. SUGIYAMA, C.S.R. #295
Notary Public, State of Hawaii
My commission expires 3/27/2003