AYABE, CHONG, NISHIMOTO,
SIA & NAKAMURA
A Limited Liability Law Partnership

JOHN S. NISHIMOTO 1820-0
CALVIN E. YOUNG 3278-0
GARY S. MIYAMOTO 3233-0
STEVEN L. GOTO 6041-0
Pauahi Tower, Suite 2500
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 537-6119
Facsimile No. (808) 526-3491
john.nishimoto@hawadvocate.com
calvin.young@hawadvocate.com

Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20, | ) | CIVIL NO. 01-00187 MEA BMK<br>(Tort and RICO)<br><br>DEFENDANT RAYMOND IWAMOTO'S **REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE # 11 RE: TO EXCLUDE EVIDENCE THAT HE DRAFTED DOCUMENTS CONVEYING REAL PROPERTY FROM CG INVESTMENTS, INC. TO CG DEVELOPMENT, INC.**; DECLARATION OF CALVIN E. YOUNG; EXHIBIT A; CERTIFICATE OF SERVICE |

| | | |
|---|---|---|
| Defendants, | ) | HEARING: |
| and | ) | Date: ____________ |
| CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA, | ) | Time: ____________ |
| | ) | Judge: ____________ |
| Additional Cross-Claim Defendants. | ) | Trial Date: November 6, 2006 |
| | ) | Judge: Hon. Marvin E. Aspen |

[2001556/305437]

**DEFENDANT RAYMOND IWAMOTO'S REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE #11 RE: TO EXCLUDE EVIDENCE THAT HE DRAFTED DOCUMENTS CONVEYING REAL PROPERTY FROM CG INVESTMENTS, INC. TO CG DEVELOPMENT, INC.**

## I. Argument

### A. The evidence is irrelevant to Plaintiff's conspiracy claims

This Motion should be granted because Plaintiff has not shown that the conveyance of the Lahaina property is relevant to its conspiracy claims. Plaintiff has not introduced evidence that Mr. Iwamoto drafted the conveyance documents pursuant to a conspiracy agreement.

The evidence cannot be introduced on the basis that Mr. Iwamoto provided legal services. As established by the legal authorities cited in the Motion, conspiracy liability exists only when Mr. Iwamoto entered into a conspiracy agreement and cannot be based on legal services or an affiliation with a RICO enterprise. **Baumer v. Pachl**, 8 F.3d 1341, 1346 (9th Cir. 1993).

The property conveyance is irrelevant because Plaintiff's RICO and civil conspiracy claims are not based on the conveyance. Plaintiff's Second Amended Complaint and RICO Case Statement do not refer to the property conveyance and does not allege that Mr. Iwamoto conspired to violate RICO through the property conveyance. Plaintiff's RICO conspiracy claim is based on allegations concerning attempts to defraud Plaintiff of its rights as a secured creditor. (Page 45 of Plaintiff's First Amended RICO Case Statement filed October 17, 2001). The conveyance of real property did not harm Plaintiff's status as a secured creditor because Plaintiff only had a security interest on personal property owned by Maui Home Supply. (Deposition of Carl Smith, p. 98/ln. 10-25; p. 99/ln. 1-3 attached as Exhibit A to Motion). Plaintiff's opposition does not claim that it held a mortgage or other security interest on the real property.

Plaintiff attempts to mislead the Court by accusing Mr. Iwamoto of Bankruptcy Fraud. Plaintiff fails to inform the Court that it did not plead Bankruptcy Fraud in its Second Amended Complaint and its RICO Case Statement as a basis for its conspiracy claims. Plaintiff's accusation of Bankruptcy Fraud is also misleading because Mr. Iwamoto was never charged with that offense in the bankruptcy proceedings or anywhere else. Plaintiff complains of the conveyance but Plaintiff does not allege that it ever attempted to set aside the conveyance.

B. **The evidence is irrelevant to Plaintiff's claim for damages**

The evidence should be excluded because the property conveyance did not cause Plaintiff's damages. The conveyance did not damage its status as a secured creditor for purposes of the RICO conspiracy claim because it did not hold a security interest on the real property. (Deposition of Carl Smith, p. 98/ln. 10-25; p. 99/ln. 1-3 attached as Exhibit A to Motion).

The conveyance is irrelevant to Plaintiff's civil conspiracy claim because the conveyance did not cause Plaintiff's damages. Plaintiff sustained its damages **5 months before** the conveyance. As of August 1, 1999, Plaintiff discontinued shipments on credit and only made shipments when payments were made in advance or upon a cash-on-delivery basis. (Deposition of Carl Smith (Vol. II), p. 400/ln. 19-25; p. 401/ln. 1-8 attached hereto as Exhibit A). Plaintiff does not explain how the conveyance could have caused its damages when it demanded advance payment before it made shipments of inventory.

Plaintiff's opposition fails to address the points and authorities cited in the Motion or show that its damages were proximately caused by the conveyance.

C. **The evidence should be excluded pursuant to FRE Rule 403**

The evidence should be excluded pursuant to FRE Rule 403 even if it is relevant to Plaintiff's claims. The probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury and wasting valuable trial time. Introduction of this evidence

will distract the jury from the direct evidence and cause the jury to erroneously assume that it can find Mr. Iwamoto conspired against Plaintiff or award damages to Plaintiff based on property conveyance. The evidence should be excluded to prevent the jury from misconstruing or misapplying the evidence for those purposes since the record reflects: (1) Mr. Iwamoto did not enter into a conspiracy agreement; and (2) the conveyance did not cause Plaintiff's damages.

DATED: Honolulu, Hawaii July 3, 2006 .

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, INC., a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>CG DEVELOPMENT, INC., F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Cross-Claim Defendants. | CIVIL NO. 01-00187 MEA BMK<br>(Tort and RICO)<br><br>CERTIFICATE OF SERVICE |

[2001556/305437]

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was duly served on the following parties listed below, through electronic transmission on July 3, 2006.

TIMOTHY J. HOGAN, ESQ.
Lynch Ichida Thompson Kim & Hirota
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Attorney for Plaintiff
WHIRLPOOL CORPORATION

PAUL ALSTON, ESQ.
LOUISE K.Y. ING, ESQ.
Alston Hunt Floyd & Ing
1001 Bishop Street
Pacific Tower, 18th Floor
Honolulu, Hawaii 96813
Attorneys for Defendant
CIT GROUP/BUSINESS CREDIT, INC.

DATED: Honolulu, Hawaii, July 3, 2006.

/s/ Gary S. Miyamoto
JOHN S. NISHIMOTO
CALVIN E. YOUNG
GARY S. MIYAMOTO
STEVEN L. GOTO
Attorneys for Defendant
RAYMOND IWAMOTO