IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20,<br><br>Defendants,<br><br>and<br><br>F&J MOVERS, and RENEE K. COSTA,<br><br>Additional Crossclaim Defendants. | Civil No. CV 01 00187 MEA-BMK (Tort and RICO)<br><br>**DECLARATION OF LOUISE K. Y. ING** |

**DECLARATION OF LOUISE K. Y. ING**

Pursuant to 28 U.S.C. § 1746, I declare that:

1. I am an attorney duly licensed to practice law in all of the courts of the State of Hawai`i and I am one of the attorneys for Defendant/Cross-Claimant The CIT Group/Business Credit, Inc. ("CIT") in this action.

2. I make this Declaration based on my personal knowledge and am competent to testify about the matters stated in this Declaration filed in support of the attached Request for Entry of Default Against Additional Crossclaim Defendant F&J Movers.

3. On April 12, 2002, CIT filed its Answer to Second Amended Complaint Filed February 22, 2002; Cross-claim; Summons (hereinafter "Cross-claim") in this action.

4. On May 16, 2002, a copy of the Cross-claim was personally served on Additional Crossclaim Defendant F&J Movers, through its President, Vice President, Secretary, Treasurer and Director Frances Akiu.

5. Attached hereto as Exhibit A is a true and correct copy of the Return and Acknowledgment of Service, filed on May 21, 2002, showing that the Cross-Claim was served on Frances Akiu on May 16, 2002.

6. In accordance with Rule 12(a) of the Federal Rules of Civil Procedure, F&J Movers' answer was due on June 5, 2002.

7. Initially, in 2002 and 2003, we provided F&J with extensions of time to answer "because [as I wrote to Ms. Akiu] F&J is apparently defunct and without assets and you are its remaining officer of record." However, in

December 2005, in the course of preparing for trial in 2006 and closing the pleadings, we again wrote Ms. Akiu, to inform her of the need to answer the Second Amended Crossclaim or allow default to be entered against F&J.

8. To date, CIT has not been served with F&J Movers' answer to the Cross-claim. CIT's research indicates that F&J has been involuntarily dissolved by the State of Hawai`i and that it is no longer doing any business.

9. The time for F&J Movers to answer or otherwise respond to the Cross-claim has expired. F&J Movers has failed to answer or defend against the Cross-claim.

10. F&J Movers is not an infant or incompetent person as described in Rule 55(b)(2) of the Federal Rules of Civil Procedure.

11. This Declaration is executed in accordance with Rule 55(a) of the Federal Rules of Civil Procedure for the purpose of enabling CIT to obtain an entry of default against F&J Movers, for its failure to answer or otherwise defend against the Cross-claim.

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed in Honolulu, Hawai`i, on August 25, 2006.

Louise K. Y. Ing

LOUISE K. Y. ING