**LYNCH ICHIDA THOMPSON KIM & HIROTA**

TIMOTHY J. HOGAN 5312
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Telephone: (808) 528-0100
Fax No. (808) 528-4997

Attorney for Plaintiff
WHIRLPOOL CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WHIRLPOOL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIT GROUP/BUSINESS CREDIT, INC., a New York corporation; CGBN, Inc. a Hawaii corporation; MICHAEL CLIFFORD; EDWIN BOWLING; FRANCES HALLER-BOWLING; RAYMOND IWAMOTO; KURT GLASSMAN; DOE INDIVIDUALS 1-50; DOE PARTNERSHIPS, CORPORATIONS OR OTHER ENTITIES 1-20.<br><br>Defendants. | Civil No. CV01 00187 DAE BMK (TORT AND RICO)<br><br>**DECLARATION OF TIMOTHY J. HOGAN IN SUPPORT OF PLAINTIFF WHIRLPOOL CORPORATION'S STATUS REPORT AND PROTECTIVE MOTION FOR RECONSIDERATION OF MINUTE ORDER DATED MARCH 9, 2007; EXHIBITS "1" AND "2"**<br><br>JUDGE: Honorable Barry M. Kurren |

**DECLARATION OF TIMOTHY J. HOGAN IN SUPPORT OF PLAINTIFF WHIRLPOOL CORPORATION'S STATUS REPORT AND PROTECTIVE MOTION FOR RECONSIDERATION OF MINUTE ORDER DATED MARCH 9, 2007**

I, TIMOTHY J. HOGAN, am an attorney licensed to practice before all the courts of the State of Hawaii and I make this declaration under penalty of perjury. All the statements contained herein are true and correct to the best of my knowledge, information and belief

1. The Parties to the Settlement Agreement have agreed to the final form Settlement Agreement and the CIT Group/Business Credit, Inc., Kurt Glassman and Whirlpool have already exchanged facsimile copies of the signature pages. Calvin Young representing Raymond Iwamoto has been on the Mainland and has informed Whirlpool's counsel that he will attend to matters related to the settlement when he returns early next week.

2. The Bowlings counsel have informed Whirlpool's counsel that they have forwarded the Settlement Agreement to their clients for execution and return. The Settlement Agreement has conditions that must be met after execution that precede the filing of a dismissal. Like execution of the Settlement Agreement, these have not yet been met.

3. As requested by the Court at the status conference on Friday March 9,

2007, Whirlpool's counsel has drafted a proposed stipulation to dismiss, a true and correct copy of which is attached as Exhibit "1", but there remains one defendant, Rene Costa, who is not represented by counsel and who is not a party to the Settlement Agreement. Unless her signature can be obtained regarding the dismissal, Fed. R. Civ. P. 41 provides that dismissal be by Motion. Whirlpool suggests that an attempt to obtain Ms. Costa's signature be made and failing that, a motion be heard on shortened notice to effect the dismissal after all conditions have been met as provided by the Settlement Agreement.

4. The Minute Order dated March 9, 2007, a true and correct copy of which is attached as Exhibit "2", directed Whirlpool to file a stipulation to dismiss by March 16, 2007. Whirlpool is submitting the proposed stipulation but its counsel is not presently authorized to provide the Court with an executed stipulation to dismiss for the reasons stated above. For that reason and as a protective measure, Whirlpool respectfully requests reconsideration of the March 9, 2007 Minute order on the grounds that the court requested a status report by March 16, 2007 but Whirlpool does not recall that the court ordered dismissal by that date. The hope is that by the time any response is due to this protective motion the parties will have submitted a stipulation to dismiss and this request will be moot.

Dated: Honolulu, Hawaii, March 16, 2007

/S/Timothy J. Hogan
TIMOTHY J. HOGAN